JS 44
(Rev. 12/96)

# #114443
# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Juan Pequeno

**DEFENDANTS** City of Brownsville, Blanca Vela, Carlton Richards, Ernie Hernandez, Harry McNair, Jr., John Wood, Ivan Welker, Efren Hernandez, Henry Gonzalez, Carlos Rubinstein

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Pri Se
P.O. Box 5692
Brownsville, TX 78523

**ATTORNEYS (IF KNOWN)** B-00-180

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C 1983, 1st Amendment. After Plaintiff publicly voiced his complaint on a matter of public concern he was discriminated against and ultimately terminated from his job with Brownsville

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** 11/27/00
**SIGNATURE OF ATTORNEY OF RECORD** [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

|   |   |   |
|---|---|---|
| (PLAINTIFF) <br> Juan Pequeno | )( <br> )( | U.S. District Federal Court <br><br> Southern District of Texas |
| vs | )( <br> )( | Brownsville Division |
| (DEFENDANT) <br> City of Brownsville <br> Blanca Vela (Honorable Mayor) <br> Carlton Richards (Commissioner) <br> Ernie Hernandez (Commissioner) <br> Harry McNair, Jr. (Commissioner) <br> John Wood (Commissioner) <br> Ivan Welker (Assistant City Manager) <br> Efren Fernandez (Human Resource Director ) <br><br> Henry Gonzalez, (Previous Mayor) <br> Carlos Rubinsten (Previous City Manager) | )( <br> )( <br> )( <br> )( <br> )( <br> )( <br> )( <br> )( <br><br> )( <br> )( | B-00-180 <br> United States District Court <br> Southern District of Texas <br> FILED <br><br> NOV 27 2000 <br><br> Michael N. Milby <br> Clerk of Court |

## ORIGINAL PETITION

NOW COMES PLAINTIFF JUAN PEQUENO, citizen of Brownsville, Texas and employee for fourteen years with DEFENDANT CITY OF BROWNSVILLE, Brownsville, Texas, from October 1984 to December 1998.

PLAINTIFF files suit against DEFENDANT under the 42 U.S.C. §1983 for First Amendment violations and the Fourteenth Amendment violations by DEFENDANT CITY OF BROWNSVILLE.

DEFENDANT willfully, violated PLAINTIFF'S constitutional right of speaking as a citizen, about a matter of public concern, at a public city meeting on October 20, 1998. PLAINTIFF did not benefit personally from his speech and his speaking was about a record high City yearly revenue collection of over $1.3 million dollars which would be affected significantly and adversely.   After speaking at the public city meeting, DEFENDANT, in bad faith, maliciously retaliated against PLAINTIFF with a series of unlawful violations including unconscionable and abusive behavior, threats, harrassment, and false claims of insubordination and misconduct; and quickly moved to discharge PLAINTIFF by letter, after PLAINTIFF notified DEFENDANT that PLAINTIFF was on sick leave.   After PLAINTIFF requested a hearing, DEFENDANT denied a hearing for PLAINTIFF by unlawfully deciding to discharge PLAINTIFF while PLAINTIFF was on sick leave and in doing so, DEFENDANT also violated PLAINTIFF'S constitutional right of fair procedural due process.   In addition, DEFENDANT lied about PLAINTIFF'S job performance and conduct at the Texas Workforce hearings and DEFENDANT has committed libel and slander.   Violations by the DEFENDANT are still occurring even today.   The DEFENDANT has also knowingly, in bad faith, reported to the Internal Revenue Service (IRS) over $17,000 of PLAINTIFF'S wages when in fact DEFENDANT has withheld these monies from PLAINTIFF.

page 2 of 4

TEXAS WORKFORCE COMMISSION (TWC) hearing officer, Mr. Edward Manning ruled on December 7, 1999 in favor of PLAINTIFF, finding that there had been no misconduct by PLAINTIFF. After the DEFENDANT appealed the TWC hearing officer's decision, the TWC COMMISSIONERS ruled on March 9, 2000, again in favor of PLAINTIFF for benefits to be awarded, and also found that there had been no misconduct by PLAINTIFF.

DEFENDANT willfully violated PLAINTIFF'S First Amendment constitutional right by taking severe adverse employment actions against PLAINTIFF for speaking as a citizen about a public concern at a public city meeting and denying fair procedural due process.

WHEREFORE PREMISES PLAINTIFF prays that court grant reinstatement to previous job position of MIS Director, backpay equivalent to the time PLAINTIFF has been unlawfully discharged, benefits of retirement funds, sick/annual funds, and insurance coverage equivalent to the time PLAINTIFF has been unlawfully discharged, accumulated interests, attorneys fees and all other just remedies to which PLAINTIFF is entitled.

Respectfully Submitted,

By: _____
Juan Pequeño
ATTORNEY-IN-FACT
P.O. Box 5692
Brownsville, Texas 78523

page 4 of 4