UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(Brownsville Division)

United States District Court
Southern District of Texas
FILED

APR 1 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| CITY OF BROWNSVILLE | § | CIVIL ACTION NO. B-00-180 |
| BLANCA VELA (Honorable Mayor) | § | (Jury Requested) |
| CARLTON RICHARDS (Commissioner) | § | |
| ERNIE HERNANDEZ (Commissioner) | § | |
| HARRY MCNAIR, JR. (Commissioner) | § | |
| JOHN WOOD (Commissioner) | § | |
| IVAN WELKER (Assistant City Manager) | § | |
| EFREN FERNANDEZ (Human Resource | § | |
| Director), HENRY GONZALEZ, | § | |
| (Previous Mayor), CARLOS RUBINSTEN | § | |
| (Previous City Manager) | § | |

## PLAINTIFFS' AND DEFENDANT'S AMENDED
## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COME Defendants THE CITY OF BROWNSVILLE, BLANCA VELA, CARLTON RICHARDS, ERNIE HERNANDEZ, HARRY MCNAIR, JR., JOHN WOOD, IVAN WELKER, EFREN FERNANDEZ, HENRY GONZALEZ, CARLOS RUBINSTEN and Plaintiff JUAN PEQUENO, and file this their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

### I.

1.      State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**ANSWER:**   The initial meeting was held on April 16, 2001 between Juan Pequeno, Pro Se Plaintiff and Ryan Henry attorney for Defendants.

2.      List the cases related to this one that are pending in any state or federal court, with
        the case number and court.

**ANSWER:**      None


3.      Briefly describe what this case is about.

**ANSWER:**      Plaintiff Juan Pequeno was allegedly retaliated against by Defendants
                due to his speech regarding City business.  Plaintiff is bringing this
                suit under 42 U.S.C. §1983 for alleged violations of his 1st and 14th,
                Amendment rights by the Defendant.


4.      Specify the allegation of federal jurisdiction.

**ANSWER:**      Plaintiff is bringing this suit under 42 U.S.C. §1983 for alleged
                violations of Mr. Pequeno's 1st and 14th Amendment rights by the
                Defendants.  Jurisdiction is proper pursuant to 28 U.S.C. § 1330 as
                well as § 1343.


5.      Name the parties who disagree and the reasons.

**ANSWER:**      At this time there is no disagreements other than liability and
                damages.


6.      List anticipated additional parties that should be included, when they can be added,
        and by who they are wanted.

**ANSWER:**      Additional parties will be added by July 15, 2001.


7.      List anticipated interventions.

**ANSWER:**      None anticipated at this time


8.      Describe class-action issues.

**ANSWER:**      None anticipated at this time


2

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:**      Defendants will provide disclosures by April 30, 2001.
                 Plaintiff will provide disclosures by May 16, 2001.

10.     Describe the proposed agreed discovery plan, including:
        A.      Responses to all the matter raised in Rule 26(f).

**ANSWER:**      (a)    Rule 26(f)(1)- See response to Number 9
                 (b)    Rule 26(f)(2)- Plaintiff and Defendants will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiff and Defendants anticipate discovery will be completed within 150 days.
                 (c)    Rule 26(f)(3)- No changes need at this time, subject to arrangements of the parties
                 (d)    Rule 26(f)(4)- None.

        B.      When and to whom the plaintiff anticipates it may send interrogatories.

**ANSWER:**      Plaintiff anticipates sending written discovery to Defendant by June 15, 2001.

        C.      When and to whom the defendants anticipate it may send interrogatories.

**ANSWER:**      Defendant anticipates sending out discovery including Interrogatories, Requests for Admissions, and Requests for Production by May 15, 2001.

        D.      Plaintiff anticipates taking depositions of ll Defendants at a time mutually convenient to both sides. Plaintiff anticipates the need to take one or two witness depositions as discovery progresses.

**ANSWER:**      Defendants do not know who Plaintiff wishes to depos.

        E.      Of whom and by when the defendants anticipate taking oral depositions.

3

**ANSWER:**    Defendant anticipates the need to take the deposition of Plaintiff.

Defendant anticipates that it may need to take two or three additional depositions of witnesses who may surface as discovery progresses.

Defendant will take these depositions at a time convenient to both Plaintiffs and Defendants counsel.

F.    When the plaintiff (or party the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER:**    Plaintiff anticipates designating experts by July 15, 2001.

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(b) (experts report).

**ANSWER:**    Plaintiff may depose all experts listed by Defendants and will likely do so within 30 days of their designation and Plaintiff's receipt of Defendants' experts' reports.

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**ANSWER:**    Defendant may depose all experts listed by Plaintiffs and will likely do so within 60 days of their designation and Defendant's receipt of Plaintiff's experts' reports.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:**    The Parties have no disagreements at this time.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:**    None

13.    State the date the planned discovery can reasonably be completed.

**ANSWER:**     Within 150 days from the initial scheduling conference.


14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER:**     The parties have discussed possible mediation.


15.     Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER:**     The parties have discussed settlement possible mediation.


16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**ANSWER:**     The parties have discussed possible mediation.


17.     Magistrate judges may now hear jury and non-jury trials. Indicate that parties' joint position on a trial before a magistrate judge.

**ANSWER:**     Parties do not agree to the use of a magistrate.


18.     State whether a jury demand has been made and if it was made on time.

**ANSWER:**     Defendants requested a Jury Trial when they filed their Original Answer on March 36, 2001.


19.     Specify the number of hours it will take to present the evidence in this case.

**ANSWER:**     At this time, the parties anticipate three (3) eight (8) hour days.


20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER:**     None.

21.     List other motions pending.

**ANSWER:**     Defendants' Motion to Compel Rule 7(a) Reply.


22.     Indicate other matter peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**ANSWER:**     No other matters


23.     List the names, bar numbers, addresses and telephone numbers of all counsel.

**ANSWER:**

    Ryan Henry
    State Bar No.24007347
    Fed. ID. No. 22968
    Mark Sossi
    State Bar No. 18855680
    Fed. ID. No. 10231
    WILLETTE & GUERRA, L.L.P.
    International Plaza
    3505 Boca Chica Blvd., Ste. 460
    Brownsville, Texas  78521
    (956) 541-1846
    (956) 541-1893 (Fax)
    Attorneys for Defendants

    Juan Pequeno
    Pro Se Plaintiff
    P.O. Box 5692
    Brownsville, Texas 78523
    (956) 542-2470

    Signed on April 10, 2001.

6

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893
Attorney for Defendants


By: _____
       Ryan Henry
       State Bar No. 24007347
       Fed ID. No. 22968


Juan Pequeno
P.O. Box 5692
Brownsville, Texas 78523


By:_____
       Juan Pequeno
       Pro Se

7

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas  78521
Telephone:  (956) 541-1846
Facsimile:  (956) 541-1893
Attorney for Defendants


By: _____
       Ryan Henry
       State Bar No. 24007347
       Fed ID. No. 22968


Juan Pequeno
P.O. Box 5692
Brownsville, Texas 78523

By: _____
       Juan Pequeno
       Pro Se

7