

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 3 1 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| Pequeno, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. B-00-180 |
| City of Brownsville, et al., § | |
| Defendants. § | |

## ORDER

BE IT REMEMBERED, that on May 29, 2001 the Court **DENIED** the Plaintiff's Motion to Strike [Dkt. No. 15] the Defendants' Motion to Compel Rule 7(a) Reply [Dkt. No. 10], **GRANTED** Defendants' Motion to Compel Rule 7(a) Reply [Dkt. No. 10], and **ORDERED** the Plaintiff to submit a Rule 7(a) reply on claims made against individual Defendants in their individual capacities by July 16, 2001.

The Plaintiff argues that the Defendants' Motion to Compel Rule 7(a) Reply [Dkt. No. 10] should be stricken because it does not contain a proper certificate of conference as required by this Court's Chamber and Local Rules. The Defendants' motion was filed on April 16, 2001 and states that "[t]he undersigned was unable to contacted [sic] the Plaintiff regarding this motion. Plaintiff has not provided a valid phone number in which [sic] we may contact him regarding said lawsuit. For all reasons Defendants counsel [sic] must believe Plaintiff is opposed to the filing of said motion" [Dkt. No. 10]. The Court held an initial pretrial conference on the same day the Defendants filed their motion. The Defendants informed the Court at the initial pretrial conference that they had not been able to contact the Plaintiff prior to April 16, 2001 because the Plaintiff had not provided them with adequate contact information. The Plaintiff did not make any statements to the contrary. Therefore, the certificate of conference included in the Defendants' motion was proper at the time the motion was filed and the Plaintiff's motion to strike lacks merit.

1

The Court granted the Defendants' Motion to Compel Rule 7(a) Reply [Dkt. No. 10] because the Plaintiff's complaint contains no specific allegations to support 42 U.S.C. § 1983 claims against the individual Defendants in their individual capacities [Dkt. No. 1]. "Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999).

A proper Rule 7(a) reply should provide specific facts that address the defense of qualified immunity and give rise to a constitutional claim under 42 U.S.C. § 1983. See Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996); Schultea v. Wood, 47 F.3d 1427, 1433-44 (5th Cir.1995) (en banc). To overcome a qualified immunity defense a plaintiff must plead that a defendant committed an objectively unreasonable violation of a clearly established constitutional right. See Kipps v. Caillier, 197 F.3d 765, 768 (5th Cir. 1999). "Heightened pleading demands more than bald allegations and conclusionary statements. The plaintiff must allege facts specifically focusing on the conduct of the defendant which caused his injury." Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994-995 (5th Cir. 1995) (citations omitted). See Warnock v. Pecos County, Tex., 116 F.3d 776, 779 (5th Cir. 1997); Streetman v. Jordan, 918 F.2d 555, 556 (5th Cir.1990).

DONE at Brownsville, Texas, this 30 day of May 2001.

Hilda G. Tagle
United States District Judge