19

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN PEQUENO | § § § |
| VS. | § § § § |
| CITY OF BROWNSVILLE<br>BLANCA VELA (Honorable Mayor)<br>CARLTON RICHARDS (Commissioner)<br>ERNIE HERNANDEZ (Commissioner)<br>HARRY MCNAIR, JR. (Commissioner)<br>JOHN WOOD (Commissioner)<br>IVAN WELKER (Assistant City Manager)<br>EFREN FERNANDEZ (Human Resource Director), HENRY GONZALEZ, (Previous Mayor), CARLOS RUBINSTEIN (Previous City Manager) | § § § § § § § § § § § § |

CIVIL ACTION NO. B-00-180
(Jury Requested)

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES, JUAN PEQUENO, Plaintiff, and files this his First Amended Original Petition and would show the court as follows:

### I.
### PARTIES

Plaintiff is an individual residing in Brownsville, Cameron County, Texas.

Defendant City of Brownsville ("City") is a municipality which has been served and which has answered herein.

Defendant, Carlos Rubenstein, "former" City Manager, has been served and has answered herein and the same is being sued in his official capacity as City Manager, City of Brownsville, Cameron County, Texas.

Defendant Ivan Welker, Assistant City Manager, has been served and has answered herein and the same is being sued in his official capacity as Assistant City Manager, City of Brownsville, Cameron County, Texas.

Defendant Blanca Vela (Mayor) has been served and has answered herein and the same has been or will be dismissed from this action pursuant to the "Stipulation of Dismissal" signed by the parties and to be filed in this caused, in accordance with Rule 41(a)(1)(ii), Federal Rules of Civil Procedure.

Defendant Carlton Richards (Commissioner) has been served and has answered herein and the same has been or will be dismissed from this action pursuant to the "Stipulation of Dismissal" signed by the parties and to be filed in this caused, in accordance with Rule 41(a)(1)(ii), Federal Rules of Civil Procedure.

Defendant Ernie Hernandez (Commissioner) has been served and has answered herein and the same has been or will be dismissed from this action pursuant to the "Stipulation of Dismissal" signed by the parties and to be filed in this caused, in accordance with Rule 41(a)(1)(ii), Federal Rules of Civil Procedure.

Defendant Harry McNair, Jr., (Commissioner) has been served and has answered herein and the same has been or will be dismissed from this action pursuant to the "Stipulation of Dismissal" signed by the parties and to be filed in this caused, in accordance with Rule 41(a)(1)(ii), Federal Rules of Civil Procedure.

Defendant John Wood (Commissioner) has been served and has answered herein and the same has been or will be dismissed from this action pursuant to the "Stipulation of Dismissal" signed by the parties and to be filed in this caused, in accordance with Rule 41(a)(1)(ii), Federal Rules of Civil

Procedure.

Defendant Efren Fernandez (Human Resource Director) has been served and has answered herein and the same has been or will be dismissed from this action pursuant to the "Stipulation of Dismissal" signed by the parties and to be filed in this caused, in accordance with Rule 41(a)(1)(ii), Federal Rules of Civil Procedure.

Defendant Henry Gonzalez, (Former Mayor) has been served and has answered herein and the same has been or will be dismissed from this action pursuant to the "Stipulation of Dismissal" signed by the parties and to be filed in this caused, in accordance with Rule 41(a)(1)(ii), Federal Rules of Civil Procedure.

## II.
## VENUE

Venue is proper in Cameron County, Texas pursuant to Texas Civil Practice and Remedies Code §§15.001, 15.002, as all or a substantial portion of the events giving rise to this cause of action took place in Cameron County.

## III.
## JURISDICTION

This Court has jurisdiction of this matter pursuant U.S.C.S., 28 §§ 1331 and 1343.

## III.
## FACTS

Plaintiff was employed by the City of Brownsville between 1984 and 1998. On October 20, 1998, Plaintiff was the Director of the Management Information Systems ("M.I.S") Department for the City of Brownsville.

On or about October 20, 1998 at a public meeting of the Brownsville City Commission, the City Manager proposed to purchase a software program called "SweetSoft" for the operation of City's Emergency Medical Services ("EMS") Department. At that meeting, Plaintiff spoke publicly concerning his objections as Director of M.I.S. to the purchase of said software by the City. Consequently, the City Commissioner's decision to make such purchase for the City was postponed for a later date.

In addition, following Plaintiff's public speech, the City Manager, Carlos Rubenstein and Assistant City Manager, Ivan Welker proceeded to engage in various actions directed toward Plaintiff in retaliation for his speech concerning his objections as M.I.S. Director to the purchase of the software at issue. For example, immediately following Plaintiff's speech, the City Manager directed Plaintiff to prepare proposals concerning the computer programming needs of the City's EMS. Plaintiff prepared a proposal to which the City Manager objected. Thereafter, Plaintiff prepared a subsequent proposal to which the City Manager also objected. The City Manager's objections were unfounded and were otherwise made solely to harass Plaintiff and to fabricate allegations of insubordination and misconduct by Plaintiff. More significantly, the City Manager began a series of accusations against the Plaintiff, both orally and in writing, accusing Plaintiff of insubordination and misconduct. In addition, the City Manager and Assistant City Manager, without any basis, accused the Plaintiff, both orally and in writing, of destroying "friendly relations" between the City and City employees, of refusing to cooperate with fellow workers, of conduct unfavorable toward the City and of attempting to use the City's sick leave policy without proper cause. These actions by said city officials began immediately after Plaintiff's speech and by November 24, 1998, only a month later, the Assistant City Manager recommended that Plaintiff be terminated. Each and every of the

allegations of insubordination and misconduct made by the City Manager and Assistant City Manager were unfounded, made for purposes of harassment and in order to fabricate a basis for terminating Plaintiff in retaliation for his public speech. Further, although the accusations were unfounded, the City Manager and Assistant City Manager, in their official capacity, proceeded to take unwarranted disciplinary action against Plaintiff.

In that regard, while Plaintiff was ill, had taken sick leave and was unable to respond to the City Manager's allegations or return to work, the City Manager scheduled a so-called "pre-disciplinary hearing". Such hearing were scheduled at a time that Plaintiff had called in sick pursuant to the City's sick leave policy and was unable to attend. Nevertheless, the City Manager proceeded with such hearing in the Plaintiff's absence. Thereafter, on or about December 14, 1998, the City Manager notified Plaintiff of his decision to terminate Plaintiff. Plaintiff has suffered injury and damages as a result.

At all times relevant, Defendant Carlos Rubenstein was acting in his official capacity as City Manager. Further, at all times relevant, Defendant Ivan Welker was acting in his official capacity as Assistant City Manager.

### IV.
### U.S.C.S. §1983
### VIOLATION OF CONSTITUTIONAL RIGHTS

Plaintiff brings this action against the City of Brownsville, and the Brownsville City Manager and Assistant City Manager in their official capacities pursuant to 42 U.S.C.S., §1983 for violations of the Plaintiff's First Amendment and Fourteenth Amendment rights, in terminating Plaintiff in retaliation for his speech concerning the City's purchase of the proposed "SweetSoft", software.

In that connection, at all times relevant, Plaintiff's speech involved a matter of public concern such that it is of interest to the community of Brownsville. In addition, the speech by Plaintiff was a substantial or motivating factor for the retaliatory conduct engaged in by the City, City Manager, and Assistant City Manager, which conduct would not otherwise have been engaged in.

In addition, the City is liable as a result of the conduct and decisions by its official and authorized policymaker, the City Manager. At all times relevant the City Manager had the significant and final authority in personnel matters including the decision to terminate Plaintiff. Further, the edicts and acts by the City Manager represent the policy and/or custom of the City. This is highlighted by the fact that although the Plaintiff advised the Mayor of the City and the City Commissioners of the conduct engaged in by the City's City Manager and Assistant City Manager, neither the City nor the City Commissioners took any corrective action. The City is liable to Plaintiff for the actions of its City Manager, whose acts and edicts, including the termination of Plaintiff for his public speech, represent the official policy or custom of the City, which is in violation of 42 U.S.C.S. §1983.

## V.
## DAMAGES

As a consequence of the willful and knowing conduct engaged in by Defendants in violation of Plaintiff's First and Fourteenth Amendment rights, Plaintiff has been caused to suffer injury and damages including, loss of wages in the past, loss of wages in the future and loss of employment benefits.

## VI.
## ATTORNEY'S FEES

Pursuant to 42 U.S.C.S. §1988, Plaintiff seeks reasonable attorney's fees.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer and that upon final trial of this cause, Plaintiff have Judgment against Defendants for loss of wages in the past, loss of wages in the future, loss of employment benefits, prejudgment interest and attorneys fees and such other and further relief to which Plaintiff may show himself justly entitled to receive.

Respectfully submitted,

**MOISES M. SALAS JR.**
**ATTORNEYS AT LAW**
1325 Palm Boulevard, Suite G
Brownsville, Texas 78520
Tel. No. (956) 541-2862
Fax. No. (956) 541-2864

By: _____
Moises M. Salas, Jr.
State Bar No. 00786217
Fed. Id No. 17506 (former)
**ATTORNEYS FOR PLAINTIFF**

By: _____
Juan Pequeno, Pro Se

## CERTIFICATE OF SERVICE

I, Moses M. Salas, Jr., do hereby certify that on this, the /6__ day of July, 2001, a true and correct copy of the above and foregoing document has been sent, via certified mail, return receipt requested, to all counsel of record, to wit:

Mr. Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

COUNSEL FOR DEFENDANTS

_____
Moises M. Salas, Jr.