UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN PEQUENO § | |
| § | |
| VS. § | |
| § | |
| CITY OF BROWNSVILLE, § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and § | (jury requested) |
| CARLOS RUBINSTEIN, in his official § | |
| capacity § | |

**DEFENDANTS' SUPPLEMENT TO THEIR MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGEMENT**

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW DEFENDANTS CITY OF BROWNSVILLE, IVAN WELKER, AND CARLOS RUBINSTEIN, in their official capacities, and file this, their Supplement to their Motion for Summary Judgement and Motion to Dismiss, and would respectfully submit unto the court the following:

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

1. This is Defendants' Supplement to their Motion to Dismiss and Motion for Summary Judgement. Defendants filed their joint Motion to Dismiss and Motion for Summary Judgement on October 9, 2001. Defendants' joint Motion to Dismiss and Motion for Summary Judgement, as well as all attachments thereto, are hereby incorporated by reference into this Supplement.

2. Plaintiff has sued a unit of government, the City of Brownsville, and several City elected officials and employees. Plaintiff is suing Defendants for damages allegedly sustained when Plaintiff was terminated from his employment with the City of Brownsville. Plaintiff alleges violations of his First and Fourteenth Amendment rights and brings suit under 42 U.S.C. §1983.

3.      Plaintiff filed his Original Petition on November 27, 2000. Defendants were served on March 2, 2001 and timely answered. On April 16, 2001, Defendants filed a Motion to Compel a Rule 7(a) Reply on claims made against the individual Defendants in their individual capacities. In response, Plaintiff filed a Motion to Strike. On May 29, 2001, the Court granted Defendants' Motion to Compel a Rule 7(a) Reply, denied the Plaintiff's Motion to Strike, and ordered the Plaintiff to submit a Rule 7(a) Reply on claims made against the individual Defendants in their individual capacities. On July 16, 2001, Plaintiff filed a First Amended Complaint which dropped all claims against the individual defendants in their individual capacities. Defendants filed their joint Motion to Dismiss and Motion for Summary Judgement on October 9, 2001. Defendants never received a copy of the First Amended Complaint. As a result, Defendants, in their Motion to Dismiss, inadvertently represented to the Court that Plaintiff had failed to respond to the Court's order.

## ARGUMENT AND AUTHORITIES

### I.    SUPPLEMENT TO THE MOTION TO DISMISS

4.      Defendants note that their joint Motion to Dismiss and Motion for Summary Judgement, as well as all attachments thereto, are incorporated by reference into this Supplement. In addition to the arguments made therein, Defendants would show the Court the following:

5.      Plaintiff's First Amended Complaint drops all claims against the individual defendants in their individual capacities. Further, on July 25, 2001, Plaintiff dismissed all of the individual defendants other than Ivan Welker and Carlos Rubinstein, in their official capacities. Defendants were unaware that such dismissal had been filed. As a result, only the City of Brownsville, and Ivan Welker and Carlos Rubinstein, in their official capacities, remain party to this lawsuit.

6.  Defendants ask that Ivan Welker and Carlos Rubinstein, in their official capacities, be dismissed from this lawsuit. A suit against them in their official capacities is the functional equivalent of a suit against the entity they represent, which is the City of Brownsville. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Skelton v. Camp*, 234 F.3d 292, 296 (5th Cir. 2000). Further, a 42 U.S.C. § 1983 suit naming defendants only in their "official capacity" does not involve personal liability to the individual defendant. *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). The City of Brownsville is a defendant in this suit and therefore there is no need for Defendants Welker and Rubinstein, in their official capacities, to be party to this suit.

## II.  SUPPLEMENT TO THE MOTION FOR SUMMARY JUDGEMENT

7.  Defendants again note that their joint Motion to Dismiss and Motion for Summary Judgement, as well as all attachments thereto, are incorporated by reference into this Supplement. In addition to the arguments made therein, Defendants would show the Court the following:

8.  Plaintiff alleges in his First Amended Complaint, that the City Manager for the City of Brownsville, is an "authorized policymaker", and that his "acts and edicts... represent the official policy or custom of the City." Because Plaintiff failed to provide Defendants with a copy of this First Amended Complaint, Defendants inadvertently stated in their Motion for Summary Judgement, that Plaintiff has alleged no policy, custom, or practice on the part of the City of Brownsville.

9.  While Plaintiff now alleges that a policy or custom exists, he does not specify what that policy or custom is. Further, he has shown no evidence to prove that such policy or practice exists, much less that it caused his alleged constitutional deprivation. Defendants pointed out in their Motion for Summary Judgement, that Plaintiff admits that he knows of no other employee

terminated under similar circumstances or for similar reasons. (Ex. G page 53, lines 19-22). This hardly shows a policy, custom, or practice of firing employees for their speech.

10. Defendants would also direct the Court to Plaintiff's First Amended Petition, where Plaintiff admits, as Defendants assert in their Motion for Summary Judgement, that Plaintiff spoke out as an employee, not as a citizen. Plaintiff claims in his First Amended Complaint, that he "spoke publicly concerning his objections *as Director of M.I.S.*" This adds even more evidence to Defendants assertion that the speech at issue in this case arose out of a private employer-employee dispute, not out of a public debate.

## PRAYER

11. WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Motion to Dismiss and Motion for Summary Judgement be granted on all claims asserted by Plaintiff, that Plaintiff take nothing by this suit, and that all taxable costs of court be taxed against Plaintiff. Defendants further pray for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone    : (956) 541-1846
Facsimile    : (956) 541-1893

BY: *Ryan Henry w/ lm*
RYAN HENRY
State Bar No. 24007347
Fed ID. No. 22968

**ATTORNEY FOR DEFENDANTS**

Page -4-

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANTS' SUPPLEMENT TO THEIR MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT has been served on all counsel of record, via certified mail return receipt requested as follows:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

on this the 12th day of October, 2001

_____
RYAN HENRY

## CERTIFICATE OF CONFERENCE

The local rules do not require a certificate of conference for this motion.

_____
RYAN HENRY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF BROWNSVILLE, | § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and | § | (jury requested) |
| CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

## ORDER SETTING HEARING

On this the _____ day of _____ 2001, came on to be considered Defendants' Motion to Dismiss and Motion for Summary Judgement. After considering same, the Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss and Motion for Summary Judgement is hereby set for hearing on the _____ day of _____, 2001 at _____ o'clock ____. m., in this Honorable Court.

SIGNED FOR ENTRY on this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN PEQUENO § | |
| § | |
| VS. § | |
| § | |
| CITY OF BROWNSVILLE, § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and § | (jury requested) |
| CARLOS RUBINSTEIN, in his official § | |
| capacity § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGEMENT

On this the _____ day of _____, 2001, came on for consideration Defendants' Motion to Dismiss and Motion for Summary Judgement. Having examined same and considered the arguments of counsel, this Court is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss and Motion for Summary Judgement is GRANTED. It is further ORDERED that the Plaintiff take nothing against the Defendants, and all Plaintiff's claims are dismissed with prejudice. It is further ORDERED all taxable costs are to be assessed against the Plaintiff. All relief requested and not expressly granted is hereby denied.

SIGNED this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE