

United States District Court
Southern District of Texas
ENTERED   F I L

NOV 15 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (Jury Requested) |
| IVAN WELKER (Assistant City Manager), | § | |
| and CARLOS RUBINSTEIN (Previous City | § | |
| Manager) | § | |

## PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO RESPOND TO DEFENDANTS' MOTION TO DISMISS AND
## MOTION FOR SUMMARY JUDGMENT

Plaintiff JUAN PEQUENO files this its Unopposed Motion for Extension of Time to

Respond to Defendants' Motion to Dismiss and Motion for Summary Judgment pursuant to Federal

Rule of Civil Procedure 56(f) and in support hereof, would respectfully show the Court as follows,

to-wit:

### INTRODUCTION

1.      On or about October 9, 2001, and October 12, 2001, Defendants filed their Motion to

Dismiss and Motion for Summary Judgment and Supplemental Motion, respectively.

Plaintiff has yet to file its response inasmuch as discovery was and continues to be ongoing

and the parties had agreed to extend the deadline for discovery to November 16, 2001.

Presently, Plaintiff is awaiting written discovery responses from Defendants on or about

November 16, 2001.   Accordingly, Plaintiff seeks an extension of time to respond to

Defendants' Motion for Summary Judgment until November 26, 2001.

## SUMMARY OF EVENTS

**Case Timeline**

2.      Plaintiff has sued Defendants for First and Fourteenth Amendment violations under 42 U.S.C. § 1983. This case was initially filed on November 27, 2000 by Plaintiff Juan Pequeno, *Pro Se*. The case is set for trial on February 11, 2002.

3.      Defendants filed an answer on March 23, 2001.

4.      The Court, by order dated May 30, 2001, required Plaintiff to amend his complaint in accordance with such order by July 16, 2001.

5.      Prior to July 16, 2001, Plaintiff sought legal counsel, and Plaintiff's First Amended Complaint was filed on July 16, 2001, in conjunction with a Stipulation of Dismissal between parties that all individual defendants would be dismissed in their individual capacities.

6.      On August 24, 2001, Plaintiff filed his Unopposed Motion for Withdrawal and Substitution of Counsel in the above referenced cause requesting that Plaintiff's prior attorney in charge, Moises M. Salas, Jr., be allowed to withdraw as attorney of record with substitution by the undersigned counsel, Frank Costilla of the Law Offices of Frank Costilla, P.L.L.P. An Order granting the same has been submitted, but to Plaintiff's knowledge, the order has not been signed..

**Discovery Status**

7.      As of August 24, 2001, when the motion for substitution was filed, limited discovery had taken place. Plaintiff had responded to Defendants' written discovery, no depositions had been taken by either side, and Plaintiff had neither submitted nor received written discovery

from Defendants. On August 30, 2001, the parties agreed to extend the deadline to complete discovery until November 16, 2001, as shown by the agreement attached hereto as <u>Exhibit A</u>.

8. Thereafter, depositions were duly noticed and taken. Defendants deposed Plaintiff Juan Pequeno and his expert, Ken McCoin, Ph.D., on September 12, 2001 and October 30, 2001, respectively. Plaintiff deposed Defendants Carlos Rubinstein and Ivan Welker on November 2, 2001, and former Emergency Medical Services Director (EMS) for the City of Brownsville, Arturo Rodriguez, on November 8, 2001.

9. Plaintiff submitted written discovery to Defendant which is due on or about November 16, 2001.

## GROUNDS FOR EXTENSION

10. Generally, motions to suspend summary judgment pending the completion of discovery are generally favored, and should be liberally granted. *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999); *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir.1991). However, to justify a continuance, the Rule 56(f) motion must demonstrate 1) why the party needs additional discovery, and 2) how the additional discovery will likely create a genuine issue of material fact. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993).

11. This case involves the issue of whether Plaintiff was wrongfully terminated from his employment with the City of Brownsville for exercising his constitutionally protected right of free speech when he spoke out a Brownsville City Commission meeting on October 20, 1998 on issues involving matters of public concern.

12.  In this connection, Plaintiff is awaiting deposition transcripts, and Defendants' responses to interrogatories and requests for production, which focus on the elements of a section 1983 claim and also specifically address:

   a.  the date of Plaintiff's actual termination;

   b.  how and when Plaintiff received notice of his termination;

   c.  whether the Assistant City Manager had the authority to fire a city department director;

   d.  the content, form, and context of Plaintiff's speech and why it involved matters of public concern;

   e.  how Defendants' interest in the efficient operation of city government was affected, if any; and

   f.  Defendants' pretextual reasons for terminating Mr. Pequeno.

Plaintiff needs and is entitled to this additional discovery which will support Plaintiff's cause of action, and will likely create genuine issues of material fact as discussed below.

13.  Deposition transcripts and requested discovery is relevant and material and will likely reveal genuine issues of material fact with respect to the following grounds for Defendants' summary judgment motion. A copy of Plaintiff's Written Discovery to Defendant City of Brownsville is attached hereto as Exhibit B.

*Limitations*. Defendants contend that Plaintiff's suit, which was filed on November 27, 2000, was not filed within the two year statute of limitations period because he was allegedly terminated by the Assistant City Manager on November 24, 1998. Additional discovery will likely reveal that the final decision to terminate Mr. Pequeno was one that would need to be made by the City Manager rather than the Assistant City Manager. In addition, even if the

assistant city manager had authority to terminate Plaintiff, discovery materials will show that he did not receive unequivocal notice of his termination on this date. Finally, discovery materials will reveal that Plaintiff was not actually terminated until December 14, 1998. Discovery requests on this issue concern how and in what manner Mr. Pequeno received notice of his termination and whether a termination is conditioned upon the outcome of an appeal.

*Speech Related to Matters of Public Concern.* Additional discovery will reveal the existence of material fact issues showing that the content, form, and context of Mr. Pequeno's speech at the October 20, 1998 city commission meeting related to matters of public concern inasmuch as the expense of purchasing a new software program for the city was an unnecessary expense to the city taxpayers and revenue would be affected negatively. Discovery requests on this issue address the amount of funds that the City expected to expend on the purchase of a new software program and what the ultimate cost would be to the taxpayers of Brownsville.

*Governmental Efficiency Did Not Outweigh Plaintiff's Interest In Speaking.* Discovery on this issue requests that the City provide information indicating how Plaintiff's termination was a necessary measure in promoting the efficiency of the city's governmental functions. Such information is a necessary element in the balancing equation.

*Defendants' Policy, Custom, or Practice.* Discovery materials on this issue which have been requested are all the various policies and manuals that govern the termination of a city employee. Additionally, discovery will likely show that the City Management had policymaking powers and as such, the actions of the Assistant City Manager and the City

Manager constituted the policy and practice of the City as a whole.

14.     Trial in this case is presently set for February 11, 2002 and Defendants will not be prejudiced

by Plaintiff's request to extend the deadline for a summary judgment response to November

26, 2001.

15.     Since August 24, 2001, when the undersigned counsel filed its motion to substitute as

Plaintiff's counsel, the undersigned counsel has exercised due diligence in pursuing

discovery in this case.

16.     To date, Plaintiff is unaware of either a hearing date or a submission date on Defendants'

Motion to Dismiss and Motion for Summary Judgment.

## PRAYER

17.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Motion for Extension

of Time to Respond to Defendants' Motion to Dismiss and Motion for Summary Judgment

be granted and that Plaintiff be allowed until November 26, 2001 to file its response.

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, P.L.L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone:     (956) 541-4982
Facsimile:     (956) 544-3152

**Frank Costilla**
State Bar No. 04856500
Federal I.D. No. 1509

## CERTIFICATE OF SERVICE

On this the _15_ day of November, 2001, a true and correct copy of the above and foregoing

document was sent to all counsel involved in the manner indicated below:

Mr. Ryan Henry         Via **CM/RRR #7001 0320 0004 7247 0225**
**Willette & Guerra, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Frank Costilla

## CERTIFICATE OF CONFERENCE

I, Frank Costilla, do hereby certify that on this 13 day of November, 2001, Alejandro J. Garcia, an Associate with my office, conferred with Mr. Seth Moore, WILLETTE & GUERRA, L.L.P., Counsel for Defendants, who advised that Defendants do not oppose Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss and Motion for Summary Judgment.

Frank Costilla

# EXHIBIT A

Case 1:00-cv-00180    Document 30    Filed in TXSD on 11/15/2001    Page 10 of 22

# WILLETTE & GUERRA, L.L.P.
## ATTORNEYS AT LAW

CHARLES WILLETTE, JR.
R. D. "BOBBY" GUERRA*
MARK SOSSI
HUGH P. TOUCHY
EILLEN M. LEEDS
GEORGE C. KRAEHE
—— · ——
ELIZABETH SANDOVAL CANTU*
ROBERT L. DRINKARD*
EDUARDO G. GARZA
AMY LAWLER GONZALES
RYAN HENRY
SETH MOORE
LAWRENCE J. RABB*

INTERNATIONAL PLAZA, SUITE 460
3505 BOCA CHICA BOULEVARD
BROWNSVILLE, TEXAS 78521
TELEPHONE: (956) 541-1846
FACSIMILE: (956) 541-1893

*MCALLEN OFFICE:
801 NOLANA, SUITE 320-A
MCALLEN, TEXAS 78504
TELEPHONE: (956) 686-2266
FACSIMILE (956) 686-5913

August 30, 2001

**(Via Facsimile: 544-3152)**
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

> Re:  Juan Pequeno vs. City of Brownsville, et. al.
>      U.S. District Court Southern District-Brownsville Division
>      Civil Action No. B-00-180
>      Our File No. 01-137_____ MS/RH

Dear Mr. Costilla:

We are in receipt of your proposed agreement to extend certain deadlines in the above mentioned case. We agree to extend the deadline for Plaintiff to designate experts and present reports from September 1, 2001, to September 21, 2001. Defendants' deadline to name experts and present reports will continue to be within thirty (30) days of the deposition of the Plaintiff's expert. We further agree to extend the deadline for both parties to complete discovery until November 16, 2001.

As for your proposed extension of the dispositive motion deadline, Judge Tagle will not allow an extension without her approval. We suggest you file a motion to extend this deadline. We would not be opposed to such a motion.



Mr. Frank Costilla
Re: Pequeno vs. City of Brownsville
August 30, 2001
Page -2-


      If this agreement is satisfactory, please indicate your agreement by signing below.
If you have any questions, please do not hesitate to call.

                Very truly yours,

                WILLETTE & GUERRA, L.L.P.

BY: _____
                SETH MOORE


SM:cdg


AGREED TO:

_____
FRANK COSTILLA

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JUAN PEQUENO** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO.   B-00-180** |
| | § | **(Jury Requested)** |
| **CITY OF BROWNSVILLE,** | § | |
| **IVAN WELKER (Assistant City Manager),** | § | |
| **and CARLOS RUBENSTEIN (Previous City** | § | |
| **Manager)** | § | |

## PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANT, CITY OF BROWNSVILLE

TO:     Defendant, CITY OF BROWNSVILLE, by and through its attorney of record:

Ryan Henry
**Willette & Guerra, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Plaintiff, JUAN PEQUENO, hereby gives notice that, pursuant to the provisions of Rules 33,

34 and 36 of the Federal Rules of Civil Procedure, Defendant, City of Brownsville, is required to

respond to the following written discovery requests within thirty (30) days of service of this request

at the Law Offices of Frank Costilla, P.L.L.P., 5 East Elizabeth Street, Brownsville, Texas 78520.

# DEFINITIONS AND INSTRUCTIONS

The terms "document" or "documents" when used herein, specifically include the originals and all non-identical copies (whether by reason of marginal or other notes, markings, alterations, modification, changes or amendments of any writing typewritten, handwritten, printed, transcribed, punched, taped, filmed, recorded, computer produced or graphic material, however produced or reproduced, correspondence, notes, statistics, letters, stenographic or handwritten notes, telegraphs, telegrams, memoranda, contracts, interoffice or intraoffice communications, offers, leases, agreements, transcriptions or records or recordings, summaries or records of telephone or personal conversations, summaries of records or minutes of meetings or conferences, agendas of meetings or conferences, summaries or reports of test, inspections, examinations or investigations, studies, analyses, evaluations, work papers and articles, operating manuals, safety manuals, instruction manuals, papers or other publications, drawings, maps, plans, tables, graphs, charts, bulletins, circulars, brochures, pamphlets, books, prospectuses, computer printouts, teletypes, telefax, invoices, graphic or manual records, photographs, notebooks, records, desk calendars or diaries, day books, business records, electronic, mechanical or electric records, or representations of any kind (including without limitation, tapes, cassettes, disks, recordings, microfiche, microfilm, video tapes, and motion pictures), books of account, ledgers, budgets, or any other papers or things purporting to be a document.

The term "Defendant" and "City" when used herein specifically means City of Brownsville, its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

The term "Plaintiff" when used herein specifically means Juan Pequeno.

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, P.L.L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone:     (956) 541-4982
Facsimile:     (956) 544-3152

**Frank Costilla**
Federal Admissions No. 1509
State Bar No. 04856500

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On this the _____ day of October, 2001, a true and correct copy of the above and foregoing

document was sent to all counsel involved in the manner indicated below:

Mr. Ryan Henry                                    Via **CM/RRR # 7001 1140 0002 2379 9905**
**Willette & Guerra, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521


Frank Costilla

# REQUEST FOR PRODUCTION

1.      Any and all documents which identify job descriptions, duties, responsibilities for Mr. Carlos Rubinstein, Mr. Ivan Welker, and Mr. Arturo Rodriguez while they were employed with the City of Brownsville.

2.      A true and correct copy of the city charter.

3.      A true and correct copy of the City's personnel policy, including that portion of the personnel policies manual entitled "Chapter VII, Discipline, Sections 703, 704, Grounds."

4.      Copies of any and all company policies, procedures, manuals, handbooks, disciplinary rules, rules and regulations governing city employees effective for the past ten (10) years.

5.      Any and all published personnel policies and personnel manuals outlining disciplinary and/or termination procedures.

6.      Copies of any and all city policies, procedures, manuals, handbooks, disciplinary rules, rules and regulations which the City relied upon in terminating Plaintiff from employment.

7.      Copies of any and all city policies, procedures, manuals, handbooks, disciplinary rules, rules and regulations which give the Assistant City Manager the authority to terminate an employee's employment.

8.      Copies of any and all documents reflecting procedures for challenging or appealing decisions relating to discipline and/or discharge of employees, for the past ten (10) years.

9.      Plaintiff's personnel, payroll and employment file with the City, to include any and all warnings, reprimands, job performance reviews and evaluations, absenteeism and tardiness records, letters of recommendation, commendation, or appreciations sent to Plaintiff or his supervisors pertaining to Plaintiff during his employment with the City.

10.     A copy of Plaintiff's payroll records from date of hire to date of termination of employment.

11.     Copies of any and all documents and records reflecting all benefits provided to Plaintiff such as bonuses, retirement, pension, profit sharing, holiday pay, sick leave pay, overtime pay, vacation pay, medical benefits and any other benefits.

12.     The personnel files of Mr. Rubinstein and Mr. Welker and any other employee involved in the decision to terminate Plaintiff.

13.     All correspondence between the City and Plaintiff concerning the purchase and implementation of the Sweetsoft Ambulance 2000 software.

14.   Copies of any and all documents, notes, correspondence or communications reflecting any meeting(s) or conversation(s) between Plaintiff and the City with regard to termination of Plaintiff's employment.

15.   Any and all notes and/or memoranda regarding conversations or communications with Plaintiff subsequent to October 1, 1998.

16.   Copies of each and every document(s) reviewed and considered by the City in the decision to terminate Plaintiff.

17.   Provide all minutes, notes, or documents related to city commission meetings, city manager meetings, committee meetings or conversations in which the incident made the basis of this suit was discussed in any way, and any documents generated during such meetings or referring to such meetings.

18.   Produce any documents received by and/or sent to any government agency related in any way to the incident made the basis of this suit.

19.   All documents and correspondence between the City of Brownsville and the Sweetsoft Ambulance 2000 software company relating to the City's purchase or potential purchase of the Sweetsoft Ambulance 2000 software.

20.   All documents, memoranda, or any other writings by Carlos Rubinstein, Ivan Welker, Arturo Rodriguez, Pete Gonzalez, and/or Paul Calapa involving the City's decision to purchase Sweetsoft Ambulance 2000 software for the City's EMS department.

21.   All documents, written proposals, bids, quotes, advertisements, pamphlets, instructions, warranties or other writings submitted by the Sweetsoft Ambulance 2000 software company to the City of Brownsville.

22.   Produce all documents and writings which reflect any audits, analysis, reviews, investigations, or comparisons between the Sweetsoft Ambulance 2000 software and the "in-house" EMS software program administered by the MIS Department, which were prepared in connection with the City's decision to purchase the Sweetsoft Ambulance 2000 software.

23.   Produce all documents and writings which reflect any audits, analysis, reviews, and/or investigations of the Sweetsoft Ambulance 2000 software which played a factor in deciding whether the City would purchase the software for use by its EMS department.

24.   All financial records and reports identifying the City's annual EMS billings and revenue utilizing the "in-house" EMS software program administered by the MIS department for the years 1994 through 1998.

25. All financial records and reports identifying the City's annual EMS billings and revenue utilizing the Sweetsoft Ambulance 2000 software program for the years 1999 through the present.

26. All documents, records, invoices, reports and accountings identifying all expenses related to the purchase and implementation of the Sweetsoft Ambulance 2000 software program.

27. All documents and memoranda establishing the dates and/or the scheduling of any meetings which were called by any of the parties to discuss the purchase and implementation of the Sweetsoft Ambulance 2000 software.

28. All documents and memoranda establishing the dates and/or the scheduling of any meetings which were called by any of the parties to discuss Plaintiff's termination.

29. All certified mail certificates and return receipts for certified mail which were mailed to Plaintiff subsequent to October 20, 1998.

30. Copies of all photographs, slides, movies, films, videos, audio records, or similar recorded material in your possession, custody or control, which are in any manner whatsoever connected with or related in any way to this lawsuit.

31. Copies of each and every statement, oral or written, audio recording or transcript made of any of the parties to this lawsuit relating in any way to the subject matter of the lawsuit.

32. A complete copy of all lawsuits filed against the City for the last ten (10) years to the present alleging wrongful discharge based on section 1983 claims.

33. All documents which reflect each and every deficiency of the in-house EMS software which factored into the City's decision to purchase and implement a new software program for the EMS department.

34. All documents which reflect the loss or savings which have been realized by the purchase and implementation of the new EMS software.

35. All documents and writings which reflect that the City attempted to give Plaintiff his final check.

36. All documents which reflect that Plaintiff failed to cooperate with other employees.

37. All documents which reflect that Plaintiff abused his use of sick leave.

38. All documents dated prior to October 20, 1998 which reflect that the City intended to terminate Plaintiff's employment.

# INTERROGATORIES

1.  Identify each individual who provided information or participated in answering these interrogatories and state which interrogatory each person provided information for or participated in answering.

2.  Identify each and every individual and organization who was involved in any way with the review, purchase and implementation of a new software program for the EMS department and state specifically what role each individual and organization had with respect to the same.

3.  Identify each and every benefit and deficiency of both the Sweetsoft Ambulance 2000 software and the in-house EMS software (administered by the MIS Department) which factored into the City's decision to purchase and implement a new software program for the EMS department.

4.  Please state whether or not the City is presently using the Sweetsoft Ambulance 2000 software, and if so, identify each and every cost and expense (direct or indirect) associated with the purchase and implementation of the new EMS software since its initial purchase to the present date.

5.  Please state whether Plaintiff's proposals to Carlos Rubinstein and Ivan Welker, dated October 29, 1998 and November 9, 1998 were responsive to the requests made upon the Plaintiff. If not, please state in detail why not, and specifically identify what was requested of Plaintiff in both proposals and how Plaintiff's proposals failed to satisfy those requests.

6.  Describe in detail how Plaintiff's statements at the city commission meeting of October 20, 1998, and the statements made in the two proposals referenced in the preceding interrogatory constitute matters of personal, private, and/or employee interests.

7.  Describe in detail how and why the termination of Plaintiff was a necessary measure in promoting efficiency of the city's governmental functions.

8.  With respect to the termination of Plaintiff's employment, identify each and every factor which motivated the City to terminate Plaintiff's employment and identify each and every provision of the City's Personnel Policy Manual which Plaintiff allegedly violated and describe in detail how and when Plaintiff violated these provisions.

9.  Describe in detail the procedures for terminating a City of Brownsville Department Director and employee and how the employee would appeal the termination. If the present procedures differ from those which were in effect in 1998, please describe both and identify the differences.

# REQUEST FOR ADMISSIONS

1.   Admit that Plaintiff Juan Pequeno was the City of Brownsville's MIS Department Director from 1994 through 1998.

2.   Admit that Plaintiff began employment with the City of Brownsville in 1984.

3.   Admit that Defendant Carlos Rubinstein was the City's City Manager during the year 1998.

4.   Admit that Defendant Carlos Rubinstein was previously employed with the City of Brownsville as its EMS Director.

5.   Admit that Arturo Rodriguez was the City's EMS Director during the year 1998.

6.   Admit that Defendant Ivan Welker was the City's Assistant City Manager during the year 1998.

7.   Admit that Defendant Ivan Welker did not have the authority to terminate Plaintiff's employment with the City.

8.   Admit that as of April 1, 2001, the City or one of its employees, agents or servants, was in possession of Plaintiff's final paycheck.

9.   Admit that the City reported the payroll/wages in Plaintiff's final check as income payable to Plaintiff for the year 1998.

10.   Admit that the City was aware of Plaintiff's mailing address and phone number during the time Plaintiff was employed with the City.

11.   Admit that the City was aware of Plaintiff's mailing address and phone number after December 15, 1998.

12.   Admit that an increase in the annual operating costs of a city department and a loss of annual revenue in the same department and in the same year could be considered a matter of concern and interest to the citizens of Brownsville.

13.   Admit that an increase in the annual operating costs of a city department and a loss of annual revenue in the same department and in the same year could be considered a matter of concern and interest to the city's governing body.

14.   Admit that an increase in the annual operating costs of the City of Brownsville's EMS Department and a loss of annual revenue in the same department and in the same year could be considered a matter of concern and interest to the citizens of Brownsville and the City of Brownsville's governing body.

15.   Admit that Mr. Ivan Welker acted in his official capacity as Assistant City Manager in recommending that Plaintiff's employment with the City be terminated.

16.   Admit that Mr. Carlos Rubinstein acted in his official capacity as City Manager in deciding that Plaintiff's employment with the City be terminated.

17.   Admit that Mr. Ivan Welker's letter of November 24, 1998 to Plaintiff stated that it was Mr. Welker's recommendation that Mr. Pequeno be terminated on November 24, 1998.

18.   Admit that Mr. Ivan Welker's letter of November 24, 1998 to Plaintiff was not delivered to Plaintiff on November 24, 1998.

19.   Admit that Plaintiff, on November 24, 1998, did not receive notice of any kind from the City informing him that he would be terminated.

20.   Admit that Plaintiff's comments at the City Commission meeting of October 20, 1998 constituted speech which addressed a matter of public concern.

21.   Admit that the City had no intention of terminating Plaintiff's employment prior to October 20, 1998.

22.   Admit that the City did not perform a comparative financial analysis of the Sweetsoft Ambulance 2000 software and the in-house EMS software program which was administered by the MIS Department.

23.   Admit that Plaintiff's comments at the City Commission meeting of October 20, 1998 were a motivating factor in deciding to terminate Plaintiff's employment.

24.   Admit that Plaintiff's proposals dated October 29, 1998 and November 9, 1998 were a motivating factor in deciding to terminate Plaintiff's employment.

**STATE OF TEXAS**         §
                                        §

**COUNTY OF CAMERON**    §

BEFORE ME, the undersigned authority, on this day personally appeared JUAN PEQUENO, known to me to be the person who subscribed his name below, who, after having first been duly sworn by me, on oath deposes and says:

"My name is JUAN PEQUENO. I am over the age of twenty-one (21) years, am competent in all respects to testify herein and I have read the foregoing Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment and the statements therein are true and correct and within my personal knowledge."

JUAN PEQUENO

**SUBSCRIBED AND SWORN** to me by JUAN PEQUENO on this the 14th day of November, 2001, to certify which witness my hand and seal of office.

Notary Public, State of Texas

ROSALINDA M. GARZA
Notary Public, State of Texas
My Commission Expires
06-27-2005