3²<sub>c</sub>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOV 2 7 2001

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| | § | (Jury Requested) |
| CITY OF BROWNSVILLE, | § | |
| IVAN WELKER, AND CARLOS | § | |
| RUBINSTEIN in their official capacities | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

COMES NOW Defendants THE CITY OF BROWNSVILLE, IVAN WELKER, and CARLOS RUBINSTEIN and file this, their Original Answer to Plaintiff's First Amended Complaint and in support thereof would show as follows;

1) Defendants admit the allegations contained in title I. PARTIES of Plaintiff's First Amended Complaint.

2) Defendants admit venueis proper in Cameron County and that a substantial portions of the events giving rise to Plaintiff's civil action took place in Cameron County as alleged in title II. VENUE of Plaintiff's First Amended Complaint.

3) Defendants admit the allegations contained in title III. JURISDICTION of Plaintiff's First Amended Complaint .

4)      Defendants admit that Plaintiff was employed by the City of Brownsville. Defendants admit that on October 20, 1998, Plaintiff was the MIS Director for the City of Brownsville. Defendants admit the City of Brownsville was considering the purchase of a "Sweetsoft" computer program and that Plaintiff spoke on this subject at a City Commission meeting. Defendants admit that Carlos Rubinstein directed Plaintiff to prepare proposals concerning the needs of the City's EMS department. Defendants admit that Ivan Welker took disciplinary action against the Plaintiff by terminating him from his employment with the City. Defendants admit that Ivan Welker scheduled a "pre-disciplinary" hearing for Plaintiff. Defendants admit that Plaintiff failed to attend this hearing. Defendants admit that Ivan Welker terminated Plaintiff. Defendants admit that on or about December 14, 1998 Carlos Rubinstein notified Plaintiff of his decision to affirm the termination decision previously made by Ivan Welker. Defendants admit that Carlos Rubinstein and Ivan Welker were at all times acting in their official capacities. Defendants otherwise deny all other allegations contained in title III. FACTS of Plaintiff's First Amended Complaint .

5)      Defendants admit that Plaintiff brings causes of action against the City of Brownsville, Ivan Welker, and Carlos Rubinstein in their official capacities, pursuant to 42 U.S.C. §1983. Defendants otherwise deny the allegations contained in title IV. U.S.C.S. §1983 VIOLATION OF CONSTITUTIONAL RIGHTS of Plaintiff's First Amended Complaint.

6)    Defendants deny the allegations contained in title V. DAMAGES of Plaintiff's First Amended Complaint.

7)    Defendants deny the allegations contained in title VI. ATTORNEY'S FEES of Plaintiff's First Amended Complaint.

8)    Defendants deny the allegations contained in the prayer of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

9)    Defendant Brownsville is a Texas Municipality and has governmental immunity from suit.

10)    Defendants THE CITY OF BROWNSVILLE, IVAN WELKER, and CARLOS RUBINSTEIN have qualified immunity and state official immunity because at all times, they were acting in good faith, in pursuit of their discretionary duties as officers of the city of Brownsville and were performing their duties in a reasonable manner.

11)    Defendants raise the defense of statute of limitations.

12)    Plaintiff failed to exhaust the administrative remedies available to him.

13)    Plaintiff has failed to mitigate his damages.

14)    To the extent Plaintiff's First Amended Complaint raises any libel or slander claims, Defendants would show that they are entitled to the defense of qualified privilege.

15)    To the extent Plaintiff's First Amended Complaint raises any state law claims,

Defendants would show that those claims are barred by the Texas Tort Claims Act.

## COUNTERCLAIM

16)    Defendants would state that plaintiffs claim is frivolous and Defendants seek attorney

fees and costs of suit as the prevailing party as to plaintiffs claims under 42 U.S.C.

§1988.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:    (956) 541-1846
Facsimile:    (956) 541-1893

BY: _____
RYAN HENRY
State Bar No. 24007347
Fed ID. No. 22968

**ATTORNEY FOR DEFENDANTS**

Page -4-

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT has been served on all counsel of record, via certified mail return receipt requested as follows:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

on this the ___27th___ day of November, 2001


RYAN HENRY