3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 27 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (jury requested) |
| IVAN WELKER, in his official capacity, | § | |
| and CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
Brownsville, Texas 78521
Telephone  : (956) 541-1846
Facsimile   : (956) 541-1893

BY: _____
RYAN HENRY
State Bar No. 24007347
Federal I.D. No. 22968

ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO | § § | |
| VS. | § § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, IVAN WELKER, in his official capacity, and CARLOS RUBINSTEIN, in his official capacity | § § § § § | (jury requested) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGEMENT**

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW DEFENDANTS CITY OF BROWNSVILLE, IVAN WELKER, AND CARLOS RUBINSTEIN, in their official capacities, and file this, their Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgement, and would respectfully submit unto the court the following:

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

1.   This is Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Summary Judgement. Defendants filed their joint Motion to Dismiss and Motion for Summary Judgement on October 9, 2001. Defendants' joint Motion to Dismiss and Motion for Summary Judgement, as well as all attachments thereto, are hereby incorporated by reference into this Reply. Defendants also filed a Supplement to their Motion to Dismiss and Motion for Summary Judgment. That Supplement is incorporated by reference into this Reply.

2

2.      Plaintiff has sued a unit of government, the City of Brownsville, and several City elected officials and employees. Plaintiff is suing Defendants for damages allegedly sustained when Plaintiff was terminated from his employment with the City of Brownsville. Plaintiff alleges violations of his First and Fourteenth Amendment rights and brings suit under 42 U.S.C. §1983.

3.      Plaintiff filed his Original Petition on November 27, 2000. Defendants were served on March 2, 2001 and timely answered. On April 16, 2001, Defendants filed a Motion to Compel a Rule 7(a) Reply on claims made against the individual Defendants in their individual capacities. In response, Plaintiff filed a Motion to Strike. On May 29, 2001, the Court granted Defendants' Motion to Compel a Rule 7(a) Reply, denied the Plaintiff's Motion to Strike, and ordered the Plaintiff to submit a Rule 7(a) Reply on claims made against the individual Defendants in their individual capacities. On July 16, 2001, Plaintiff filed a First Amended Complaint which dropped all claims against the individual defendants in their individual capacities. Defendants filed their joint Motion to Dismiss and Motion for Summary Judgement on October 9, 2001. Plaintiff filed a Motion for Leave to file a Late Response to Defendants' Motion to Dismiss and Motion for Summary Judgment on November 26, 2001. Defendants now file this reply and request the Court to consider it should the Court grant Plaintiff's Motion for Leave to file a Late Response.

## SUMMARY OF ISSUES TO BE RULED UPON

4.      ISSUE 1:     Whether or not Plaintiff's claims are barred by the statute of limitations.

         ISSUE 2:     Whether or not the speech Plaintiff alleges he was terminated for was a matter of "public concern."

ISSUE 3:   Whether Defendants' interest in the efficient operation of the City outweighed Plaintiff's alleged speaking.

ISSUE 4:   Whether or not Plaintiff has shown that a policy, custom, or practice on the part of the City of Brownsville caused his alleged constitutional violation.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

5.   Defendants note that their joint Motion to Dismiss and Motion for Summary Judgement, as well as all attachments thereto, are incorporated by reference into this Supplement. In addition to the arguments made therein, Defendants would show the Court the following:

6.   Defendants ask that Ivan Welker and Carlos Rubinstein, in their official capacities, be dismissed from this lawsuit. A suit against them in their official capacities is the functional equivalent of a suit against the entity they represent, which is the City of Brownsville. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Skelton v. Camp*, 234 F.3d 292, 296 (5th Cir. 2000). Further, a 42 U.S.C. § 1983 suit naming defendants only in their "official capacity" does not involve personal liability to the individual defendant. *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). The City of Brownsville is a defendant in this suit and therefore there is no need for Defendants Welker and Rubinstein, in their official capacities, to be party to this suit. Plaintiff would have this Court force Mr. Rubinstein and Mr. Welker to go through costly and time consuming litigation even though they cannot be held personally liable and even though Plaintiff has already sued the real party in interest, the City of Brownsville. Defendants therefore request Ivan Welker and Carlos Rubinstein, in their official capacity, be dismissed.

# PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## A. PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

7. Defendants again note that their joint Motion to Dismiss and Motion for Summary Judgement, as well as all attachments thereto, are incorporated by reference into this Reply. In addition to the arguments made therein, Defendants would show the Court the following:

8. Plaintiff's claims are barred by the statute of limitations. Plaintiff was placed on leave on November 19, 1998. (Ex. F of Defendants' Motion for Summary Judgment). Plaintiff filed his Original Petition with this Court on November 27, 2000. (Ex. A of Defendants' Motion for Summary Judgment). Plaintiff appealed his decision but the termination was upheld on December 14, 1998. (Ex. F to Defendants' Motion for Summary Judgment). Plaintiff was terminated from his employment effective November 24, 1998. (Ex. B, E, & F to Defendants' Motion for Summary Judgment). Plaintiff admits a two year Statute of Limitation applies. Plaintiff argues that since the two year limitation period would end on a holiday in which the Federal clerk's office is closed, he did not miss the Statute of Limitation. This argument focuses on a mis-characterization of Defendants' argument. Plaintiff states in his response that "Defendants' contention is that the cause of action accrued on November 24, 1998." This is untrue. Defendants contention is that the *latest* the cause of action could have accrued was November 24, 1998. The cause actually accrued much earlier. Plaintiff would have this Court hold that his cause of action accrued when he received unequivocal notice of his termination. Plaintiff cites *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 134 (5th Cir. 1992) for this proposition. *Thurman* is completely inapplicable to this case and the Court should not be misled.

5

9.	*Thurman* discussed when a cause of action for wrongful termination accrues under Article 8307c of the Texas Revised Civil Statutes. *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 132-135 (C.A.5 (Tex.) 1992). Plaintiff brings his cause of action under 42 U.S.C. § 1983, not Article 8307c of the Texas Revised Civil Statutes. Under federal law, the limitations period for a §1983 claim begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (C.A.5 (Tex.) 2001)(quoting *Russell v. Bd. Of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)); *See also Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). In other words, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (C.A.5 (Tex.) 1998). A plaintiff only needs to know the facts that would ultimately support a claim; he need not know that he has a claim. *Piotrowski,* 237 F.3d at 576.

10.	Plaintiff knew or had reason to know that he would be terminated from his employment prior to November 24, 1998. (Ex. B, E, & F to Defendants' Motion for Summary Judgment). As a matter of fact, Plaintiff testified that he knew as early as November 19, 1998, when he was placed on administrative leave, that he was going to be terminated. (Ex. G to Defendant' Motion for Summary Judgment, page 41, lines 13-18). As a result, Plaintiff's cause of action accrued on November 19, 1998. Plaintiff therefore filed his petition outside the Statute of Limitations and his claims are therefore barred. Defendants' are entitled to Summary Judgment.

  **B.	PLAINTIFF DID NOT SPEAK ON A MATTER OF PUBLIC CONCERN**

11.	Even if Plaintiff's claims are not time barred, he still cannot succeed because the speech at issue was not speech regarding a matter of public concern, an essential element of Plaintiff's prima

6

facie case. *See Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 380 (C.A.5 (Tex.) 1999). Plaintiff's response concentrates solely on the words he spoke at the October 20, 1998 city commission meeting. He argues his speech does focus on a matter of public concern. However, "whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement as revealed by the whole court record." *Connick v. Myers*, 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). When the whole record is looked at and when the content-form-context factors are applied, it is clear that Plaintiff was not speaking on a matter of public concern.

12.     Defendants' Motion for Summary Judgment explains in great detail the content-form-context factors as they relate to this case. Defendants' arguments clearly establish the Plaintiff's alleged speech is not a matter of public concern. In addition, Defendants would cite the Court to the deposition of Arturo Rodriguez, relevant pages of which are attached hereto as Exhibit "A". It is clear from this deposition that Plaintiff's MIS Department considered their in house software to be "their baby." (Ex. A, pg. 72 lines 5-17; pg. 119 lines 1-18; pg. 150 lines 9-23). Defendants have already shown the Court, in their Motion for Summary Judgment, that Plaintiff spoke on a matter of private concern, an employment dispute. Specifically, his speech focused on his belief that the in-house software, developed by his department, was superior to the commercial version the City of Brownsville was contemplating purchasing. His speech was based entirely on a dispute he was having with his employer. The deposition of Arturo Rodriguez provides even further evidence that Plaintiff was concerned about the effect the purchase would have on his MIS Department. He was speaking out about a condition of his employment, not on a matter of public concern.

## C.  DEFENDANTS' INTEREST IN EFFICIENCY OUTWEIGHS THE PLAINTIFF'S INTEREST IN SPEAKING

13.     Even if the Plaintiff's claims are not time barred, and even if this Court holds the Plaintiff's speech relates to a matter of public concern, Defendants are still entitled to summary judgment. The competent summary judgement evidence shows that Plaintiff's speech was likely to generate disruption amongst other managers, would have impeded the department's performance and operation, and would have affected working relationships necessary to the department's proper functioning. When the director of a city department fails or refuses to perform their necessary job functions, simply because the City disagrees with his recommendations, inefficiency is the obvious outcome.

14.     The competent summary judgment evidence shows Plaintiff was given opportunity after opportunity to express his concerns about Sweetsoft prior to the city meeting. (Ex. A, pg. 109 line 17 through pg. 110 line 24; pg. 114 line 17 through pg. 115 line 4; pg. 153 lines 14-19). He did not. Plaintiff was given more opportunities than an ordinary citizen to advise the city regarding his concerns because he had access to drafts of the agendas and other documents before the hearing. (Ex. A, pgs 97-98 and exhibits 3 and 4 to the deposition). The City can only offer so many opportunities before the inevitable negative effects on efficient management surface.

15.     Further, the City must be able to maintain discipline within its employment ranks. The competent summary judgement evidence shows that Plaintiff failed or refused to follow the directives of his superiors. (Ex. B & F to Defendants Motion for Summary Judgment). Additionally, to allow the Plaintiff to disregard the needs of other departments because of his concerns for his own, does not promote efficiency for the City. This is what was done. (Ex. B, E, & F to Defendants'

Motion for Summary Judgment). As a result, the City's interest in terminating the Plaintiff outweighs his right to speak on this particular issue. Defendants are therefore entitled to summary judgement.

### D. NO POLICY, CUSTOM, OR PRACTICE AND NO DELIBERATE INDIFFERENCE

16. In his Reply, Plaintiff would have this Court hold that the acts of Mr. Welker and Mr. Rubinstein constitute the policy of the City. Plaintiff points to their job descriptions as evidence. Plaintiff says the City Manager is required to "prepare policy and procedural proposals..." This is only a sentence fragment and it is misleading. The whole sentence reads "prepare policy and procedural proposals for review and adoption by the City." (Ex. Q to Plaintiff's Response to Defendants' Motion for Summary Judgment). Obviously, the City Manager's proposals are just that, *proposals*.

17. Plaintiff goes on in his Response to state that there was a policy in effect that prevented him from speaking at the October 20, 1998 city commission meeting and mandated that he seek permission before exercising his right to speak freely. First of all, the statements of Mr. Welker that Plaintiff relies upon are taken out of context. When the entire deposition is read, it is clear Mr. Welker was saying that it is the policy of the City to solicit all complaints or praise for any agenda item before presenting it to the city commission. (Ex. L to Plaintiff's Response and Ex. A to this Reply pg. 154 lines 1-25). This is so management will not appear unprofessional or ill organized. It promotes efficiency in running the City. Plaintiff was not prohibited by any policy from speaking at this meeting. (Ex. A pg. 112 lines 18-22).

9

18. Further, even if this Court finds that Plaintiff has shown a constitutional violation, and even if this Court finds that Plaintiff has shown a policy, custom, or practice on the part of Defendants caused such violation, Defendants are still entitled to summary judgement. Plaintiff cannot establish any policy, custom, or practice was enacted with deliberate indifference toward his constitutional rights. It is not enough that Plaintiff show a policy, custom, or practice on the part of the City of Brownsville caused his alleged constitutional violation. Plaintiff must also prove that the policy which produced or caused the constitutional violation resulted from the deliberate indifference of a final policymaker. *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757-59 (5th Cir.1993).

19. The United States Supreme Court has stated "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of the County Commissioners of Bryan County, Oklahoma, v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997). The deliberate indifference standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]." *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 551 (C.A.5 (Tex.) 1997). Mere negligence falls short of the deliberate indifference standard and "[i]n order for municipal liability to attach, plaintiffs must offer evidence of not simply a decision, but a decision by the city itself to violate the Constitution." *Gonzalez*, 996 F.2d at 759. Here the policies in effect were designed to allow for the effective management of the City which still allowing for constitutional speech. Plaintiff cannot present any evidence the City acted with deliberate indifference in any way. As a result, Defendants are entitled to summary judgment.

## CONCLUSION

20.  Plaintiff's claims are barred by the statute of limitations which entitles Defendants to summary judgement. Defendants are also entitled to summary judgement on the grounds that the speech at issue in this case did not touch on a matter of public concern. This means that Plaintiff cannot show a constitutional violation as required by 42 U.S.C. §1983. Even if this Court finds that Plaintiff can show a constitutional violation, Plaintiff cannot succeed because Defendants' interest in the efficient operation of the City outweighed Plaintiff's speaking. Further, Plaintiff has not shown that a policy, custom, or practice on the part of Defendants caused his alleged deprivation. Thus, Plaintiff cannot succeed under 42 U.S.C. §1983, and Defendants are entitled to summary judgement.

## PRAYER

21.  WHEREFORE, PREMISES CONSIDERED, Defendants pray that their Motion to Dismiss and Motion for Summary Judgement be granted on all claims asserted by Plaintiff, that Plaintiff take nothing by this suit, and that all taxable costs of court be taxed against Plaintiff. Defendants further pray for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
Telephone   : (956) 541-1846
Facsimile    : (956) 541-1893

BY: _____
RYAN HENRY
State Bar No. 24007347
Fed ID. No. 22968
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT has been served on all counsel of record, via certified mail return receipt requested as follows:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

on this the _27_ day of December, 2001.

_____
RYAN HENRY

## CERTIFICATE OF CONFERENCE

The local rules do not require a certificate of conference for this motion.

_____
RYAN HENRY