IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN PEQUENO, § § | |
| vs. § | |
| § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, § | (Jury Requested) |
| IVAN WELKER (In His Official Capacity as § | |
| Former Assistant City Manager), § | |
| and CARLOS RUBINSTEIN (In His Official § | |
| Capacity as Former City Manager) § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT
## AND REPLY TO COUNTERCLAIM

NOW COMES, JUAN PEQUENO, Plaintiff, and files this his Second Amended Complaint, and Reply to Defendants' Counterclaim, and in support thereof would show the Court as follows:

### I.

### FED. R. CIV. P. 15 COMPLIANCE

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff files this amended complaint with written consent of Defendants as shown by Exhibit "A," attached hereto and incorporated herein by reference.

### II.

### PARTIES

1. Plaintiff is an individual residing in Brownsville, Cameron County, Texas.

2. Defendant City of Brownsville ("City") is a municipality which has been served and which has answered herein.

3. Defendant Carlos Rubinstein, former City Manager, has been served and has answered herein

Plaintiff's Second Amended Complaint                                                                 Page 1

and the same is being sued in his official capacity as Former City Manager, City of Brownsville, Cameron County, Texas.

4. Defendant Ivan Welker, former Assistant City Manager, has been served and has answered herein and the same is being sued in his official capacity as Former Assistant City Manager, City of Brownsville, Cameron County, Texas.

### III.

### VENUE

5. Venue is proper in Cameron County, Texas pursuant to Texas Civil Practice and Remedies Code §§ 15.001, 15.002, as all or a substantial portion of the events giving rise to this cause of action took place in Cameron County.

### IV.

### JURISDICTION

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

### V.

### FACTS

7. Plaintiff Juan Pequeno was employed for fourteen years with the City of Brownsville between 1984 and 1998. During this time, Plaintiff had never been the subject of any documented disciplinary action by the City. On October 20, 1998, Plaintiff was the Director of the Management Information Systems ("MIS") Department for the City.

8. On October 20, 1998, at a public meeting of the Brownsville City Commission, the City, through its purchasing officer, Paul J. Calapa, proposed to purchase an industry specific software program called "Sweetsoft Ambulance 2000" to handle the accounting for the EMS

Department. During the meeting, Plaintiff spoke publicly to members of the City Commission and the general public in attendance against the City's purchase of this software. Consequently, the issue was tabled by the commission, and no decision to purchase was made at that time.

10. Following Plaintiff's public speech, the City Manager Carlos Rubinstein and Assistant City Manager Ivan Welker proceeded to engage in various actions directed toward Plaintiff in retaliation for his speech concerning his objections to the purchase of the software at issue. For example, in the days following, a meeting was scheduled to review the proposed acquisition of the Sweetsoft software. Although this meeting was originally scheduled to take place with Plaintiff present, the meeting was curiously rescheduled to a day in which Plaintiff had requested and been granted vacation leave. Thereafter, the City Manager directed Plaintiff to prepare proposals concerning the computer programming needs of the City's EMS Department. Plaintiff prepared a proposal to which the City Manager objected. Plaintiff was directed to prepare a second proposal which he did and to which the City Manager also objected. The City Manager's objections were unfounded and were otherwise made solely to harass Plaintiff and to fabricate allegations of insubordination and misconduct by Plaintiff. More significantly, the City Manager and Assistant City Manager began a series of accusations against the Plaintiff, both orally and in writing, accusing Plaintiff of insubordination and misconduct. In addition, and without any basis, they accused Plaintiff, both orally and in writing, of destroying "friendly relations" between the City and City employees, refusing to cooperate with fellow workers, of conduct unfavorable toward the City and of abusing the City's sick leave policy.

11. The foregoing actions by said Defendants began immediately after Plaintiff's speech and by November 24, 1998, only a month later, the Assistant City Manager recommended that Plaintiff be terminated. Each and every of the allegations of insubordination and misconduct made by the City Manager and Assistant City Manger were unfounded, made for purposes of harassment and in order to fabricate a basis for terminating Plaintiff in retaliation for his public speech. Further, although the accusations were unfounded, the City Manager and Assistant City Manager, in their official capacity, proceeded to take unwarranted disciplinary action against Plaintiff.

12. In that regard, while Plaintiff was ill, had taken sick leave and was unable to respond to the City Manager's allegations or return to work, the City Manager scheduled a so-called "pre-disciplinary hearing." Such hearing was scheduled at a time that Plaintiff had called in sick pursuant to the City's sick leave policy and was unable to attend. Nevertheless, the City Manager proceeded with such hearing in the Plaintiff's absence. Thereafter, on or about December 14, 1998, the City Manager notified Plaintiff of his decision to terminate Plaintiff. Plaintiff has suffered injury and damages as a result. At all times relevant, Defendants Rubinstein and Welker were acting in their official capacities as City Manager and Assistant City Manager, respectively, and their conduct and actions constituted official policy.

13. However, Defendants' retaliation did not end with his termination. After termination, Plaintiff was entitled to final wages in the amount of approximately $17,000. Although, Plaintiff requested his final wages from the City, the City refused such but nevertheless included this amount as part of Plaintiff's gross wages for the 1998 tax year. Such actions were clearly motivated by a malicious intent on the part of Defendants and other city

personnel.

## VI.

## 42 U.S.C. § 1983-VIOLATION OF CONSTITUTIONAL RIGHTS

14. Plaintiff brings this action against the City of Brownsville and the Former Brownsville City Manager and Former Assistant City Manager in their official capacities pursuant to 42 U.S.C. § 1983 for violations of the Plaintiff's First and Fourteenth Amendment rights, in terminating Plaintiff in retaliation for his speech concerning the City's purchase of the proposed Sweetsoft software.

15. In that connection, at all times relevant, Plaintiff's speech involved a matter of public concern such that it is of interest to the community of Brownsville. In addition, the speech by Plaintiff was a substantial and motivating factor for the retaliatory conduct engaged by the City, City Manager and Assistant City Manager which conduct would not otherwise have been engaged in.

16. In addition, the City is liable as a result of the conduct and decisions by its official and authorized policymakers, the City Manager and Assistant City Manager. At all times relevant, both individuals had the significant and final authority in personnel matters including the decision to terminate Plaintiff. Further, the edicts and acts by the City Manager and Assistant City Manager represent the policy and/or custom of the City. This is highlighted by the fact that although the Plaintiff advised the Mayor of the City and the City Commissioners of the conduct engaged in by the City Manager and Assistant City Manager, neither the City nor its Commissioners took any corrective action. The City is liable to Plaintiff for the actions of its City Manager and Assistant City Manager whose acts and

edicts, including the termination of Plaintiff for his public speech, represent the official policy or custom of the City, which is in violation of 42 U.S.C. § 1983.

## VII.

## DAMAGES

17. As a consequence of the willful and knowing conduct engaged in by Defendants in violation of Plaintiff's First and Fourteenth Amendment rights, Plaintiff has been caused to suffer injury and damages including loss of wages in the past, loss of wages in the future, loss of employment benefits, emotional distress and humiliation.

## VIII.

## ATTORNEY'S FEES

18. Pursuant to 42 U.S.C. § 1988, Plaintiff seeks reasonable attorney's fees.

## IX.

## REPLY TO COUNTERCLAIM

19. Plaintiff denies the allegations contained in paragraph sixteen (16) of Defendants' Answer to Plaintiff's First Amended Complaint.

## X.

## JURY REQUEST

20. Plaintiff hereby requests a trial by jury.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer and that upon final trial of this cause, Plaintiff have Judgment against Defendants for his damages as related herein, prejudgment and postjudgment interest, attorney's fees and such

other and further relief to which Plaintiff may show himself justly entitled to receive, and that Defendants' counterclaim for relief be denied.

                              Respectfully submitted,

                              **LAW OFFICES OF FRANK COSTILLA, P.L.L.P.**
                              5 East Elizabeth Street
                              Brownsville, Texas 78520
                              Telephone: (956) 541-4982
                              Facsimile: (956) 544-3152

                              _____
                              Frank Costilla
                              Attorney-in-Charge for Plaintiff
                              State Bar No. 04856500
                              Federal I.D. No. 1509

## CERTIFICATE OF SERVICE

On this the 15th day of January, 2002, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Ryan Henry                                         *Via CM/RRR # 7001 0320 0004 7246 9861*
**Willette & Guerra, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

                              _____
                              Frank Costilla

# WILLETTE & GUERRA, L.L.P.
## ATTORNEYS AT LAW

| | | |
|---|---|---|
| CHARLES WILLETTE, JR.<br>R. D. "BOBBY" GUERRA*<br>HUGH P. TOUCHY<br>EILEEN M. LEEDS<br><br>ELIZABETH SANDOVAL CANTU*<br>ROBERT L. DRINKARD*<br>EDUARDO G. GARZA<br>AMY LAWLER GONZALES<br>RYAN HENRY<br>SETH MOORE<br>LAWRENCE J. RABB* | INTERNATIONAL PLAZA, SUITE 460<br>3505 BOCA CHICA BOULEVARD<br>BROWNSVILLE, TEXAS 78521<br>TELEPHONE: (956) 541-1846<br>FACSIMILE: (956) 541-1893 | *MCALLEN OFFICE:<br>801 NOLANA, SUITE 320-A<br>MCALLEN, TEXAS 78504<br>TELEPHONE. (956) 686-2266<br>FACSIMILE (956) 686-5913 |

January 8, 2002

**(Via Facsimile: 544-3152)**
Mr. Alejandro Garcia
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

Re: Juan Pequeno vs. City of Brownsville, et. al.
U.S. District Court Southern District-Brownsville Division
Civil Action No. B-00-180
Our File No. 01-137          MS/RH

Dear Mr. Garcia:

This letter will memorialize our agreement reached on the above mentioned date. Pursuant to your request under Federal Rule of Civil Procedure 15, Defendants agree to consent to the filing of Plaintiff's Second Amended Complaint. In return, you will make your client, Juan Pequeno, available for a second deposition between now and February 3, 2002. If this letter conforms to your understanding of our agreement, please sign in the space below and return this letter to our office.

If you should have any questions, please do not hesitate to call.

Very truly yours,

WILLETTE & GUERRA, L.L.P.

BY: _____
    RYAN HENRY

RH/SM:cdg

AGREED TO:
_____     DATE: 1-10-02
ALEJANDRO GARCIA



EXHIBIT A