40

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (Jury Requested) |
| IVAN WELKER (Assistant City Manager), | § | |
| and CARLOS RUBINSTEIN (Previous City | § | |
| Manager) | § | |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff JUAN PEQUENO files this his Supplemental Response to Defendants' Motion to

Dismiss and Motion for Summary Judgment and in support of said response would show the Court

as follows, to-wit:

### INTRODUCTION

Plaintiff herein files this Supplemental Response to supplement and address two of the issues

which were covered in Plaintiff's previously filed Response to Defendants' Motion for Summary

Judgment, which is incorporated by reference herein along with all exhibits thereto.

**A.      No Basis Exists for the Dismissal of Defendants**

There is no basis in law for the dismissal of Defendants Ivan Welker and Carlos Rubinstein

and Defendants' reference to *Kentucky v. Graham*, 473 U.S. 159 (1985) and other authorities for the

dismissal they seek is entirely misplaced.  The holding in *Graham* does not indicate in any way that

a government official is entitled to be dismissed from a lawsuit simply because he or she had been

sued in an official capacity.  Rather, the case stands for the proposition that a suit against a government official in his/her *personal capacity* can not lead to the imposition of liability on the governmental entity.  *Id.* at 168-69.

Although, it is conceded that *Graham* states that a suit against individuals in their official capacities is the equivalent of a suit against the entity they represent, this does not equate to the proposition that municipal officers such as Welker and Rubinstein who are sued in their official capacity are entitled to dismissal under the facts and circumstances of this case.  To the contrary, Defendants Welker and Rubinstein are proper defendants in that their conduct and actions which provide the basis for this lawsuit represented official city policy which also provides the basis for imposition of liability on the City.  *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (judgment against public servant in his official capacity imposes liability on the entity that he represents). Defendants have clearly misinterpreted the cases on which they rely and to assert such an argument would mean that a municipal officer sued in his/her official capacity would always be entitled to be a dismissal.  This is not the law and Defendants are not entitled to the dismissal they seek.

**B.**     **City Policy Exists Through The Acts of Its Municipal Officials**

A city policy, custom or practice can be created through a single act of a final policymaker designated as such under state law.  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122-23 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469, 478-79 (1986).  While only final policymaking authority can create municipal liability, that authority can be shared among several individuals or bodies.  *See Flores v. Cameron County, Texas*, 92 F.3d 258, 264 (5th Cir. 1996).

In the present case, Defendants Rubinstein and Welker were city officials whose acts and edicts represented official policy and whose decisions gave rise to municipal liability under section

Plaintiff's Supplemental Response to
Defendants' Motion for Summary Judgment                                          Page 2

1983. The summary judgment evidence presented by Plaintiff indicates that these individuals had final authority with respect to the termination of Plaintiff which therefore constitutes official policy by the city and creates municipal liability.

Additionally, Plaintiff requests that the Court take notice of its own Order in the case of *Ferrell v. City of Brownsville, Texas, et al.*, Civil Action No. B-99-62, filed August 16, 2001, wherein the Court denies the City of Brownsville's and Carlos Rubinstein's Motions for Summary Judgment and disposes of the same policy argument as that which is being offered in the present case.

## CONCLUSION

Accordingly, Defendants are not entitled to summary judgment and Defendants Rubinstein and Welker are not entitled to be dismissed in their official capacities for the reasons set forth herein and in Plaintiff's initial response to Defendants' motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants' Motion to Dismiss and Motion for Summary Judgment be denied in all respects.

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, P.L.L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 541-4982
Facsimile: (956) 544-3152

Frank Costilla
State Bar No. 04856500
Federal I.D. No. 1509

Plaintiff's Supplemental Response to
Defendants' Motion for Summary Judgment

## CERTIFICATE OF SERVICE

On this the 16th day of January, 2001, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Ryan Henry                                    Via **CM/RRR # 7001 0320 0004 7246 9830**
**Willette & Guerra, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

**Frank Costilla**