UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (Jury Requested) |
| IVAN WELKER, AND CARLOS | § | |
| RUBINSTEIN in their official capacities | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

COMES NOW Defendants THE CITY OF BROWNSVILLE, IVAN WELKER, and CARLOS RUBINSTEIN and file this, their Original Answer to Plaintiff's Second Amended Complaint and in support thereof would show as follows;

1) Defendants admit the allegations contained in paragraphs 1 through 4 of Plaintiff's Second Amended Complaint.

2) Defendants admit venue is proper in Cameron County and that a substantial portions of the events giving rise to Plaintiff's civil action took place in Cameron County as alleged in paragraph 5 of Plaintiff's Second Amended Complaint.

3) Defendants admit the allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint .

4) Defendants admit that Plaintiff was employed by the City of Brownsville. Defendants admit that on October 20, 1998, Plaintiff was the MIS Director for the City of Brownsville. Defendants otherwise deny all allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

5) Defendants admit the City of Brownsville was considering the purchase of a "Sweetsoft" computer program and that Plaintiff spoke on this subject at a City Commission meeting. Defendants admit that the "Sweetsoft" issue was tabled by the Commission at this meeting. Defendants otherwise deny all allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

6) Defendants admit that Carlos Rubinstein directed Plaintiff to prepare proposals concerning the needs of the City's EMS department. Defendants admit that the City Manager felt Plaintiff's proposals were inadequate and non-responsive to the City Manager's request. Defendants otherwise deny all allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

7) Defendants admit that Ivan Welker took disciplinary action against the Plaintiff by terminating him from his employment with the City. Defendants otherwise deny all allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

8) Defendants admit that Ivan Welker scheduled a hearing for Plaintiff. Defendants admit that Plaintiff failed to attend this hearing. Defendants admit that Ivan Welker terminated Plaintiff. Defendants admit that on or about December 14, 1998

Carlos Rubinstein notified Plaintiff of his decision to affirm the termination decision previously made by Ivan Welker. Defendants admit that Carlos Rubinstein and Ivan Welker were at all times acting in their official capacities. Defendants otherwise deny all allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint.

9) Defendants admit that Plaintiff orally requested his final wages be mailed to him. Defendants admit that the City reported the amount due to Plaintiff as part of Plaintiff's gross wages for the 1998 tax year. Defendants otherwise deny all allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

10) Defendants admit that Plaintiff brings causes of action against the City of Brownsville, Ivan Welker, and Carlos Rubinstein in their official capacities, pursuant to 42 U.S.C. §1983. Defendants otherwise deny all allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

11) Defendants deny the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint.

12) Defendants deny the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint.

13) Defendants deny the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

14) Defendants deny that Plaintiff is entitled to attorney's fees as alleged in paragraph 18 of Plaintiff's Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

15) Defendant Brownsville is a Texas Municipality and has governmental immunity from suit.

16) Defendants THE CITY OF BROWNSVILLE, IVAN WELKER, and CARLOS RUBINSTEIN have qualified immunity and state official immunity because at all times, they were acting in good faith, in pursuit of their discretionary duties as officers of the city of Brownsville and were performing their duties in a reasonable manner.

17) Defendants raise the defense of statute of limitations.

18) Plaintiff failed to exhaust the administrative remedies available to him.

19) Plaintiff has failed to mitigate his damages.

20) To the extent Plaintiff's Second Amended Complaint raises any libel or slander claims, Defendants would show that they are entitled to the defense of qualified privilege.

21) To the extent Plaintiff's Second Amended Complaint raises any state law claims, Defendants would show that those claims are barred by the Texas Tort Claims Act.

## COUNTERCLAIM

22)     Defendants would state that plaintiffs claim is frivolous and Defendants seek attorney fees and costs of suit as the prevailing party as to plaintiffs claims under 42 U.S.C. §1988.

>                Respectfully submitted,
>
>                WILLETTE & GUERRA, L.L.P.
>                International Plaza, Suite 460
>                3505 Boca Chica Boulevard
>                Brownsville, Texas 78521
>                Telephone:   (956) 541-1846
>                Facsimile:   (956) 541-1893
>
>                BY: _____
>                RYAN HENRY
>                State Bar No. 24007347
>                Fed ID. No. 22968
>
>                **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the above and foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT has been served on all counsel of record, via certified mail return receipt requested as follows:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

on this the _22nd_ day of January, 2002.

_____
RYAN HENRY

Page -6-