

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FEB 0 1 2002

Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| | § | (Jury Requested) |
| CITY OF BROWNSVILLE, | § | |
| IVAN WELKER, in his official capacity | § | |
| and CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### LADIES AND GENTLEMEN OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Statements and arguments of attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the

case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important act, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembered it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant part of his income.

Any notes that you may have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of the other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

3

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

When you retire to the jury room to deliberate on your verdict, you may take the exhibits which the court has admitted into evidence.  Select your foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any questions.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

Remember that in a very real way you are the judges - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

After you have reached a verdict, you are not required to talk to anyone about the case unless the Court orders otherwise.

4

## PROPOSED INSTRUCTIONS

### <u>WITNESSES</u>

A witness may be discredited or "impeached" by contradictory evidence or by evidence that the witness has at other times made statements that are inconsistent with the witness's present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to conclusively establish the truth of the earlier statements. If you believe any witness has been impeached and thus discredited, you are free to give the testimony of that witness such credibility, if any, as you may think it deserves.

# EVIDENCE

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness's testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

## <u>PREPONDERANCE OF THE EVIDENCE</u>

A "preponderance of the evidence" means the greater weight and degree of the credible evidence admitted in this trial.  It does not necessarily mean the greater volume of evidence or the greater number of witnesses.  To establish or prove something by a preponderance of the evidence means to prove that something is more likely true than not.  In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not.

## POLICY, CUSTOM OR PRACTICE

In order to hold the Defendant City of Brownsville, Defendants Carlos Rubinstein, and Ivan Welker in their official capacities liable under § 1983, the Plaintiff must prove by a preponderance of the evidence the violation of any of his federally protected rights were pursuant to the enforcement of a policy, custom, or practice of the Defendants.

The fact that an employee or employees of the City deprived the Plaintiff of his federally protected rights is not itself sufficient basis for imposing § 1983 liability against the Defendants. The Defendants must have acted through an official policy, custom, or practice that affirmatively caused the Plaintiffs damages.

The policy, custom, or practice is an official form or policy, or is a well settled persistent wide spread course of conduct by City officials having the force of law. Whether there was such a policy, custom, or practice is a question of fact for you, the jury to determine. In making this determination you may consider how long the alleged practice existed, the number and percentage of officials engaged in the practice, and the similarity of the conduct engaged in by the employees. A policy, custom, or practice has a force of law when it has been approved, expressly or implicitly, by the City's final policy makers or when the final policy makers, after being placed on notice of a practice or custom of unlawful conduct, are deliberately indifferent to it. Deliberate indifference is defined by what the Supreme Court calls an "objective obviousness" test. Let me explain. A Plaintiff might establish deliberate indifference by showing a pattern of certain specific violations of federally protected rights that puts the policy makers on notice that its practices or customs were causing violations. The Plaintiff would then have to prove that the policy makers consciously did not take reasonable steps to prevent future occurrences.

## THE PLAINTIFF'S CLAIMS

The Plaintiff claims that the Defendants, while acting "under color of state law," intentionally deprived the Plaintiff of rights under the Constitution of the United States.

The constitutional rights that the Plaintiff claims the Defendants violated are these:

1. The right to free speech

The First Amendment to the United States Constitution gives every citizen the right to freedom of speech. However, in determining whether the Defendants intentionally violated the Plaintiff's First Amendment rights, you must remember that the Plaintiff as a public employee has a right to practice freedom of speech only to the extent that it does not unduly interfere with the duties and responsibilities of the Plaintiff's employment. You must also balance the Plaintiff's First Amendment interests against the Defendants' interests in promoting the efficiency of the public service it performs through its employees.[1]

---

[1] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS CIVIL 134 (Committee on Pattern Jury Instruction District Judges Association Fifth Circuit ed., 1999).

## **PRIMA FACIE CASE FOR FIRST AMENDMENT VIOLATIONS BY DEFENDANT CITY OF BROWNSVILLE, AND DEFENDANTS CARLOS RUBINSTEIN AND IVAN WELKER IN THEIR OFFICIAL CAPACITIES.**

A person may sue for an award of money damages against anyone who, "under color" of any State law, intentionally violates his rights under the Constitution of the United States.

The Plaintiff must prove each of the following by a preponderance of the evidence:

1.      That the Plaintiff's speech activities were constitutionally protected under the First Amendment;

2.      That the Defendants intentionally committed acts that violated Plaintiff's First Amendment right that I have described to you;

3.      That  the Defendants acted "under color" of the authority of the State of Texas;

4.      That the Plaintiff's exercise of his protected First Amendment right was a substantial or motivating factor in the Defendants' acts.

5.      The violation of the Plaintiff's right was pursuant to a policy, custom or practice of the Defendants; and

6.      That the Defendants' policy, custom or practice was the legal cause of the Plaintiff's damages.

7.      The Defendants' policy, custom, or practice was created with deliberate indifference.

First, the Judge will determine whether the Plaintiff's speech activities were constitutionally protected under the First Amendment.  The question whether the Plaintiff's speech is protected by the First Amendment is a question of law, and is not a question for you to consider.

10

I have decided that the First Amendment protects the following speech in which the Plaintiff engaged:

Second, you must determine if the Plaintiff has proven by a preponderance of the evidence that the Defendants intentionally committed acts that violated his First Amendment rights. Remember, in determining whether the Defendants intentionally violated the Plaintiff's First Amendment rights, you must remember that the Plaintiff as a public employee has a right to practice freedom of speech only to the extent that it does not unduly interfere with the duties and responsibilities of the Plaintiff's employment.  You must also balance the Plaintiff's First Amendment interests against the Defendants' interests in promoting the efficiency of the public service it performs through its employees.

Third, the Plaintiff must establish the Defendants acted "under color of law."  The parties have stipulated that any acts of the Defendants were performed "under color of law" of the State of Texas.

Fourth, the Plaintiff must prove that his protected speech was a substantial or motivating factor in the Defendants' decision to take action against him.  The Plaintiff's protected speech was a substantial or motivating factor in the Defendants' decision to take action against him if it played a substantial part in the actual decision to take action against him.  The Defendants may have taken action for no reason whatsoever.  If so, then the Plaintiff's speech was not a substantial or motivating factor in the Defendants' decision.  The Defendants may have taken action for one sole reason.  If that one sole reason was not the Plaintiff's speech, then the Plaintiff's speech was not a substantial

11

or motivating factor in the Defendants' decision. The Defendants may have taken action for several reasons. If so, then you must determine whether one of those reasons was that the Plaintiff spoke. If it was one of those reasons, then you must determine whether it played a substantial part in the actual decision to take action against Plaintiff. If it did not, then the Plaintiff's speech was not a substantial or motivating factor in the Defendants' decision.[2]

Fifth, the Plaintiff must prove by a preponderance of the evidence the violation of his First Amendment rights were pursuant to the enforcement of a policy, custom, or practice of the Defendants. The Plaintiff must also prove by a preponderance of the evidence that the policy, custom, or practice of the Defendants was a cause-in-fact of the damage Plaintiff suffered. The policy, custom, or practice of the Defendants is a cause-in-fact of an injury or damages if it appears from the evidence that the policy, custom, or practice played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence that the policy, custom, or practice of the Defendants was a proximate cause of the damage Plaintiff suffered. The policy, custom, or practice is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

Therefore in order to find in favor of the Plaintiff and against Defendant City of Brownsville, and Defendants Carlos Rubinstein, and Ivan Welker in their official capacities, you must find, by a preponderance of the evidence: (1) the Defendants intentionally committed acts that violated the

---

[2] *Mt. Healthy City Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed. 2d 471 (1977).

Plaintiff's right to free speech; (2) the Plaintiff's exercise of his protected First Amendment right was a substantial or motivating factor in the Defendants' acts; (3) the violation of the Plaintiff's right was pursuant to a policy, custom, or practice of the Defendants; (4) the policy custom or practice of the Defendants was the legal cause of the Plaintiff's damages. If you find that the Plaintiff has failed to establish any of these elements, your verdict must be for the Defendants.

13

## DEFENDANTS' AFFIRMATIVE DEFENSE

If you find that the Plaintiff's protected speech was a substantial motivating factor in the Defendants' decision to take action against the Plaintiff, you must consider whether the Defendants have presented an adequate defense to Plaintiff's case.

If the Defendants show, by a preponderance of the evidence, that they would have reached the same decision to take action against the Plaintiff, even in the absence of the Plaintiff's protected speech, they have mounted an adequate defense. In other words, if the Defendants show, by a preponderance of the evidence, that they would have reached the same decision to take action against the Plaintiff without considering the Plaintiff's protected speech, you must find in favor of the Defendants.[3]

---

[3] *Mt. Healthy City Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed. 2d 471 (1977). *Accord Givhan v. Western Line Consolidated Sch. Dist.*, 439 U.S. 410, 99 S.Ct. 693, 50 L.Ed. 2d 619 (1979).

14

# DAMAGES

## Cautionary Instructions on Damages

If you find that the Plaintiff has proven, by a preponderance of the evidence, all of the elements of his §1983 claims, you must then decide if he suffered any injuries as a result of the violation of his federally protected rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. Also just because I give you instructions on damages does not mean I have an opinion on liability, one way or the other. It is for you alone to decide whether Defendants whom you are considering is liable to the Plaintiff.

You should not reach the issue of damages unless you find that the Plaintiff has established liability on his § 1983 claims. Although I instruct you on the issue of damages, this should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

## Compensatory Damages

If you find that the Defendants are liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. The purpose of compensatory damages is to compensate the Plaintiff for the damage that the Plaintiff has suffered, if any, from the injuries he sustained as a result of the Defendants' acts or omissions. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

15

**Emotional Distress**.

In assessing compensatory damages, you may include an amount for emotional distress, caused by the constitutional violation, that you determine to be reasonable compensation in light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense of you, the jurors.

You should arrive at a monetary amount, in light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors should arrive at a sum of money that will be justly, fairly and adequately compensate the Plaintiff for the actual pain suffering and emotional distress you find that she endured as a direct result of any constitutional deprivation she may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.[4]

**Lost Earnings in the Past and in the Future**

In assessing compensatory damages, you may include an amount for lost past and future earnings that you determine to be reasonable compensation in light of all the evidence in this case.

---

[4] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS CIVIL 134 (Committee on Pattern Jury Instructions District Judges Association Fifth Circuit ed., 1999).

16

An award of future damages requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date. Accordingly, if you should award future earnings, then you must determine the present worth in dollars of such future earnings. If you award future earnings, you must consider two factors: (1) you should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings; and (2) you must reduce the amount to present value by considering the interest that the Plaintiff could earn on the amount of the award if he made a relatively risk free investment.[5]

## Rule against Double Recovery

You should not award damages more than once for the same injury. For example, if the Plaintiff were to prevail on two claims and establish damages for the same injury under both claims you could not award him damages on both of those claims. The Plaintiff is entitled to be made whole, but entitled to recover more than he has lost. Of course, if different injuries are attributed to separate claims, then you must compensate him fully for all of his injuries.

## Nominal Damages

If you return a verdict in the Plaintiff's favor on his § 1983 claim, but find that he failed to meet his burden of proving that he suffered any actual injuries, then you must award the Plaintiff "nominal damages" not to exceed one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

---

[5] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS CIVIL 188 (Committee on Pattern Jury Instructions District Judges Association Fifth Circuit ed., 1999).

## **Mitigation of Damages**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate - to avoid or minimize those damages.

If you find the Defendants are liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort.  If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages.  An injured Plaintiff can not sit idly by when presented with an opportunity to reduce his damages.  The Defendants have the burden of proving the damages which the Plaintiff could have mitigated.[6]

---

[6] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS CIVIL 202 (Committee on Pattern Jury Instructions District Judges Association Fifth Circuit ed., 1999).

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:     (956) 541-1846
Facsimile:     (956) 541-1893


BY: _____
        RYAN HENRY
        State Bar No. 24007347
        Fed ID. No. 22968

### ATTORNEYS FOR DEFENDANTS




### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANTS'
PROPOSED JURY INSTRUCTIONS has been served on all counsel of record, via certified mail
return receipt requested as follows:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

on this the ____1st.____ day of February, 2002.


_____
RYAN HENRY

## DEFENDANTS' PROPOSED JURY QUESTIONS

**Question No 1.**  Did the City of Brownsville,  Ivan Welker, and Carlos Rubinstein in their official capacity have a policy, custom, or practice that caused the violation of the Plaintiff's right to free speech?

Yes ＿＿＿＿        No ＿＿＿＿＿

If you answered "yes" to question 1,  answer question 2, otherwise stop.


**Question No 2.**   Was that policy, custom, or practice created with deliberate indifference toward the Plaintiff's constitutional rights?

Yes ＿＿＿＿＿        No ＿＿＿＿＿

If you answered "yes" to question 2,  answer question 3, otherwise stop.


**Question No 3.**   Did the City of Brownsville, Ivan Welker, and Carlos Rubinstein in their official capacities act pursuant to that policy, custom, or practice to intentionally violate Plaintiff's First Amendment right to free speech?

Yes ＿＿＿＿        No ＿＿＿＿＿

If you answered "yes" to question 3,  answer question 4, otherwise stop.


**Question No. 4.**  Was the Plaintiff's exercise of his protected First Amendment right a substantial or motivating factor in the Defendants' acts?

Yes ＿＿＿＿＿        No ＿＿＿＿＿

If you answered "yes" to question 4,  answer question 5, otherwise stop.

20

**Question No 5.**  Was the policy, custom, or practice that caused the violation of the Plaintiff's right

the legal cause of the Plaintiff's damages?

Yes _____       No _____

If you answered "yes" to question 5, answer question 6, otherwise stop.


**Question No. 6.**  Would the City of Brownsville, Ivan Welker, and Carlos Rubinstein in their official

capacities reached the same decision to take action against the Plaintiff, even in the absence of the

Plaintiff's protected speech?

Yes _____       No _____

If you answered "yes" to question 6,  answer question 7, otherwise stop.


**Question No. 7.**  What sum of money, if any, will reasonably and fairly compensate the Plaintiff for

the violation of his constitutional right to free speech by the City of Brownsville, Ivan Welker, and

Carlos Rubinstein in their official capacities?

$_____


   **SO SAY WE ALL**



Foreperson:_____          Date:_____

21