*5/*



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FED 0 1 2002

Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-180 |
| | § | (Jury Requested) |
| CITY OF BROWNSVILLE, IVAN WELKER, | § | |
| in his official capacity, and CARLOS | § | |
| RUBINSTEIN, in his official capacity | § | |

---

## JOINT PRETRIAL ORDER

---

The parties to the above cause through their respective counsel of record enter into the

following Joint Pretrial Order.

## I.

## APPEARANCE OF COUNSEL

**Defendants:**

Mr. Hugh P. Touchy
State Bar No. 20150800
Federal I.D. No. 12401

Mr. Ryan Henry
State Bar No. 24007347
Federal I. D. No. 22968

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas  78521
Telephone      : (956) 541-1846
Facsimile      : (956) 541-1893

**Plaintiff:**

Mr. Frank Costilla
State Bar No. 04856500
Federal I.D. No. 1509

Mr. Alejandro Garcia
State Bar No. 24004663
Federal I. D. No.   Appearing Pro Hac Vice

LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 East Elizabeth Street
Brownsville, Texas   78520
Telephone      : (956) 541-4982
Facsimile      : (956) 544-3152

# II.

## STATEMENT OF THE CASE

On or about December 14, 1998, Plaintiff Juan Pequeno was terminated from his employment as the Management Information Systems (MIS) Director with the City of Brownsville. The MIS Department was responsible for overseeing almost all of the data processing functions of the City of Brownsville, including hardware, software, and computer programming. Plaintiff's discharge came about after a fourteen year career with the City (1984-1998).

In September of 1998, the City had an independent audit performed on all City departments, including the Emergency Medical Services department. One of the findings proposed the purchase and use of an industry specific software program to displace the present in-house system which was being administered by the City's MIS Department. The City began looking into alternatives.

On October 20, 1998, at a City Commission meeting, Plaintiff spoke regarding the City of Brownsville's proposed purchase of the "Sweetsoft Ambulance 2000" software to be used for the City's Emergency Medical Service (EMS) billing. The "Sweetsoft Ambulance 2000" software is a comprehensive accounting program. It is designed specifically for use by county and city Emergency Medical Service divisions to help them keep track of billing, accounts receivable, etc...

At this meeting, Plaintiff voiced concerns to the Commission about the details of "Sweetsoft Ambulance 2000." Plaintiff disagreed with the purchase of the software as well as the results of the audit. The City was previously using an in-house software program developed by Plaintiff's department for Emergency Medical Services billing. Plaintiff felt his in-house software was

Plaintiff said he could not attend due to illness, the Assistant City Manager wrote a letter to Plaintiff. This letter stated that it was the Assistant City Manager's "recommendation and decision" that Plaintiff be terminated from his position with the City. The letter stated that this termination would take effect at 5:00 p.m. on November 24, 1998. Prior to these events, Plaintiff had never been the subject of any documented disciplinary action by the City.

On December 3, 1998, Plaintiff appealed the Assistant City Manager's decision to the City Manager's office and an appeal hearing was set. Appeals hearings were scheduled on December 7, 9, and 11. Despite this, Plaintiff never appeared, stating that he was too ill, and failed to deliver any documentary evidence in connection with his appeal to the City Manager's office. On December 14, 1998, the City Manager prepared a written decision on Plaintiff's appeal which stated "the decision of the assistant city manager that you be separated from City service effective November 24, 1998 at 5:00 p.m. is affirmed in all respects."

### III.

### JURISDICTION

Jurisdiction and venue are proper in the United District Court of the Southern District of Texas, Brownsville Division. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331 (Federal Question) and, 28 U.S.C. § 1343(3) (Civil Rights). Plaintiff has alleged a claim under 42 U.S.C. 1983, for violation of his First and Fourteenth Amendment rights, implicating federal question jurisdiction arising from events allegedly occurring in Brownsville, Cameron County Texas.

## IV.

## MOTIONS

The following motions are pending at the time of the pretrial conference:

1.      Defendants' Motion to Dismiss and Motion for Summary Judgment.

2.      Plaintiff's Unopposed Motion for Extension to Time to Respond to Defendants'

Motion to Dismiss and Motion for Summary Judgment.

## V.

## CONTENTIONS OF THE PARTY

### A.      Contention of the Plaintiff

Plaintiff brings this action against the City of Brownsville and the former Brownsville City

Manager and former Assistant City Manager in their official capacities pursuant to 42 U.S.C. § 1983,

for violations of Plaintiff's First and Fourteenth Amendment rights.  Plaintiff was terminated in

retaliation for his speech concerning the City's proposed purchase of the "Sweetsoft Ambulance

2000" software.

**Limitations**.  Plaintiff's suit was timely filed on Monday, November 27, 2000, following the

Thanksgiving Holiday weekend, and this Court was closed on Friday, November 24, 2000.  Thus,

the suit was timely filed in accordance with Rule 6(a) of the Federal Rules of Civil Procedure which

provides in relevant part:

> The last day of the period so computed shall be included, unless it is a Saturday, a
> Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court,
> a day on which weather or other conditions have made the office of the clerk of the
> district court inaccessible, in which event the period runs until the end of the next day
> which is not one of the aforementioned days.

Moreover, Plaintiff's limitations did not run because he was not terminated until December 14, 1998.  This is the date that the Assistant City Manager's recommendation to terminate was affirmed by Defendant Rubinstein.

Alternatively, and even if the Assistant City Manager's recommendation to terminate Plaintiff on November 24, 1998 could be construed as a final decision on behalf of the City, Plaintiff did not receive notice of his termination on November 24, 1998.  In the context of a wrongful termination case, a cause of action will commence when the employee receives unequivocal notice of his termination or when a reasonable person would know of his termination. *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 134 (5th Cir. 1992); *see also Luna v. Frito-Lay, Inc.*, 726 S.W.2d 624, 628 (Tex. App.–Amarillo 1987, no writ) (accrual of an action for termination of employment under federal statutes occurs when the employee is informed that his employment will be terminated, not when it actually is terminated).  In this case, Plaintiff did not receive the Assistant City Manager's letter recommending termination until after November 27, 1998.

**Policy.**  In the present case, Defendants Rubinstein and Welker, former City Manager and Assistant City Manager, respectively, were city officials whose acts and edicts represented official policy and whose decisions gave rise to municipal liability under section 1983.  The city charter, personnel policies manual, and deposition testimony in the case  indicate that these individuals had final authority with respect to the termination of Plaintiff which therefore constitutes official policy by the city and creates municipal liability.

Page -7-

Additionally, Plaintiff points to a summary judgment order in the case of *Ferrell v. City of Brownsville, Texas, et al.*, Civil Action No. B-99-62, filed August 16, 2001, wherein this Court denied the City of Brownsville's and Carlos Rubinstein's Motions for Summary Judgment and disposed of the same policy argument as that which is being proffered in the present case.

**Plaintiff must suffer an adverse employment decision**. It is undisputed that Plaintiff was terminated which constitutes an adverse employment decision.

**Plaintiff's speech must involve a matter of public concern (must pass content, form and context analysis).** Whether or not Plaintiff's speech involves a matter of public concern is a matter of law and will be determined by the content, form and context of Plaintiff's speech. In this regard, the content of Plaintiff's speech involved the proposed purchase of a software program called "Sweetsoft Ambulance 2000." The initial cost for the software was going to be approximately $15,000 and would eliminate the need for the "in-house" software program being administered by Plaintiff's department, MIS. Because the new software would require additional modules and training, several more thousand dollars were going to be spent on it in the future. The present in-house program was working fine and was recording a record volume of revenue for the EMS Department. Plaintiff was trying to let the City Commission and the public know that this was an unnecessary expense for the City and they were not being provided with the full picture of what would be entailed.

The form and context of the speech involves the manner, place, and time of its occurrence. Plaintiff's speech was made before the members of the Brownsville City Commission and the

general public who attended the City meeting. Choosing this public forum to discuss the reasons the City should not purchase the software is indicative that Plaintiff's interest in discussing the subject was to make the public and the City Commission aware of the problems surrounding the software and why it was an unnecessary expenditure. Plaintiff spoke as a citizen on a matter of public concern and not as a city employee with a private interest.

Plaintiff's comments were made and addressed to a public forum on matters which affected the fiscal strength of the City's EMS department, a department which is responsible for addressing emergency needs of the public. Obviously any fiscal shortages to this department could threaten the department's duties to function properly. The public had an interest in hearing the content of Plaintiff's speech. *See e.g., Moore v. City of Kilgore*, 877 F.2d 364, 370 (5th Cir. 1989) (firefighter's comments regarding staffing shortages constituted a matter of public concern).

**Plaintiff's interest in commenting on matters of public concern must outweigh the Defendants' interest in promoting efficiency.** Plaintiff's speech was not disruptive in the least. The speech did not interfere with Plaintiff's performance and operation of the MIS Department, nor did it affect the performance of the EMS Dept. After speaking on the matter, the City Commission decided to table the issue for a couple of weeks. Although this angered the EMS Director, Arturo Rodriguez, because he could not get the software he wanted as quickly as he wanted it, this did not effect governmental efficiency. The software was ultimately purchased after Plaintiff was terminated and the City's efficiency in operations was not affected.

**Plaintiff's speech must have motivated the Defendants' act.** Plaintiff had never been the subject of any disciplinary action by the City in his fourteen year tenure there. After his speech on

October 20, 1998, he was terminated less than two months later. On or around November 19, 1998, Plaintiff had been notified of a disciplinary hearing which was scheduled to take place on November 24. Plaintiff was unable to attend the hearing because he was sick that day and had called in to advise Assistant City Manager Welker of that fact. Because he did not show up, Defendants accused Plaintiff of abusing his sick leave. Although Defendants have tried to fabricate a pretext for his termination with issues such as this, the Assistant City Manager has conceded that Plaintiff's speech on October 20, 1998 was a motivating factor for his termination.

### B.       Contention of the Defendants

To begin, Plaintiff's claims are barred by the statute of limitations. The Plaintiff has a two year statute of limitations in this case. The evidence shows that Plaintiff was terminated on November 24, 1998 by the Assistant City Manager. Plaintiff received notification that his termination was effective on that date, and that was the last date for which he was paid. Plaintiff filed his Original Petition with this Court on November 27, 2000. Thus, he missed the deadline by three days, and his claim is barred.

Plaintiff admits a two year Statute of Limitation applies. Plaintiff argues that since the two year limitation period would end on a holiday in which the Federal clerk's office is closed, he did not miss the Statute of Limitation. This argument relies on the premise that Plaintiff's cause of action accrued on November 24, 1998. However, Defendants would show that the cause of action actually accrued earlier, and that November 24, 1998 was the latest it could have possibly accrued. Under federal law, the limitations period for a §1983 claim begins to run "the moment the plaintiff

Page -10-

becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. " *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (C.A.5 (Tex.) 2001). Even if this Court finds that Plaintiff was not terminated on November 24, 1998, the evidence shows that Plaintiff knew or should have known that he was going to be terminated prior to that date. As a matter of fact, Plaintiff stated in his deposition that he felt he was going to be terminated on November 19, 1998, when he was placed on administrative leave.

Next, Plaintiff cannot succeed on his First Amendment claim because he did not speak out on a matter of public concern and thus there was no constitutional violation. Based on the content, form, and context of the speech at issue, the competent summary judgement evidence establishes that Plaintiff did not speak on a matter of public concern. Rather, he spoke on a matter of private concern, specifically, his belief that the in-house software, developed by his department, Management Information Systems (MIS), was superior to the commercial version the City of Brownsville was contemplating purchasing. As a result, Plaintiff cannot succeed on his First Amendment claim.

Plaintiff's argument on this point concentrates solely on the words he spoke at the October 20, 1998 city commission meeting. He argues his speech does focus on a matter of public concern due to the fact that it touches on the expenditure of public funds. However, whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement as revealed by the whole court record. Further, Plaintiff is not entitled to insert a few references to the expenditure of public funds and claim that his speech was primarily that of a citizen rather than a disgruntled employee.

Page -11-

Third, Defendants cannot be held liable because the Defendants' interest in efficiency at the office outweighed Plaintiff's interest in speaking.  Government employers can fire their employees for speaking on a matter of public concern if their interest in efficiency at the office outweighs the employee's interest in speaking.  The evidence shows the speech at issue was likely to generate controversy and disruption, it impeded the department's general performance and operation, and it affected working relationships necessary to the department's proper functioning.

When an employee fails or refuses to perform their necessary job functions, simply because the City disagrees with their recommendations, it creates an unstable working atmosphere.  The City must be able to maintain discipline within its employment ranks.  To allow the Plaintiff to disregard the needs of other departments because of his concerns for his own, does not promote efficiency for the City.  As a result, the City's interest in terminating the Plaintiff outweighs his right to speak on this particular issue.

Finally, Defendants cannot be held liable under 42 U.S.C. §1983 because Plaintiff has not established that a policy, custom, or practice on the part of Defendants caused his alleged injury.  Plaintiff alleges that the City Manager for the City of Brownsville, is an authorized policymaker, and that his acts and edicts represent the official policy or custom of the City.  However, Plaintiff does not specify what that policy or custom is.  Further, he has shown no evidence to prove that such policy or practice exists, much less that it caused his alleged constitutional deprivation.

Even if this Court finds that Plaintiff has shown a constitutional violation, and even if this Court finds that Plaintiff has shown a policy, custom, or practice on the part of Defendants caused such violation, Defendants still cannot be held liable.  Plaintiff cannot establish any policy, custom,

or practice was enacted with deliberate indifference toward his constitutional rights. It is not enough that Plaintiff show a policy, custom, or practice on the part of the City of Brownsville caused his alleged constitutional violation. Plaintiff must also prove that the policy which produced or caused the constitutional violation resulted from the deliberate indifference of a final policymaker.

The Plaintiff is also suing Defendants Ivan Welker and Carlos Rubinstein in their official capacity. A §1983 damages suit against a local government official in his official capacity is a suit against the local governmental entity itself. Thus, to the extent that Plaintiff has brought a §1983 action against Defendants Welker and Rubinstein in their official capacity, he is really bringing suit against the City of Brownsville, Texas who has already been named as a separate Defendant in this action. Plaintiff thus cannot recover damages from Defendants Welker and Rubinstein in their official capacity, as claims for these damages properly lie solely with the City of Brownsville, Texas. Further, Defendants Welker and Rubinstein, in their official capacity assert all defenses previously asserted by Defendant City of Brownsville.

## VI.

## ADMISSIONS OF FACT

1.    Plaintiff is the former director of the Management Information Systems (MIS) Department of the City of Brownsville.

2.    Directors of City Departments are given the opportunity to view City Commission agendas before they are posted for the general public.

3.      In September of 1998, the City had an independent audit performed on all City departments. The auditors advised that the EMS billing software was inadequate and needed to be replaced.

4.       On October 20, 1998, at a City Commission meeting, Plaintiff spoke regarding the City of Brownsville's  proposed purchase of the "Sweetsoft Ambulance 2000" software.

5.      At the October 20, 1998  meeting, Plaintiff discussed the total amount of EMS bills collected in the previous years through use of the in-house software.

6.      At the October 20, 1998 meeting, Plaintiff also raised concerns about Sweetsoft being DOS based.

7.      Plaintiff disagreed with the City's proposed purchase of "Sweetsoft Ambulance 2000."

8.      The City was previously using an in-house software program developed by Plaintiff's department for Emergency Medical Services billing.

9.      Plaintiff felt this in-house software was adequate and did not need to be replaced.

10.     Shortly after the October 20, 1998 City Commission meeting, the City Manager asked Plaintiff to meet with the Emergency Medical Services (EMS) Director and to prepare a proposal that outlined the specific needs of EMS and detailed how the City's Management Information Services staff could meet those needs as well as or better than the "Sweetsoft 2000" package.

11.   Plaintiff submitted a proposal in response to the City Manager's request on October 29, 1998.

12.   After this first proposal, which the City Manager felt was insufficient, the City Manager sent Plaintiff a memo detailing exactly what was expected of him.

13.   Plaintiff submitted a second proposal in response to the City Manager's written memo.  The City Manager felt this proposal was also insufficient.

14.   Plaintiff was placed on administrative leave, with pay, on November 19, 1998

15.   On November 24, 1998, then Assistant City Manager Ivan Welker made a decision regarding Plaintiff's employment with the City, stating it was his recommendation and decision that Plaintiff be terminated.

16.   Assistant City Manager Ivan Welker had the authority to terminate Plaintiff.

17.   On December 3, 1998, Plaintiff appealed the Assistant City Manager's decision.

18.   An appeal hearing was set and rescheduled three times at Plaintiff's request.

19.   Plaintiff never appeared for the appeal hearings and failed to deliver any documentary evidence in connection with his appeal to the City Manager's office.  He did however, prior to the scheduled time for the hearings, notify the City Manager that he was unable to attend.

20.   On December 14, 1998, then City Manager Carlos Rubinstein made a decision to uphold Plaintiff's termination.

21.   Plaintiff did in fact receive his final paycheck in May 2001 and after filing a lawsuit.

Page -15-

## VII.

## CONTESTED ISSUES OF FACT

**A.**    **Plaintiff**

       1.    The in-house software would require hard-code changes in order to adapt to new programming.

       2.    Plaintiff felt he was going to be terminated on November 19, 1998, when he was placed on administrative leave.

       3.    Ivan Welker was not a final policymaker.

       4.    Carlos Rubinstein was not a final policymaker.

       5.    Plaintiff orally told the City to mail him his final paycheck.

       6.    Plaintiff never went to pick up his check after he was terminated.

       7.    At the October 29, 1998 meeting, Plaintiff raised concerns about the fact that using Sweetsoft would mean less responsibility for his department and more for EMS.

Plaintiff contests all other issues of fact presented by Defendant except those to which he has expressly admitted.

**B.**    **Defendant**

Defendant contests all other issues of fact presented by Plaintiff except those to which it has expressly admitted.

## VIII.

## AGREED PROPOSITIONS OF LAW

1.    There is no federal statute of limitations for actions under 42 U.S.C. §1983 and

therefore, federal courts look to the general statute of limitations governing personal

injuries in the forum state. *Flores v. Cameron County, Tex.*, 92 F.3d 258, 271 (5th

Cir. 1996).

2.    Texas has a two year statute of limitations for personal injury claims. TEX. CIV.

PRAC. & REM. CODE ANN. §16.003(a) (Vernon 1999).

3.    Texas law governs the limitations period, but federal law governs when a cause of

action accrues. *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir.

1998).

4.    Under federal law, a §1983 cause of action accrues when the plaintiff knows or has

reason to know of the injury which is the basis of the action. *Burns v. Harris County

Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998).

5.    There are four elements to an employee's First Amendment retaliation claim against

his employer: (1) the plaintiff must suffer an adverse employment decision, (2) the

speech must involve a matter of public concern, (3) the plaintiff's interest in speaking

must outweigh the defendant's interest in promoting efficiency, and (4) the plaintiff's

speech must have motivated the adverse employment decision. *See Teague v. City

of Flower Mound, Tex.*, 179 F.3d 377, 380 (5th Cir. 1999).  A city may not discipline

Page -17-

an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech. *Rankin v. McPherson*, 483 U.S. 378 (1987); *Perry v. Sinderman*, 408 U.S. 593, 597 (1972).  An employee does not abandon his or her First Amendment rights when the employee agrees to work for a public entity. *Moore v. City of Kilgore*, 877 F.2d 364, 370 (5th Cir. 1989).

6.    Whether or not Plaintiff spoke out on a matter of public concern is a legal question. *Kennedy v. Tangipahoa Parish Library Bd. Of Control*, 224 F.3d 359, 366 (5th Cir. 2000).

7.    In a mixed speech case, the courts are bound to use the *Connick* factors of content, context, and form to determine whether the speech is public or private. *Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 382 (5th Cir. 1999).

8.    Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement as revealed by the whole court record.  *Connick v. Myers*, 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

9.    An employee cannot transform a personal conflict into an issue of public concern simply by arguing that individual concerns might have been of interest to the public under different circumstances. *Dodds v. Childers*, 933 F.2d 271, 273 (5th Cir. 1991). The existence of an element of personal interest on the part of an employee in his or her speech does not dictate a finding that the employee's speech does not communicate on a matter of public concern. *Thompson v. City of Starkville*, 901 F.2d 456 (5th Cir. 1990).

Page -18-

10.      Government employers can fire their employees for speaking on a matter of public concern if their interest in efficiency at the office outweighs the employee's interest in speaking. *Kennedy v. Tangipahoa Parish Library Bd. Of Control*, 224 F.3d 359, 377 (C.A.5 (La.) 2000).

11.      In striking the balance between an employee's right to speak and a government employers interest in efficiency, a Court should examine whether the speech was likely to generate controversy and disruption, whether it impeded the department's general performance and operation, and affected working relationships necessary to the department's proper functioning. *Brawner v. Richardson*, 855 F.2d 187, 192 (5th Cir.1988).

12.      To establish municipal liability under 42 U.S.C. § 1983, a complainant must demonstrate an official policy or custom which causes a constitutional deprivation. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). A city policy, custom or practice can be created through a single act of a final policymaker designated as such under state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122-23 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469, 478-79 (1986). While only final policymaking authority can create municipal liability, that authority can be shared among several individuals or bodies. *Flores v. Cameron County, Texas*, 92 F.3d 258, 264 (5th Cir. 1996).

13.     Plaintiff must also prove that the policy which produced or caused the constitutional violation resulted from the deliberate indifference of a final policymaker. *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757-59 (5th Cir.1993).

14.     Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Board of the County Commissioners of Bryan County, Oklahoma, v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).

15.     A 42 U.S.C. § 1983 suit naming defendants only in their "official capacity" does not involve personal liability to the individual defendant. *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 (5th Cir. 2000).

16.     A suit against a governmental employee, in his official capacity, is the functional equivalent of a suit against the entity he represents. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Skelton v. Camp*, 234 F.3d 292, 296 (5th Cir. 2000).

## IX.

## <u>CONTESTED PROPOSITIONS OF LAW</u>

1.     An employer shall pay wages by delivering them to the employee at the employee's regular place of employment during regular employment hours or by delivering them to the employee by any reasonable means authorized by the employee in writing.

2.     Plaintiff is not entitled to insert a few references to the expenditure of public funds and claim that his speech was primarily that of a citizen rather than a disgruntled employee. *Bradshaw v. Pittsburg Ind. School Dist.*, 207 F.3d 814, 817 (5th Cir. 2000).

3.      The effectiveness of city department services, such as a Fire Department, is a public

concern.  *See e.g., Moore v. City of Kilgore*, 877 F.2d 364, 372 (5th Cir. 1989).

## X.

## **EXHIBITS**

Plaintiff's Exhibit List is attached hereto as Attachment "A".

Defendants' Exhibit List is attached hereto as Attachment "C".

## XI.

## **WITNESSES**

Plaintiff's Witness List is attached hereto as Attachment "B".

Defendants' Witness List is attached hereto as Attachment "D".

## XII.

## **SETTLEMENT**

All settlement efforts have been exhausted.  The case cannot be settled and will have to be

tried.

## XIII.

## **TRIAL**

A.      Probable length of trial is expected to last three (3) days.

B.      Plaintiff's counsel are currently scheduled for a trial on February 18, 2002.  The style

of the case is Pennington vs. Mobile Factory Outlet and Coordinated Services Plus,

Inc., Cause No. 109347 in the 400th Judicial District of Fort Bend County, Texas.

# XIV.

## **ATTACHMENTS**

Attachment A:        Plaintiffs's Exhibit List

Attachment B:        Plaintiff's Witness List

Attachment C:        Defendants' Exhibit List

Attachment D:        Defendants' Witness List

Date: _____        _____
                                      UNITED STATED DISTRICT JUDGE

APPROVED:

Date: _2/1/02_____        _____
                                      FRANK COSTILLA
                                      Attorney In Charge for Plaintiff

Date: _2-1-02_____        _____
                                      RYAN HENRY
                                      Attorney In Charge for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (Jury Requested) |
| IVAN WELKER, in his official capacity | § | |
| and CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

---

# EXHIBIT "A"

---

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Juan Pequeno | CASE NO. B-00-180 |
|---|---|
| *versus* | |
| City of Brownsville, Ivan Welker, in his official capacity and Carlos Rubinstein, in his official capacity | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Breck Record |
| List of Plaintiff | Proceeding Date: February 7, 2002 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Job Description for Brownsville City Manager | | |
| 2 | City of Brownsville Agreed Upon-Procedures dated September 17, 1998 | | |
| 3 | City of Brownsville Agenda Request Form dated October 20, 1998 | | |
| 4 | Purchasing Department Memorandum dated October 15, 1998 | | |
| 5 | Purchasing Department Memorandum dated October 23, 1998 | | |
| 6 | Memo to Carlos Rubinstein from Juan Pequeno dated October 29, 1998 on first proposal | | |
| 7 | City Manager's Office Memorandum dated November 4, 1998 | | |
| 8 | Memo to Carlos Rubinstein from Juan Pequeno dated November 9, 1998 on second proposal | | |
| 9 | Letter to Juan Pequeno from Ivan Welker dated November 19, 1998 regarding Pre-Disciplinary Hearing | | |
| 10 | Letter to Juan Pequeno from Ivan Welker dated November 24, 1998 | | |
| 11 | City of Brownsville City Charter and Amendments | | |
| 12 | City of Brownsville Personnel Policies Manual dated July 7, 1998 | | |
| 13 | Letter to Juan Pequeno from Carlos Rubinstein dated December 4, 1998 regarding Appeal Hearing | | |
| 14 | City Manager's Office Memorandum dated December 7, 1998 regarding appeal hearing | | |
| 15 | Letter to Juan Pequeno from Carlos Rubinstein dated December 9, 1998 | | |
| 16 | Letter to Juan Pequeno from Carlos Rubinstein dated December 14, 1998 | | |

| 17 | Personnel File of Juan Pequeno | | |
|----|---|---|---|
| 18 | City of Brownsville Performance Evaluation Form on Juan Pequeno | | |
| 19 | City of Brownsville Personnel Action Notice dated December 14, 1998 | | |
| 20 | Affidavit of Lanny Lambert dated September 19, 2001 | | |
| 21 | Job Description for Brownsville Assistant City Manager | | |
| 22 | Memo to Carlos Rubinstein from Juan Pequeno dated October 20, 1998 regarding Annual Leave | | |
| 23 | City of Brownsville Report of Absence dated October 20, 1998 | | |
| 24 | Letter to Juan Pequeno from Ivan Welker dated November 19, 1998 regarding Pre-Disciplinary Hearing | | |
| 25 | Job Description for Brownsville EMS Director | | |
| 25a | Memorandum to Carlos Rubinstein from Arturo Rodriguez dated September 25, 1998 regarding EMS Billing System | | |
| 26 | City of Brownsville Check #102177 dated December 17, 1998 for $13,922.51 | | |
| 27 | City of Brownsville Check #020887 dated May 7, 2001 for $13,922.51 | | |
| 28 | Letter to Juan Pequeno from Andres Vega, Jr. dated August 8, 1994 | | |
| 29 | Job Assignments for Brownsville MIS Director | | |
| 30 | Transcript of City of Brownsville City Commission Meeting of October 20, 1998 | | |
| 31 | Video of City of Brownsville City Commission Meeting of October 20, 1998 | | |
| 32 | Memo to Henry Gonzalez, et al. from Juan Pequeno dated November 16, 1998 regarding Mismanagement by the City Manager and Assistant City Manager | | |
| 33 | Memo to Henry Gonzalez, et al. from Juan Pequeno dated November 23, 1998 regarding Continuous harassment and scheming threats by City Manager and Assistant City Manager | | |
| 34 | Memo to Carlos Rubinstein from Juan Pequeno dated December 2, 1998 regarding Appeal of the decision by Assistant City Manager and City Manager to separate MIS Director from City | | |
| 35 | Memo to Carlos Rubinstein from Juan Pequeno dated December 5, 1998 regarding meeting on December 7, 1998 | | |
| 36 | Memo to Carlos Rubinstein from Juan Pequeno dated December 8, 1998 regarding meeting on December 9, 1998 | | |
| 37 | Memo to Carlos Rubinstein from Juan Pequeno dated December 11, 1998 regarding meeting on December 11, 1998 | | |
| 38 | Prescription from Keeble & Jones, P.A. for Juan Pequeno dated December 4, 1998 | | |
| 39 | Texas Municipal Retirement System Handbook (Revised 1996) | | |

| 39a | City of Brownsville, Your Group Life and Accidental Death and Dismemberment Benefits effective October 1, 2000 | | |
|-----|----------------------------------------------------------------------------------------------------------------|--|--|
| 40 | City of Brownsville Payroll Computer Printout on Juan Pequeno | | |
| 41 | Letter to Juan Pequeno from Efren Fernandez dated January 7, 1999 | | |
| 42 | Audio Cassettes of Texas Workforce Commission Teleconference | | |
| 43 | Letter to IRS from Juan Pequeno dated August 15, 1998 with attachments (2) | | |
| 44 | IRS Notice to Juan Pequeno dated August 16, 2000 proposing changes to 1998 Tax Return with attachments (4) | | |
| 45 | Letter to IRS from Juan Pequeno dated August 23, 2000 regarding Texas Commission on Human Rights claim with attachments (2) | | |
| 46 | IRS letter to Juan Pequeno dated October 12, 2000 with attachments (2) | | |
| 47 | IRS letter to Juan Pequeno dated November 3, 2000 | | |
| 48 | Letter to Ryan Henry from Juan Pequeno dated May 7, 2001 | | |
| 49 | Statement of Paul Calapa dated November 23, 1998 | | |
| 50 | Report of Kenneth G. McCoin, Ph.D., C.F.A. dated September 21, 2001 | | |
| 51 | Resume of Kenneth G. McCoin | | |
| 52 | Monthly Labor Review June 2001 | | |
| 53 | Economic Report of the President Transmitted to the Congress January 2001 | | |
| 54 | U.S. Department of Labor, Employer Costs for Employee Compensation - March 1999 | | |
| 55 | National Vital Statistics Reports, United States Abridged Life Tables, 1996, Volume 47 No. 13 | | |
| 56 | Worklife Estimates: Effects of Race and Education, U.S. Department of Labor February 1986 | | |
| 57 | Calculation Worklife Table for Past and Future Earnings on Juan Pequeno | | |
| 58 | Excerpts from the Oral and Videotape Deposition of Arturo Rodriguez taken on November 8, 2001 | | |
| 59 | Itemized attorneys' fees | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN PEQUENO                                 §
                                             §
VS.                                          §
                                             §        CIVIL ACTION NO. B-00-180
CITY OF BROWNSVILLE,                         §            (Jury Requested)
IVAN WELKER, in his official capacity        §
and CARLOS RUBINSTEIN, in his official       §
capacity                                     §

# EXHIBIT "B"

| UNITED STATES DISTRICT COURT ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|
| Juan Pequeno<br><br>*versus*<br><br>City of Brownsville, Ivan Welker, in his official capacity and Carlos Rubinstein, in his official capacity | CASE NO.  B-00-180 |
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager:  Estella Cavazos<br>Court Reporter: Breck Record |
| List of Plaintiff | Proceeding Date:  February 7, 2002 |

1.   Carlos Rubinstein
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     (956) 548-6063
     Previous City Manager, has knowledge of the facts made the basis of this suit.

2.   Ivan Welker
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     (956) 548-6063
     Assistant City Manager, has knowledge of the facts made the basis of this suit.

3.   Arturo Rodriguez
     665 Acacia Lake Drive
     Brownsville, Texas 78521
     (956) 821-5699
     Former EMS Director, has knowledge of the facts made the basis of this suit.

4.   Pete Gonzalez
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     (956) 548-6063
     Finance Director, has knowledge of the facts made the basis of this suit.

**Witness List**                                                                 **Page 1**

5.   Juan Pequeno
     P.O. Box 5692
     Brownsville, Texas 78523
     (956) 542-2470
     Plaintiff, has knowledge of the facts made the basis of this suit.

6.   Efren Fernandez
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     (956) 548-6063
     Human Resource Director, has knowledge of the facts made the basis of this suit.

7.   Lynn Pequeno
     P.O. Box 5692
     Brownsville, Texas 78523
     (956) 542-2470
     Plaintiff's wife, has knowledge of the facts made the basis of this suit.

8.   Paul Calapa
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     (956) 548-6063
     Purchasing Department, has knowledge of the facts made the basis of this suit.

9.   Rachel Figueroa
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     (956) 548-6063
     City Manager's Secretary, has knowledge of the facts made the basis of this suit.

10.  Jackie Montes
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     (956) 548-6063
     Secretary, has knowledge of the facts made the basis of this suit.

11.     Leonard Calier
        Market Square
        P.O. Box 911
        Brownsville, Texas 78520
        (956) 548-6063
        Deputy EMS Director, has knowledge of the facts made the basis of this suit.

12.     Gail Bruciak
        Market Square
        P.O. Box 911
        Brownsville, Texas 78520
        (956) 548-6063
        Current MIS Director, has knowledge of the facts made the basis of this suit.

13.     Carlos Barrera
        Long, Chilton, Payte & Hardin, Auditors
        P.O. Box 2135
        Brownsville, Texas 78522-2135
        (956) 546-1655
        Accountant, has knowledge of the facts made the basis of this suit.

14.     Long, Chilton, Payte & Hardin, Auditors
        P.O. Box 2135
        Brownsville, Texas 78522-2135
        (956) 546-1655
        Accounting Firm, has knowledge of the facts made the basis of this suit.

15.     Ed Manning
        8323 Culebra Road, Suite 104
        San Antonio, Texas 78251
        (210) 256-0807
        Texas Workforce Commission hearings officer, has knowledge of the facts made the basis
        of this suit.

16.     Kenneth McCoin, Ph.D.
        7670 Woodway, Suite 171
        Houston, Texas 77063
        Plaintiff's expert who will testify as to Plaintiff's loss of wages and benefits, past and future.

**Witness List**                                                                    **Page 3**

17.     Frank Costilla
        Law Offices of Frank Costilla, P.L.L.P.
        5 East Elizabeth Street
        Brownsville, Texas 78520
        Attorney-in-charge for Plaintiff, and will testify to reasonable and necessary attorney's fees.

18.     Alejandro J. Garcia
        Law Offices of Frank Costilla, P.L.L.P.
        5 East Elizabeth Street
        Brownsville, Texas 78520
        Attorney for Plaintiff, and will testify to reasonable and necessary attorney's fees.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN PEQUENO                              §
                                          §
VS.                                       §
                                          §        CIVIL ACTION NO. B-00-180
CITY OF BROWNSVILLE,                       §            (Jury Requested)
IVAN WELKER, in his official capacity      §
and CARLOS RUBINSTEIN, in his official     §
capacity                                   §

---

# EXHIBIT "C"

---

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Juan Pequeño<br>*versus* | CASE NO.    B-00-180 |
|---|---|
| City of Brownsville, Ivan Welker,  in his<br>official capacity and Carlos Rubinstein, in his<br>official capacity | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Breck Record |
| List of Defendants | Proceeding Date:   February 7, 2002 |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | City of Brownsville Agreed upon procedures [Long, Chilton Audit Report] (September 17, 1998) | | |
| 2 | Excerpts from the meeting of the City Commission of the City of Brownsville (October 20, 1998) | | |
| 3 | Juan Pequeño's "Proposal to continue in-house processing of EMS billing" (October 29, 1998) | | |
| 4 | Carlos Rubinstein's memo to Juan Pequeño (November 4, 1998) | | |
| 5 | Juan Pequeño's "Response to memo received 11/03/98 - asking for Proposal #2" (November 9, 1998) | | |
| 6 | Ivan Welker's Notice of Pre-disciplinary hearing to Juan Pequeño (November 19, 1998) | | |
| 7 | Ivan Welker's letter to Juan Pequeño (November 24, 1998) | | |
| 8 | Juan Pequeño's letter of appeal (December 2, 1998) | | |
| 9 | Carlos Rubinstein's letter to Juan Pequeño (December 4, 1998) | | |
| 10 | Juan Pequeño's notice of unavailability (December 5, 1998) | | |
| 11 | Carlos Rubinstein's letter to Juan Pequeño (December 7, 1998) | | |
| 12 | Juan Pequeño's notice of unavailability (December 8, 1998) | | |
| 13 | Carlos Rubinstein's letter to Juan Pequeño (December 9, 1998) | | |
| 14 | Juan Pequeño's notice of unavailability (December 11, 1998) | | |

| 15 | Carlos Rubinstein's decision on Juan Pequeño's appeal (December 14, 1998) | | |
|----|---------------------------------------------------------------------------|---|---|
| 16 | Personnel Action Notice (December 14, 1998) | | |
| 17 | Affidavit of Ivan Welker (October 3, 2001) | | |
| 18 | Affidavit of Carlos Rubinstein (October 4, 2001) | | ` |
| 19 | Affidavit of Lanny Lambert (September 14, 2001) | | |
| 20 | Affidavit of Maria Gonzales [with attachements] (August 13, 2001) | | |
| 21 | Personnel file of Juan Pequeño | | |
| 22 | City of Brownsville Personnel Policies Manual (July 7, 1998) | | |
| 23 | City of Brownsville City Charter [with amendments] | | |
| 24 | Juan Pequeño's Answers and Objections to Defendants' Interrogatories, R4Production and R4Admissions (July 13, 2001) | | |
| 25 | Juan Pequeño's Responses and Objections to Defendants' R4Admissions and R4Production (August 17, 2001) | | |
| 26 | Juan Pequeño's First Supplemental Answers and Responses to Defendants' Interrogatories, R4Production and R4Admissions (November 30, 2001) | | |
| 27 | Expert report of Donna Johnson | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | | | |
| 34 | | | |
| 35 | | | |
| 36 | | | |
| 37 | | | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (Jury Requested) |
| IVAN WELKER, in his official capacity | § | |
| and CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

---

# EXHIBIT "D"

---

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Juan Pequeño<br>*versus* | CASE NO.    B-00-180 |
|---|---|
| City of Brownsville, Ivan Welker, in his official capacity and Carlos Rubinstein, in his official capacity | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Breck Record |
| List of Defendants | Proceeding Date:   February 7, 2002 |

1.    Juan Pequeno
      P.O. Box 5692
      Brownsville, Texas 78523
      956-542-2470
      Plaintiff, has knowledge of the facts made the basis of this suit.

2.    Blanca Vela
      Market Square
      P.O. Box 911
      Brownsville, Texas 78520
      956-548-6063
      Mayor, has knowledge of the facts made the basis of this suit.

3.    Carlton Richards
      Market Square
      P.O. Box 911
      Brownsville, Texas 78520
      956-548-6063
      Commissioner, has knowledge of the facts made the basis of this suit.

4.    Ernie Hernandez
      Market Square
      P.O. Box 911
      Brownsville, Texas 78520
      956-548-6063
      Commissioner, has knowledge of the facts made the basis of this suit.

5.   Harry McNair, Jr.
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     956-548-6063
     Commissioner, has knowledge of the facts made the basis of this suit.

6.   John Wood
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     956-548-6063
     Commissioner, has knowledge of the facts made the basis of this suit.

7.   Ivan Welker
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     956-548-6063
     Assistant City Manager, has knowledge of the facts made the basis of this suit.

8.   Efren Fernandez
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     956-548-6063
     Human Resource Director, has knowledge of the facts made the basis of this suit.

9.   Henry Gonzalez
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     Former Mayor, has knowledge of the facts made the basis of this suit.

10.  Carlos Rubinstein
     Market Square
     P.O. Box 911
     Brownsville, Texas 78520
     Previous City Manager, has knowledge of the facts made the basis of this suit.

11.    Ed Manning
       8323 Culebra Rd., Ste. 104
       San Antonio, Texas 78521
       210-256-0807
       Texas Workforce Commission hearings officer

12.    Lidia Gonzalez
       Market Square
       P.O. Box 911
       Brownsville, Texas 78520
       Human Resource Director

13.    Paul Calapa
       Market Square
       P.O. Box 911
       Brownsville, Texas 78520
       Purchasing Department

14.    Leonard Calier
       Market Square
       P.O. Box 911
       Brownsville, Texas 78520
       Deputy EMS Director

15.    Sweet Soft Computer Service, Inc.
       405 Highway 150 North
       P.O. Box 349
       West Union, IA 52175
       319-422-5638
       Computer Software Company

16.    Ms. Donna Johnson, M.Ed, C.R.C.
       P. O. Box 270790
       Corpus Christi, Texas 78401
       361-883-7384
       Vocational expert

17.    Arturo Rodriguez
       665 Acacia Lake Drive
       Brownsville, Texas 78521
       (956) 821-5699

18.   Gail Bruciak
      Market Square
      P.O. Box 911
      Brownsville, Texas 78520
      Current MIS Director

19.   Long, Chilton, Payte & Hardin
      P. O. Box 2135
      Brownsville, Texas 78522-2135
      (956) 546-1655

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Juan Pequeño<br>*versus* | CASE NO.     B-00-180 |
|---|---|
| City of Brownsville, Ivan Welker, in his official capacity and Carlos Rubinstein, in his official capacity | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Estella Cavazos<br>Court Reporter: Breck Record |
| List of Defendants | Proceeding Date:   February 7, 2002 |

1.    Juan Pequeno
      P.O. Box 5692
      Brownsville, Texas 78523
      956-542-2470
      Plaintiff, has knowledge of the facts made the basis of this suit.

2.    Blanca Vela
      Market Square
      P.O. Box 911
      Brownsville, Texas 78520
      956-548-6063
      Mayor, has knowledge of the facts made the basis of this suit.

3.    Carlton Richards
      Market Square
      P.O. Box 911
      Brownsville, Texas 78520
      956-548-6063
      Commissioner, has knowledge of the facts made the basis of this suit.

4.    Ernie Hernandez
      Market Square
      P.O. Box 911
      Brownsville, Texas 78520
      956-548-6063
      Commissioner, has knowledge of the facts made the basis of this suit.

5.      Harry McNair, Jr.
Market Square
P.O. Box 911
Brownsville, Texas 78520
956-548-6063
Commissioner, has knowledge of the facts made the basis of this suit.

6.      John Wood
Market Square
P.O. Box 911
Brownsville, Texas 78520
956-548-6063
Commissioner, has knowledge of the facts made the basis of this suit.

7.      Ivan Welker
Market Square
P.O. Box 911
Brownsville, Texas 78520
956-548-6063
Assistant City Manager, has knowledge of the facts made the basis of this suit.

8.      Efren Fernandez
Market Square
P.O. Box 911
Brownsville, Texas 78520
956-548-6063
Human Resource Director, has knowledge of the facts made the basis of this suit.

9.      Henry Gonzalez
Market Square
P.O. Box 911
Brownsville, Texas 78520
Former Mayor, has knowledge of the facts made the basis of this suit.

10.    Carlos Rubinstein
Market Square
P.O. Box 911
Brownsville, Texas 78520
Previous City Manager, has knowledge of the facts made the basis of this suit.

11.    Ed Manning
       8323 Culebra Rd., Ste. 104
       San Antonio, Texas 78521
       210-256-0807
       Texas Workforce Commission hearings officer

12.    Lidia Gonzalez
       Market Square
       P.O. Box 911
       Brownsville, Texas 78520
       Human Resource Director

13.    Paul Calapa
       Market Square
       P.O. Box 911
       Brownsville, Texas 78520
       Purchasing Department

14.    Leonard Calier
       Market Square
       P.O. Box 911
       Brownsville, Texas 78520
       Deputy EMS Director

15.    Sweet Soft Computer Service, Inc.
       405 Highway 150 North
       P.O. Box 349
       West Union, IA 52175
       319-422-5638
       Computer Software Company

16.    Ms. Donna Johnson, M.Ed, C.R.C.
       P. O. Box 270790
       Corpus Christi, Texas 78401
       361-883-7384
       Vocational expert

17.    Arturo Rodriguez
       665 Acacia Lake Drive
       Brownsville, Texas 78521
       (956) 821-5699

18.   Gail Bruciak
      Market Square
      P.O. Box 911
      Brownsville, Texas 78520
      Current MIS Director

19.   Long, Chilton, Payte & Hardin
      P. O. Box 2135
      Brownsville, Texas 78522-2135
      (956) 546-1655

Page -4-