5ჳ

U: ... .... .. ....ice Court
S.. . . .. Texas

FEB 0 1 2002

.... ... ... ....y
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-180 |
| | § | (Jury Requested) |
| CITY OF BROWNSVILLE, et al. | § | |

## PLAINTIFF'S PROPOSED CHARGE
## AND INSTRUCTIONS TO THE JURY

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES PLAINTIFF JUAN PEQUENO and respectfully submits Plaintiff's Proposed

Charge and Instructions to the Jury as follows, to-wit:

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, P.L.L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone:  (956) 541-4982
Facsimile:   (956) 544-3152

**Frank Costilla**
Attorney-in-Charge for Plaintiff
State Bar No. 04856500
Federal I.D. No. 1509

## CERTIFICATE OF SERVICE

On this the **1ST** day of February, 2002, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Ryan Henry                                          Via Hand Delivery
**Willette & Guerra, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521


_____
**Frank Costilla**

**Plaintiff's Proposed Charge to the Jury**

# PROPOSED INSTRUCTION NO. 1

## GENERAL INSTRUCTION

LADIES AND GENTLEMEN OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then anwer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did

something, or failed to say or do something that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence–such as testimony of any eyewitness. The other is indirect or circumstantial evidence–the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you may have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of the other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and

conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any questions.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

Remember that in a very real way you are the judges — judges of the facts. Your only interest is to seek the truth from the evidence in this case.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

―――――――――

**Authority**

**Fifth Circuit Pattern Jury Instructions for Civil Cases, § 3.1**

ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

**Plaintiff's Proposed Charge to the Jury**                                        **Page 5**

_____   Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

## PROPOSED INSTRUCTION NO. 2

### WITNESSES

A witness may be discredited or "impeached" by contradictory evidence or by evidence that the witness has at other times made statements that are inconsistent with the witness' present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to conclusively establish the truth of the earlier statements. If you believe any witness has been impeached and thus discredited, you are free to give the testimony of that witness such credibility, if any, as you may think it deserves.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____     Included in the Court's Charge.

_____     Refused.

_____     Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

# PROPOSED INSTRUCTION NO. 3

## CITY OF BROWNSVILLE WITNESSES

During this trial you have heard the testimony of a number of witnesses, some of whom are

employees of the City of Brownsville.  The testimony of a government employee is not necessarily

deserving of more or less consideration, or greater or less weight, than that of an ordinary witness.

At the same time, it is quite legitimate for the Plaintiff's counsel to try to attack the credibility

of a city employee witness on the ground that his or her testimony may be colored by a personal or

professional interest in the case.  It is your decision, after reviewing all of the evidence, whether to

accept the testimony of the city employee and to give the testimony whatever weight, if any, you find

that it deserves.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the
presentation of the charge to the jury that the above and foregoing Proposed Instruction was
presented to the Court for inclusion in the Charge to the Jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

# PROPOSED INSTRUCTION NO. 4

## EVIDENCE

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness' testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.


_____
U.S. District Judge

# PROPOSED INSTRUCTION NO. 5

## PREPONDERANCE OF THE EVIDENCE

A "preponderance of the evidence" means the greater weight and degree of the credible

evidence admitted in this trial. It does not necessarily mean the greater volume of evidence or the

greater number of witnesses. To establish or prove something by a preponderance of the evidence

means to prove that something is more likely true than not. In other words, a preponderance of the

evidence in this case means such evidence that, when considered and compared with that opposed

to it, has more convincing force and produces in your mind a belief that what is sought to be proved

is more likely true than not.

<u>ORDER</u>

BE IT REMEMBERED that on the date of the signing of this Order and before the
presentation of the charge to the jury that the above and foregoing Proposed Instruction was
presented to the Court for inclusion in the Charge to the Jury and the same was:


_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____, 2002.



_____
U.S. District Judge


**Plaintiff's Proposed Charge to the Jury**                                                    **Page 11**

# PROPOSED INSTRUCTION NO. 6

## THE STATUTE – 42 U.S.C. SECTION 1983

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

_____

**Authority**

**42 U.S.C. § 1983**

<u>ORDER</u>

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

## PROPOSED INSTRUCTION NO. 7

## PURPOSE OF THE STATUTE

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before Section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

--------------

### Authority

**United States Supreme Court**: *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Mitchum v. Foster*, 407 U.S. 225 (1972).

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____     Included in the Court's Charge.

_____     Refused.

_____     Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.


_____
U.S. District Judge

# PROPOSED INSTRUCTION NO. 8

## CIVIL RIGHTS – 42 U.S.C. SECTION 1983 (ADVERSE EMPLOYMENT DECISION – EXERCISE OF FIRST AMENDMENT RIGHTS)

The Plaintiff Juan Pequeno claims that while the Defendants Carlos Rubinstein and Ivan Welker were acting under color of authority of the State of Texas as policy-making officials for the City of Brownsville which is a political subdivision of the State, they intentionally violated the Plaintiff's constitutional rights. The Plaintiff claims that when the Defendants Carlos Rubinstein and Ivan Welker discharged the Plaintiff from employment because of the Plaintiff's exercise of the right of free speech, they deprived him of his rights under the First Amendment of the Constitution.

The First Amendment of the Constitution of the United States gives every citizen the right to freedom of speech which includes the speech activities engaged in by Plaintiff on October 20, 1998, at a public meeting of the Brownsville City Commission.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

Thus, the Plaintiff must prove by a preponderance of the evidence each of the following:

1.    That the actions of the Defendants were "under color" of the authority of the State of Texas;

2.    That the Plaintiff's speech activities were Constitutionally "protected under the First Amendment;

3.    That the Plaintiff's exercise of protected First Amendment rights was a substantial or motivating factor in the Defendants' decision to discharge the Plaintiff from

employment.

4.      That the Defendants' acts were the proximate or legal cause of the Plaintiff's
damages.

In this case, the Parties have stipulated (agreed) that the Defendants acted "under color of
law" of the State of Texas. You must accept that fact as proven.

The Plaintiff claims that the City of Brownsville, a municipality, is liable for the alleged
constitutional deprivations. A city is liable for the deprivation of a constitutional right if the
deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision.
Therefore, if you find that the Plaintiff was injured as the proximate or legal result of the City of
Brownsville's policy, custom, ordinance, regulation or decision, whether made by its lawmakers or
by those officials whose edicts or acts may fairly be said to represent official policy, the City of
Brownsville itself will be responsible.

I have determined as a matter of law that Defendants Carlos Rubinstein and Ivan Welker,
former City Manager and former Assistant City Manager for the City of Brownsville, respectively,
were policy-making officials whose actions may be attributed to the Defendant City of Brownsville
in this case. Therefore, if you find that the acts of these two individuals deprived the Plaintiff of his
constitutional rights, the City of Brownsville is liable for such deprivations.

In determining whether the Defendants intentionally violated the Plaintiff's First Amendment
rights, you must remember that the Plaintiff as a public employee has a right to practice freedom of
speech only to the extent that it does not unduly interfere with the duties and responsibilities of
Plaintiff's employment. In determining whether the Plaintiff's speech activities in this case were
protected activities under the First Amendment, you must balance the Plaintiff's First Amendment

interests against the Defendants' interests in promoting the efficiency of the public service it performs through its employees. Therefore, if you find under all the circumstances presented that a reasonable public employer could not have concluded that the Plaintiff's speech activities unduly interfered with the duties and responsibilities of the Plaintiff's employment, you must find that the speech was protected First Amendment expression.

To prove that his speech activities were a substantial or motivating factor in the Defendants' decision, the Plaintiff does not have to prove that those speech activities were the only reason the Defendants made the decision. The Plaintiff need only prove that the speech activities were a substantial consideration that made a difference in or influenced the Defendants' decision.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendants was a cause-in-fact of the damage Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendants was a proximate cause of the damages Plaintiff suffered. An act or omission is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that the Plaintiff has established each element of his claim, you must then decide whether the Defendants have shown by a preponderance of the evidence that they would have dismissed the Plaintiff for other reasons even if Plaintiff had not exercised his protected speech activity. If you find that the Defendants would have dismissed the Plaintiff for reasons apart from the speech activity, then your verdict should be for the Defendants.

If you find for the Plaintiff and against the Defendants on their defense, you must then decide the issue of the Plaintiff's damages.

------------

**Authority**

**United States Supreme Court**: *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469, 478-79 (1986); *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978).

**Fifth Circuit Pattern Jury Instructions for Civil Cases, §§ 10.3, 10.4**

ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

# PROPOSED INSTRUCTION NO. 9

## CONSIDER DAMAGES ONLY IF NECESSARY

If the Plaintiff has proven that his claim against the Defendants by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that Plaintiff is entitled to recover from the Defendants.

---

**Authority**

**Fifth Circuit Pattern Jury Instructions for Civil Cases, § 15.1**

ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

## PROPOSED INSTRUCTION NO. 10

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate – to avoid or minimize those damages.

If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damages which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of a failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied his burden of proving that the Plaintiff's conduct was not reasonable.

---

### Authority

### Fifth Circuit Pattern Jury Instructions for Civil Cases, § 15.15

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the

**Plaintiff's Proposed Charge to the Jury**                                                    **Page 20**

presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

## PROPOSED INSTRUCTION NO. 11

### COMPENSATORY DAMAGES

If you find that the Defendants are liable to the Plaintiff, then you must determine an amount

that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory

damages. The purpose of compensatory damages is to make the Plaintiff whole – that is, to

compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are

not limited to expenses that the Plaintiff may have incurred because of his injury. If the Plaintiff

wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental

anguish, shock and discomfort that he has suffered because of Defendants' conduct.

You may award compensatory damages only for injuries that the Plaintiff proves were

proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award

must be fair compensation for all of the Plaintiff's damages, no more and no less. You should not

award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff

has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate

common sense. Computing damages may be difficult, but you must not let that difficulty lead you

to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove

the amount of his losses with mathematical precision, but only with as much definiteness and

accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences

where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved

by a preponderance of the evidence.

—————————

**Authority**

**Fifth Circuit Pattern Jury Instructions for Civil Cases, § 15.2**

ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

————————————  Included in the Court's Charge.

————————————  Refused.

————————————  Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

## PROPOSED INSTRUCTION NO. 12

## CALCULATION OF PAST AND FUTURE DAMAGES

A.    Damages Accrued

If you find for the Plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B.    Calculation of Future Damages

If you find that the Plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

C.    Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date. If you should find that the Plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.    You should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings.

2.    If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the Plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Plaintiff if he receives it today than if he received it in the

future, when he would otherwise have earned it.  It is more valuable because the

Plaintiff can earn interest on it for the period of time between the date of the award

and the date he would have earned the money.  Thus, you should adjust the amount

of any award for future loss of earnings by the amount of interest that the Plaintiff

can earn on that amount in the future.

However, you must not make any adjustment to present value for any damages you may

award for future pain and suffering or future mental anguish.

––––––––––––

**Authority**

**United States Supreme Court:** *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523

(1983).

**Fifth Circuit:** *Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir.), *cert denied*, 468 U.S. 819

(1984).

**Fifth Circuit Pattern Jury Instructions for Civil Cases, § 15.3**

<u>ORDER</u>

BE IT REMEMBERED that on the date of the signing of this Order and before the
presentation of the charge to the jury that the above and foregoing Proposed Instruction was
presented to the Court for inclusion in the Charge to the Jury and the same was:


_____          Included in the Court's Charge.

_____          Refused.

_____          Modified and, as modified, included in the Court's Charge.

**Plaintiff's Proposed Charge to the Jury**                                          **Page 25**

SIGNED the _____ day of _____, 2002.


_____
U.S. District Judge

## PROPOSED INSTRUCTION NO. 13

### MENTAL ANGUISH

In assessing compensatory damages, you may include an amount for emotional distress, caused by the constitutional violation that you determine to be reasonable compensation in light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense of you, the jurors.

You should arrive at a monetary amount, in light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors should arrive at a sum of money that will be just, fair, and adequate to compensate the Plaintiff for the actual pain and suffering and emotional distress you find that he has endured as a direct result of any constitutional deprivation she may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just and reasonable.

––––––––––––

**Authority**

**Fifth Circuit Pattern Jury Instructions for Civil Cases, § 15.4**

<u>ORDER</u>

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was

presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.


_____
U.S. District Judge

# PROPOSED INSTRUCTION NO. 14

## ATTORNEYS FEES

You may award Plaintiff damages for reasonable attorneys fees as part of the costs in this case.

————————

**Authority**

**42 U.S.C. § 1988(b)**

ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

# PROPOSED QUESTION NO. 1

Do you find from a preponderance of the evidence that Defendants intentionally discharged

Plaintiff from his employment with the City of Brownsville?

Answer "Yes" or "No"

_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____     Included in the Court's Charge.

_____     Refused.

_____     Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____

U.S. District Judge

# PROPOSED QUESTION NO. 2

Do you find from a preponderance of the evidence that the Plaintiff's speech activities on October 20, 1998, at a public meeting of the Brownsville City Commission were a substantial or motivating factor in the Defendants' decision to discharge the Plaintiff from his employment with the City of Brownsville?

Answer "Yes" or "No"

_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

## PROPOSED QUESTION NO. 3

Do you find from a preponderance of the evidence that the Plaintiff's speech activities on

October 20, 1998, at a public meeting of the Brownsville City Commission unduly interfered with

the duties and responsibilities of Plaintiff's employment?

Answer "Yes" or "No"

_____

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the
presentation of the charge to the jury that the above and foregoing Proposed Instruction was
presented to the Court for inclusion in the Charge to the Jury and the same was:

_____     Included in the Court's Charge.

_____     Refused.

_____     Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____

U.S. District Judge

## PROPOSED QUESTION NO. 4

Do you find from a preponderance of the evidence that the Defendants' acts in discharging

Plaintiff from his employment were the proximate or legal cause of the Plaintiff's damages?

Answer "Yes" or "No"

_____

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____   Included in the Court's Charge.

_____   Refused.

_____   Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge

## PROPOSED QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate JUAN

PEQUENO for his loss of past wages and benefits?

Answer:

$ _____

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____

U.S. District Judge

## PROPOSED QUESTION NO. 6

What sum of money, if paid now in cash, would fairly and reasonably compensate JUAN

PEQUENO for his loss of future wages and benefits?

Answer:

$ _____

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____      Included in the Court's Charge.

_____      Refused.

_____      Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____

U.S. District Judge

# PROPOSED QUESTION NO. 7

What sum of money, if paid now in cash, would fairly and reasonably compensate JUAN

PEQUENO for his emotional distress?

Answer:

$ _____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____          Included in the Court's Charge.

_____          Refused.

_____          Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____

U.S. District Judge

## PROPOSED QUESTION NO. 8

What sum of money, if paid now in cash, would fairly and reasonably compensate JUAN

PEQUENO for his reasonable and necessary attorneys' fees?

Answer:

$ _____

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____     Included in the Court's Charge.

_____     Refused.

_____     Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____, 2002.

_____
U.S. District Judge