

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-180 |
| | § | (Jury Requested) |
| CITY OF BROWNSVILLE, IVAN WELKER, | § | |
| in his official capacity, and CARLOS | § | |
| RUBINSTEIN, in his official capacity | § | |

## DEFENDANTS' MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the City of Brownsville, Ivan Welker, and Carlos Rubinstein, in their official capacities, Defendants in the above entitled and numbered cause, and, prior to the voir dire examination of the jury panel, respectfully moves that counsel for the plaintiff, and through such counsel any and all of plaintiff's witnesses, be instructed by appropriate order of this Honorable Court, to refrain from mentioning or questioning, directly or indirectly, in any manner whatsoever, concerning any of the following matters, or testimony about such matters, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and of jurors ultimately selected in this case regarding any theory of admissibility of such matters. If Plaintiff were to inject these matters into the trial of this case through any means whatsoever, Defendants will suffer irreparable harm to their case, which no jury instruction would cure. Specifically, Defendant submits the following requests:

The following items are agreed to after conference:

1. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions regarding evidence or testimony that the Defendants were or were not insured. Such evidence is inadmissible to prove liability and the prejudicial impact of such irrelevant and immaterial evidence far outweighs its probative value.

2. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions regarding evidence or testimony of other crimes, wrongs, or acts of Defendants, unless they fall within the Federal Rules of Evidence (which the information inquired about in depositions does not). Such character evidence is inadmissible under the facts of this case and the prejudicial impact of such irrelevant and immaterial evidence far outweighs its probative value.

3. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions regarding evidence or testimony regarding any alleged defamation, libel, or slander, as such cause of action was dismised by Plaintiff's amended complaint and was not preserved in the parties' joint pre-trial order.

4. That this motion has been filed or that counsel for Defendants have in any way attempted to limit or restrict the evidence;

5. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions concerning evidence or testimony regarding any testimony of Plaintiff's expert which is outside the expert's written opinion produced during pretrial discovery. The prejudicial impact of such irrelevant and immaterial evidence far outweighs its probative value.

6. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions concerning evidence or testimony of other crimes, wrongs, or acts of any witnesses, unless they fall within the Federal Rules of Evidence (which the information inquired about in depositions does not). Such character evidence is inadmissible under the facts of this case and the prejudicial impact of such irrelevant and immaterial evidence far outweighs its probative value.

7. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions concerning evidence or testimony of any Plaintiff's expert who were not identified as testifying experts in responses to interrogatories and not designated by the time set forth in the pretrial order. The prejudicial impact of such irrelevant and immaterial evidence far outweighs its probative value.

8. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions concerning evidence or testimony of any Plaintiff's expert whose opinion is not supported by admissible facts. The prejudicial impact of such irrelevant and immaterial evidence far outweighs its probative value.

9. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions concerning evidence or testimony that Defendants, through their attorney, asserted claims of privilege during discovery. The prejudicial impact of such irrelevant and immaterial evidence far outweighs its probative value.

10. Defendants request that plaintiff not be allowed to discuss, mention, examine witnesses, or solicit information or opinions concerning evidence or testimony of any subsequent remedial measure by Defendants to prove Defendants' liability. This is to include any mention of whether the City actually purchased Sweetsoft and the effectiveness, if any, of such purchase. The prejudicial impact of such irrelevant and immaterial evidence far outweighs its probative value.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Honorable Court grant and sustain this motion in limine, either in whole or in part, or in separate individual parts, and that this Court enter its order to such effect.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

BY: *Ryan Henry* wp sm
RYAN HENRY
State Bar No. 24007347
Fed ID. No. 22968

**ATTORNEY FOR DEFENDANTS**

Page -3-

## CERTIFICATE OF CONFERENCE

The parties conferred regarding the issues contained in this Motion in Limine and the Plaintiff is opposed to No. 10 and is not opposed to Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9.

*/s/ Ryan Henry w/p sm*
RYAN HENRY

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANTS' MOTION IN LIMINE has been served on all counsel of record, via certified mail, return receipt requested, as follows:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

on this the ___5___ day of February, 2002.

*/s/ Ryan Henry w/p sm*
RYAN HENRY

Page -4-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-180 |
| | § | (Jury Requested) |
| CITY OF BROWNSVILLE, IVAN WELKER, | § | |
| in his official capacity, and CARLOS | § | |
| RUBINSTEIN, in his official capacity | § | |

## ORDER ON MOTION IN LIMINE

After considering Defendants' Motion in Limine, the court ORDERS Plaintiff, counsel for Plaintiff, and all witnesses on behalf of Plaintiff to refrain from any mention or interrogation, directly or indirectly, about any of the following matters without first requesting and obtaining a ruling from the court, outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case. Defendants' Motion in Limine is in all things:

GRANTED ONLY AS TO ITEMS CIRCLED:

1, 2, 3, 4, 5, 6, 7, 8, 9 and 10.

SIGNED FOR ENTRY on this the _____ day of _____, 2002.

_____
JUDGE PRESIDING