65

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 4 2002 5:55

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF BROWNSVILLE, | § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and | § | (jury requested) |
| CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

## DEFENDANTS' RULE 50 MOTION FOR JUDGEMENT AS A MATTER OF LAW AT CLOSE OF PLAINTIFF'S CASE IN CHIEF

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW DEFENDANTS CITY OF BROWNSVILLE, IVAN WELKER, AND

CARLOS RUBINSTEIN, in their official capacities, and file this, Motion for Judgment as a Matter

of Law at Close of Plaintiff's Case in Chief, brought pursuant to Federal Rule of Civil Procedure 50

and would respectfully submit unto the court the following:

### STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

1.      This is Defendants' Motion for Judgment as a Matter of Law at Close of Plaintiff's Case in

Chief.  Trial has been ongoing in this case and Plaintiff has presented his case in chief via evidence

and testimony.   Plaintiff has rested his case in chief and Defendants assert there is no legally

sufficient evidentiary basis for a reasonable jury to find for the Plaintiff on numerous issues required

to assert liability against any of the Defendants.

2.      Plaintiff has sued a unit of government, the City of Brownsville, and several City elected

officials. Plaintiff is suing Defendants for damages allegedly sustained when Plaintiff was retaliated

against by the City of Brownsville.  Plaintiff alleges violations of his First and Fourteenth

Amendment rights and brings suit under 42 U.S.C. §1983.

3.      Plaintiff filed his Original Petition on November 27, 2000.  Defendants were served on March 2, 2001 and timely answered. Trial began before a jury on February 11, 2002.

## SUMMARY OF THE ARGUMENTS

4.      Defendants assert there is no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff on the several issues required to assert liability against the Defendants.  First Defendants have established through the Plaintiff's own testimony that he allowed the statute of limitations to expire prior to filing suit. As a result, his claims are barred as a matter of law.  Second, the evidence is legally insufficient for a reasonable jury to determine the Plaintiff's interest in speaking out about a matter of public concern outweigh's the Defendant's interest in promoting efficiency.  Third, the evidence is legally insufficient to allow a reasonable jury to determine the motivating factor in the Defendant's decision to terminate the Plaintiff was that he spoke out about a matter of public concern.  Finally, the evidence established the Plaintiff's speech did not meet the *Bradshaw* requirements and therefore was not a matter of public concern as a matter of law.

## ARGUMENT AND AUTHORITIES

**I.      STATUTE OF LIMITATIONS**

5.      There is no federal statute of limitations for actions under 42 U.S.C. §1983 and therefore, federal courts look to the general statute of limitations governing personal injuries in the forum state. *Flores v. Cameron County, Tex.*, 92 F.3d 258, 271 (5th Cir. 1996).  Texas has a two year statute of limitations for personal injury claims.  TEX. CIV. PRAC. & REM. CODE ANN. §16.003(a) (Vernon 1999).

6.      The Plaintiff testified at trial that he has brought suit alleging he spoke out about a matter of public concern on October 20, 1998.  He alleges and  testified that as a direct result of this speech,

he was retaliated against by the Defendants on November 10, 1998 when he was verbally abused. He testified he became ill as a direct result of the abuse and retaliation and could not return to work at all. The Plaintiff testified he did not return to work anytime after November 10, 1998. On November 10, 1998 the Plaintiff began experiencing this illness which lasted for months and Plaintiff was very clear in his testimony that this illness and injury was a direct result of the retaliation of the Defendants for his speaking out about a matter of public concern. He testified he suffered physical fatigue as well as mental anguish. The Plaintiff's testimony states and the evidence supports that this illness was a ground for his termination. Plaintiff testified that he is specifically seeking relief from this court and jury for the injury and damages he alleges he sustained on November 10th, 11th, 12th, 13th, 14th, 15th, 16th, 17th, and on into the future.

7.      Under federal law, the limitations period for a §1983 claim begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. " *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (C.A.5 (Tex.) 2001)(quoting *Russell v. Bd. Of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)); *See also Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). In other words, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (C.A.5 (Tex.) 1998). A plaintiff only needs to know the facts that would ultimately support a claim; he need not know that he has a claim. *Piotrowski,* 237 F.3d at 576.

8.      The Plaintiff testified he was actually injured on November 10, 1998 as a direct result of the Defendants' actions. He specifically testified these actions were in retaliation for his speech at the October 20, 1998 meeting. He requested the jury compensate him for this injury. Plaintiff was aware that he suffered an injury on November 10, 1998 but failed to file his lawsuit until November

Page -3-

27, 2000. As a result, the Plaintiff's claims are barred by the statute of limitations.

9.      As further evidence of this point, Plaintiff also established that he knew on November 23, 1998 that retaliatory actions were being taken to have him terminated. He testified he wrote a detailed letter to the City Council outlining the retaliation of the Defendants because he knew they were going to terminate him. As a result, he was aware of the injury on November 10th, but testified again that he knew about the alleged retaliation on November 23, 1998. The Plaintiff's claims are therefore barred.

## II.     PLAINTIFF'S RIGHT IN SPEAKING IS NOT OUTWEIGHED BY THE DEFENDANTS' INTEREST IN PROMOTING EFFICIENCY.

10.      The evidence is legally insufficient to establish the Plaintiff's right in speaking about a matter of public concern outweighs the Defendants' interest in promoting efficiency. Government employers can terminate their employees for speaking on a matter of public concern if their interest in efficiency at the office outweighs the employee's interest in speaking. *Kennedy v. Tangipahoa Parish Library Bd. Of Control*, 224 F.3d 359, 377 (5th Cir. 2000.) In striking this balance, a Court should examine whether the speech was likely to generate controversy and disruption, whether it impeded the department's general performance and operation, and affected working relationships necessary to the department's proper functioning. *Brawner v. Richardson*, 855 F.2d 187, 192 (5th Cir.1988).

11.      The testimony establishes the Plaintiff wrote several proposals which he admits could be viewed as destroying friendly relations with his supervisors. The testimony of Defendants' Welker and Rubinstein established the Plaintiff's memorandums were viewed as accusations of fraud and intentionally misleading the City Council. The Plaintiff's testimony establishes his speech was not

Page -4-

only likely to cause controversy and disruption, but did. The Plaintiff testified that the facts in his November 16, 1998 memo were correct and they list several instances of disruption and disharmony.

12.     The Plaintiff has alleged that his interest in informing the City Council about the inefficiency of SweetSoft outweighs the City's interest in maintaining efficiency. However, the testimony is legally insufficient to establish such a finding. The Plaintiff testified he had no knowledge of how efficient SweetSoft was in 1998. He admits he only presented information he obtained in 1996. He admits the computer industry changed drastically within those two years. The Plaintiff did not contact anyone at SweetSoft or the City of Harlingen to gain information on the 1998 efficiency of SweetSoft. The Plaintiff did not provide any documentary evidence to establish the foundation of his opinions. As a result, a reasonable jury cannot conclude his interest in speaking out about SweetSoft's inefficiency outweighs the Defendants' interest in maintaining efficiency, especially considering the disharmony that resulted.

## III.     THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A FINDING THE PLAINTIFF'S SPEECH WAS A MOTIVATING FACTOR IN HIS TERMINATION.

13.     The testimony reveals that Ivan Welker terminated the Plaintiff. The Plaintiff appealed the termination to Carlos Rubinstein. Mr. Rubinstein testified the Plaintiff's speech was never a factor in upholding his termination. The Plaintiff has not presented sufficient evidence the speech was a motivating factor. The evidence presented establishes the Plaintiff was terminated due to his insubordination. As a result, a reasonable jury cannot determine his speech was a motivating factor in Mr. Rubinstein's upholding of his termination.

## IV.     THE EVIDENCE ESTABLISHES THE PLAINTIFF'S SPEECH DOES NOT MEET THE BRADSHAW REQUIREMENTS AND IS THEREFORE NOT SPEECH

TOUCHING ON A MATTER OF PUBLIC CONCERN.

14.     In *Bradshaw v. Pittsburg Ind. School Dist.*, a school principal spoke out about the alleged mismanagement of public funds. 207 F.3d 814. (5th Cir. 2000.) The United States Court of Appeals for the Fifth Circuit held that speech rises to the level of public concern when an individual speaks primarily as a citizen rather than as an employee and that an analysis of the content, form, and context are required. *Id.* at 816.   In *Bradshaw*, the court held the principal was more interested in clearing her name as opposed to speaking out for the benefit of the public. She wrote several memos which were objectionable to the school board, even though the memos spoke out about the alleged mismanagement of public funds. The court held that her actions and speech were more akin to an employee grievance than matters of public concern. *Id.* at 818. Retrospective embellishment dealing with public moneys cannot transform personal grievances into matters of public concern. *Id.* at 818.

15.     Here the testimony establishes the Plaintiff spoke out numerous times about the efficiency of SweetSoft, and how the in-house software was more efficient.  The speech did not stop there however.  He also spoke out about how well the MIS department had done for the city with regards to other programs and services, such as the purchase of faster computer. The Plaintiff then requested the City Council give him a raise and backpay consistent with an undisclosed salary study.  Taken as a whole, Plaintiff's speech seems to focus more on his employment and less on matters of public concern.  As a result, Plaintiff's speech cannot be said to be addressing matters of public concern. Plaintiff has therefore failed to provide legally sufficient evidence of a primary element of his prima facie case.

## **PRAYER**

16.     WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Rule 50 Motion for

Judgment as a Matter of Law be granted on all claims asserted by Plaintiff, that Plaintiff take nothing by this suit, and that all taxable costs of court be taxed against Plaintiff. Defendants further pray for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone   : (956) 541-1846
Facsimile    : (956) 541-1893

BY: _____
RYAN HENRY
State Bar No. 24007347
Fed ID. No. 22968

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and foregoing Motion for Judgment as a Matter of Law at Close of Plaintiff's Case in Chief has been served on all counsel of record, via hand delivery to the following:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

on this the ____14____ day of February, 2002

_____
RYAN HENRY

Page -7-

## CERTIFICATE OF CONFERENCE

The local rules do not require a certificate of conference for this motion.

RYAN HENRY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF BROWNSVILLE, | § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and | § | (jury requested) |
| CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

## ORDER GRANTING DEFENDANTS' RULE 50 MOTION FOR JUDGEMENT AS A MATTER OF LAW AT CLOSE OF PLAINTIFF'S CASE IN CHIEF

On this the _____ day of _____, 2002, came on for consideration

Defendants' Motion for Judgment As a Matter of Law at Close of Plaintiff's Case in Chief. Having

examined same and considered the arguments of counsel, this Court is of the opinion that said

Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendants' Motion for

Judgment As a Matter of Law at Close of Plaintiff's Case in Chief is GRANTED. It is further

ORDERED that the Plaintiff take nothing against the Defendants, and all Plaintiff's claims are

dismissed with prejudice. It is further ORDERED all taxable costs are to be assessed against the

Plaintiff. All relief requested

and not expressly granted is hereby denied.

SIGNED this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN PEQUENO                                    §
                                                §
VS.                                             §
                                                §
CITY OF BROWNSVILLE,                            §        CIVIL ACTION NO. B-00-180
IVAN WELKER, in his official capacity, and      §        (jury requested)
CARLOS RUBINSTEIN, in his official              §
capacity                                        §

## ORDER SETTING HEARING

On this the _____ day of _____ 2002, came on to be considered Defendants' Motion for

Judgment As a Matter of Law at Close of Plaintiff's Case in Chief. After considering same, the

Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendants' Motion for

Judgment As a Matter of Law at Close of Plaintiff's Case in Chief is hereby set for hearing on the

_____ day of _____, 2002 at _____ o'clock _____. m., in this

Honorable Court.

SIGNED FOR ENTRY on this the _____ day of _____, 2001.


                                        _____
                                        UNITED STATES DISTRICT JUDGE