United States District Court
Southern District of Texas
FILED

FEB 15 2002

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN PEQUENO §
§
VS. §
§
CITY OF BROWNSVILLE, § CIVIL ACTION NO. B-00-180
IVAN WELKER, in his official capacity, and § (jury requested)
CARLOS RUBINSTEIN, in his official §
capacity §

## DEFENDANTS' OBJECTION TO JURY CHARGE AND OFFER OF PROPER FORM

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW DEFENDANTS CITY OF BROWNSVILLE, IVAN WELKER, AND

CARLOS RUBINSTEIN, in their official capacities, and file these objections to the Jury Charge and

offer of proper form and would respectfully submit unto the court the following:

1.      Trial before a jury has been ongoing in this case and Plaintiff has presented his case in chief

via evidence and testimony. Plaintiff and Defendants have rested and submitted forms for the charge

to the jury. Defendants now file these objections to the jury charge and submission of what they

believe to be the proper form.

2.      First, this court has ruled that Plaintiff spoke out about a matter of public concern.

Defendants have objected to this legal determination but Defendants objections have been overruled

 As a result, for purposes of the charge only, Defendants agree the language in the charge is proper,

and the stipulations are proper, regarding whether or not the Plaintiff spoke on a matter of public

concern.  This agreement is for the form of the language only and Defendants still assert Plaintiff

did not speak out about a matter of public concern.

3.      Defendants next object to the exclusion of a definition and question asking the jury to

determine whether the acts of the Defendants were performed with deliberate indifference. Plaintiff

asserts the Defendants are not entitled to such an instruction. They cite to *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745 (5th Cir. 1993). They argue that since a final policy maker adopted the actions of termination, no deliberate indifference question is permitted. The Plaintiff misapplies *Ysleta*, since *Ysleta* distinguishes violations caused by policies that are unconstitutional on their face and constitutional policies which were unconstitutionally applied. In this case, the Plaintiff was terminated by Defendant Welker, who is not a final policymaker. Defendant Rubinstein then upheld the termination. Defendant Rubinstein is a final policy maker. However, in order to impart liability to the City, Defendant Rubinstein had to have acted with deliberate indifference to the Plaintiff's constitutional rights in upholding the termination. Defendants are entitled to an instruction, a definition, and a question, asking the jury whether or not Defendant Rubinstein acted with deliberate indifference to the Plaintiff's constitutional rights.

4.    Attached to these objections is the form Defendants believe is proper for submission to the jury. Defendants tender this form at this time and ask this court to include such in the charge to the jury. In the event the court objects to the form, Defendants assert they are still entitled to a question and definition of deliberate indifference in some form and ask the court to include such an question and definition.

<h2 align="center">PRAYER</h2>

16.    WHEREFORE, PREMISES CONSIDERED, Defendants pray that this court sustain their objections and include the attached instruction, definition, and question regarding deliberate indifference. Defendants also request any other further relief they may show themselves entitled to.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard

Page -2-

Brownsville, Texas 78521
Telephone    : (956) 541-1846
Facsimile    : (956) 541-1893

BY: _____
              RYAN HENRY
              State Bar No. 24007347
              Fed ID. No. 22968

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Objection has been served on all counsel of record, via hand delivery to the following:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

on this the ____15____ day of February, 2002

_____
RYAN HENRY

## CERTIFICATE OF CONFERENCE

The local rules do not require a certificate of conference for this motion.

_____
RYAN HENRY

Page -3-

## THE PLAINTIFF'S CLAIMS

The Plaintiff claims that the Defendants, while acting "under color of state law," intentionally deprived the Plaintiff of rights under the Constitution of the United States.

The constitutional rights that the Plaintiff claims the Defendants violated are these:

1. The right to free speech

The First Amendment to the United States Constitution gives every citizen the right to freedom of speech. There are four elements to an employee's First Amendment retaliation claim against his employer: (1) the plaintiff must suffer an adverse employment decision, (2) the speech must involve a matter of public concern, (3) the plaintiff's interest in speaking must outweigh the defendant's interest in promoting efficiency, and (4) the plaintiff's speech must have motivated the adverse employment decision.[4]

In this case, the Parties have stipulated (agreed) that the Defendants acted "under color of law" of the State of Texas. It is also undisputed that the Plaintiff suffered an adverse employment decision.

It is undisputed that the comments by Juan Pequeno made at the City Commission meeting and subsequent communications with Carlos Rubenstein and Ivan Welker concerning Sweetsoft's inefficiency in collecting revenues were statements involving a matter of public concern and are therefore protected.

[You must determine if the Plaintiff has proven by a preponderance of the evidence that the Defendants intentionally committed acts that violated his First Amendment rights. The violation of any of his First Amendment rights must have been committed by a final policy

---

[4]*Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 380 (5th Cir. 1999).

11

maker acting with deliberate indifference. You are instructed Carlos Rubenstein was a final policy-making official. Therefore, if you find that Carlos Rubenstein intentionally and with deliberate indifference towards the Plaintiff's constitutional rights deprived the Plaintiff of his constitutional rights the City of Brownsville can be held liable for any deprivation. If you find Carlos Rubenstein did not act intentionally and with deliberate indifference towards the Plaintiff's constitutional rights, you cannot hold the Defendants liable for any deprivation.]

The Plaintiff must also prove that his protected speech was a substantial or motivating factor in the Defendants' decision to take action against him. The Plaintiff's protected speech was a substantial or motivating factor in the Defendants' decision to take action against him if it played a substantial part in the actual decision to take action against him. The Defendants may have taken action for no reason whatsoever. If so, then the Plaintiff's speech was not a substantial or motivating factor in the Defendants' decision. The Defendants may have taken action for one sole reason. If that one sole reason was not the Plaintiff's protected speech, then the Plaintiff's speech was not a substantial or motivating factor in the Defendants' decision. The Defendants may have taken action for several reasons. If so, then you must determine whether one of those reasons was the Plaintiff's speech involving Sweetsoft's inefficiency in collecting revenues. If such protected speech was one of those reasons, then you must determine whether it played a substantial part in the actual decision to take action against Plaintiff. If it did not, then the Plaintiff's speech was not a substantial or motivating factor in the Defendants' decision.[5] You must also balance the Plaintiff's First Amendment interests against the Defendants' interests in promoting the efficiency of the public service it performs through its employees. In striking

---

[5] *Mt. Healthy City Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed. 2d 471 (1977).

# DELIBERATE INDIFFERENCE

**Question No. 2.** Do you find by a preponderance of the evidence that the City, intentionally and with deliberate indifference to Juan Pequeno's constitutional rights, deprived Juan Pequeno of his constitutionally protected right by affirming his discharge?

It is not enough that the Plaintiff show that his constitutional deprivation was caused by the acts of a final policy maker. Plaintiff must also prove that the policy which produced or caused the constitutional violation resulted from the deliberate indifference of a final policymaker.[6] Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.[7] The Plaintiff would have to prove that the policy makers consciously did not take reasonable steps to prevent future occurrences. In other words, in order to say that the City acted with deliberate indifference, you must find not simply a decision by the City, but a decision by the City to violate the Constitution.[8]

Yes _____     No _____

If you answered "yes" to question 2, answer question 3, otherwise stop.

**Question No. 3.** Would the City of Brownsville have discharged Juan Pequeno for other reasons, outside the protected First Amendment speech the judge identified for you?

---

[6]*Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757-59 (5th Cir.1993).

[7]*Board of the County Commissioners of Bryan County, Oklahoma, v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).

[8]*Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 759 (5th Cir.1993).

15