```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                        BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

FEB 15 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § § | |
| v. | § § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (Jury Requested) |
| IVAN WELKER, in his official capacity | § | |
| and CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

## JURY INSTRUCTIONS

LADIES AND GENTLEMEN OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Statements and arguments of attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. A "preponderance of the evidence" means the greater weight and degree of the credible

evidence admitted in this trial. It does not necessarily mean the greater volume of evidence or the greater number of witnesses. To establish or prove something by a preponderance of the evidence means to prove that something is more likely true than not. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important act, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembered it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you are justified in light of common experience. In other words, you may make deductions and reach conclusions

2

that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

I.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness's testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

3

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant part of his income.

Any notes that you may have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of the other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

4

When you retire to the jury room to deliberate on your verdict, you may take the exhibits which the court has admitted into evidence. Select your Presiding Juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Presiding Juror is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any questions.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

Remember that in a very real way you are the judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

After you have reached a verdict, you are not required to talk to anyone about the case unless the Court orders otherwise.

DONE this 15th day of February, 2002, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge

5

II.

Section 1983 of Title 42 of the United States Code provides that every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Plaintiff claims that the Defendants, while acting "under color of state law," intentionally deprived the Plaintiff of rights under the Constitution of the United States.

The constitutional right that the Plaintiff claims the Defendants violated is the right to free speech.

The First Amendment to the United States Constitution gives every citizen the right to freedom of speech. There are four elements to an employee's First Amendment retaliation claim against his employer: (1) the plaintiff must suffer an adverse employment decision, (2) the speech must involve a matter of public concern, (3) the plaintiff's interest in speaking must outweigh the defendant's interest in promoting efficiency, and (4) the plaintiff's speech must have motivated the adverse employment decision.

In this case, the Parties have stipulated that the Defendants acted "under color of law" of the State of Texas. It is also undisputed that the Plaintiff suffered an adverse employment decision.

6

You are instructed that the comments by Juan Pequeno made at the City Commission meeting and subsequent communications with Carlos Rubinstein and Ivan Welker regarding his concerns about Sweetsoft's inefficiency in collecting revenues were statements involving a matter of public concern and are therefore protected.

You must determine if the Plaintiff has proven by a preponderance of the evidence that the Defendants intentionally committed acts that violated his First Amendment rights. The violation of any of his federally protected rights must have been committed by a final policy-maker. You are instructed that Carlos Rubinstein was a final policy-maker for the City of Brownsville.

The Plaintiff must also prove that his protected speech was a substantial or motivating factor in the Defendants' decision to take action against him. The Plaintiff's protected speech was a substantial or motivating factor in the Defendants' decision to take action against him if it played a substantial part in the actual decision to take action against him. The Defendants may have taken action for no reason whatsoever. If so, then the Plaintiff's speech was not a substantial or motivating factor in the Defendants' decision. The Defendants may have taken action for one sole reason. If that one sole reason was not the Plaintiff's protected speech, then the Plaintiff's speech was not a substantial or motivating factor in the Defendants' decision. The Defendants may have taken action for several reasons. If so, then you must determine whether one of those reasons was the Plaintiff's speech involving his concerns about Sweetsoft's inefficiency in collecting revenues. If such protected speech was one of those reasons, then you must determine whether it played a substantial part in the actual decision to take action

7

against Plaintiff. If it did not, then the Plaintiff's speech was not a substantial or motivating factor in the Defendants' decision.

You must also balance the Plaintiff's First Amendment interests against the Defendants' interests in promoting the efficiency of the public service it performs through its employees. In striking this balance, you should examine whether the speech was likely to generate controversy and disruption, whether it impeded the City's general performance and operation, and whether it affected working relationships necessary to the City's proper functioning. If you find the Plaintiff's interest in his speech does not outweigh the Defendant's interest in promoting efficiency, you must find for the Defendants.

**Question No. 1.** Was the protected First Amendment speech a substantial or motivating factor in the City of Brownsville's decision to discharge Juan Pequeno?

Yes  X      No  _____

If you answered "yes" to Question No. 1, answer Question No. 2. Otherwise do not answer Question No. 2.

**Question No. 2.**

If you answered yes to Question No. 1, then you must decide whether the City of Brownsville discharged Juan Pequeno for other reasons, even if he had not engaged in his protected speech activities. In other words, the Defendants must show by a preponderance of the evidence that they would have made the same decision without considering the Plaintiff's protected speech.

Was Juan Pequeno discharged by the City of Brownsville for other reasons, outside the protected First Amendment speech?

Answer: "Yes" \_\_\_\_      "No" _X_

If you answered "no" to Question No. 2, answer Question No. 3. Otherwise, do not answer Question No. 3.

# DAMAGES

## Cautionary Instructions on Damages

If you find that the Plaintiff has proven, by a preponderance of the evidence, all of the elements of his claim, you must then decide if he suffered any injuries as a result of the violation of his federally protected rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. Also just because I give you instructions on damages does not mean I have an opinion on liability, one way or the other. It is for you alone to decide whether the Defendants whom you are considering are liable to the Plaintiff.

## Compensatory Damages

If you find that the Defendants are liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. The purpose of compensatory damages is to compensate the Plaintiff for the injuries, if any, that he sustained as a result of the Defendants' acts. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

11

## Mental Anguish

In assessing compensatory damages, you may include an amount for emotional distress, caused by the constitutional violation, that you determine to be reasonable compensation in light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense of you, the jurors.

You should arrive at a monetary amount, in light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors should arrive at a sum of money that will justly, fairly and adequately compensate the Plaintiff for the actual pain, suffering, and emotional distress you find that he endured as a direct result of any constitutional deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

## Lost Earnings in the Past and in the Future

In assessing compensatory damages, you may include an amount for lost past and future earnings that you determine to be reasonable compensation in light of all the

12

evidence in this case.

An award of future damages requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date. Accordingly, if you should award future earnings, then you must determine the present worth in dollars of such future earnings. If you award future earnings, you must consider two factors: (1) you should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings; and (2) you must reduce the amount to present value by considering the interest that the Plaintiff could earn on the amount of the award if he made a relatively risk free investment.

## Mitigation of Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate, that is, to avoid or minimize those damages.

If you find the Defendants are liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff can not sit idly by when presented with an

13

opportunity to reduce his damages. The Defendants have the burden of proving the damages which the Plaintiff could have mitigated.

## Nominal Damages

If you return a verdict in the Plaintiff's favor on his claim, but find that he failed to meet his burden of proving that he suffered any actual injuries, then you must award the Plaintiff "nominal damages" not to exceed one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

## Attorneys' Fees

Pursuant to federal statute, the prevailing party in this action may recover reasonable attorneys' fees as part of the costs of suit.

14