84

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 27 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO, | § § | |
| vs. | § § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE,<br>IVAN WELKER (Assistant City Manager),<br>and CARLOS RUBINSTEIN (Previous City<br>Manager) | § § § § | (Jury Requested) |

## PLAINTIFF'S MOTION AND AFFIRMATION IN
## SUPPORT OF MOTION FOR ATTORNEY'S FEES

Frank Costilla and Alejandro J. Garcia affirm under penalty of perjury as follows:

1. They are the attorneys for Plaintiff, Juan Pequeno, and submit this affirmation in support of their motion for attorney's fees pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(2).

2. This action was filed by Plaintiff on November 27, 2000, against the City of Brownsville, the former City Manager, Assistant City Manger, the Mayor, and members of the Brownsville City Commission, for a violation of Plaintiff's First Amendment rights. Thereafter, the Mayor and members of the commission were dismissed and the managers were sued in their official capacities.

3. On February 15, 2002, following a 3 ½-day trial, the jury returned a verdict in favor of Plaintiff on his claim under 42 U.S.C. § 1983 against Defendants.

4. Annexed hereto as Exhibit A is the breakdown of all the hours devoted by Frank Costilla and Alejandro J. Garcia in prosecuting this action (see also Trial Exhibit 59). The total of the

hours is 32.4. and 96.7 for Mr. Costilla and Mr. Garcia, respectively. Of these hours, all were devoted to work on issues on which Plaintiff prevailed.

5. Frank Costilla and Alejandro J. Garcia, attorneys for Plaintiff are asking the court that they be awarded an hourly rate of $200 and $150, respectively, which is a normal hourly rate charged by them and other attorneys of similar experience for civil rights litigation. The rate is, in their opinion, reasonable considering their experience in the civil rights area and number of years of practice. Both of Plaintiff's attorneys undertook this litigation on the basis that they would be compensated only if the action were successful.

6. Attorney Frank Costilla has been practicing law in Texas since 1978. He has prosecuted through trial and appellate litigation numerous civil actions in various areas of the law including wrongful termination causes of action. Frank Costilla, Jr. is "AV" rated in the Martindale-Hubbell Law Directory and listed among the "Preeminent Lawyers" in the United States by the Martindale-Hubbell Bar Register.

7. Alejandro J. Garcia became a licensed attorney in 1998 and served a two-year term as an appellate briefing attorney for the Thirteenth Court of Appeals before entering private practice in 2000.

8. Based upon the experiences of Plaintiff's counsel and demonstrated expertise in this area, Plaintiff's attorneys suggest that the rate of $200 and $150 per hour is an appropriate rate for the services of Mr. Costilla and Mr. Garcia, respectively.

9. Multiplying the reduced hours set forth above times the respective rates of $200 and $150 per hour, Plaintiff's counsel are requesting that the sum of $20,385 be considered the lodestar figure herein.

10. The affidavit of Attorney Moises M. Salas, Jr. in support of said motion is attached hereto as Exhibit B.

For the reasons stated above, Plaintiff's counsel request that the motion herein be granted in all respects.

DATED: February 27, 2002

                                                   Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, P.L.L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone:   (956) 541-4982
Facsimile:    (956) 544-3152

_____[signature]_____
Frank Costilla
Attorney-in-Charge for Plaintiff
State Bar No. 04856500
Federal I.D. No. 1509
**Alejandro J. Garcia**
State Bar No. 24004663
Admitted *Pro Hac Vice*

STATE OF TEXAS         §
                       §
COUNTY OF CAMERON      §

On this day FRANK COSTILLA appeared before me, the undersigned notary public, and upon oath said that he is the attorney for Plaintiff in the above-entitled and numbered cause, that he has read the above and foregoing motion, and the facts stated therein are within his personal knowledge and true and correct.

_____[signature]_____
Frank Costilla

SWORN TO AND SUBSCRIBED to before me on the 27th day of February, 2002.



_____
Notary Public, State of Texas

| STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF CAMERON | § |

On this day ALEJANDRO J. GARCIA appeared before me, the undersigned notary public, and upon oath said that he is the attorney for Plaintiff in the above-entitled and numbered cause, that he has read the above and foregoing motion, and the facts stated therein are within his personal knowledge and true and correct.

_____
Alejandro J. Garcia

SWORN TO AND SUBSCRIBED to before me on the 27th day of February, 2002.



_____
Notary Public, State of Texas

### CERTIFICATE OF CONFERENCE

I, Frank Costilla, do hereby certify that on this 22nd day of February, 2002, Alejandro J. Garcia, an Associate with my office, conferred with Mr. Ryan Henry, WILLETTE & GUERRA, L.L.P., Counsel for Defendants, who advised that counsel cannot agree about the disposition of the motion.

_____
Frank Costilla

## CERTIFICATE OF SERVICE

On this the 27_T_ day of February, 2002, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Messrs. Hugh Touchy and Ryan Henry
**Willette & Guerra, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Via **CM/RRR # 7001 2510 0001 6503 3053**

_____
Frank Costilla

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| JUAN PEQUENO, | § | |
|---|---|---|
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (Jury Requested) |
| IVAN WELKER (Assistant City Manager), | § | |
| and CARLOS RUBINSTEIN (Previous City | § | |
| Manager) | § | |

## ATTORNEY'S FEES
Frank Costilla @ $200.00 per hour
Alejandro J. Garcia @ $150.00 per hour

| Date | Description | Atty | Time | Amount |
|---|---|---|---|---|
| 07/13/01 | Plaintiff's Answers/Responses and Objections to Defendants' First Set of Interrogatories, Request for Production, and Request for Admission | MS (FC review) | .3 | $45 |
| 07/24/01 | Meeting with Juan Pequeno and Moises Salas regarding case | FC/AJG | .7/.7 | $280 |
| 7/25/01 7/26/01 | Research law and cases on 42 USC § 1983 | FC/AJG | 2.0/4.5 | $1075 |
| 08/02/01 | Review of correspondence received from Seth Moore regarding discovery | MS (AG review) | 1 | $15 |
| 08/13/01 | Review of Plaintiff's Original Petition filed 11/27/00 | MS (AG review) | .2 | $30 |
| 08/13/01 | Review of Defendants' Original Answer to Plaintiff's Original Petition dated 03/23/01 | MS (AG review) | .2 | $30 |
| 08/13/01 | Review of Plaintiff's and Defendants' Joint Discovery/Case Management Plan | MS (AG review) | .4 | $60 |
| 08/13/01 | Plaintiff's and Defendants' Amended Joint Discovery/Case Management Plan dated 04/10/01 | MS (AG review) | .2 | $30 |
| 08/13/01 | Review of Defendants' Certified Disclosures of Interested Parties dated 04/12/01 | MS (AG review) | .2 | $30 |
| 08/13/01 | Plaintiff's Initial Disclosure to Defendants under Federal Rule of Civil Procedure 26(a) dated 05/16/01 | MS (AG review) | .2 | $30 |
| 08/13/01 | Correspondence from Moises Salas to Ryan Henry re extension Plaintiff to Answer/Respond and Objections to Discovery Propounded by Defendant, City of Brownsville's, First Set of Interrogatories, Request for Production and Request for Admissions dated 06/20/01 | MS (AG review) | 1 | $15 |

Pequeno v. City of Brownsville, et al.
Plaintiff's Attorney's Fees



Page 1

| 08/13/01 | Review of Plaintiff's First Amended Complaint filed 07/16/01 | FC/AJG | .3/.3 | $105 |
|---|---|---|---|---|
| 08/13/01 | Review of correspondence from Ryan Henry to Moises Salas dated 07/16/01 requesting expert deadlines | AJG | .1 | $15 |
| 08/13/01 | Review of Stipulation of Dismissal prepared by Moises Salas dated 07/23/01 | AJG | .2 | $30 |
| 08/17/01 | Plaintiff's Responses and Objections to Defendants' Request for Admission and Request for Production | MS (FC review) | .3 | $60 |
| 08/20/01 | Prepare and file Plaintiffs' Agreed Motion for Withdrawal and Substitution of Counsel | FC/AJG | .2/1.8 | $310 |
| 08/27/01 | Correspondence received from Moises Salas re Unopposed Motion Withdraw and Stipulation and other upcoming deadlines | FC/AJG | .1/.5 | $95 |
| 08/30/01 | Teleconference with opposing counsel Ryan Henry re his filing of a Motion for Summary Judgment | AJG | .1 | $15 |
| 08/30/01 | Correspondence to opposing counsel Ryan Henry requesting upcoming deadlines | FC | .2 | $40 |
| 08/30/01 | Review of correspondence received from Seth Moore regarding discovery deadlines | AJG | .2 | $30 |
| 08/30/01 | Correspondence to Seth Moore requesting Plaintiff's depo | AJG | .1 | $15 |
| 08/31/01 | Review of Defendants' First Amended Notice of Oral and Videotape Deposition of Plaintiff, Juan Pequeno, set on 09/12/01 | AJG | .1 | $15 |
| 09/03/01 | Correspondence to Juan Pequeno requesting setting of his deposition | AJG | .2 | $30 |
| 09/11/01 | Review of correspondence received from Seth Moore addressed to Frank Costilla | FC | .2 | $40 |
| 09/11/01 | Fax to Juan Pequeno attaching discovery responses | AJG | .2 | $30 |
| 09/11/01 | Preparation for Juan Pequeno's deposition; Teleconference w/ Juan Pequeno | AJG | 1.8 | $270 |
| 9/12/01 | Meeting with Juan Pequeno | FC/AJG | .5/.5 | $175 |
| 09/12/01 | Oral and videotape deposition of Juan Pequeno | AJG | 2.3 | $345 |
| 09/13/01 | Correspondence to Kenneth McCoin providing information on Juan Pequeno | AJG | 3.1 | $465 |
| 09/14/01 | Correspondence to Kenneth McCoin providing additional information | AJG | .9 | $135 |
| 09/20/01 | Correspondence to Seth Moore requesting depositions | AJG | .5 | $75 |

**Pequeno v. City of Brownsville, et al.**
**Plaintiff's Attorney's Fees**                                                                                   Page 2

| Date | Description | Atty | Hours | Amount |
|---|---|---|---|---|
| 09/20/01 | Fax to Kenneth McCoin providing additional information | AJG | .3 | $45 |
| 09/21/01 | Review of correspondence from Seth Moore responding to our request for depositions | FC | .2 | $40 |
| 09/21/01 | Review of Kenneth McCoin's report faxed 09/21/01 | FC/AJG | .5/.5 | $175 |
| 09/25/01 | Correspondence to Seth Moore regarding depos | AJG | .2 | $30 |
| 10/02/01 | Plaintiff's Notice of Oral and Videotape Deposition (Subpoena Duces Tecum) of Carlos Rubinstein set for 11/02/01 | AJG | .3 | $45 |
| 10/03/01 | Correspondence to our expert, Kenneth McCoin | AJG | .2 | $30 |
| 10/08/01 | Correspondence to Juan Pequeno informing him of upcoming depositions | AJG | .2 | $30 |
| 10/11/01 | Teleconference with Kenneth McCoin request his depositions | FC/AJG | .3/.3 | $105 |
| 10/11/01 | Plaintiffs' (Subpoenaed) Notice of Oral and Videotape Deposition of Arturo Rodriguez set for 11/08/01 | AJG | .3 | $45 |
| 10/15/01 | Correspondence to Ryan Henry confirming Kenneth McCoin's availability | AJG | .2 | $30 |
| 10/16/01 | Plaintiff's written discovery to Defendant, City of Brownsville | FC/AJG | .7/4.5 | $815 |
| 10/16/01 | Teleconference with Seth Moore requesting Kenneth McCoin's deposition | AJG | .1 | $15 |
| 10/17/01 | Correspondence to Seth Moore confirming the setting of Kenneth McCoin's deposition | AJG | .1 | $15 |
| 10/23/01 | Review of Defendants' First Amended notice of Deposition and Subpoena Duces Tecum of Dr. Kenneth McCoin set for 10/30/01 | AJG | .1 | $15 |
| 10/24/01 | Correspondence to Kenneth McCoin enclosing depositions notice | AJG | .2 | $30 |
| 10/28/01 10/29/01 | Preparation for Kenneth McCoin's deposition | AJG | 1.0 | $150 |
| 10/30/01 | Travel time for Kenneth McCoin's deposition | AJG | 6.1 | $915 |
| 10/30/01 | Oral and videotape deposition of Kenneth McCoin | AJG | 2.0 | $300 |
| 10/31/01 | Review of correspondence received from Seth Moore requesting Brownsville City Charter | AJG | .1 | $15 |
| 11/01/01 | Review of correspondence received from Seth Moore enclosing Brownsville City Charter and Personnel Manual | AJG | 1.9 | $285 |

Pequeno v. City of Brownsville, et al.
Plaintiff's Attorney's Fees

Page 3

| 11/01/01 | Preparation for Carlos Rubinstein and Ivan Welker's depositions | AJG | 4.5 | $675 |
|---|---|---|---|---|
| 11/02/01 | Oral and videotape deposition of Carlos Rubinstein | AJG | 2.8 | $420 |
| 11/02/01 | Oral and videotape deposition of Ivan Welker | AJG | 2.1 | $315 |
| 11/06/01 | Review Defendants' Motion Requesting Oral Arguments and a Ruling on Defendants' Motion to Dismiss and Motion for Summary Judgment | AJG | .1 | $15 |
| 11/07/01 | Preparation for deposition of Arturo Rodriguez | AJG | 2.0 | $300 |
| 11/08/01 | Oral and videotape deposition of Arturo Rodriguez | AJG | 4.2 | $630 |
| 11/08/01 | Review Defendant's First Supplemental Initial Disclosure to Plaintiff dated 11/06/01 | AJG | .1 | $15 |
| 11/15/01 | Prepare and file Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss and Motion for Summary Judgment | FC/AJG | .3/1.3 | $255 |
| 11/15/01 | Correspondence to Seth Moore regarding mediation | AJG | .2 | $30 |
| 11/16/01 | Received and reviewed Defendant, City of Brownsville's, Answers/Responses to Plaintiff's Written Discovery and attachments | FC/AJG | .5/1.8 | $370 |
| 11/16/02 | Review Order Granting Unopposed Motion for Withdrawal and Substitution of Counsel | AJG | .1 | $15 |
| 11/21/01 | Review of Defendants' Second Supplemental Initial Disclosure to Plaintiff and attachments | AJG | .1 | $15 |
| 11/27/01 | Teleconference with Juan Pequeno regarding discovery answers | AJG | .3 | $45 |
| 11/27/01 | Correspondence to Juan Pequeno enclosing numerous file documents | AJG | .2 | $30 |
| 11/28/01 | Review of Defendants' Answer to Plaintiff's First Amended Complaint dated 11/27/01 | AJG | .2 | $30 |
| 11/30/01 | Plaintiff's First Supplemental Answers and Responses to Defendants' First Set of Interrogatories, Request for Production, and Request for Admissions | FC/AJG | .2/1.7 | $295 |
| 12/19/01 | Review of correspondence received from Seth Moore on their expert, Donna Johnson | FC/AJG | .2/.3 | $95 |
| 01/02/02 | Review of Defendants' First Amended Notice of Deposition of Plaintiff, Juan Pequeno and Subpoena Duces Tecum set for 01/24/02 | AJG | .1 | $15 |
| 01/07/02 | Plaintiff's First Amended Notice of Oral and Videotape Deposition (Subpoena Duces Tecum) of Donna Johnson | AJG | .3 | $45 |

Pequeno v. City of Brownsville, et al.
Plaintiff's Attorney's Fees

| 01/07/02 | Review of Court's docket printout | AJG | .1 | $15 |
|---|---|---|---|---|
| 01/07/02 | Correspondence to Ryan Henry regarding Plaintiff's Second Amended Complaint | AJG | .1 | $15 |
| 01/10/02 | Correspondence to Seth Moore enclosing Rule 11 Agreement | AJG | .1 | $15 |
| 01/14/02 | Review Agreed Motion to Mediate | AJG | .1 | $15 |
| 01/15/02 | Plaintiff's Second Amended Complaint and Reply to Counterclaim | FC/AJG | .4/1.1 | $245 |
| 01/15/02 | Review of order setting out mediation requirements | FC/AJG | .4/.4 | $140 |
| 01/16/02 | Plaintiff's First Supplemental Disclosure to Defendants under Rule 26(a) | AJG | .2 | $30 |
| 01/17/02 | Mtg. with Clients re upcoming mediation | FC/AJG | 1.3 | $455 |
| 01/18/02 | Correspondence to Ryan Henry on Plaintiff's settlement demand prior to mediation | AJG | .2 | $30 |
| 01/18/02 | Correspondence to Ryan Henry withdrawing deposition notice of Donna Johnson | AJG | .2 | $30 |
| 01/18/02 | Review of correspondence from Seth Moore requesting mediation | AJG | .1 | $15 |
| 01/21/02 | Review of correspondence received from Ryan Henry responding to Plaintiff's settlement demand | AJG | .1 | $15 |
| 01/21/02 | Prepare for concept focus group | FC/AJG | 3.0/3.1 | $1065 |
| 01/21/02 | Conducted a concept focus group in case | FC/AJG | 4.0/4.0 | $1400 |
| 01/21/02 | Review of Defendants' Joint Pre-Trial Order | FC/AJG | .4/.8 | $200 |
| 01/22/02 | Mediation memorandum to Hon. Felix Recio | FC/AJG | .4/3.8 | $650 |
| 01/22/02 | Preparation of Plaintiff's Joint Pre-Trial Order | AJG | 2.1 | $315 |
| 01/22/02 | Prepared and filed Motion and Order for Admission *Pro Hac Vice* | AJG | .2 | $30 |
| 01/23/02 | Mediation before Magistrate Judge Felix Recio | FC/AJG | 3.0/3.0 | $1,050 |
| 01/24/02 | Oral and videotape deposition of Juan Pequeno | AJG | 1.0 | $150 |
| 01/24/02 | Preparation of Plaintiff's Joint Pre-Trial Order | FC/AJG | 5.1 | $1,125 |
| 01/24/02 | Finalize and file Joint Pre-Trial Order | FC | 1.0 | $200 |
| 01/24/02 | Review of Defendants' Designation of Lead Counsel dated 01/24/02 | AJG | .1 | $15 |
| 01/25/02 | Correspondence to Juan Pequeno enclosing deposition transcript | AJG | .2 | $30 |

Pequeno v. City of Brownsville, et al.
Plaintiff's Attorney's Fees                                                                                         Page 5

| 1/24/02 | Review of Defendants' Answer to Plaintiff's Second Amended Complaint | AJG | .1 | $15 |
| --- | --- | --- | --- | --- |
| 01/31/02 02/01/02 | Preparation of Plaintiff's Revised Joint Pretrial Order | FC/AJG | 6.0/8.0 | $2400 |
| 02/05/02 | Review Defendants' Proposed Motion in Limine; Teleconference with Seth Moore | AJG | .3 | $45 |
|  | **TOTAL AS OF FEBRUARY 25, 2002** (subject to revision at conclusion of trial) |  |  | 20,385.00 |

**Pequeno v. City of Brownsville, et al.**
**Plaintiff's Attorney's Fees**                                                                                                    Page 6

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, | § | (Jury Requested) |
| IVAN WELKER (Assistant City Manager), | § | |
| and CARLOS RUBINSTEIN (Previous City | § | |
| Manager) | § | |

## AFFIDAVIT OF MOISES M. SALAS, JR.

**STATE OF TEXAS**           §
                             §
**COUNTY OF CAMERON**        §

BEFORE ME, the undersigned authority, on this day personally appeared MOISES M. SALAS, JR., known to me to be the person who subscribed his name below, who, after having first been duly sworn by me, on oath deposes and says:

"My name is MOISES M. SALAS, JR. I am over the age of twenty-one (21) years, am competent in all respects to testify herein and I have personal knowledge of the facts herein.

"I am an attorney in private practice in Brownsville, Texas. I have been licensed to practice in the State of Texas since May, 1993. My area of practice involves general civil law which includes cases brought under various civil rights statutes, including 42 U.S.C. 1983. In the course of my practice, I am familiar with the development of the law in these areas and with the award of attorney's fees to prevailing parties under those statutes as well as the award of attorney's fees for federal practice in Cameron County and surrounding counties.

"I am licensed to practice by the Supreme Court of Texas and the United States District Courts for the Southern District of Texas.

"I am a member of the State Bar of Texas, the Cameron County Bar Association, and the Hidalgo County Bar Association.

"I am familiar with the customary fees charged by lawyers in these types of actions as well as with the regular, noncontingent hour rates charged by lawyers in the Cameron County legal community for civil rights and employment discrimination litigation. This knowledge is based not only upon my own experience in handling both hourly rate and contingent fee matters, but also my conversations and discussions with other lawyers over the years.

**Affidavit of Moises M. Salas**                                                                Page 1



"I know Mr. Frank Costilla and he has an excellent reputation as a litigator. In my opinion, based upon my knowledge of fees charged in this district, a reasonable hourly rate for Mr. Costilla, who represented Plaintiff as lead counsel in this action, is at least $200 per hour when paid for his services in due course as they are provided. I also know Mr. Alejandro J. Garcia who I know to be a competent associate attorney in Mr. Costilla's firm. In my opinion, based upon my knowledge of fees charged in this district, a reasonable hourly rate for Mr. Garcia, who represented Plaintiff as co-counsel in this action, is at least $150 per hour when paid for his services in due course as they are provided. These rates are consistent with rates charged by lawyers with similar experience, skills, and reputation in the United States District Court for the Southern District of Texas.

"Claims under 42 U.S.C. § 1983 are not easy cases, and are cases in which plaintiffs do not often prevail. Compensating the successful Plaintiff's attorneys for the value of time expended is not true compensation for the services provided and additional financial consideration should be available to Mr. Costilla and Mr. Garcia for the risk of loss they assumed. Enhancement of counsel's lodestar calculation for risk of loss is available and appropriate in civil rights cases in these markets where greater than normal compensation is customary on contingent fee cases, and enhancement is necessary to attract competent counsel to such cases.

"I know that attorneys in Cameron County and surrounding counties expect compensation in excess of regular hourly rates where they undertake work with a fee available only if they prevail. I know also that enhancement of the lodestar is necessary to attract competent counsel to such cases.

_____
MOISES M. SALAS, JR.

SUBSCRIBED AND SWORN to me by MOISES M. SALAS, JR. on this the 26th day of February, 2002, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

ROSALINDA M. GARZA
Notary Public, State of Texas
My Commission Expires
06-27-2005

**Affidavit of Moises M. Salas**                                                                                      Page 2



AO 133    (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT

__Southern__ District of __Texas__

JUAN PEQUENO

v.

CITY OF BROWNSVILLE, et al.

**BILL OF COSTS**

Case Number:   B-00-180

Judgment having been entered in the above entitled action on _____ against ____Defendants____,
                                                              Date
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ................................................. | $ _____ |
| Fees for service of summons and subpoena ............................ | 100.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | _____ |
| Fees and disbursements for printing ................................. | _____ |
| Fees for witnesses (itemize on reverse side) ........................ | 50.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | _____ |
| Docket fees under 28 U.S.C. 1923 ................................... | 3.00 |
| Costs as shown on Mandate of Court of Appeals ....................... | _____ |
| Compensation of court-appointed experts ............................. | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | _____ |
| Other costs (please itemize) ........................................ | 3,416.73 |
| TOTAL | $ _____ |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: __Messrs. Hugh Touchy and Ryan Henry__.

Signature of Attorney: _[signature]_

Name of Attorney: __Frank Costilla__

For: __Plaintiff__                                                              Date: __02/27/02__
          Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

By: _____

Clerk of Court                    Deputy Clerk                            Date

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) ||||||||
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE || SUBSISTENCE || MILEAGE || Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Arturo Rodriguez, Vermont & Sunshine Strip, Harlingen, TX | 1 | 10.00 | | | | | 10.00 |
| Arturo Rodriguez, Vermont & Sunshine Strip, Harlingen, TX | 1 | 30.00 | | | | | 30.00 |
| Paul Calapa, 294 Creekbend Drive, Brownsville, TX | 1 | 10.00 | | | | | 10.00 |
| | | | | | | TOTAL | 50.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO, | § § § | |
| vs. | § § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, IVAN WELKER (Assistant City Manager), and CARLOS RUBINSTEIN (Previous City Manager) | § § § § | (Jury Requested) |

## ATTACHMENT TO BILL OF COSTS

Other costs (please itemize):

| | | | |
|---|---|---|---|
| a) | Cost for copy of deposition of Juan Pequeno | $ | 197.30 |
| b) | Cost for video tape of deposition of Juan Pequeno | $ | 49.00 |
| c) | Cost for video tape of deposition of Ken McCoin, Ph.D. | $ | 80.00 |
| e) | Cost for copy of deposition of Ken McCoin, Ph.D. | $ | 126.60 |
| f) | Cost for depositions of Ivan Welker and Carlos Rubinstein | $ | 1,201.60 |
| g) | Cost for video tape of depositions of Ivan Welker and Carlos Rubinstein | $ | 445.00 |
| h) | Cost for deposition of Arturo Rodriguez | $ | 873.85 |
| i) | Cost for video tape of deposition of Arturo Rodriguez | $ | 325.00 |
| k) | Cost for deposition of Juan Pequeno | $ | 118.38 |
| | Total | | $ 3,416.73 |