

United States District Court
Southern District of Texas
FILED

MAR 1 8 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF BROWNSVILLE, | § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and | § | (Jury requested) |
| CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

## DEFENDANTS' MOTION FOR NEW TRIAL

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW DEFENDANTS CITY OF BROWNSVILLE, IVAN WELKER, AND CARLOS RUBINSTEIN, in their official capacities, and file this their Motion for New Trial as authorized by Federal Rule of Civil Procedure 59 and would respectfully submit unto the Court the following:

### INTRODUCTION

1.      Plaintiff is Juan Pequeno; Defendants are the City of Brownsville, and Ivan Welker and Carlos Rubenstein in their Official Capacities. Plaintiff sued Defendants for alleged violations of his First and Fourteenth Amendment rights under the United States Constitution pursuant to 42 U.S.C. §1983. After trial on the merits, the Court submitted the case to the jury. The jury returned a verdict for Plaintiff. In this Motion for New Trial, Defendants submit three grounds for the Court to consider which include the following: (1) The evidence is insufficient to support the verdict and the verdict is against the weight of the evidence; (2) The charge to the jury was erroneous because the Court failed to submit a question on the issue of "Deliberate Indifference"; (3) The Court erred by allowing Plaintiff to re-open his case in chief, admitting evidence from the Texas Workforce

Commission hearing. In addition, Defendants incorporate herein the arguments included in Defendants' Renewed Rule 50 Motion for Judgment as a Matter of Law and hereby ask the Court to Grant its Motion for New Trial and if the Court finds appropriate to rule on the legal issues rendering a take nothing Judgment in favor of Defendants.

## ARGUMENT AND AUTHORITIES

### I. Insufficient Evidence

2.     The Court should grant a new trial because the evidence is insufficient to support the verdict and the verdict is against the weight of the evidence. *Smith v. Transworld Drilling Co.,* 773 F.2d 610 (5th Cir. 1985). Specifically, the Jury's answer to Question No. 2 is legally insufficient and against the weight of the evidence to support the verdict. The jury answered "No" to the question; "Was Juan Pequeno discharged by the City of Brownsville for other reasons outside the protected First Amendment speech?" A new trial may be granted if the trial court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial is unfair or prejudicial error was committed. *Smith at 613.* In determining whether to grant a new trial, the trial court should consider whether the verdict is "clearly contrary to the weight of the evidence," and the trial court need not view the evidence "in the light most favorable to the nonmoving party" when making this determination. *Smith at 613.*

3.     It is for a jury to decide factual disputes as to whether Plaintiff's protected speech was a substantial or motivating factor in the adverse employment decision, or whether the employer would have made the same employment decision in the absence of the protected speech. *Gardetto v. Mason,* 100 F.3d 803, 811 (10th Cir.1996). There is substantial evidence before the Court which the jury completely disregarded and failed to consider about other reasons which clearly justify the Plaintiff's termination independent of his speech. The following evidence is part of the record and

should have been considered:

    A.     Memorandum from Plaintiff to City Manager wherein Plaintiff accused his superiors of defrauding, misrepresenting and lying to the Commission and other Departments. This is a blatant act of insubordination and a violation of City Policy which encourages employees to promote friendly working relations. (Plt's Ex. 8.)

    B.     The Plaintiff agreed in his testimony that his wording could be viewed as destroying friendly relations with his supervisors.

    C.     The Plaintiff then accused the City Manager and Assistant City Manger of mismanaging the City of Brownsville and lying to the City Commission. (Plt's Ex. 32.)

    D.     The Plaintiff criticized the auditors by alleging they grossly misrepresented facts regarding the current MIS software. (Plt's Ex.s 6, 8, 32.)

    E.     The Plaintiff criticized various other departments in the City including the Purchasing department, the EMS department, and the Finance department. (Plt's Ex. 8.)

4.     Each of these issues where presented to the jury and legally justify a termination of Plaintiff independent of Plaintiff's speech, however the jury failed to consider any of these issues by its answer to Question No. 2. The jury determined that Plaintiff's protected speech was the only motivating factor in the City of Brownsville's decision to discharge the Plaintiff. The Defendants argue that the jury's decision that no other reasons existed for Plaintiff's termination outside the protected First Amendment speech, is clearly contrary to the weight of the evidence as described above.

5.      In addition, the Defendants have an interest in promoting efficiency in City operations and management. The evidence before the Court is insufficient to establish the Plaintiff's right in speaking about a matter of public concern outweighs the Defendants' interest in promoting efficiency. Government employers can terminate their employees for speaking on a matter of public concern if employer's interest in efficiency at the office outweighs the employee's interest in speaking. *Kennedy v. Tangipahoa Parish Library Bd. Of Control*, 224 F.3d 359, 377 (5th Cir. 2000.) In striking this balance, a court should examine whether the speech was likely to generate controversy and disruption, whether it impeded the City's general performance and operation, and affected working relationships necessary to the City's proper functioning. *Brawner v. Richardson*, 855 F.2d 187, 192 (5th Cir.1988). The evidence reveals that Plaintiff's behavior was disruptive, and it is quite clear that the jury reached a clearly erroneous result when weighing all of the evidence. Therefore a Motion for New Trial should be granted.

## II. Failure to Submit Deliberate Indifference Question

6.      A court should grant a new trial if the Court's charge to the jury was erroneous and if (1) the movant made a timely and proper objection to the erroneous charge, (2) the erroneous charge unfairly prejudiced the jury, and (3) the movant requested alternative instructions that would have remedied the error. *Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1281 (Fed. Cir. 2000). Specifically, the Court should grant a new trial in this case because the Court erred in refusing to submit Defendants' Question No. 2: "Was that policy, custom, or practice created with deliberate indifference toward the Plaintiff's constitutional rights?" Defendants submitted the issue of "Deliberate Indifference" in their Joint Pretrial Order and again in open Court during the Charge Conference Hearing, the Court refused to include an appropriate question in the charge.

7. In order to properly hold the City liable, the Plaintiff should have been required to prove Carlos Rubenstein acted with deliberate indifference to the Plaintiff's constitutional rights. The City must have had the required mental culpability in order to be held liable. *Brown v Bryan County*, 219 F.3d 450 (5th Cir. 2000.)

8. The Court's instructions to the jury and special interrogatories are reviewed for abuse of discretion. *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, (5th Cir. 1994). Although broad discretion is afforded in fashioning jury instructions, the trial court must nevertheless "instruct the jurors, fully and correctly, on the applicable law of the case, and ... guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth." *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, (5th Cir. 1994), *Bender v. Brumley,* 1 F.3d 271, 276 (5th Cir.1993). "On appeal, the charge must be considered as a whole, and so long as the jury is not misled, prejudiced, or confused, and the charge is comprehensive and fundamentally accurate, it will be deemed adequate and without reversible error." *Davis v. Avondale Industries*, Inc., 975 F.2d 169, 173-74 (5th Cir.1992). Moreover, the Court of Appeals will only reverse when the jury charge as a whole leaves it with "substantial and ineradicable doubt as to whether a jury has been properly guided in its deliberations." *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, (5th Cir. 1994).

9. Defendants properly and timely objected to the Court's charge with regard to the "deliberate indifference" issue. Failing to submit a question on "deliberate indifference", the Court improperly instructed the jurors on the applicable law and misguided their understanding of the legal and factual issues involved in this case, thus resulting in a verdict contrary to the evidence. There is substantial and ineradicable doubt as to whether the jury in this case has been properly guided in its deliberation, therefore, a Motion for New Trial should be granted.

### III. Error in Allowing Plaintiff to Re-Open Case in Chief

10. After the Plaintiff rested, but before Defendants began to put on evidence, the Plaintiff asked to re-open his case in order to play an audio tape of the TWC meeting where Assistant City Manager, Ivan Welker stated "the Plaintiff blindsided the commission when he objected to the software purchase." The tape was subject to a Motion in Limine and the tape did not go towards any impeachment of Ivan Welker. Defendants objected to the admissibility of that evidence, and the Plaintiff argued that the tape was rebuttal evidence. However, rebuttal evidence should only be allowed to challenge new testimony brought out in the opponent's case. *Pandit v American Honda Motor*, 82 F3d 376, 383 (10th Cir. 1996.) This evidence was prejudicial to Defendants' case and should not have been admitted. A district court has power to grant a new trial when a jury has inadvertently considered inadmissible evidence and evidence was prejudicial to losing party. *Carson v. Polley*, 689 F.2d 562 (5th Cir. 1982). Accordingly, Defendants' Motion for New Trial should be granted.

### **CONCLUSION**

11. Defendants move this court reverse the jury's verdict in favor of Plaintiff and grant Defendants a new trial. The evidence is insufficient to support the verdict and the verdict is against the weight of the evidence. The jury disregarded the clear weigh of the evidence which entitled Defendants to terminate the Plaintiff regardless of his speech. Additionally, The charge to the jury was erroneous because the Court failed to submit a question on the issue of "Deliberate Indifference." Finally, the Court erred by allowing Plaintiff to re-open his case in chief, admitting evidence from the Texas Workforce Commission hearing. For the above reasons, the Defendants did not receive a fair trial and justice requires they be afforded a new trial.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants City of Brownsville, Ivan Welker, and Carlos Rubinstein, in their official capacities pray this Court grant this Motion for New Trial, reverse the verdict of the jury, and order a new trial on this matter.

Signed on March 18, 2002.

                                                  Respectfully submitted,

                                                  WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:   (956) 541-1846
Facsimile:   (956) 541-1893

By: _____
    RYAN HENRY
    State Bar No. 24007347
    Fed ID. No. 22968
    HUGH P. TOUCHY
    State Bar No. 20150800
    Fed ID. No. 12401

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on, March 18, 2002 to all counsel of record, via certified mail return receipt requested to the following:

Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.C.
5 East Elizabeth Street
Brownsville, Texas 78520

                                                Ryan Henry

## CERTIFICATE OF CONFERENCE

The undersigned contacted counsel for the Plaintiff regarding this motion and Plaintiff's counsel is opposed to the filing of such motion.

_____
Ryan Henry