United States District Court
Southern District of Texas
FILED

APR 0 4 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN PEQUENO, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, § | (Jury Requested) |
| IVAN WELKER (In His Official Capacity as § | |
| Former Assistant City Manager), § | |
| and CARLOS RUBINSTEIN (In His Official § | |
| Capacity as Former City Manager) § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR NEW TRIAL**

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff JUAN PEQUENO files his Response to Defendant's Motion for New Trial and in support of said response would show the Court as follows, to-wit:

### INTRODUCTION

This action came on for trial on February 11, 2002, before the Court and a jury, Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, presiding. Final Judgment in this cause was entered by the Court on March 26, 2002. Defendants' Motion for New Trial was filed prior to the Final Judgment on or about March 18, 2002. Plaintiff objects to the motion in its entirety and specifically objects to the various grounds presented in Defendants' motion for the reasons that (1) the evidence was sufficient to support the jury's verdict; (2) the Court did not err in refusing to submit Defendants' proposed question on "deliberate indifference"; and (3) there was no error in allowing Plaintiff to reopen his case in chief.

## ARGUMENT AND AUTHORITIES

A. THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE JURY'S VERDICT

Defendants' assertion that the jury's verdict was not supported by the evidence is baseless and without merit. In Question No. 1, the jury was asked: "Was the protected First Amendment speech a substantial or motivating factor in the City of Brownsville's decision to discharge Juan Pequeno?" The jury answered "Yes." Defendants are now trying to convince this Court that they are entitled to a new trial based on the same pretextual argument which they presented to the jury, *i.e.*, there were other factors that the City considered when terminating Plaintiff's employment. These other "factors," however, were a mere pretext to the real reason for terminating Plaintiff, and the jury, contrary to Defendants' assertion, had this evidence properly before it and did in fact consider it, but were able to see through this transparency. Defendants' assertion in paragraph 4 of its motion which states: "The jury determined that Plaintiff's protected speech was the only motivating factor in the City of Brownsville's decision to discharge the Plaintiff" is false. Rather, the jury, as the finders of fact, determined that Plaintiff's First Amendment speech was a "*substantial or motivating* factor" in the City of Brownsville's decision to hire him based on ample evidence presented during the trial.

B. DEFENDANTS' WERE NOT ENTITLED TO A SUBMISSION ON "DELIBERATE INDIFFERENCE"

The Court did not err in refusing to submit Defendants' Proposed Question No. 2 which asked the jury to make a finding with regard to whether the City of Brownsville's policy, custom or practice was created with deliberate indifference. This is so because the facts and circumstances of this case did not warrant such a question. The reasoning for the proper exclusion of a deliberate indifference finding in this case, as well as those situations when such a finding would be required,

was squarely addressed by our Supreme Court in *Bryan County v. Brown*, 520 U.S. 397 (1997).

There, Jill Brown brought a 42 U.S.C. § 1983 damages action against Bryan County, Oklahoma, alleging, that a deputy sheriff had arrested her with excessive force, and that it was liable for her injuries because the County's Sheriff (a policymaker and authorized decisionmaker) had hired the deputy (the actual tortfeasor) without adequately reviewing his background. Addressing the issue of whether the County could be held liable under § 1983 based on the Sheriff's decision to hire the deputy, the Court stated:

> [A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.
>
> Where a plaintiff claims that a particular municipal action *itself* violates federal law, or directs an employee to do so, resolving these issue of fault and causation is straightforward. Section 1983 itself contains no state-of-mind requirement independent of that necessary to state a violation of the underlying federal right. (Citations omitted). In any 1983 suit, however, the plaintiff must establish the state of mind required to prove the underlying violation. *Accordingly, proof that a municipality's legislative body or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably. Similarly, the conclusion that the action taken or directed by the municipality or its authorized decisionmaker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains.*

*Bryan County*, 520 U.S. at 404-05 (emphasis added).

The Court then cited some examples of when a single decision by an authorized policymaker had subjected a municipality to liability under § 1983: *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) (county prosecutor directly ordered forcible entry of an office); *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) (city council cancelled concert because of disagreement over performance's content); *Owen v. City of Independence*, 445 U.S. 622 (1980) (city council passed a resolution firing police chief without a pretermination hearing). Each of these cases involved a

single decision by an authorized decisionmaker or policymaker which was unconstitutional on its face, and the fault and causation on the part of the municipality were straightforward and obvious.

The Court then went on to address the second type of situation where questions of fault and causation were not so straightforward and a finding of deliberate indifference would be required. The Court stated:

> Claims not involving an allegation that the municipal action itself violated federal law, or directed or authorized the deprivation of federal rights, present much more difficult problems of proof.
>
> * * * *
>
> [A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences.

*Bryan County*, 520 U.S. at 406-07 (citing in part *Canton v. Harris*, 489 U.S. 378, 388 (1989)). The Court analogized the case before it with this second type of situation where a deliberate indifference finding would be required because the Sheriff's hiring decision, in and of itself, was perfectly legal and the Sheriff did not authorize his deputy to use the excessive force.

The facts of this case are analogous to the first situation discussed above, and are substantially different to the situation in *Bryan County* and the position taken by Defendants in their motion. Defendants were not entitled to a submission on deliberate indifference because here, the decision of former City Manager and policymaker, Carlos Rubinstein, to uphold and affirm the decision of the Assistant City Manager, Ivan Welker, in terminating Plaintiff Juan Pequeno, was unconstitutional on its face. These violations of Plaintiff's constitutional rights were direct actions which thereby triggered liability, fault and causation against the City of Brownsville and eliminated the need for a finding of "deliberate indifference" as Defendants incorrectly suggest in paragraph seven of their motion. Accordingly, the jury was properly charged and there was no error.

C.  THERE WAS NO ERROR IN ALLOWING PLAINTIFF TO REOPEN ITS CASE

Prior to the Defendants presentation of its case, the Court, on oral motion by the Plaintiff, allowed Plaintiff to reopen its case for the purpose of playing an audio tape of a telephonic hearing of the Texas Workforce Commission wherein Assistant City Manager provided testimony to the TWC hearing officer which was inconsistent with the Defendants' Motion for Judgment as a Matter of Law presented at the conclusion of Plaintiff's case in chief. The Court was entirely within its discretion to allow the evidence, particularly when considering factors such as fairness and justice. *See e.g., Capital Mar. Sup., Inc. v. M/V Roland Thomas, II*, 719 F.2d 104, 107 (5th Cir. 1983); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971). Moreover, allowing the introduction of additional evidence did not cause an injustice or undue prejudice to Defendants, nor did it cause undue delay. Contrary to Defendants' conclusory assertion that the evidence was prejudicial to its case, Defendant has wholly failed to show *how* or *why* Defendant was prejudiced or how the Court's decision constitutes an injustice. Alternatively, even if the introduction of such evidence was error, which Plaintiff's vehemently deny, such error was harmless and does not provide a ground for new trial.

## CONCLUSION

Plaintiff opposes Defendants' Motion for New Trial and objects to the various grounds which Defendant has set forth in said motion. Not only was there more than sufficient evidence in this case to support the jury's verdict, but the jury was properly charged and all evidence was properly presented to the jury and this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants' Motion for New Trial be denied in all respects.

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, P.L.L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 541-4982
Facsimile: (956) 544-3152

_____
**Frank Costilla**
State Bar No. 04856500
Federal I.D. No. 1509
**Alejandro J. Garcia**
State Bar No. 24004663
Admitted *Pro Hac Vice*


## CERTIFICATE OF SERVICE

On this the 4th day of April, 2002, a true and correct copy of the above and foregoing document was sent to all counsel involved in the manner indicated below:

Mr. Ryan Henry                              Via CM/RRR # 7001 0320 0004 7246 8994
**Willette & Guerra, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

_____
Alejandro J. Garcia