UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Juan Pequeno, | § § § | |
| vs. | § | CIVIL ACTION NO. B-00-180 |
| City of Brownsville, | § § § § | |

=====================================================
**PLAINTIFF'S MOTION TO AMEND JUDGMENT**
=====================================================

Respectfully submitted,

By: _____
Juan Pequeno, (Plaintiff)
Attorney-in-Fact
P.O. Box 5692
Brownsville, Texas   78523

## **TABLE OF CONTENTS**

Table of Contents. . . . . . . . . . . . . . . . . . . .2

Table of Authorities. . . . . . . . . . . . . . . . . .3

Front pay as Appropriate Remedy Relief for Plaintiff.. ..5

Evidence provided at Court by Expert Witness on FrontPay.6

Juror's Testimonies. . . . . . . . . . . . . . . . . . .7

Conclusion. . . . . . . . . . . . . . . . . . . . . . .8

Conference with Plaintiff's Attorney. . . . . . . . . . .9

Plaintiff's attempt to seek other Counsel. . . . . . . .9

Certificate of Service. . . . . . . . . . . . . . . . .10

Order to Amend Judgment

Order Setting Hearing

## TABLE OF AUTHORITIES

**Reference:**

22 Am Jur Proof of Facts 3d (pages 239,240,241)

**CASES**

Wulf v City of Wichita, (1989, CA10 Kan) 883 F2d 842
  "where the court upheld award saying that the defendants were the cause of the uncertainty and could not take advantage of it – with regard to damage award of front pay"

Starrett v Wadley, 876 F.2d 808 (10th Cir 1989)
  "an award of front pay, in lieu of reinstatement, is an equitable remedy. The district court accordingly has discretion to decide whether such an award is appropriate."

Graefenhain v Pasbst Brewing Co., 870 F2d 1198,1201
  "review of trial judge's award of front pay under an abuse of discretion standard.

Hansard v Pepsi-Cola Metro Bottling Co, Inc, 865, F2d 1461, 1469 (5th Cir)
  "Front pay will not be awarded unless the Plaintiff shows that reinstatement is not feasible"

Reneau v Wayne Griffin & Sons, Inc, 945 F2d 869,870 (5th Cir. 1991)
  "Since front pay is an equitable remedy, the district court rather than the jury should determine whether an award of front pay is appropriate, and if so, the amount of the award".

Deloach v Delchamps, Inc. 897 F2d 815, 822 (5th Cir 1990)
  "district court's decision that reinstatement was not feasible for an abuse of discretion."

**STATUTES**

42 U.S.C.1983. . . . . . . . . . . . . . . . . . . . 4

U.S. Const. 1st Amendment. . . . . . . . . . . . . . . . .4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Juan Pequeno, | § § § |
| vs. | § CIVIL ACTION NO. B-00-180 § |
| City of Brownsville, | § § |

## PLAINTIFF'S MOTION TO AMEND JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES PLAINTIFF, Juan Pequeno, and files this Motion to Amend Judgment.    As per Federal Civil Rules, 59(e) a MOTION TO AMEND JUDGMENT may be entered within 10 days of entry of final order. Final Order was entered on March 26, 2002.    Plaintiff won a judgment against Defendants, City of Brownsville et al, for violating Plaintiff's 1ˢᵗ Amendment rights protected under 42 U.S.C 1983 Law.

4

## FRONTPAY AS APPROPRIATE RELIEF FOR PLAINTIFF

According to 42 U.S.C. 1983 Law, a public employee whose 1st Amendment right has been violated and who has been discharged from employment because of it, is entitled to front pay as appropriate remedy to make Plaintiff 'whole' if Defendant failed to safeguard his employment position or the existing job climate would be hostile towards Plaintiff. In this case, Plaintiff, an aggrieved party unequivocally cannot be placed back into his previous employment position because Defendant filled in the position and there exists a hostile political climate and atmosphere towards Plaintiff at the City of Brownsville. The political climate at the City is such that placing Plaintiff back at his job would be infeasible because of several reasons. Henry Gonzalez, former Mayor of the City, is presently a Brownsville City Commissioner and has publicly declared that he is a personal friend of the previous final authority Carlos Rubinstein who was named as one of the Defendants in this lawsuit. Efren Fernandez, former Human Resource director who provided Court testimony against Plaintiff, is now Acting City Manager for the City of Brownsville. Lidia Gonzales who provided Court affidavit against Plaintiff, is presently Acting Human Resource Director for the City of Brownsville.

## 2.
## EVIDENCE PROVIDED AT COURT BY EXPERT WITNESS ON FRONT PAY

Plaintiff presented evidence at Court that Plaintiff would very likely incur future damages of significant amount because of region's job market and scarcity of high level information system manager positions. Plaintiff's evidence was entered by Dr. McCoin, an Economist and expert witness for Plaintiff, who testified and submitted report on Plaintiff's likely future damages: Mr. McCoin used quite conservative figures in his report. Mr. McCoin used the percentage rate of 20% instead of the current industry rate of 27% for the calculation in his report. Also, Mr. McCoin included the discounting of award monies for respective years as required by Court for cases such as these. Plaintiff is currently working with 3 jobs in order to try to achieve adequate income. Plaintiff is not earning retirement, health insurance, nor other benefits. Plaintiff has not reached the level of $25,000 annual job income which Dr. McCoin used as the example in which he based his calculations of future loss and thus is under. Plaintiff is currently in Bankruptcy Court due greatly in part because of Defendants actions.

## 3.
## JURORS' TESTIMONIES

Plaintiff's attorney presented the summary of damages in a exhibit titled "Pecuniary Losses" on several occasions on the Elmo in Court. The jurors were not told that the exhibit would not be included because it had been withdrawn since it was part of a report. Plaintiff heard testimony from 3 jurors who said that they spent lots of time looking for this exhibit but could not find it. Another exhibit that contained a spreadsheet of calculations was given to the jury but this exhibit was not shown to the jury during trial and it did not contain the title of

6

"Pecuniary Losses" as the jurors had seen earlier. The difference in labeling might have led to jurors not being able to find the information they were looking for.

Plaintiff also found that jurors were not aware that under 42 U.S.C. 1983, 1st amendment violation, that since Defendant had not protected Plaintiff's previous job position and, in fact Defendant had filled in the position with someone else, and because placing Plaintiff back in his employment position would be infeasible because of the hostile, political environment, then aggrieved Plaintiff is entitled to recover front pay as appropriate remedy.

One juror expressed concern and joy in her understanding that now Plaintiff could get or sue to get his job back. The same juror also said that it was not clear that the Plaintiff's attorney had requested of the jurors in his concluding statement, that the same amount in mental stress be awarded to Plaintiff, equal to the same amount that Plaintiff requested for Pecuniary losses, and the pecuniary loss amount totals was not included in the exhibits (as explained earlier) so that the jurors could not find it.

## CONCLUSION

Plaintiff respectfully asks Court to review judgment in light of this information and prays that Court use 42 U.S.C.1983 Law that states that an aggrieved party is entitled to front pay because Defendant did not protect his employment when Defendant filled Plaintiff's previous position and the circumstance is such that placing Plaintiff back in his previous position would be placing Plaintiff in a hostile political environment and would be infeasible. Plaintiff prays for reasonable and appropriate relief of front pay damages that Plaintiff is entitled to as in this case so as for justice and to make Plaintiff "whole".

Signed on April 5, 2002

Respectfully submitted,

By: _____
    Juan Pequeno
    Attorney-in-Fact
    P.O. Box 5692
    Brownsville, Texas 78523

### Conference with Plaintiff's Attorney

Plaintiff, Juan Pequeno, conferred with Mr. Alexjandor Garcia on March 8, 2002, with Yoli Garza on March 14, and with Mr. Costilla on March 22, 2002 in their office about this matter on Motion to Amend Judgment. Mr. Costilla advised Plaintiff that we could seek other legal counsel on this specific issue but that he would be handling the rest of the appeal for Plaintiff.

### Plaintiff attempts to seek other Counsel

Plaintiff sought several attorneys on this matter but because of the existing circumstances and the shortness of time, Plaintiff was unable to attain appropriate counsel.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on, April 5, 2002 to all counsel of record, via certified mail return receipt requested to the following:

Willette & Guerra, L.L.P.
International Plaza Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas  78521


Frank Costilla,P.L.L.C.
5 E. Elizabeth
Brownsville, Texas  78520

_____
Juan Pequeno

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Juan Pequeno, | § |
| | § |
| vs. | § CIVIL ACTION NO. B-00-180 |
| | § |
| City of Brownsville, | § |

## ORDER TO AMEND JUDGMENT

On this the _____ day of _____, 2002, came on for consideration of Plaintiff's MOTION TO AMEND JUDGMENT.

SIGNED on this _____ day of _____, 2002

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Juan Pequeno, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-180 |
| | § | |
| City of Brownsville, | § | |

## ORDER SETTING HEARING

On this the _____ day of _____, 2002, came on to be considered Plaintiff's MOTION TO AMEND JUDGMENT.
After considering same, the Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's MOTION TO AMEND JUDGMENT is hereby set for hearing on the _____ day of _____, 2002 at _____ a.m. o'clock in this Honorable Court.

SIGNED FOR ENTRY on this _____ day of _____, 2002

_____
UNITED STATES DISTRICT JUDGE