UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF BROWNSVILLE, | § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and | § | (Jury requested) |
| CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

**DEFENDANTS' MOTION TO STAY JUDGMENT PENDING APPEAL AND REQUEST FOR WAIVER OF SUPERSEDEAS BOND**

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW DEFENDANTS CITY OF BROWNSVILLE, IVAN WELKER, AND CARLOS RUBINSTEIN, in their official capacities, and file this their Motion to Stay Judgment Pending Appeal and Request for Waiver of Supersedeas Bond and would respectfully submit unto the Court the following:

## I.
## INTRODUCTION

1. Plaintiff is Juan Pequeno. Defendants are the City of Brownsville, Ivan Welker, in his official capacity and Carlos Rubenstein in his official capacity.

2. Plaintiff sued Defendants for alleged violations of his First and Fourteenth Amendment rights under the United State Constitution pursuant to 42 U.S.C. § 1983.

3. The Court rendered Judgment in favor of Plaintiff, and the Clerk entered Judgment. Defendants' Judgment as a Matter of Law, Motion for New Trial and Notice of Appeal are filed separately.

4. Defendants request that the Court stay the enforcement of the Judgment pending appeal without the necessity of posting a supersedeas bond.

## II.
## ARGUMENT

5. Defendants request that the Court stay the enforcement of the Judgment pending the appeal pursuant to Federal Rule of Civil Procedure 62(d). Additionally, Rule 62(d) requires that a supersedeas bond be posted and approved by the Court before the stay is effective. Defendants request that the supersedeas bond be waived. Federal Rule of Civil Procedure 62(d) states that when enforcement of the judgment is stayed, "no bond, obligation, or other security shall be required." with regard to the United States or an agency thereof. FED. R. CIV. P 62(e). Defendants assert that the same logic be extended to municipalities, since municipalities have historically not been required to post supersedaes bonds in order to stay the enforcement of a judgment pending appeal. In fact, state statutes reflect that "a municipality may appeal from a judgment without giving a supersedeas bond." TEX. CIV. PRAC. & REM. CODE. 6.002(b), *Greanias v. City of Houston,* 841 S.W. 2d 411 (Tex.App. - Houston (1st Dist.) 1992). Defendants are a municipality and/or officials of the municipality, and therefore Defendants ask the Court to waive the requirement for posting a supersedeas bond and stay the enforcement of judgment pending the appeal waiving the request the Defendants post bond.

WHEREFORE, PREMISES CONSIDERED, Defendants City of Brownsville, Ivan Welker, and Carlos Rubinstein, in their official capacities pray this Court grant this motion and enter an order staying the enforcement of judgment pending appeal and waive the posting of supersedeas bond.

Signed on April 15, 2002

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:   (956) 541-1846
Facsimile:   (956) 541-1893

By: /s/ Ryan Henry
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Defendants' Motion to Stay Judgment Pending Appeal and Request for Waiver of Supersedeas Bond has been served on, April 15, 2002 to all counsel of record, via certified mail return receipt requested to the following:

Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.C.
5 East Elizabeth Street
Brownsville, Texas 78520

_____
Ryan Henry

## CERTIFICATE OF CONFERENCE

The undersigned contacted counsel for the Plaintiff regarding this motion and Plaintiff is opposed to the filing of Defendants' Motion to Stay Judgment Pending Appeal and Request for Waiver of Supersedeas Bond. However should the court grant such motion, Plaintiff is unopposed to the Waiver of Bond.

_____
Ryan Henry