UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
APR 1 5 2002
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PEQUENO | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF BROWNSVILLE, | § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and | § | (jury requested) |
| CARLOS RUBINSTEIN, in his official | § | |
| capacity | § | |

### DEFENDANTS' OBJECTIONS TO AND
### MOTION TO STRIKE PLAINTIFF'S MOTION TO AMEND JUDGMENT

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW DEFENDANTS THE CITY OF BROWNSVILLE, IVAN WELKER, AND CARLOS RUBINSTEIN, in their official capacities, and file their Objections to and Motion to Strike Plaintiff's Motion to Amend Judgment, and as grounds therefore would respectfully show the Court the following:

### STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

1. Plaintiff sued a unit of government, the City of Brownsville, and several City elected officials. Plaintiff sued Defendants for damages sustained when Plaintiff was allegedly retaliated against by the City of Brownsville. Plaintiff alleged violations of his First and Fourteenth Amendment rights guaranteed by the United States Constitution and brought suit under 42 U.S.C. §1983. Plaintiff filed his Original Petition on November 27, 2000. Defendants were served on March 2, 2001 and timely answered. Trial began before a jury on February 11, 2002 and the jury returned a verdict in favor of Plaintiff on February 15, 2002. This Court entered final judgment on March 26, 2002.

2.  On April 5, 2002, Plaintiff Juan Pequeno filed his Motion to Amend Judgment. Even though Plaintiff Pequeno is currently represented by counsel, Mr. Frank Costilla, Plaintiff's counsel is not the one who filed the Motion to Amend Judgment and did not give permission to file such motion. Mr. Pequeno himself filed the motion and represents to the Court that he is the "attorney-in-fact" for this motion. Mr. Pequeno states in his "Conference with Plaintiff's Attorney" section, that Mr. Costilla is continuing to represent the Plaintiff and will be handling any appeal, but that he would not file Plaintiff's Motion to Amend Judgment. Defendants now file their objections and motion to strike Plaintiff Juan Pequeno's Motion to Amend Judgment.

## ARGUMENT AND AUTHORITIES

3.  Plaintiff's Motion to Amend Judgment requests this court increase the damages awarded to the Plaintiff. He requests this Court hold that he is entitled to additional damages for front pay he claims to be entitled to. Plaintiff does not specify the amount of increase requested, only that he be entitled to this increase in damages.

4.  Proper grounds for amending a judgment are an intervening change in law, discovery of new evidence, and clear error of law or manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Collision v. International Chem. Workers. Un., Local 217*, 34 F.3d 233, 236 (4th Cir. 1994). The Plaintiff does not allege a change in law, discovery of new evidence, or manifest injustice. He simply states he is entitled to the increase because Plaintiff does not believe that the judgment includes front pay, a non-stipulated damage. However, the jury's award was not delineated so as to say whether or not it included recovery for front pay. The damage award was simply a lump sum and could very reasonably include front pay.

5. Plaintiff, in his Motion to Amend Judgment, actually seeks additur in the form of front pay. However, the Seventh Amendment to the United States Constitution prohibits federal courts from engaging in additur. *Dimick v. Schiedt*, 293 U.S. 474, 486-87, 55 S.Ct. 296, 301 (1935); *Taylor v. Green*, 868 F.2d 162, 164-65 (5th Cir.1989); *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir.1976); *Silverman v. Travelers Insurance Co.*, 277 F.2d 257, 264 (5th Cir.1960). The present case does not involve the limited situation in which the court is allowed to add a stipulated amount of damages that should have been part of the judgment. *See Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982 (5th Cir. 1989); *Liriano v. Hobart Corp.*, 170 F.3d 264, 272-83 (2d Cir. 1999.) As a result, Plaintiff has no legitimate legal grounds to base his Motion to Amend Judgment upon.

6. In addition to not having a legitimate legal ground to base his motion upon, Plaintiff attempts to use alleged statements by jurors to support his motion. However, these statements are no more than hearsay. Furthermore, not even sworn juror affidavits can be used to undermine the jury verdict. *See* FED.R.EVID. 606(b); *United States v. Ruggiero*, 56 F.3d 647, 652 (5th Cir.1995). Federal Rule of Evidence 606(b) bars juror testimony concerning: (1) the method or arguments of the jury's deliberations, (2) the effect of any particular thing upon an outcome in the deliberations, (3) the mind set or emotions of any juror during deliberations, and (4) the testifying juror's own mental process during the deliberations. *See Ruggiero*, 56 F.3d at 652. Jurors may only testify to extraneous forces which influenced their deliberations. *See Tanner v. United States*, 483 U.S. 107, 121, 107 S.Ct. 2739, 2748, 97 L.Ed.2d 90 (1987). Thus, any testimony attributed to jurors should not be considered by this Court, let alone unsworn hearsay statements by the Plaintiff regarding what he says the unidentified jurors told him.

7. Plaintiff's Motion to Amend Judgment has no legitimate legal basis. Plaintiff is actually requesting an additur, which is not permitted under these circumstances. Additionally, Plaintiff has

attempted to justify his motion based on unsworn, hearsay statements. Plaintiff received a favorable verdict, but is unsatisfied and is simply requesting this Court increase his damage award. Such a tactic should not be permitted and flies in the face of the juries verdict. As a result, Defendants object to Plaintiff's Motion to Amend Judgment and move this court deny such motion.

8. Additionally, Plaintiff's motion should be struck from the record in its entirety. Plaintiff failed to confer with Defendant's counsel and did not include a certificate of conference concerning his Motion to Amend Judgment, to which motion Defendant is opposed. LOC. R. SOUTH. DIST. TEX. LR. 7(D). Further, the motion was not signed by or with the permission of the attorney-in-charge, Mr. Costilla. LOC. R. SOUTH. DIST. TEX. LR. 11.3. As a result the motion does not meet the filing requirements of this Court and should be struck from the record.

## PRAYER

9. WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court sustain their objections, deny his motion and strike Plaintiff's Motion to Amend Judgment in its entirety. Defendants also request any other further relief to which they may show themselves entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone    : (956) 541-1846
Facsimile    : (956) 541-1893

BY: _____
RYAN HENRY
State Bar No. 24007347
Fed ID. No. 22968
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail, return receipt requested to the following:

Mr. Alejandro Garcia
Mr. Frank Costilla
LAW OFFICE OF FRANK COSTILLA, P.L.L.P.
5 E. Elizabeth Street
Brownsville, Texas 78520

Mr. Juan Pequeno
Attorney-in-Fact
P. O. Box 5692
Brownsville, Texas 78523

on this the ___15___ day of April, 2002.

_____
RYAN HENRY


## CERTIFICATE OF CONFERENCE

The local rules do not require a certificate of conference for this motion.

_____
RYAN HENRY