UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN PEQUENO § | |
| § | |
| VS. § | |
| § | |
| CITY OF BROWNSVILLE, § | CIVIL ACTION NO. B-00-180 |
| IVAN WELKER, in his official capacity, and § | (jury requested) |
| CARLOS RUBINSTEIN, in his official § | |
| capacity § | |

**DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF JUAN PEQUENO**

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW DEFENDANTS THE CITY OF BROWNSVILLE, IVAN WELKER, AND CARLOS RUBINSTEIN, in their official capacities, and file their Motion for Sanctions against Plaintiff Juan Pequeno, and as grounds therefore would respectfully show the Court the following:

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

1.　Plaintiff sued a unit of government, the City of Brownsville, and several City elected officials alleging violations of his First and Fourteenth Amendment rights guaranteed by the United States Constitution. Trial began before a jury on February 11, 2002 and the jury returned a verdict in favor of Plaintiff on February 15, 2002. This Court entered final judgment on March 26, 2002.

2.　On April 5, 2002, Plaintiff Juan Pequeno filed his Motion to Amend Judgment. Even though Plaintiff Pequeno is currently represented by counsel, Mr. Frank Costilla, Plaintiff's counsel is not the one who filed the Motion to Amend Judgment and did not give permission to file such motion in violation of Local Rule 11.3. LOC. R. SOUTH. DIST. TEX. LR. 11.3. Mr. Pequeno himself filed the motion and represents to the Court that he is the "attorney-in-fact" for this motion. Mr. Pequeno states in his "Conference with Plaintiff's Attorney" section, that Mr. Costilla is continuing to represent the Plaintiff and will be handling any appeal, but that he would not file Plaintiff's Motion

to Amend Judgment. Defendants now file their Motion for Sanctions against Plaintiff Juan Pequeno for the filing of a frivolous motion.

### ARGUMENT AND AUTHORITIES

3.  Plaintiff's Motion to Amend Judgment requests this court increase the damages awarded to the Plaintiff. He requests this Court hold that he is entitled to additional damages for front pay he claims to be entitled to. Proper grounds for amending a judgment are an intervening change in law, discovery of new evidence, and clear error of law or manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Collision v. International Chem. Workers. Un., Local 217*, 34 F.3d 233, 236 (4th Cir. 1994). The Plaintiff does not allege a change in law, discovery of new evidence, or manifest injustice. He simply states he is entitled to the increase because Plaintiff does not believe that the judgment includes front pay, a non-stipulated damage. However, the jury's award was not delineated so as to say whether or not it included recovery for front pay.

4.  Plaintiff, in his Motion to Amend Judgment, actually seeks additur in the form of front pay. However, the Seventh Amendment to the United States Constitution prohibits federal courts from engaging in additur. *Dimick v. Schiedt*, 293 U.S. 474, 486-87, 55 S.Ct. 296, 301 (1935); *Taylor v. Green*, 868 F.2d 162, 164-65 (5th Cir.1989); *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir.1976); *Silverman v. Travelers Insurance Co.*, 277 F.2d 257, 264 (5th Cir.1960). The present case does not involve the limited situation in which the court is allowed to add a stipulated amount of damages that should have been part of the judgment. *See Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982 (5th Cir. 1989); *Liriano v. Hobart Corp.*, 170 F.3d 264, 272-83 (2d Cir. 1999.) As a result, Plaintiff has no legitimate legal grounds to base his Motion to Amend Judgment upon.

5.  In addition to not having a legitimate legal ground to base his motion upon, Plaintiff

attempts to use alleged statements by jurors to support his motion. However, these statements are no more than hearsay. Furthermore, not even sworn juror affidavits can be used to undermine the jury verdict. *See* FED.R.EVID. 606(b); *United States v. Ruggiero*, 56 F.3d 647, 652 (5th Cir.1995); *See also Tanner v. United States*, 483 U.S. 107, 121, 107 S.Ct. 2739, 2748, 97 L.Ed.2d 90 (1987). Thus, any testimony attributed to jurors should not be considered by this Court, let alone unsworn hearsay statements made by the Plaintiff.

6.   Federal Rule of Civil Procedure 11 requires that each pleading or document be signed by the attorney-in-charge or the party if the party is not represented by an attorney. FED. R. CIV. P. 11(a). Signing a document is a representation to the court certifying the information contained within the pleading or document is:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b).

If the court determines that subdivision (b) has been violated, the court may, impose an appropriate sanction upon the parties that are responsible for the violation. The Rule allows reasonable and appropriate expenses, including attorney's fees, to be awarded as a sanction to the extent the expenses were reasonably caused by a violation of the rule.

7.   In the instant case, the Plaintiff, Juan Pequeno, is properly represented by counsel, Mr. Costilla. According to the Plaintiff's own motion, Mr. Costilla continues to represent him in this

matter, even though Mr. Costilla did not sign or file this motion. The Plaintiff took it upon himself to file this unsupported motion even though he is represented. It is not acceptable for a client to simply circumvent his attorney and file whatever he wishes whenever the client disagrees with his attorney.

8.   Mr. Pequeno's motion is not supported by law. In fact, the motion is contrary to the highest law in the land, the United States Constitution. The Plaintiff presented no competent evidentiary support for his motion. He merely makes unsworn, vague statements to support his contentions. Mr. Pequeno received a favorable jury verdict, yet he requests this court disregard the jury's verdict and increase his damages. This request was made without his attorney's permission and is in clear violation of Rule 11(b).

9.   Defendants were forced to file objections and a motion to strike Plaintiff's Motion to Amend Judgment as it does not comply with this Court's filing rules, has no basis whatsoever in the law, and is not supported by any competently presented evidence. Defendants were required to expend time and expenses in the defense of this frivolous motion. Defendants expended approximately five (5) hours at $150.00 per hour to respond to Mr. Pequeno's motion. As a result, Defendants request this Court sanction Mr. Pequeno in the form of paying Defendants reasonable attorney's fees associated with defending this motion.

## **PRAYER**

10. WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court sanction Mr. Juan Pequeno in the form of paying Defendants reasonable attorney's fees associated with defending his frivolous motion. Defendants also request any other further relief to which they may show themselves entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone    : (956) 541-1846
Facsimile    : (956) 541-1893

BY: _____
      RYAN HENRY
      State Bar No. 24007347
      Fed ID. No. 22968
      **ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF CONFERENCE**

The undersigned has conferred with counsel for the Plaintiff and is opposed to the filing of this motion.

_____
RYAN HENRY