IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 06 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JUAN PEQUENO, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-180 |
| | § | |
| CITY OF BROWNSVILLE, et al., | § | |
| | § | |
| DEFENDANTS. | § | |

### ORDER

BE IT REMEMBERED that on May _____6_____, 2002, the Court **DENIED** Defendants' Motion for New Trial [Dkt. No. 85].

Plaintiff Juan Pequeno filed this suit on November 27, 2000, after his termination from employment with the City of Brownsville. After the partial denial of Defendants' Motion for Summary Judgment [Dkt. No. 57]. The action came on for trial by jury on February 11, 2002, and a verdict was returned in favor of Plaintiff. Defendants now move for new trial, claiming: 1) the evidence was insufficient to support the jury's verdict; 2) the Court erred in denying Defendants' requested jury interrogatory on whether the City of Brownsville's policy, custom or practice was created with deliberate indifference and 3) the Court erred in allowing Plaintiff to reopen his case.

1.  Sufficiency of the Evidence

Defendants first argue that a new trial should be granted because the evidence is insufficient to support the verdict. Specifically, Defendants argue that the jury's answer, in the negative, to the question whether Plaintiff was discharged by the City of Brownsville for reasons outside his protected First Amendment speech was legally insufficient and against the weight of evidence to support the verdict. Defendants argue that the jury disregarded evidence before it which indicated that Plaintiff's employment was terminated for reasons other than the unprotected speech. As Plaintiff points out, however, simply because other factors may have in some way

motivated the termination decision does not render the jury's verdict inadequate. There is no evidence that the jury failed to consider the other proffered reasons for Plaintiff's termination. The jury found that the protected speech was a "substantial or motivating factor" in the termination, meaning that the other proffered reasons were not the reasons for which he was discharged. Therefore, the evidence was sufficient to support the jury's verdict.

Similarly, Defendants argue that their interest in promoting efficiency outweighs Plaintiff's right to speak on matters of public concern. Defendants assert that "the evidence reveals that Plaintiff's behavior was disruptive, and it is quite clear that the jury reached an erroneous result when weighing all of the evidence." [Dkt. No. 85 at 4]. In its order denying summary judgment for Defendants, the Court determined that an issue of fact remained as to the reason for Plaintiff's termination and therefore did not determine whether the City's interests, whatever they were, outweighed Plaintiff's interest in speaking [Dkt. No 57]. The jury was specifically instructed to weigh:

> Plaintiff's First Amendment interests against the Defendants' interests in promoting the efficiency of the public service it performs through its employees. In striking this balance, you should examine whether the speech was likely to generate controversy and disruption, whether it impeded the City's general performance and operation, and whether it affected working relationships necessary to the City's proper functioning. If you find the Plaintiff's interest in his speech does not outweigh the Defendant's interest in promoting efficiency, you must find for the Defendants.
> [Dkt. No. 70 at 10].

The jury did not find for Defendants. The jury therefore necessarily found that Plaintiff's right to speak outweighed any interest Defendants had in maintaining an efficient workplace. The Court therefore finds that the result reached by the jury was not erroneous.

2.  <u>Deliberate Indifference</u>

Defendants next argue that a new trial is merited because the Court erred in refusing to submit Defendants' proposed special interrogatory: "Was that policy, custom

or practice created with deliberate indifference toward the Plaintiff's constitutional rights?"

The Court's instructions to the jury, including special interrogatories, are reviewed for abuse of discretion. EEOC v. Manville Sales Corp., 27 F.3d 1089 (5th Cir. 1994). Defendants argue that the failure to include this question in the instructions was erroneous and 1) Defendants timely objected to the erroneous charge 2) the erroneous charge unfairly prejudiced the jury and 3) Defendants requested alternative instructions that would have remedied the error. See Advanced Display Systems, Inc. v. Kent State University, 212 F.3d 1272, 1281 (Fed. Cir. 2000).

Defendants maintain that Plaintiff should have been required to prove that Carlos Rubenstein acted with deliberate indifference to the Plaintiff's constitutional rights. For this proposition Defendants cite Board of County Commissioners of Bryan County v. Brown, 219 F.3d 450 (5th Cir. 2000), in which a hiring decision by a Sheriff, while itself legal, led indirectly the violations of the plaintiff's constitutional rights. In such situations:

> [A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with deliberate indifference, as to its known or obvious consequences.
>
> Id. at 407-408.

The scenario of a facially legal action which leads to unconstitutional consequences, however, must be distinguished from cases that present no difficult questions of fault and causation, in which no deliberate indifference need be shown. Bryan County involved a legal hiring of a deputy which led to an unauthorized and unconstitutional use of force by that deputy. The Bryan County court distinguished this situation from cases in which the decision itself is unconstitutional. See id. at 407 (citing cases). "Because fault and causation were obvious in each case, proof that the municipality's decision was unconstitutional would suffice to establish that the municipality itself was liable for the plaintiff's constitutional injury." Id.

Unlike Bryan County, here Rubenstein's decision itself was unconstitutional. There was therefore no need to show that Rubenstein's decision was made with deliberate indifference.

3.  Reopening of Plaintiff's Case

Defendants last argue that the Court's allowing Plaintiff to reopen his case after he had rested was error. Over Defendants' objection, Plaintiff played an audio tape of a Texas Workforce Commission meeting. "Any error of law, if prejudicial, is a good ground for a new trial." 11 Wright et al. § 2805. However, "it is only those errors that have caused substantial harm to the losing party that justify a new trial. Those errors that are not prejudicial do not call for relief under Rule 59." Id. Although Defendants claim that they were prejudiced by the admission of this tape, they do not state or otherwise demonstrate how. Without more, the Court will not presume prejudice.

DONE this ___6th___ day of May 2002 at Brownsville, Texas.

Hilda G. Tagle
United States District Judge