IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 1 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JUAN PEQUENO, | § § | |
| PLAINTIFF, | § § | |
| V. | § | CIVIL ACTION NO. B-00-180 |
| CITY OF BROWNSVILLE, ET AL., | § § § | |
| DEFENDANTS. | § § | |

## ORDER

BE IT REMEMBERED, that on August __14__, 2002, the Court considered Plaintiff's Motion to Amend Judgment [Dkt. No. 91]; Defendants' Motion to Stay Judgment Pending Appeal and Request for Waiver of Supersedas Bond [Dkt. No. 94]; Defendants' Objections to and Motion to Strike Plaintiff's Motion to Amend Judgment [Dkt. No. 95]; and Defendants' Motion for Sanctions Against Plaintiff Juan Pequeno [Dkt. No. 96].

Background

Plaintiff Juan Pequeno filed this suit on November 27, 2000, after his termination from employment with the City of Brownsville, alleging that his rights under the First and Fourteenth Amendments to the United States Constitution were violated, and sought damages pursuant to 42 U.S.C. § 1983. At the close of trial, the jury returned a verdict in his favor on February 15, 2002. The Court entered final judgment in this case on March 26, 2002 [Dkt. No. 89], and the case was appealed on April 15, 2002 [Dkt. No. 97].

Motion to Amend Judgment

On April 5, 2002, Plaintiff submitted Plaintiff's Motion to Amend Judgment [Dkt. No. 91], representing himself as "attorney-in-fact." The Court agrees that Plaintiff's Motion fails to meet with the local rules in that it does not include a certificate of conference (see L.R. 7(D)) and was not filed with the permission or signature of the attorney-in-charge (see L.R.

11.3). The Court therefore **GRANTS** Defendant's Motion to strike Plaintiff's motion [Dkt. No. 95]. Plaintiff's Motion [Dkt. No. 91] is hereby **STRUCK** from the record and Defendants' Objections [Dkt. No. 95] are **SUSTAINED**.

The Court notes that in any event Plaintiff's Motion is without merit. Plaintiff asks the Court for additional damages in the form of front pay, although he does not specify an amount. Plaintiff's Motion does not demonstrate any grounds for amending judgment required under Federal Rule of Civil Procedure 59(e). The grounds for amending judgment are the same as those for granting a new trial under the same rule, which include: a) that the verdict is against the weight of the evidence; b) that the damages are excessive; b) for other reasons the trial was not fair; d) questions of law are raised arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions; e) newly discovered evidence; f) conduct of counsel or the Court has tainted the evidence; g) misconduct affecting the jury or h) generally to prevent manifest injustice. See Wright & Miller, 11 Federal Practice & Procedure §§ 2805 & 2817.

Plaintiff argues simply that he is entitled to front pay and that at least one juror expressed joy upon being informed of this. He refers to a withdrawn exhibit to which the jury did not have access, and states that he has learned that three jurors were looking for it. He also refers to an exhibit which he maintains should have been differently labeled so that the jurors could find it more easily. He attaches no sworn statements by the jurors, but in any event such juror statements, even if sworn, may not be used to undermine the verdict. See Fed. R. Evid. 606(b) (barring juror testimony concerning 1) methods or arguments in deliberation 2) effects of a particular thing on an outcome in deliberation; 3) mindset or emotion of any juror during deliberation; and 4) the testifying juror's own mental process during deliberation); United States v. Ruggiero, 56 F.3d 647, 652 (5th Cir. 1995). He has therefore failed to set out any grounds for amendment. Moreover, the Court agrees with Defendants that Plaintiff is actually requesting additur, which is prohibited by the Seventh Amendment to the Constitution. Dimick v. Schmidt, 293 U.S. 474, 486-87 (1935).

Motion for Stay and Waiver of Supersedas

Defendants ask for a stay pending appeal pursuant to Fed. R. Civ. P. 62(d). Plaintiff has not filed a response to the motion. Normally, under the rule, a judgment debtor is entitled to such a stay as of right once a supersedas bond is approved by the Court. See id. Defendants cite Rule 62(e), which states that a waiver of the bond is available when the appeal is taken by the United States, and states simply that the same logic should be applied to municipalities [Dkt. No. 94 at 2]. However, the rule on its face is clear; the waiver is available to "the United States or an officer or agency thereof . . ." and mentions nothing about municipalities, states, or other political subdivisions. Without more, the Court declines to extend the clear language of the Rule to include municipalities. Defendants' Motion [Dkt. No. 94] is therefore **DENIED** until such time as a supersedas bond is approved by the Court.

Motion for Sanctions

Defendants have moved for sanctions against Plaintiff under Federal Rule of Civil Procedure 11 [Dkt. No. 96], claiming that Plaintiff's motion to amend the judgment was frivolous.[1] Defendants ask for attorneys' fees associated with defending against Plaintiff's motion in the amount of $750.00. Plaintiff has not filed a response to the motion.

Defendants state in their motion that attorneys spent approximately five hours at a rate of $150.00 per hour in responding to Plaintiffs' motion. However, Defendants have attached no evidence to their motion stating the basis for the amount of attorneys' fees. The Court cannot therefore determine whether the request for fees is reasonable. The Court **DENIES** Defendants' Motion [Dkt. No. 96].

---

[1] Rule 11 clearly states that "every pleading, motion, and other paper of a party represented by an attorney, shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated." Fed. R. Civ. P. 11. Plaintiff's Motion states that Mssrs. Garza and Costilla, who represented Plaintiff up to and during trial, and who continue to represent him on appeal, advised him that he "could seek other legal counsel on this specific issue but that [Mr. Costilla] would be handling the rest of the appeal for Plaintiff." [Dkt. No. 91 at 9]. Plaintiff further states that "because of existing circumstances and the shortness of time, [he] was unable to obtain appropriate counsel." id.

<u>Summary</u>

Plaintiff's Motion to Amend Judgment [Dkt. No. 91] is **STRUCK**.

Defendants' Motion to Strike Plaintiff's Motion to Amend Judgment [Dkt. No. 95] is **GRANTED**.

Defendants' Objections to Plaintiff's Motion to Amend Judgment [Dkt. No. 95] are **SUSTAINED**.

Defendants' Motion to Stay Judgment Pending Appeal and Request for Waiver of Supersedas Bond [Dkt. No. 94] is **DENIED**.

Defendants' Motion for Sanctions Against Plaintiff Juan Pequeno [Dkt. No. 96] is **DENIED**.

**SO ORDERED.**

DONE at Brownsville, Texas, this ___14___ day of August 2002.

_____
Hilda G. Tagle
United States District Judge