United States District Court
Southern District of Texas
ENTERED

NOV 0 3 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-180 |
| | § | |
| CITY OF BROWNSVILLE, | § | |
| | § | |
| Defendants. | § | |

## ORDER & OPINION

BE IT REMEMBERED, that on November 3, 2005, the Court **GRANTED** the Joint Motion for Entry of Agreed Modified Final Judgment [Dkt. No. 112].

### Procedural and Factual Background

Plaintiff filed suit against Defendants for § 1983 violations in this court on November 27, 2000. During the course of the lawsuit, Plaintiff filed for Chapter 7 Bankruptcy. Michael B. Schmidt was appointed as Chapter 7 Trustee on January 4, 2001. On February 15, 2002, the jury returned a verdict in the § 1983 lawsuit for Plaintiff Juan Pequeno to recover from the Defendants City of Brownsville, Ivan Welker in his Official Capacity as Former Assistant City Manager and Carlos Rubenstein in his Official Capacity as Former City Manager the sum of $400,359.00 for compensatory damages.

After this Court entered the judgment, the proceeds from the lawsuit constituted one of the most significant assets of the debtor Pequeno's estate. This fact led to disputes in the bankruptcy court about whether the judgment was exempt or part of the estate and whether Pequeno, the debtor, or Schmidt, the trustee, had authority to mediate and settle the judgment. *In re Pequeno*, No. 01-24255 (Bankr. S.D.Tex. 2002). The Bankruptcy Court held that the entire judgment constituted compensation for lost past earnings and mental anguish and belonged to the bankruptcy estate. The Court also ruled that Schmidt as trustee had authority to mediate and settle the judgment. The United States District

Court heard an appeal of the Bankruptcy Court's rulings, affirmed the holding that the judgment was the property of the bankruptcy estate, and reversed the Bankruptcy Court's holding denying Pequeno a conversion from Chapter 7 to Chapter 13. *Pequeno v. Schmidt*, 307 B.R. 568, 570 (S.D. Tex. 2004). The Fifth Circuit affirmed on the status of the property in addition to other issues presented on appeal. *In re Pequeno*, 126 Fed. Appx. 158, 159 (5th Cir. 2005).

Trustee Schmidt and the Defendants in the present case agreed to settle the suit for $140,000. The Bankruptcy Court approved the settlement on September 25, 2002. The motion under consideration seeks to modify the final judgment from the Plaintiff's § 1983 case in order to reflect this settlement.

### Federal Rule of Civil Procedure 60(b)

A court may relieve a party from a final judgment for six specific reasons and within specified time limits. Fed. R. Civ. P. 60(b). The court may take such action if a motion is made within reasonable time and "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. Fed. R. Civ. P. 60(b)(5).

Rule 60(b) seeks to balance concerns about the finality of judgments with the "incessant command of the court's conscience that justice be done in light of all the facts." *Seven Elves, Inc.v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)(*citing Bankers Mortgage Co. v. United States*, 423 F.2d 73 (5th Cir. 1970)). The court may exercise discretion in the application of Rule 60(b). 11 Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2863 (2d ed. 1995).

### Analysis

Michael B. Schmidt, as Chapter 7 Bankruptcy Trustee, is properly substituted in place and stead of Juan Pequeno, the plaintiff in the above-styled and numbered cause. As determined by the Bankruptcy Court, the District Court, and the Fifth Circuit, Plaintiff Pequeno no longer has authority over this judgment. Trustee Schmidt and Defendants entered into mediation and reached a settlement providing that  the final judgment be

modified to $140,000 in exchange for dismissal with prejudice of all claims in this case. This settlement agreement operates as a release of the judgment by the parties as contemplated by Rule 60(b)(5).

A party must seek a modification of a judgment under Rule 60(b)(5) within a reasonable time. *McCorvey v. Hill*, 385 F.3d 846 (5th Cir. 2004). The Bankruptcy Court approved the settlement agreement in September 2002, and Plaintiff, Trustee, and Defendants participated in the appeals of related matters in the District Court in 2004 and the Fifth Circuit Court of Appeals in 2005. On October 12. 2005, the parties filed the Joint Motion for Entry of Agreed Modified Final Judgment; the parties filed within a reasonable time following the determination that the judgment belonged to the bankruptcy estate and that Schmidt as trustee had the authority to settle with the Defendants.

Therefore, this Court **GRANTS** the Joint Motion for Entry of Agreed Modified Final Judgment [Dkt. No. 112].

DONE at Brownsville, Texas, this 3rd day of November 2005.


Hilda G. Tagle
United States District Judge