*Exhibit 1*

**Notes** of **Advisory Committee on** Rules—**1979 Amendment**

Subdivision (a)(1). The words "(including a civil action which involves an admiralty or maritime claim and a proceeding in bankruptcy or a controversy arising therein)," which appear in the present rule are struck out as unnecessary and perhaps misleading in suggesting that there may be other categories that are not either civil or criminal within the meaning of Rule 4 (a) and (b).

The phrases "within 30 days of such entry" and "within 60 days of such entry" have been changed to read "after" instead of "or." The change is for clarity only, since the word "of" in the present rule appears to be used to mean "after." Since the proposed amended rule deals directly with the premature filing of a notice of appeal, it was thought useful to emphasize the fact that except as provided, the period during which a notice of appeal may be filed is the 30 days, or 60 days as the case may be, following the entry of the judgment or order appealed from. See Notes to Rule 4 (a)(2) and (4), below.

Subdivision (a)(2). The proposed amendment to Rule 4 (a)(2) would extend to civil cases the provisions of Rule 4 (b), dealing with criminal cases, designed to avoid the loss of the right to appeal by filing the notice of appeal prematurely. Despite the absence of such a provision in Rule 4 (a) the courts of appeals quite generally have held premature appeals effective. See, e. g., Matter of Grand Jury Empanelled Jan. 21, 1975, 541 F.2d 373 (3d Cir. 1976); Hodge v. Hodge, 507 F.2d 87 (3d Cir. 1976); Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir. 1971); Ruby v. Secretary of the Navy, 365 F.2d 385 (9th Cir. 1966); Firchau v. Diamond Nat'l Corp., 345 F.2d 469 (9th Cir. 1965).

The proposed amended rule would recognize this practice but make an exception in cases in which a post trial motion has destroyed the finality of the judgment. See Note to Rule 4 (a)(4) below.

Subdivision (a)(4). The proposed amendment would make it clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion. Since the proposed amendments to Rules 3, 10, and 12 contemplate that immediately upon the filing of the notice of appeal the fees will be paid and the case docketed in the court of appeals, and the steps toward its disposition set in motion, it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from. See, e. g., Kieth v. Newcourt, 530 F.2d 826 (8th Cir. 1976). Under the present rule, since docketing may not take place until the record is transmitted, premature filing is much less likely to involve waste effort. See, e. g., Stokes v. Peyton's Inc., 508 F.2d 1287 (5th Cir. 1975). Further, since a notice of appeal filed before the disposition of a post trial motion, even if it were treated as valid for purposes of jurisdiction, would not embrace objections to the denial of the motion, it is obviously preferable to postpone the notice of appeal until after the motion is disposed of.

The present rule, since it provides for the "termination" of the "running" of the appeal time, is ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the 10 day limit. The amendment would make it clear that in such circumstances the appellant should not proceed with the appeal during pendency of the motion but should file a new notice of appeal after the motion is disposed of.

Subdivision (a)(5). Under the present rule it is provided that upon a showing of excusable neglect the district court at any time may extend the time for the filing of a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by the rule, but that if the application is made after the original time has run, the order may be made only on motion with such notice as the court deems appropriate.

A literal reading of this provision would require that the extension be ordered and the notice of appeal filed within the 30 day period, but despite the surface clarity of the rule, it has produced considerable confusion. See the discussion by Judge Friendly in In re Orbitek, 520 F.2d 358 (2d Cir. 1975). The proposed amendment would make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time, and that if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days measured from the date on which the order granting the motion is entered.

Under the present rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application. The amendment would require that the application must be made by motion, though the motion may be made ex parte. After the expiration of the initial time a motion for the extension of the time must be made in compliance with the F.R.C.P. and local rules of the district court. See Note to proposed amended Rule 1, supra. And see Rules 6(d), 7(b) of the F.R.C.P.

The proposed amended rule expands to some extent the standard for the grant of an extension of time. The present rule requires a "showing of excusable neglect." While this was an appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, and remains so, it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case "good cause," which is the standard that is applied in the granting of other extensions of time under Rule 26 (b) seems to be more appropriate.

Subdivision (a)(6). The proposed amendment would call attention to the requirement of Rule 58 of the F.R.C.P. that the judgment constitute a separate document. See United States v. Indrelunas, 411 U.S. 216 (1973). When a notice of appeal is filed, the clerk should ascertain whether any judgment designated therein has been entered in compliance with Rules 58 and 79 (a) and if not, so advise all parties and the district judge. While the requirement of Rule 48 is not jurisdictional (see Bankers Trust Co. v. Mallis, 431 U.S. 928 (1977)), compliance is important since the time for the filing of a notice of appeal by other parties is measured by the time at which the judgment is properly entered.

**Notes of Advisory Committee on Rules—1991 Amendment**

The amendment provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal. The amendment adds a new subdivision (6) allowing a district court to reopen for a brief period the time for appeal upon a finding that notice of entry of a judgment or order was not received from the clerk or a party within 21 days of its entry and that no party would be prejudiced. By "prejudice" the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.

Reopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier. This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal and enables any winning party to shorten the 180-day period by sending (and establishing proof of receipt of) its own notice of entry of a judgment, as authorized by Fed. R. Civ. P. 77 (d). Winning parties are encouraged to send their own notice in order to lessen the chance that a judge will accept a claim of non-receipt in the face of evidence that notices were sent by both the clerk and the winning party. Receipt of a winning party's notice will shorten only the time for reopening the time for appeal under this subdivision, leaving the normal time periods for appeal unaffected.

If the motion is granted, the district court may reopen the time for filing a notice of appeal only for a period of 14 days from the date of entry of the order reopening the time for appeal.

**Notes of Advisory Committee on Rules—1993 Amendment**

Note to Paragraph (a)(1). The amendment is intended to alert readers to the fact that paragraph (a)(4) extends the time for filing an appeal when certain posttrial motions are filed. The Committee hopes that awareness of the provisions of paragraph (a)(4) will prevent the filing of a notice of appeal when a posttrial tolling motion is pending.

Note to Paragraph (a)(2). The amendment treats a notice of appeal filed after the announcement of a decision or order, but before its formal entry, as if the notice had been filed after entry. The amendment deletes the language that made paragraph (a)(2) inapplicable to a notice of appeal filed after announcement of the disposition of a posttrial motion enumerated in paragraph (a)(4) but before the entry of the order, see Acosta v. Louisiana Dep't of Health & Human Resources, 478 U.S. 251 (1986) (per curiam); Alerte v. McGinnis, 898 F.2d 69 (7th Cir. 1990). Because the amendment of paragraph (a)(4) recognizes all notices of appeal filed after announcement or entry of judgment—even those that are filed while the posttrial motions enumerated in paragraph (a)(4) are pending—the amendment of this paragraph is consistent with the amendment of paragraph (a)(4).

Note to Paragraph (a)(3). The amendment is technical in nature; no substantive change is intended.

Note to Paragraph (a)(4). The 1979 amendment of this paragraph created a trap for an unsuspecting litigant who files a notice of appeal before a posttrial motion, or while a posttrial motion is pending. The 1979 amendment requires a party to file a new notice of appeal after the motion's disposition. Unless a new notice is filed, the court of appeals lacks jurisdiction to hear the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Many litigants, especially pro se litigants, fail to file the second notice of appeal, and several courts have expressed dissatisfaction with the rule. See, e.g., Averhart v. Arrendondo, 773 F.2d 919 (7th Cir. 1985); Harcon Barge Co. v. D & G Boat Rentals, Inc., 746 F.2d 278 (5th Cir. 1984), cert. denied, 479 U.S. 930 (1986).

The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.

Because a notice of appeal will ripen into an effective appeal upon disposition of a posttrial motion, in some instances there will be an appeal from a judgment that has been altered substantially because the motion was granted in whole or in part. Many such appeals will be dismissed for want of prosecution when the appellant fails to meet the briefing schedule. But, the appellee may also move to strike the appeal. When responding to such a motion, the appellant would have an opportunity to state that, even though some relief sought in a posttrial motion was granted, the appellant still plans to pursue the appeal. Because the appellant's response would provide the appellee with sufficient notice of the appellant's intentions, the Committee does not believe that an additional notice of appeal is needed.

The amendment provides that a notice of appeal filed before the disposition of a posttrial tolling motion is sufficient to bring the underlying case, as well as any orders specified in the original notice, to the court of appeals. If the judgment is altered upon disposition of a posttrial motion, however, and if a party wishes to appeal from the disposition of the motion, the party must amend the notice to so indicate. When a party files an amended notice, no additional fees are required because the notice is an amendment of the original and not a new notice of appeal.

Paragraph (a)(4) is also amended to include, among motions that extend the time for filing a notice of appeal, a Rule 60 motion that is served within 10 days after entry of judgment. This eliminates the difficulty of determining whether a posttrial motion made within 10 days after entry of a judgment is a Rule 59 (e) motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time. The amendment comports with the practice in several circuits of treating all motions to alter or amend judgments that are made within 10 days after entry of judgment as Rule 59 (e) motions for purposes of Rule 4 (a)(4). See, e.g., Finch v. City of Vernon, 845 F.2d 256 (11th Cir. 1988); Rados v. Celotex Corp., 809 F.2d 170 (2d Cir. 1986); Skagerberg v. Oklahoma, 797 F.2d 881 (10th Cir. 1986). To conform to a recent Supreme Court decision, however—Budinich v. Becton Dickinson and Co., 486 U.S. 196 (1988)—the amendment excludes motions for attorney's fees from the class of motions that extend the filing time unless a district court, acting under Rule 58, enters an order extending the time for appeal. This amendment is to be read in conjunction with the amendment of Fed. R. Civ. P. 58.

Note to subdivision (b). The amendment grammatically restructures the portion of this subdivision that lists the types of motions that toll the time for filing an appeal. This restructuring is intended to make the rule easier to read. No substantive change is intended other than to add a motion for judgment of acquittal under Criminal Rule 29 to the list of tolling motions. Such a motion is the equivalent of a Fed. R. Civ. P. 50(b) motion for judgment notwithstanding the verdict, which tolls the running of time for an appeal in a civil case.

The proposed amendment also eliminates an ambiguity from the third sentence of this subdivision. Prior to this amendment, the third sentence provided that if one of the specified motions was filed, the time for filing an appeal would run from the entry of an order denying the motion. That sentence, like the parallel provision in Rule 4 (a)(4), was intended to toll the running of time for appeal if one of the posttrial motions is timely filed. In a criminal case, however, the time for filing the motions runs not from entry of judgment (as it does in civil cases), but from the verdict or finding of guilt. Thus, in a criminal case, a posttrial motion may be disposed of more than 10 days before sentence is imposed, i.e. before the entry of judgment. United States v. Hashagen, 816 F.2d 899, 902 n.5 (3d Cir. 1987). To make it clear that a notice of appeal need not be filed before entry of judgment, the amendment states that an appeal may be

taken within 10 days after the entry of an order disposing of the motion, or within 10 days after the entry of judgment, whichever is later. The amendment also changes the language in the third sentence providing that an appeal may be taken within 10 days after the entry of an order denying the motion; the amendment says instead that an appeal may be taken within 10 days after the entry of an order disposing of the last such motion outstanding. (Emphasis added) The change recognizes that there may be multiple posttrial motions filed and that, although one or more motions may be granted in whole or in part, a defendant may still wish to pursue an appeal.

The amendment also states that a notice of appeal filed before the disposition of any of the posttrial tolling motions becomes effective upon disposition of the motions. In most circuits this language simply restates the current practice. See United States v. Cortes, 895 F.2d 1245 (9th Cir.), cert. denied, 495 U.S. 939 (1990). Two circuits, however, have questioned that practice in light of the language of the rule, see United States v. Gargano, 826 F.2d 610 (7th Cir. 1987), and United States v. Jones, 669 F.2d 559 (8th Cir. 1982), and the Committee wishes to clarify the rule. The amendment is consistent with the proposed amendment of Rule 4 (a)(4).

Subdivision (b) is further amended in light of new Fed. R. Crim. P. 35(c), which authorizes a sentencing court to correct any arithmetical, technical, or other clear errors in sentencing within 7 days after imposing the sentence. The Committee believes that a sentencing court should be able to act under Criminal Rule 35 (c) even if a notice of appeal has already been filed; and that a notice of appeal should not be affected by the filing of a Rule 35 (c) motion or by correction of a sentence under Rule 35 (c).

Note to subdivision (c). In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison authorities for forwarding to the district court. The amendment reflects that decision. The language of the amendment is similar to that in Supreme Court Rule 29.2.

Permitting an inmate to file a notice of appeal by depositing it in an institutional mail system requires adjustment of the rules governing the filing of cross-appeals. In a civil case, the time for filing a cross-appeal ordinarily runs from the date when the first notice of appeal is filed. If an inmate's notice of appeal is filed by depositing it in an institution's mail system, it is possible that the notice of appeal will not arrive in the district court until several days after the "filing" date and perhaps even after the time for filing a cross-appeal has expired. To avoid that problem, subdivision (c) provides that in a civil case when an institutionalized person files a notice of appeal by depositing it in the institution's mail system, the time for filing a cross-appeal runs from the district court's receipt of the notice. The amendment makes a parallel change regarding the time for the government to appeal in a criminal case.

**Notes of Advisory Committee on Rules—1995 Amendment**

Subdivision (a). Fed. R. Civ. P. 50, 52, and 59 were previously inconsistent with respect to whether certain postjudgment motions had to be filed or merely served no later than 10 days after entry of judgment. As a consequence Rule 4 (a)(4) spoke of making or serving such motions rather than filing them. Civil Rules 50, 52, and 59, are being revised to require filing before the end of the 10-day period. As a consequence, this rule is being amended to provide that "filing" must occur within the 10 day period in order to affect the finality of the judgment and extend the period for filing a notice of appeal.

The Civil Rules require the filing of postjudgment motions "no later than 10 days after entry of judgment"—rather than "within" 10 days—to include postjudgment motions that are filed before actual entry of the judgment by the clerk. This rule is amended, therefore, to use the same terminology.

The rule is further amended to clarify the fact that a party who wants to obtain review of an alteration or amendment of a judgment must file a notice of appeal or amend a previously filed notice to indicate intent to appeal from the altered judgment.

**Committee Notes on Rules—1998 Amendment**

The language and organization of the rule are amended to make the rule more easily understood. In addition to changes made to improve the understanding, the Advisory Committee has changed language to make style and terminology consistent throughout the appellate rules. These changes are intended to be stylistic only; in this rule, however, substantive changes are made in paragraphs (a)(6) and (b)(4), and

in subdivision (c).

Subdivision (a), paragraph (1). Although the Advisory Committee does not intend to make any substantive changes in this paragraph, cross-references to Rules 4 (a)(1)(B) and 4 (c) have been added to subparagraph (a)(1)(A).

Subdivision (a), paragraph (4). Item (vi) in subparagraph (A) of Rule 4 (a)(4) provides that filing a motion for relief under Fed. R. Civ. P. 60 will extend the time for filing a notice of appeal if the Rule 60 motion is filed no later than 10 days after judgment is entered. Again, the Advisory Committee does not intend to make any substantive change in this paragraph. But because Fed. R. Civ. P. 6(a) and Fed. R. App. P. 26 (a) have different methods for computing time, one might be uncertain whether the 10-day period referred to in Rule 4 (a)(4) is computed using Civil Rule 6 (a) or Appellate Rule 26 (a). Because the Rule 60 motion is filed in the district court, and because Fed. R. App. P. 1(a)(2) says that when the appellate rules provide for filing a motion in the district court, "the procedure must comply with the practice of the district court," the rule provides that the 10-day period is computed using Fed. R. Civ. P. 6(a).

Subdivision (a), paragraph (6). Paragraph (6) permits a district court to reopen the time for appeal if a party has not received notice of the entry of judgment and no party would be prejudiced by the reopening. Before reopening the time for appeal, the existing rule requires the district court to find that the moving party was entitled to notice of the entry of judgment and did not receive it "from the clerk or any party within 21 days of its entry." The Advisory Committee makes a substantive change. The finding must be that the movant did not receive notice "from the district court or any party within 21 days after entry." This change broadens the type of notice that can preclude reopening the time for appeal. The existing rule provides that only notice from a party or from the clerk bars reopening. The new language precludes reopening if the movant has received notice from "the court."

Subdivision (b). Two substantive changes are made in what will be paragraph (b)(4). The current rule permits an extension of time to file a notice of appeal if there is a "showing of excusable neglect." First, the rule is amended to permit a court to extend the time for "good cause" as well as for excusable neglect. Rule 4 (a) permits extensions for both reasons in civil cases and the Advisory Committee believes that "good cause" should be sufficient in criminal cases as well. The amendment does not limit extensions for good cause to instances in which the motion for extension of time is filed before the original time has expired. The rule gives the district court discretion to grant extensions for good cause whenever the court believes it appropriate to do so provided that the extended period does not exceed 30 days after the expiration of the time otherwise prescribed by Rule 4 (b). Second, paragraph (b)(4) is amended to require only a "finding" of excusable neglect or good cause and not a "showing" of them. Because the rule authorizes the court to provide an extension without a motion, a "showing" is obviously not required; a "finding" is sufficient.

Subdivision (c). Substantive amendments are made in this subdivision. The current rule provides that if an inmate confined in an institution files a notice of appeal by depositing it in the institution's internal mail system, the notice is timely filed if deposited on or before the last day for filing. Some institutions have special internal mail systems for handling legal mail; such systems often record the date of deposit of mail by an inmate, the date of delivery of mail to an inmate, etc. The Advisory Committee amends the rule to require an inmate to use the system designed for legal mail, if there is one, in order to receive the benefit of this subdivision.

When an inmate uses the filing method authorized by subdivision (c), the current rule provides that the time for other parties to appeal begins to run from the date the district court "receives" the inmate's notice of appeal. The rule is amended so that the time for other parties begins to run when the district court "dockets" the inmate's appeal. A court may "receive" a paper when its mail is delivered to it even if the mail is not processed for a day or two, making the date of receipt uncertain. "Docketing" is an easily identified event. The change eliminates uncertainty. Paragraph (c)(3) is further amended to make it clear that the time for the government to file its appeal runs from the later of the entry of the judgment or order appealed from or the district court's docketing of a defendant's notice filed under this paragraph (c).

**Committee Notes on Rules—2002 Amendment**

Subdivision (a)(1)(C). The federal courts of appeals have reached conflicting conclusions about whether an appeal from an order granting or denying an application for a writ of error coram nobis is governed by the time limitations of Rule 4 (a) (which apply in civil cases) or by the time limitations of Rule 4 (b) (which apply in criminal cases). Compare United States v. Craig, 907 F.2d 653, 655–57, amended 919 F.2d 57

(7th Cir. 1990); United States v. Cooper, 876 F.2d 1192, 1193–94 (5th Cir. 1989); and United States v. Keogh, 391 F.2d 138, 140 (2d Cir. 1968) (applying the time limitations of Rule 4 (a)); with Yasui v. United States, 772 F.2d 1496, 1498–99 (9th Cir. 1985); and United States v. Mills, 430 F.2d 526, 527–28 (8th Cir. 1970) (applying the time limitations of Rule 4 (b)). A new part (C) has been added to Rule 4 (a)(1) to resolve this conflict by providing that the time limitations of Rule 4 (a) will apply.

Subsequent to the enactment of Fed. R. Civ. P. 60(b) and 28 U.S.C. § 2255, the Supreme Court has recognized the continued availability of a writ of error coram nobis in at least one narrow circumstance. In 1954, the Court permitted a litigant who had been convicted of a crime, served his full sentence, and been released from prison, but who was continuing to suffer a legal disability on account of the conviction, to seek a writ of error coram nobis to set aside the conviction. United States v. Morgan, 346 U.S. 502 (1954). As the Court recognized, in the Morgan situation an application for a writ of error coram nobis "is of the same general character as [a motion] under 28 U.S.C. § 2255." Id. at 506 n.4. Thus, it seems appropriate that the time limitations of Rule 4 (a), which apply when a district court grants or denies relief under 28 U.S.C. § 2255, should also apply when a district court grants or denies a writ of error coram nobis. In addition, the strong public interest in the speedy resolution of criminal appeals that is reflected in the shortened deadlines of Rule 4 (b) is not present in the Morgan situation, as the party seeking the writ of error coram nobis has already served his or her full sentence.

Notwithstanding Morgan, it is not clear whether the Supreme Court continues to believe that the writ of error coram nobis is available in federal court. In civil cases, the writ has been expressly abolished by Fed. R. Civ. P. 60(b). In criminal cases, the Supreme Court has recently stated that it has become " 'difficult to conceive of a situation' " in which the writ " 'would be necessary or appropriate.' " Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)). The amendment to Rule 4 (a)(1) is not intended to express any view on this issue; rather, it is merely meant to specify time limitations for appeals.

Rule 4 (a)(1)(C) applies only to motions that are in substance, and not merely in form, applications for writs of error coram nobis. Litigants may bring and label as applications for a writ of error coram nobis what are in reality motions for a new trial under Fed. R. Crim. P. 33 or motions for correction or reduction of a sentence under Fed. R. Crim. P. 35. In such cases, the time limitations of Rule 4 (b), and not those of Rule 4 (a), should be enforced.

Changes Made After Publication and Comments. No changes were made to the text of the proposed amendment or to the Committee Note.

Subdivision (a)(4)(A)(vi). Rule 4 (a)(4)(A)(vi) has been amended to remove a parenthetical that directed that the 10-day deadline be "computed using Federal Rule of Civil Procedure 6(a)." That parenthetical has become superfluous because Rule 26 (a)(2) has been amended to require that all deadlines under 11 days be calculated as they are under Fed. R. Civ. P. 6(a).

Changes Made After Publication and Comments. No changes were made to the text of the proposed amendment or to the Committee Note.

Subdivision (a)(5)(A)(ii). Rule 4 (a)(5)(A) permits the district court to extend the time to file a notice of appeal if two conditions are met. First, the party seeking the extension must file its motion no later than 30 days after the expiration of the time originally prescribed by Rule 4 (a). Second, the party seeking the extension must show either excusable neglect or good cause. The text of Rule 4 (a)(5)(A) does not distinguish between motions filed prior to the expiration of the original deadline and those filed after the expiration of the original deadline. Regardless of whether the motion is filed before or during the 30 days after the original deadline expires, the district court may grant an extension if a party shows either excusable neglect or good cause.

Despite the text of Rule 4 (a)(5)(A), most of the courts of appeals have held that the good cause standard applies only to motions brought prior to the expiration of the original deadline and that the excusable neglect standard applies only to motions brought during the 30 days following the expiration of the original deadline. See Pontarelli v. Stone, 930 F.2d 104, 109–10 (1st Cir. 1991) (collecting cases from the Second, Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits). These courts have relied heavily upon the Advisory Committee Note to the 1979 amendment to Rule 4 (a)(5). But the Advisory Committee Note refers to a draft of the 1979 amendment that was ultimately rejected. The rejected draft directed that the good cause standard apply only to motions filed prior to the expiration of the original deadline. Rule 4 (a)(5), as actually amended, did not. See 16A Charles Alan Wright, et al., Federal Practice and Procedure § 3950.3, at 148–49 (2d ed. 1996).

The failure of the courts of appeals to apply Rule 4 (a)(5)(A) as written has also created tension between that rule and Rule 4 (b)(4). As amended in 1998, Rule 4 (b)(4) permits the district court to extend the time for filing a notice of appeal in a criminal case for an additional 30 days upon a finding of excusable neglect or good cause. Both Rule 4 (b)(4) and the Advisory Committee Note to the 1998 amendment make it clear that an extension can be granted for either excusable neglect or good cause, regardless of whether a motion for an extension is filed before or during the 30 days following the expiration of the original deadline.

Rule 4 (a)(5)(A)(ii) has been amended to correct this misunderstanding and to bring the rule in harmony in this respect with Rule 4 (b)(4). A motion for an extension filed prior to the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause. Likewise, a motion for an extension filed during the 30 days following the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause.

The good cause and excusable neglect standards have "different domains." Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline. If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all. Similarly, the excusable neglect standard can apply to motions brought prior to the expiration of the original deadline. For example, a movant may bring a pre-expiration motion for an extension of time when an error committed by the movant makes it unlikely that the movant will be able to meet the original deadline.

Changes Made After Publication and Comments. No changes were made to the text of the proposed amendment. The stylistic changes to the Committee Note suggested by Judge Newman were adopted. In addition, two paragraphs were added at the end of the Committee Note to clarify the difference between the good cause and excusable neglect standards.

Subdivision (a)(7). Several circuit splits have arisen out of uncertainties about how Rule 4 (a)(7)'s definition of when a judgment or order is "entered" interacts with the requirement in Fed. R. Civ. P. 58 that, to be "effective," a judgment must be set forth on a separate document. Rule 4 (a)(7) and Fed. R. Civ. P. 58 have been amended to resolve those splits.

1. The first circuit split addressed by the amendments to Rule 4 (a)(7) and Fed. R. Civ. P. 58 concerns the extent to which orders that dispose of post-judgment motions must be set forth on separate documents. Under Rule 4 (a)(4)(A), the filing of certain post-judgment motions tolls the time to appeal the underlying judgment until the "entry" of the order disposing of the last such remaining motion. Courts have disagreed about whether such an order must be set forth on a separate document before it is treated as "entered." This disagreement reflects a broader dispute among courts about whether Rule 4 (a)(7) independently imposes a separate document requirement (a requirement that is distinct from the separate document requirement that is imposed by the Federal Rules of Civil Procedure ("FRCP")) or whether Rule 4 (a)(7) instead incorporates the separate document requirement as it exists in the FRCP. Further complicating the matter, courts in the former "camp" disagree among themselves about the scope of the separate document requirement that they interpret Rule 4 (a)(7) as imposing, and courts in the latter "camp" disagree among themselves about the scope of the separate document requirement imposed by the FRCP.

Rule 4 (a)(7) has been amended to make clear that it simply incorporates the separate document requirement as it exists in Fed. R. Civ. P. 58. If Fed. R. Civ. P. 58 does not require that a judgment or order be set forth on a separate document, then neither does Rule 4 (a)(7); the judgment or order will be deemed entered for purposes of Rule 4 (a) when it is entered in the civil docket. If Fed. R. Civ. P. 58 requires that a judgment or order be set forth on a separate document, then so does Rule 4 (a)(7); the judgment or order will not be deemed entered for purposes of Rule 4 (a) until it is so set forth and entered in the civil docket (with one important exception, described below).

In conjunction with the amendment to Rule 4 (a)(7), Fed. R. Civ. P. 58 has been amended to provide that

orders disposing of the post-judgment motions listed in new Fed. R. Civ. P. 58(a)(1) (which post-judgment motions include, but are not limited to, the post-judgment motions that can toll the time to appeal under Rule 4 (a)(4)(A)) do not have to be set forth on separate documents. See Fed. R. Civ. P. 58 (a)(1). Thus, such orders are entered for purposes of Rule 4 (a) when they are entered in the civil docket pursuant to Fed. R. Civ. P. 79(a). See Rule 4 (a)(7)(A)(1).

2. The second circuit split addressed by the amendments to Rule 4 (a)(7) and Fed. R. Civ. P. 58 concerns the following question: When a judgment or order is required to be set forth on a separate document under Fed. R. Civ. P. 58 but is not, does the time to appeal the judgment or order—or the time to bring post-judgment motions, such as a motion for a new trial under Fed. R. Civ. P. 59—ever begin to run? According to every circuit except the First Circuit, the answer is "no." The First Circuit alone holds that parties will be deemed to have waived their right to have a judgment or order entered on a separate document three months after the judgment or order is entered in the civil docket. See Fiore v. Washington County Community Mental Health Ctr., 960 F.2d 229, 236 (1st Cir. 1992) (en banc). Other circuits have rejected this cap as contrary to the relevant rules. See, e.g., United States v. Haynes, 158 F.3d 1327, 1331 (D.C. Cir. 1998); Hammack v. Baroid Corp., 142 F.3d 266, 269–70 (5th Cir. 1998); Rubin v. Schottenstein, Zox & Dunn, 110 F.3d 1247, 1253 n.4 (6th Cir. 1997), vacated on other grounds, 143 F.3d 263 (6th Cir. 1998) (en banc). However, no court has questioned the wisdom of imposing such a cap as a matter of policy.

Both Rule 4 (a)(7)(A) and Fed. R. Civ. P. 58 have been amended to impose such a cap. Under the amendments, a judgment or order is generally treated as entered when it is entered in the civil docket pursuant to Fed. R. Civ. P. 79(a). There is one exception: When Fed. R. Civ. P. 58(a)(1) requires the judgment or order to be set forth on a separate document, that judgment or order is not treated as entered until it is set forth on a separate document (in addition to being entered in the civil docket) or until the expiration of 150 days after its entry in the civil docket, whichever occurs first. This cap will ensure that parties will not be given forever to appeal (or to bring a post-judgment motion) when a court fails to set forth a judgment or order on a separate document in violation of Fed. R. Civ. P. 58(a)(1).

3. The third circuit split—this split addressed only by the amendment to Rule 4 (a)(7)—concerns whether the appellant may waive the separate document requirement over the objection of the appellee. In Bankers Trust Co. v. Mallis, 435 U.S. 381, 387 (1978) (per curiam), the Supreme Court held that the "parties to an appeal may waive the separate-judgment requirement of Rule 58." Specifically, the Supreme Court held that when a district court enters an order and "clearly evidence[s] its intent that the . . . order . . . represent[s] the final decision in the case," the order is a "final decision" for purposes of 28 U.S.C. § 1291, even if the order has not been set forth on a separate document for purposes of Fed. R. Civ. P. 58. Id. Thus, the parties can choose to appeal without waiting for the order to be set forth on a separate document.

Courts have disagreed about whether the consent of all parties is necessary to waive the separate document requirement. Some circuits permit appellees to object to attempted Mallis waivers and to force appellants to return to the trial court, request that judgment be set forth on a separate document, and appeal a second time. See, e.g., Selletti v. Carey, 173 F.3d 104, 109–10 (2d Cir. 1999); Williams v. Borg, 139 F.3d 737, 739–40 (9th Cir. 1998); Silver Star Enters., Inc. v. M/V Saramacca, 19 F.3d 1008, 1013 (5th Cir. 1994). Other courts disagree and permit Mallis waivers even if the appellee objects. See, e.g., Haynes, 158 F.3d at 1331; Miller v. Artistic Cleaners, 153 F.3d 781, 783–84 (7th Cir. 1998); Alvord-Polk, Inc. v. F. Schumacher & Co., 37 F.3d 996, 1006 n.8 (3d Cir. 1994).

New Rule 4 (a)(7)(B) is intended both to codify the Supreme Court's holding in Mallis and to make clear that the decision whether to waive the requirement that the judgment or order be set forth on a separate document is the appellant's alone. It is, after all, the appellant who needs a clear signal as to when the time to file a notice of appeal has begun to run. If the appellant chooses to bring an appeal without waiting for the judgment or order to be set forth on a separate document, then there is no reason why the appellee should be able to object. All that would result from honoring the appellee's objection would be delay.

4. The final circuit split addressed by the amendment to Rule 4 (a)(7) concerns the question whether an appellant who chooses to waive the separate document requirement must appeal within 30 days (60 days if the government is a party) from the entry in the civil docket of the judgment or order that should have been set forth on a separate document but was not. In Townsend v. Lucas, 745 F.2d 933 (5th Cir. 1984), the district court dismissed a 28 U.S.C. § 2254 action on May 6, 1983, but failed to set forth the judgment on a separate document. The plaintiff appealed on January 10, 1984. The Fifth Circuit dismissed the appeal, reasoning that, if the plaintiff waived the separate document requirement, then his appeal would

be from the May 6 order, and if his appeal was from the May 6 order, then it was untimely under Rule 4 (a)(1). The Fifth Circuit stressed that the plaintiff could return to the district court, move that the judgment be set forth on a separate document, and appeal from that judgment within 30 days. Id. at 934. Several other cases have embraced the Townsend approach. See, e.g., Armstrong v. Ahitow, 36 F.3d 574, 575 (7th Cir. 1994) (per curiam); Hughes v. Halifax County Sch. Bd., 823 F.2d 832, 835–36 (4th Cir. 1987); Harris v. McCarthy, 790 F.2d 753, 756 n.1 (9th Cir. 1986).

Those cases are in the distinct minority. There are numerous cases in which courts have heard appeals that were not filed within 30 days (60 days if the government was a party) from the judgment or order that should have been set forth on a separate document but was not. See, e.g., Haynes, 158 F.3d at 1330–31; Clough v. Rush, 959 F.2d 182, 186 (10th Cir. 1992); McCalden v. California Library Ass'n, 955 F.2d 1214, 1218–19 (9th Cir. 1990). In the view of these courts, the remand in Townsend was "precisely the purposeless spinning of wheels abjured by the Court in the [Mallis] case." 15B Charles Alan Wright et al., Federal Practice and Procedure § 3915, at 259 n.8 (3d ed. 1992).

The Committee agrees with the majority of courts that have rejected the Townsend approach. In drafting new Rule 4 (a)(7)(B), the Committee has been careful to avoid phrases such as "otherwise timely appeal" that might imply an endorsement of Townsend.

Changes Made After Publication and Comments. No changes were made to the text of proposed Rule 4 (a)(7)(B) or to the third or fourth numbered sections of the Committee Note, except that, in several places, references to a judgment being "entered" on a separate document were changed to references to a judgment being "set forth" on a separate document. This was to maintain stylistic consistency. The appellate rules and the civil rules consistently refer to "entering" judgments on the civil docket and to "setting forth" judgments on separate documents.

Two major changes were made to the text of proposed Rule 4 (a)(7)(A)—one substantive and one stylistic. The substantive change was to increase the "cap" from 60 days to 150 days. The Appellate Rules Committee and the Civil Rules Committee had to balance two concerns that are implicated whenever a court fails to enter its final decision on a separate document. On the one hand, potential appellants need a clear signal that the time to appeal has begun to run, so that they do not unknowingly forfeit their rights. On the other hand, the time to appeal cannot be allowed to run forever. A party who receives no notice whatsoever of a judgment has only 180 days to move to reopen the time to appeal from that judgment. See Rule 4 (a)(6)(A). It hardly seems fair to give a party who does receive notice of a judgment an unlimited amount of time to appeal, merely because that judgment was not set forth on a separate piece of paper. Potential appellees and the judicial system need some limit on the time within which appeals can be brought.

The 150-day cap properly balances these two concerns. When an order is not set forth on a separate document, what signals litigants that the order is final and appealable is a lack of further activity from the court. A 60-day period of inactivity is not sufficiently rare to signal to litigants that the court has entered its last order. By contrast, 150 days of inactivity is much less common and thus more clearly signals to litigants that the court is done with their case.

The major stylistic change to Rule 4 (a)(7) requires some explanation. In the published draft, proposed Rule 4 (a)(7)(A) provided that "[a] judgment or order is entered for purposes of this Rule 4 (a) when it is entered for purposes of Rule 58(b) of the Federal Rules of Civil Procedure." In other words, Rule 4 (a)(7)(A) told readers to look to FRCP 58(b) to ascertain when a judgment is entered for purposes of starting the running of time to appeal. Sending appellate lawyers to the civil rules to discover when time began to run for purposes of the appellate rules was itself somewhat awkward, but it was made more confusing by the fact that, when readers went to proposed FRCP 58(b), they found this introductory clause: "Judgment is entered for purposes of Rules 50, 52, 54 (d)(2)(B), 59, 60, and 62 when . . ."

This introductory clause was confusing for both appellate lawyers and trial lawyers. It was confusing for appellate lawyers because Rule 4 (a)(7) informed them that FRCP 58(b) would tell them when the time begins to run for purposes of the appellate rules, but when they got to FRCP 58(b) they found a rule that, by its terms, dictated only when the time begins to run for purposes of certain civil rules. The introductory clause was confusing for trial lawyers because FRCP 58(b) described when judgment is entered for some purposes under the civil rules, but then was completely silent about when judgment is entered for other purposes.

To avoid this confusion, the Civil Rules Committee, on the recommendation of the Appellate Rules Committee, changed the introductory clause in FRCP 58(b) to read simply: "Judgment is entered for

purposes of these Rules when . . . ." In addition, Rule 4 (a)(7)(A) was redrafted [A redraft of Rule 4 a)(7) was faxed to members of the Appellate Rules Committee two weeks after our meeting in New Orleans. The Committee consented to the redraft without objection.] so that the triggering events for the running of the time to appeal (entry in the civil docket, and being set forth on a separate document or passage of 150 days) were incorporated directly into Rule 4 (a)(7), rather than indirectly through a reference to FRCP 58(b). This eliminates the need for appellate lawyers to examine Rule 58 (b) and any chance that Rule 58 (b)'s introductory clause (even as modified) might confuse them.

We do not believe that republication of Rule 4 (a)(7) or FRCP 58 is necessary. In substance, rewritten Rule 4 (a)(7)(A) and FRCP 58(b) operate identically to the published versions, except that the 60-day cap has been replaced with a 150-day cap—a change that was suggested by some of the commentators and that makes the cap more forgiving.

Subdivision (b)(5). Federal Rule of Criminal Procedure 35(a) permits a district court, acting within 7 days after the imposition of sentence, to correct an erroneous sentence in a criminal case. Some courts have held that the filing of a motion for correction of a sentence suspends the time for filing a notice of appeal from the judgment of conviction. See, e.g., United States v. Carmouche, 138 F.3d 1014, 1016 (5th Cir. 1998) (per curiam); United States v. Morillo, 8 F.3d 864, 869 (1st Cir. 1993). Those courts establish conflicting timetables for appealing a judgment of conviction after the filing of a motion to correct a sentence. In the First Circuit, the time to appeal is suspended only for the period provided by Fed. R. Crim. P. 35(a) for the district court to correct a sentence; the time to appeal begins to run again once 7 days have passed after sentencing, even if the motion is still pending. By contrast, in the Fifth Circuit, the time to appeal does not begin to run again until the district court actually issues an order disposing of the motion.

Rule 4 (b)(5) has been amended to eliminate the inconsistency concerning the effect of a motion to correct a sentence on the time for filing a notice of appeal. The amended rule makes clear that the time to appeal continues to run, even if a motion to correct a sentence is filed. The amendment is consistent with Rule 4 (b)(3)(A), which lists the motions that toll the time to appeal, and notably omits any mention of a Fed. R. Crim. P. 35(a) motion. The amendment also should promote certainty and minimize the likelihood of confusion concerning the time to appeal a judgment of conviction.

If a district court corrects a sentence pursuant to Fed. R. Crim. P. 35(a), the time for filing a notice of appeal of the corrected sentence under Rule 4 (b)(1) would begin to run when the court enters a new judgment reflecting the corrected sentence.

Changes Made After Publication and Comments. The reference to Federal Rule of Criminal Procedure 35(c) was changed to Rule 35 (a) to reflect the pending amendment of Rule 35. The proposed amendment to Criminal Rule 35, if approved, will take effect at the same time that the proposed amendment to Appellate Rule 4 will take effect, if approved.

### References in Text

The Federal Rules of Civil Procedure, referred to in subd. (a)(4), (7), are set out in this Appendix.

The Federal Rules of Criminal Procedure, referred to in subd. (b)(3), (5), are set out in the Appendix to Title 18, Crimes and Criminal Procedure.

### Amendment by Public Law

1988—Subd. (b). Pub. L. 100–690 inserted "(i)" and "or (ii) a notice of appeal by the Government" in first sentence, and "(i)" and "or (ii) a notice of appeal by any defendant" in fifth sentence.