IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Juan Pequeno,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-180 |
| | § | |
| **City of Brownsville, et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER & OPINION

BE IT REMEMBERED, that on December 15, 2005, the Court **GRANTED** Plaintiff's Motion to Reconsider Order Dismissing Plaintiff's Motion to Amend This Court's Order of November 3, 2005 and to Impose Sanctions for Misleading the Court on Plaintiff Pequeno's Lawsuit [Dkt. No. 119]. After reconsideration under Rule 59(e), the Court **DENIED** Plaintiff's Motion to Amend [Dkt. No. 117].

### Motion to Alter or Amend Judgment Under Rule 59(e)

Pursuant to Rule 59(e), the Court may consider a motion to alter or amend judgment if it is filed in a timely manner. Fed. R. Civ. P. 59(e). Rule 59(e) affords the Court considerable discretion in balancing the need for finality with the need for justice. See *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A motion for reconsideration may be granted to correct an error of law. *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 *2 (E.D. La Feb. 3, 1998).

### Factual and Procedural Background

Plaintiff Juan Pequeno filed this suit ("the employment case") on November 27, 2000, after his termination from employment with the City of Brownsville, alleging that his rights under the First and Fourteenth Amendments to the United States Constitution were violated, and sought damages pursuant to 42 U.S.C. § 1983. At the close of trial, the jury returned a verdict in his favor on February 15, 2002. The Court entered final judgment in

this case on March 26, 2002 [Dkt. No. 89], and the case was appealed on April 15, 2002 [Dkt. No. 97].

During the course of this case, Plaintiff filed for bankruptcy under chapter 7 ("the bankruptcy case"). The protracted bankruptcy proceedings have included multiple appeals by the Plaintiff. The factual and procedural history of this case is discussed in full in *Pequeno v. Schmidt.* 307 B.R. 568, 570-574 (S.D. Tex. 2004). Two actions taken by the bankruptcy court during the course of the chapter 7 proceedings are the subject of this motion to amend. First, the bankruptcy judge appointed Michael Schmidt as the Chapter 7 trustee and recognized the trustee's authority to mediate the judgment from the employment case. Second, the bankruptcy court approved the settlement agreement reached by the trustee with the defendants from the earlier suit during mediation. Plaintiff contests these two events despite clear orders from the bankruptcy court that both orders are final and that Pequeno waived any appeal of these matters [Bankr. Case No. 01-24255, Dkt. No. 365].

On November 3, 2005, this Court granted a Joint Motion for Entry of Agreed Modified Final Judgment submitted by the bankruptcy trustee and the Defendants in the original employment action in recognition of the settlement reached in September 2002. Plaintiff filed a Notice of Appeal [Dkt. No. 115] and a Motion to Amend [Dkt. No. 117]. Although this Court dismissed Plaintiff's Motion to Amend [Dkt. No. 118], the Court now reconsiders this motion in light of Federal Rule of Appellate Procedure 4(a).

### Timing of Appeal and Pending Motions in the District Court

Generally, either the district court or the appeals court has jurisdiction at any particular time. However, despite the filing of a notice of appeal, some motions may still be considered by the district court. Federal Rules of Appellate Procedure 4(a)(4)(A)- (B). Rule 4(a)(4) permits the notice of appeal to become effective after the district court disposes of specified types of motions including a motion to alter or amend the judgment under Rule 59. Although Plaintiff filed a notice of appeal prior to filing the motion to amend, the Court erred in dismissing this motion for lack of jurisdiction rather than disposing of the motion as permitted by Rule 4(a)(4). Therefore, the Court now considers this Rule 59 motion again.

**Plaintiff's Request to Amend**

In Plaintiff's Motion to Amend this Court's Order of November 3, 2005 [Dkt. No. 117], Plaintiff contends that Trustee Schmidt lacked authority to mediate the judgment from the employment case. Additionally, Plaintiff contends that Trustee Schmidt is not a proper party in interest due to the conversion of Pequeno's bankruptcy action to Chapter 13 from Chapter 7.

In the Bankruptcy Court for the Southern District of Texas, the Court authorized Trustee Schmidt to mediate and settle the judgment from the employment case. Pequeno objected to this authorization, but the Court denied the Debtor's Motion to Object and to Revoke Order Authorizing Trustee to Mediate and Settle [Bankr. Case No. 01-24255-B-7, Dkt. No. 120] on November 12, 2002. After the settlement was reached, the bankruptcy court approved the settlement agreement. Pequeno moved the court to revoke the order approving of the settlement, but the court denied this motion as well on the same date [Bankr. Case No. 01-24255-b-7, Dkt. No. 119]. Pequeno revisited these issues before the bankruptcy court in September 2005. The bankruptcy court denied Pequeno's Motion to Null and Void Chapter 7 Trustee Michael Schmidt's Settlement of September 16, 2002 [Bankr. Case No. 01-24255, Dkt. No. 365].

In its order of September 26, 2005, the Bankruptcy Court for the Southern District of Texas explicitly rejected the notion that Trustee Schmidt lacked authority to enter into a settlement of the judgment in the employment case. Additionally, the bankruptcy court denied the motion to vacate the order approving the settlement. Despite the fact that Pequeno's bankruptcy case was later converted from Chapter 7 to Chapter 13, at the time of the settlement, Pequeno remained in Chapter 7 and Schmidt possessed authority as the Chapter 7 trustee to mediate and settle on behalf of the estate. The bankruptcy court indicated that Pequeno did not appeal either of the November 12, 2002 orders reiterating the bankruptcy court's position on Trustee Schmidt's authority and the approved settlement and therefore, these orders are final.

Based on these facts, Trustee Schmidt was the authorized party to mediate and settle the judgment in the employment case and the settlement was approved by the bankruptcy court after the parties reached this agreement. Therefore, Trustee Schmidt and

the Defendants from the employment case were the proper parties to file a motion with this Court to modify the final judgment. Therefore, the Court **DENIES** the Plaintiff's Motion to Amend [Dkt. No. 117].

### Conclusion

Therefore, the Court **GRANTED** Plaintiff's Motion to Reconsider Order Dismissing Plaintiff's Motion to Amend This Court's Order of November 3, 2005 and to Impose Sanctions for Misleading the Court on Plaintiff Pequeno's Lawsuit [Dkt. No. 119]. After reconsideration under Rule 59(e), the Court **DENIED** Plaintiff's Motion to Amend [Dkt. No. 117].

DONE at Brownsville, Texas, this 15th day of December 2005.

_____
Hilda G. Tagle
United States District Judge