United States District Court
Southern District of Texas
FILED

JAN 0 9 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Juan Pequeno, | § § | |
| Plaintiff | § § § | CIVIL ACTION NO. B-00-180 |
| v. | § § | |
| City of Brownsville, et al., Defendants | § § | |

**MOTION TO RECONSIDER 'DKT#123 - ORDER
DENYING PLAINTIFF'S MOTION TO AMEND DKT#117',
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURES –FRCP §60 (b),
ERROR OF LAW,
SINCE TRUSTEE MICHAEL SCHMDIT IS IN COLLUSION TO DEFRAUD,
AND PLAINTIFF REFILES PREVIOUS MOTION TO AMEND, DKT#117**

Submitted by:

*/s/ Juan Pequeno*

Juan Pequeno
Attorney-in-fact
P.O. Box 5692
Brownsville, Tx 78523
(956) 504-2709

1

## TABLE OF CONTENTS

                                                                                            Page

TABLE OF AUTHORITIES ...................................................................................3

EXHIBIT LIST (1 through 23)............................................................................4,5

I. Docket Evidences that Bankruptcy Court's Orders of November 12, 2002
   were appealed and therefore are 'Not' Final...............................................6

II. Appealed Orders of November 12, 2002 concerning Trustee Schmidt's
    Settlement, were ruled to be contingent on the decision of which
    Bankruptcy Chapter Debtor was in.................................................................7

III. In Addition to being appealed and ruled on, Court Orders of
     November 12, 2002 concerning Trustee Michael Schmidt's settlement
     were rendered 'moot' upon Pequeno's Ch13 conversion on August 7, 2002
     as evidenced by:
     1. Federal Bankruptcy conversion laws §706(a) and §348(e) and
     2. by the April 1,2004, Order of the Federal Appellate Court with the
        Honorable Judge Andrew Hanen................................................................8

IV. A. Docket evidences more of Trustee Schmidt's initial and continual
       pre-meditated plot to re-convert Pequeno's Ch13 conversion..............9

    B. Federal Appellate Court hearing transcript of October 17, 2005
       evidencing Trustee Schmidt's fraudulent plot to 'Moot'
       appeals with erroneous settlement............................................................11

    C. Related Federal Appellate pending appeals concerning Trustee
       Schmidt's Personal Conflict of Interest...................................................11

V. Bankruptcy Order of December 27, 2004, Dkt#257, to reconvert
   Pequeno's Chapter 13 conversion, in violation of
   Title U.S.C. 11 § 1307,is erroneous, non-final, and on appeal..................12

VI. Bankruptcy Order of September 26, 2005, Dkt#365, to authorize
    settlement of September 16, 2002, erroneously (as discussed in Part I
    of this Motion) states that the November 12, 2002 Orders
    were not appealed, and erroneously ignores that same Orders
    were rendered moot .........................................................................................13


PRAYER..............................................................................................................14

CERTIFICATE OF SERVICE............................................................................15

## TABLE OF AUTHORITIES

**CASES**                                                                 page

In re Cable v Ivy Tech, 200, F.3d 467 (7th Cir. 1999)..................................7,8

In re Cadler, 973, F.2d 862, 867 (10th cir. 1992)............................................8

In re Pisczek, 269 B.R. 641 (Bkrtcy E. D. Mich. 2001)....................................7

In re Rakosi, 99 B. R. 47 (Bkrtcy. S. D. Cal. 1989).........................................8

In re Wells, 87 B.R. 732, 736 (Bankr. N.D. Ga. 1988)....................................8

In re Washington, 235 B.R. 126 (B.R. (Bkrtcy. S.D. Fla. 1998).......................7


**RULES AND LAW**

Fed. Rules Civil Procedure §60 (b).....................................................1,6,14,16

Title 11 U.S.C. §348 (e)............................................................................7,8,9

Title 11 U.S.C. §706 (a)............................................................................7,8,9

Title 11 U.S.C. §1307...................................................................................9,12

EXHIBITS

page

Exhibit 1, Dkt#127 – (Pequeno's appeal of November 12, 2002 Order Denying Motion to Vacate Order Authorizing Trustee to Mediate, Dkt#120)......................6

Exhibit 2, Dkt#128 – (Pequeno's appeal of Order Denying Motion to Vacate Trustee's Agreed Order Approving Settlement, Dkt#119)....7

Exhibit 3, Dkt#365 - (Bankruptcy court's Wrongful Order)............................13

Exhibit 4, Dkt#367 – (Pequeno's Notice of Appeal of Wrongful Order).............13

Exhibit 5, cause#05cv271 – (Pequeno's appeal in the District Federal Appellate).13

Exhibit 6 - (In Reference of Bankruptcy docket cause#01-24255 from 07/18/2002 – 02/03/2003)................................8,9

Exhibit 7, Dkt#345, – (Pequeno's 7/21/05 Brief on issues of Pequeno's Ch13 conversion and Trustee Schmidt's lack of authority as supported by 'Federal Bankruptcy law and case law' in support of July 6, 2005 hearing, Dkt#337 before the Bankruptcy court)...............................8

Exhibit 8, cause#03cv029 - (Honorable Judge Andrew Hanen's Order of April 1, 2004 finding Pequeno's August 7, 2002 Ch13 conversion, pp. 1, 7, 8, 25, 26, and 27)..................7

Exhibit 9, cause#03-cv029 - (Discussion of appeal issues in September 3, 2003 pre-conference transcript with Honorable Judge Andrew Hanen). 7

Exhibit 10, Dtk#170, (Trustee Schmidt's 'bad faith' attempt to re-convert in violation of Federal Bankruptcy law § 1307)......................10

Exhibit 11, Dtk#177, (7/7/04 hearing transcript showing Trustee Schmidt's 'bad faith' attempt to Reconvert Pequeno's Ch13 conversion eventhough Pequeno had not yet been allowed to proceed to confirmation).........................................10

Exhibit 12, Dtk#190, (8/4/04 hearing transcript showing Trustee Schmdit's 'bad faith' attempt to Reconvert Pequeno's Ch13 conversion eventhough Pequeno had not yet been allowed to proceed to confirmation).........................................10

Exhibit 13, Dtk#219, (10/22/04 Motion showing Trustee Schmidt's 'bad faith' attempt to Re-convert Pequeno's Ch13 conversion).................10

Exhibit 14, Dtk#249, (12/1/04 hearing transcript showing Trustee Schmidt's 'bad faith' attempt to reconvert Pequeno's C13 conversion eventhough Pequeno had not yet been allowed to proceed to Ch13 confirmation by Court)..10

Exhibit 15, Dtk#257, (12/27/04 Bankruptcy Order to reconvert Pequeno's Ch13 conversion in violation of Title 11 U.S.C. §1307 and other Bankruptcy Laws)..........................................10

Exhibit 16, cause#05cv169 – (District Court's Docket evidence of Pequeno's appeal of Order to reconvert Pequeno's Ch13 conversion on December 27, 2004, Dkt#257)....10,12

Exhibit 17, cause#05-41309 - (5th Circuit Court of Appeal Docket of Pequeno's appeal concerning re conversion issue)..........10,12

Exhibit 18, pp.41, 42, cause#05cv070, (October 17, 2005 hearing transcript on pending appeals before the Honorable Judge Andrew Hanen).......11

Exhibit 19 – (Trustee Michael Schmidt's Proof of Claim as of July 20, 2004)......11

Exhibit 20, Dkt#370 – (Trustee Michael Schmidt's Proof of Claim as of September 28, 2005)....................................12

Exhibit 21, Dkt#467 - (7/6/2005 hearing transcript concerning Pequeno's Motion to null/void September 16, 2002 settlement).......................13

Exhibit 22, Dkt#468 - (8/3/2005 Continued hearing transcript concerning Pequeno's Motion to null/void September 16, 2002 settlement)..............13

Exhibit 23, Dkt#469 (pp.21-23 of 10/5/2005 hearing transcript concerning September 26, 2005 settlement Order in which Trustee's attorney John Vardeman and the Court, both acknowledged that the November 12, 2002 settlement Orders had been appealed by Pequeno)..7,14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Juan Pequeno, | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. B-00-180 |
| | § | |
| v. | § | |
| City of Brownsville, et al., | § | |
| Defendants | § | |
| | § | |
| | § | |

### MOTION TO RECONSIDER 'DKT#123 - ORDER DENYING PLAINTIFF'S MOTION TO AMEND DKT#117', PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURES –FRCP §60 (b), ERROR OF LAW, SINCE TRUSTEE MICHAEL SCHMDIT IS IN COLLUSION TO DEFRAUD, AND PLAINTIFF REFILES PREVIOUS MOTION TO AMEND, DKT#117

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Juan Pequeno, Plaintiff ('Pequeno'), hereby files this Motion to Reconsider 'Dkt#123 – Order Denying Plaintiff's Motion to Amend Dkt#117', pursuant to Federal Rules of Civil Procedures - FRCP §60 (b), Error of Law, Since Trustee Michael Schmidt is in Collusion to Defraud, and Plaintiff Refiles Previous Motion to Amend, and as such, Pequeno respectfully shows the following:

I.

### Docket Evidences that Bankruptcy Court's Orders of November 12, 2002 were appealed and therefore are 'Not' Final

Bankruptcy Docket evidences that Pequeno did appeal the November 12, 2002 Orders concerning the Trustee's settlement of September 16, 2002.

Please see Exhibit 1, Dkt#127 – (Pequeno's appeal of November 12, 2002
                Order Denying Motion to Vacate Order
                Authorizing Trustee to Mediate, Dkt#120),

6

Exhibit 2, Dkt#128 – (Pequeno's appeal of Order Denying Motion to Vacate Trustee's Agreed Order Approving Settlement,Dkt#119), and

Exhibit 23, Dkt#469 (pp.21-23 of 10/5/2005 hearing transcript concerning September 26, 2005 settlement Order in which Trustee's attorney John Vardeman and the Court, both acknowledged that the November 12, 2002 settlement Orders had been appealed by Pequeno).

## II.

### Appealed Orders of November 12, 2002 concerning Trustee Schmidt's Settlement, were ruled to be contingent on the decision of which Bankruptcy Chapter Debtor was in

The issue of who has 'authority to settle' rests on the decision of which Bankruptcy Chapter Debtor is.

Please see Exhibit 9, cause#03-cv029 - (Discussion of appeal issues in September 3, 2003 pre-conference with Honorable Judge Andrew Hanen).

and also see Exhibit 8 – (1st page of Hon. Judge Hanen's Order of April 1, 2004).

Pursuant to Federal Bankruptcy conversion law §706(a), and by operation of law of Title 11 U.S.C. §348(e), since Pequeno was converted to Ch13 as of August 7, 2002 (as evidenced in Part III of this Motion), Trustee Michael Schmidt is dismissed and simply without authority, and Pequeno is now party of interest:

*(See In re Cable v. Ivy Tech, 200 F.3d 467 (7th Cir.1999), See In re Pisczek, 269 B.R. 641 (Bkrtcy E.d. Mich. 2001) See Washington, 235 B.R. 126 (Bkrtcy S.D. Fla. 1998).*

*Also: quote from In re Cable v. Ivy Tech, 200 F. 3d 467 (7th Cir. 1999).*
"The effect of conversion is clear. At the moment the Bankruptcy Court granted Cable's motion to convert, the Chapter 7 Trustee lost jurisdiction over the case. In effect...but without standing to act on behalf of the estate, either to challenge the conversion or for any other purpose, including prosecuting or defending tort actions that belonged to the estate. *See In re Wells 87 B.R., 732, 736 (Bankr. N.D. Ga. 1988). See In re Calder, 973 F. 2d 862 (10th Cir. 1982). See In re Rakosi, 99 B.R. 47 (Bkrtcy. S.D. Cal. 1989).*"

### III.
### In Addition to being appealed and ruled on, Court Orders of November 12, 2002 concerning Trustee Michael Schmidt's settlement were rendered 'moot' upon Pequeno's Ch13 conversion on August 7, 2002 as evidenced by:
1. Federal Bankruptcy conversion laws §706(a) and §348(e) and
2. by the April 1, 2004, Order of the Federal Appellate Court with the Honorable Judge Andrew Hanen

Additionally, these Orders of November 12, 2002 concerning Trustee Michael Schmidt's settlement were rendered 'moot' by the following events as evidenced in the Bankruptcy docket, cause#01-24255:

1. First, on July 18, 2002, Dkt#50, Pequeno filed Motion to Convert to Chapter 13 pursuant to Title 11 U.S.C. § 706(a) and §348 (e) and on August 7, 2002, Bankruptcy Court granted Pequeno's Chapter 13 conversion, with docket entry reflecting same conversion on same date.

Please see Exhibit 6 - (In Reference to Bankruptcy docket cause#01-24255 from 07/18/2002 – 02/03/2003), and

Exhibit 7, Dkt#345, – (Pequeno's 7/21/05 Brief on issues of Pequeno's Ch13 conversion and Trustee Schmidt's lack of authority as supported by 'Federal Bankruptcy law and case law' in support of July 6, 2005 hearing, Dkt#337 before the Bankruptcy court).

2. Second, the Superior Federal Appellate Court's ruling of April 1, 2004, cause#03cv029, by the Honorable Judge Andrew Hanen, contained findings of Pequeno's August 7, 2002 Ch13 conversion.

Exhibit 8, cause#03cv029 - (Honorable Judge Andrew Hanen's Order of April 1, 2004 finding Pequeno's August 7, 2002 Ch13 conversion, pp. 1, 7, 8, 25, 26, and 27).

8

So even if Pequeno had not appealed the 2 Orders of November 12, 2002 concerning Trustee Schmidt's settlement, the fact as evidenced in the Bankruptcy Docket is:

that Pequeno was converted to Ch13 on August 7, 2002 by the Bankruptcy court's ruling after Pequeno had motioned to Convert to Ch13 on July 18, 2002 in compliance with Federal Bankruptcy Conversion Laws §706(a) and §348(e).

And since Pequeno's Ch13 conversion occurred on August 7, 2002 which is more than 1 month prior to Trustee Schmidt's settlement of September 16, 2002 and more than 3 months prior to the November 12, 2002 Orders approving same settlement issues, by the 'operation of law' of Title 11 U.S.C. § 348 (e), these settlement issues and Orders have been rendered 'moot'.

### IV.

### Trustee Schmidt's bad faith and fraud with Pequeno's estate

#### A. Docket evidences Trustee Schmidt's pre-meditated plot to re-convert Pequeno's Ch13 conversion

Bankruptcy docket evidences that court abused its discretion by allowing Trustee Michael Schmidt's 'bad faith' fraudulent interference with Pequeno's Ch13 conversion and confirmation, and erroneously granted Trustee Schmidt's several 'bad faith' attempts to reconvert Pequeno's Ch13 conversion, in violation of Federal Bankruptcy Laws Title 11 U.S.C 11 §1307.

Please see Exhibit 6  - (In Reference to Bankruptcy docket cause#01-24255 from 04/30/2004 – 01/05/2005),

9

Exhibit 10,Dtk#170, (5/18/04 Motion evidencing Trustee Schmidt's
'bad faith' interfering attempt to re-convert
Pequeno's Ch13 conversion),

Exhibit 11,Dtk#177, (7/7/04 hearing transcript showing Trustee Schmidt's
'bad faith' attempt to Reconvert Pequeno's Ch13 conversion
eventhough Pequeno had not yet been allowed
to proceed to confirmation),

Exhibit 12, Dtk#190, (8/4/04 hearing transcript showing Trustee Schmidt's
'bad faith' attempt to Reconvert Pequeno's Ch13 conversion
eventhough Pequeno had not yet been allowed
to proceed to confirmation),

Exhibit 13, Dtk#219, (10/22/04 Motion showing Trustee Schmidt's 'bad faith'
attempt to Re-convert Pequeno's Ch13 conversion),

Exhibit 14, Dtk#249, (12/1/04 hearing transcript showing Trustee Schmidt's
'bad faith' attempt to reconvert Pequeno's C13 conversion
eventhough Pequeno had not yet been allowed to
proceed to Ch13 confirmation by Court), and

Exhibit 15,Dtk#257, (12/27/04 Bankruptcy Order to reconvert Pequeno's
Ch13 conversion in violation of Title 11 U.S.C. §1307
and other Bankruptcy Laws).

Pequeno timely appealed Bankruptcy court's Order to reconvert Pequeno's Ch13 conversion on December 27, 2004, and now this appeal is before the 5th Circuit Court of Appeals,cause#05-41309:

Please see Exhibit 16, cause#05cv169 – (District Court's Docket evidence of
Pequeno's appeal of Order to reconvert Pequeno's
Ch13 conversion on December 27, 2004,Dkt#257), and

Exhibit 17, cause#05-41309 - (5th Circuit Court of Appeal Docket of Pequeno's
appeal concerning re conversion issue).

10

### B. Federal Appellate Court hearing transcript of October 17, 2005 evidencing Trustee Schmidt's fraudulent plot to 'Moot' appeals with erroneous settlement

On October 17, 2005, before the Honorable Judge Andrew Hanen, the pending Federal Appeals were discussed which also includes the 'Ch 13 party of interest and the right to settle' issue, cause#05cv169, that is now pending at the 5th Circuit of Appeals.

Trustee Schmidt has stated in this hearing that Trustee Schmidt plans to render Pequeno's series of pending appeals moot with a settlement.

Trustee Schmidt knowingly and fraudulently is trying to cash-out Pequeno's Judgment by deceiving the Court with statements that 'utter' that the final Orders were not appealed by Pequeno, or that Pequeno's Federal District and Fifth Circuit appeals have all been dismissed".

Please see Exhibit 18, pp.41, 42, cause#05cv070, (October 17, 2005 hearing before the Honorable Judge Andrew Hanen on pending appeals).

### C. Related Federal Appellate pending appeals concerning Trustee Schmidt's Personal Conflict of Interest

On August 14, 2002 Trustee Schmidt also in violation of his fiduciary duties allowed for creditors to be discharged by failing to Notice creditors that Pequeno's case was an 'Asset' case, which is proven by Trustee Schmidt's own proof of claim filed on July 20, 2004.

Please see Exhibit 19 – (Trustee Michael Schmidt's Proof of Claim as of July 20, 2004).

Pequeno has filed motion to dismiss Trustee Schmidt for 'bad faith and personal conflict of interest' with Pequeno's estate and this is now on appeal, cause#05cv08.

Trustee Schmidt has now filed a 'new' proof claim as of September 28, 2005, Dkt#370, in which Trustee Schmidt has fraudulently deleted all 'references' to the evidence of notice of meetings and conferences with other attorneys and Courts in order to posture his position of his illegal wrongdoings against Pequeno's creditors and Pequeno's estate.

Please see Exhibit 20, Dkt#370 – (Trustee Michael Schmidt's 'new' Proof of Claim as of September 28, 2005).

Trustee Schmidt continues attempting to, 'with unclean hands', cash-out Pequeno's Judgment for Trustee's own personal gain and for Trustee's hired firms, Law Office of Michael Schmidt and Law Office of Frank Costilla, who are planning to split the Judgment 50/50 between them, and creditors again will get nothing-$0.

## V.

### Bankruptcy Order of December 27, 2004, Dkt#257, to reconvert Pequeno's Chapter 13 conversion, in violation of Title U.S.C. 11 § 1307, is erroneous, non-final, and on appeal

Pequeno was converted to Ch13 on August 7, 2002 and because of Trustee Schmidt's 'bad faith', Pequeno has appealed Trustee's attempt to re-convert Pequeno's Ch13 conversion and unless Pequeno's Ch13 conversion is reversed, Pequeno shall remain Debtor in possession and party of interest in Pequeno's estate.

Please see Exhibit 16, cause#05cv169 – (District Court's Docket evidence of Pequeno's appeal of Order to reconvert Pequeno's Ch13 conversion on December 27, 2004,Dkt#257), and

Exhibit 17, cause#05-41309 - (5th Circuit Court of Appeal Docket of Pequeno's appeal concerning re conversion issue).

## VI.

### Bankruptcy Order of September 26, 2005, Dkt#365, to authorize settlement of September 16, 2002, erroneously (as discussed in Part I of this Motion) states that the November 12, 2002 Orders were not appealed, and erroneously ignores that same Orders were rendered moot

On July 6, 2005, Bankruptcy Court held a hearing to discuss Pequeno's Motion to Null/void settlement of September 16, 2002. At this hearing Pequeno presented to Court the Bankruptcy conversion law and docket evidences of Pequeno's Ch 13 conversion as of 8/7/2002 and the granting of Ch13 conversion on appeal by the Honorable Judge Andrew Hanen on April 1, 2005.

Please see Exhibit 21, Dkt#467 - (7/6/2005 hearing transcript concerning Pequeno's Motion to null/void September 16, 2002 settlement), and

Please see Exhibit 22, Dkt#468 - (8/3/2005 Continued hearing transcript concerning Pequeno's Motion to null/void September 16, 2002 settlement).

On September 26, 2005, Bankruptcy Court signed an order to authorize Settlement of September 12, 2002, which erroneously states that Pequeno did not appeal the November 12, 2002 settlement orders.

Please see Exhibit 3, Dkt#365 - (Bankruptcy court's Order).

On September 27, 2005, Pequeno timely appealed this Order:

Please see Exhibit 4, Dkt#367 – (Pequeno's Notice of Appeal of Order),

and Exhibit 5, cause#05cv271 – (Pequeno's appeal in the District Federal Appellate Court).

On October 5, 2005 Bankruptcy court held a hearing to approve Trustee Schmidt's Final application for payment and Pequeno stated to the Court that Bankruptcy court entered an 'incorrect Order' of September 26, 2005 since Pequeno had appealed the November 10, 2002 Orders concerning settlement issue. Trustee Schmidt's attorney John Vardeman then stated to Bankruptcy court that Pequeno had appealed the November 10, 2002 Orders and that these Orders were dependent on Pequeno's Ch13 conversion. Bankruptcy court acknowledge that it had made a error but stated that it would leave 'prior decision as made' eventhough the Order prejudiced Pequeno and more importantly was 'incorrect'.

Please see Exhibit 23, Dkt#469 (pp.21-23 of 10/5/2005 hearing transcript concerning September 26, 2005 settlement Order in which Trustee's attorney John Vardeman and the Court, both acknowledged that the November 12, 2002 settlement Orders had been appealed by Pequeno).

## PRAYER

Pequeno respectfully prays that this Court recognize as an Error of Law, pursuant to FRCP §60 (b), and that this District Court amend its previous Order by Voiding its previous Orders since this Honorable District Court has been misinformed about the events in above case, and that this Honorable District Court take appropriate action and Reconsider its ruling in regard to Pequeno's Motion to Amend, Dkt#117, and Pequeno prays for any other relief to which Pequeno is justly entitled.

DATED: _1-9_, 2005.

                                      Respectfully submitted,

                                      Juan Pequeno, Pro Se
                                      P.O. Box 5692
                                      Brownsville, Texas 78523
                                      (956) 504-2709
                                      *jpequeno2525@yahoo.com*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served via U.S. postal mail upon the following:

Michael B. Schmidt, Trustee
555 N. Carancahua, Ste. 1550
Corpus Christi, TX 78478
361/884-9949

Willette & Guerra L.L.P.
1534 East 6th Street, Ste. #200
Brownsville, Texas 78520
Attorney for City of Brownsville

on this _9th_ day of _January_, 2005.

                                      Juan Pequeno