*Exhibit 2*

# NOTICE OF APPEAL TO
# U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
# FROM AN ORDER OF A BANKRUPTCY COURT

United States Bankruptcy Court for the
Southern District of Texas Brownsville Division

#961354

Case NO. 01-24255-B-7

IN RE:
    Juan Pequeno, )
               Debtor )
                       )
                       ) Notice of Appeal
                       )

United States District Court
Southern District of Texas
FILED

NOV 2 2 2002

Michael N. Milby
Clerk of Court

    Notice is hereby given that Juan Pequeno, Debtor in the above named case hereby appeals to the United States District Court for the Southern District of Texas from an order of November 12, 2002, denying Debtor's Motion to Object and to Revoke Trustee's Agreed Order Approving Settlement Agreement (Dkt# 115).

    On September 3, 2002, Debtor filed his amended schedules to Chapter 7 for Bankruptcy Federal Exemption Law of Debtor's Final Judgment, Chapter 13 conversion schedules, and a Chapter 13 plan.

    On September 5, 2002, Trustee Michael Schmidt filed for an emergency hearing in order to proceed to mediate/settle so that Trustee M. Schmidt could control Debtor's estate and stop Debtor from being lawfully granted the Exemption and the Conversion to a Chapter 13.

    Trustee M. Schmidt states in paragraph 5 of his 'Emergency Motion for Authority to mediate and settle' Debtor's Final Judgment before the 5th Circuit Court: "An emergency exists as Trustee feels that he needs authority to mediate/settle the entire appeal in light of Debtor's recent claim of exemption." The Honorable Judge Richard Schmidt did not agree

DKT# 128

1

that an emergency existed based on the fact that Debtor had a recent claim of exemption of the Final Judgment, but a hearing was held.

On September 10, 2002, the Honorable Judge Richard Schmidt ruled at a hearing that Trustee M. Schmidt could not mediate/settle on the Final Judgment without Debtor, but Trustee M. Schmidt and Mr. Frank Costilla's firm held a mediation/ settlement without even notifying Debtor, who was representing himself at the time.

Trustee M. Schmidt acknowledged to the Court that he could not say that he was the sole authority of the Final Judgment of $420,359, nor could Trustee M. Schmidt say that the full amount of $420,359 could be brought to mediation and settlement.

Honorable Judge R. Schmidt said that even if he granted Trustee M. Schmidt an order allowing for a meeting to discuss mediation, the Debtor would have to be included and also, the Debtor's consent and approval would be required.

Trustee M. Schmidt changed the original order, but not in the way so as to reflect what the Honorable Judge R. Schmidt had orally ruled at the hearing of September 10, 2002 since Trustee M. Schmidt's hand-written changes on the Order were contrary to the Honorable Judge Richard Schmidt's ruling.

On September 16, 2002, Trustee M. Schmidt with Attorney Frank Costilla counsel who represented Trustee held a mediation at the 5th Circuit Court without including Debtor, and without informing Debtor through fax, email, or telephone, eventhough Trustee M. Schmidt had done so with previous motions, order, or notices, but not on this occasion.

On September 18, 2002, two days after Trustee M. Schmidt held a mediation without including or informing Debtor, Debtor received a copy of Trustee M. Schmidt's changed and incorrect order in the mail.

On September 26, 2002, Debtor filed a "Motion to Object and Revoke 'Order Authorizing

2

Trustee to Mediate and Settle' Because of False Statements which Honorable Judge Did Not Authorize".

On October 3, 2002, Debtor filed a "Motion to Object and Revoke Trustee's Agreed Order Approving Settlement Agreement."

Altering the Order, without Debtor's knowledge, and without notifying Debtor of this change before a mediation/settlement meeting took place, is in violation of Bankruptcy Law, in violation of the Honorable Judge R. Schmidt's ruling in Federal Court on September 10, 2002, and in violation of good faith laws and fair dealings with Debtor by Trustee M. Schmidt and his attorneys.

Federal Bankruptcy Court has failed to revoke 'Order Authorizing Trustee to Mediate and Settle' and has failed to revoke 'Trustee's Agreed Order Approving Settlement Agreement, both of which are unlawful and contrary to the Court's ruling on September 10, 2002 as depicted in the hearing's transcript.

The Federal Bankruptcy Court has also failed to be fair and equitable with Debtor's estate by allowing Trustee to use Bankruptcy Court as a vehicle to try to settle a Judgment of over $400,000 in Debtor's favor, for less than one-third of the amount, and is not in the best interest of Debtor's creditors since Debtor qualifies for legal exemption of Judgment and qualifies for conversion to a Chapter 13 pay plan.

The Federal Bankruptcy Court should not be allowed to be used as a vehicle to interfere with the precedence of Debtor's current First Amendent violation Appeal Case in the 5th Circuit by authorizing Trustee to dismiss Debtor's Appeal which derived from a Judgment in Debtor's favor from Federal District Court prior to Bankruptcy Court.

---

Juan Pequeno, Pro-se
P.O. Box 5692
Brownsville, Texas 78523
Phone/fax: 956/542-2470

3

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing, has been served on, November 21, 2002 to all counsel of record, via U.S. Postal mail and via fax mailing requested to the following:

Michael B. Schmidt
712 American Bank Plaza
Corpus Christi, Texas 78475
361-884-9949
fax:361/884-6000
Chapter 7 Trustee

Hugh Touchy
3505 Boca Chica Blvd.
Brownsville, Texas 78521
956/541-1846
fax:956/541-1893
Appellant Attorney for City

Barbara Jue
Office of U.S. Trustee
606 N. Carancahua
Ste. 1107
Corpus Christi, Texas 78476
361/888-3261
Fax: 361/888-3263

_____
Juan Pequeno, Pro se
P.O. Box 5692
Brownsville, Texas 78523
Phone/Fax: 956/542-2470