*Exhibit 3*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JUAN PEQUENO | § | CASE NO: 01-24255 |
|    Debtor(s) | § | |
| | § | CHAPTER 7 |

## ORDER DENYING MOTION TO NULL AND VOID CHAPTER 7 TRUSTEE MICHAEL SCHMIDT'S SETTLEMENT OF SEPTEMBER 16, 2002

On this day came on for consideration the Motion to Null and void Chapter 7 Trustee Michael Schmidt's Settlement of September 16, 2002, filed by the Debtor, Juan Pequeno (the "Debtor"). The Court, having heard the evidence and arguments of counsel and of the Debtor, *pro se*, and having reviewed the record and transcripts in this case, finds that the Motion should be denied.

The Debtor filed a Motion to Convert this case from chapter 7 to chapter 13 on July 18, 2002. Michael Schmidt, the chapter 7 trustee (the "Trustee") objected on July 22, 2002. On August 7, 2002, a hearing was held on the Debtor's Motion to Reconsider Aurora Loan Service's Motion to Lift Stay. At that hearing the Court made the statement that this case "will be converted to Chapter 13." The Trustee was not present at the hearing and the Motion to Convert was not set that day. No written order of conversion was entered.

A hearing on the Debtor's Motion to Convert was held on October 9, 2002, and the Court took the matter under advisement. On November 12, 2002, this Court entered an order denying the Motion to Convert. The Debtor appealed the November 12, 2002, order denying conversion and the United States District Court ultimately reversed this Court's ruling on April 1, 2004. No stay pending appeal was ever issued, however, and the case remained a Chapter 7 until the District Court's order was entered.

The settlement which Debtor asks the court to declare "null and void" was entered at a mediation held on September 16, 2002. The Court finds that Debtor's case was a chapter 7 proceeding at that time and the Trustee had authority to enter into the settlement. Moreover, This Court also entered orders on November 12, 2002, denying the Debtor's Motion to Vacate Trustee's Agreed Order Approving Settlement Agreement (docket #119), and denying the Debtor's Motion to Vacate Order Authorizing Trustee to Mediate and Settle (docket #120). Debtor did not appeal either of the orders and they are now final.

For the foregoing reasons, the Court finds that the Motion to Null and Void Chapter 7 Trustee Michael Schmidt's Settlement of September 16, 2002 should be denied.

*DKT# 365*

    It is therefore ORDERED that Juan Pequeno's Motion to Null and Void Chapter 7 Trustee Michael Schmidt's Settlement of September 16, 2002, is hereby DENIED.

SIGNED 09/26/2005.

*[signature]*

RICHARD S SCHMIDT
United States Bankruptcy Judge