

*Exhibit 7*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In re: | § | BANKRUPTCY NO. 01-2425 |
| | § | |
| JUAN PEQUENO | § | *United States Courts* |
| | § | *Southern District of Texas* |
| | § | **FILED** |
| | § | JUL 2 1 2005 |
| Debtor(s) | § | *Michael N. Milby, Clerk of Court* |
| ---------------------------------- | § | DEBTOR'S BRIEF IN SUPPORT |
| | § | OF JULY 6, 2005 HEARING |

### DEBTOR'S BRIEF IN SUPPORT OF JULY 6, 2005 HEARING

Debtor is Juan Pequeno, ('Pequeno'), P.O. Box 5692, Brownsville, TX 78523

Chapter 7 Trustee Michael B. Schmidt, ('Trustee Schmidt'), 555 N. Carancahua Ste. #1550, Corpus Christi, TX 78478

### JURISDICTION

This Court has jurisdiction pursuant to Title 28 U.S.C. §1334 and this is a core proceeding.

*DKT #345*

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................3

STATEMENT OF THE ISSUES PRESENTED.........................................4

PRAYER.......................................................................................7

CERTIFICATE OF SERVICE.............................................................8

APPENDIX

   A. HEARING TRANSCRIPT OF 8/7/02

   B. HONORABLE JUDGE ANDREW HANEN'S ORDER OF 4/1/04, pp. 7,25,26

   C. Federal Rules Civil Procedure -FRCP –RULE 52 & NOTES TO RULE 52

   D. CASE LAW IN Re CABLE vs IVY TECH

   E. CASE LAW IN Re CADLER

   F. CASE LAW IN Re PISCZEK

# TABLE OF AUTHORITIES

## CASES

In re Cable v Ivy Tech, 200,F.3d 467 (7th Cir. 1999).................................5

In re Cadler, 973,F.2d 862, 867 (10th Cir. 1992).........................................5

In re Pisczek, 269 B.R. 641 (Bkrtcy E.D. Mich. 2001)................................5

In re Rakosi, 99 B.R. 47 (Bkrtcy. S.D. Cal. 1989).......................................5

In re Wells, 87 B.R. 732, 736 (Bankr. N.D. Ga. 1988)................................5

In re Washington, 235 B.R. 126 (Bkrtcy. S.D. Fla. 1998)...........................5

## STATUTES

11 U.S.C. §348(e) ...............................................................................4,5,6,7

11 U.S.C. §706(a) ...................................................................................4,6,7

11 U.S.C. §8002.............................................................................................5

28 U.S.C. §1334............................................................................................1

## RULES

FED. R. CIV PROC. 52 (a)..............................................................................5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § § § § § § | BANKRUPTCY NO. 01-24255 |
| JUAN PEQUENO | | |
| Debtor(s) | | DEBTOR'S BRIEF IN SUPPORT OF JULY 6, 2005 HEARING |

DEBTOR'S BRIEF IN SUPPORT OF JULY 6, 2005 HEARING

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Debtor Pequeno and files this brief and in support thereof shows as follows:

STATEMENT OF THE ISSUES PRESENTED

1. *Was Pequeno 1ˢᵗ converted to Chapter 13 by Order of Court on 8/7/2002?*

   *Pursuant to 11 U.S.C. §706 and §348, Pequeno was rightfully converted to Chapter 13.*

   A. Court docket evidences that:

      1. On 7/18/2002, Pequeno filed his Motion to Convert to Chapter 13,

      2. On 7/22/2002, Trustee Schmidt filed objection to Pequeno's conversion

      3. At the hearing of August 7, 2002, the Honorable United States Bankruptcy Judge Richard Schmidt orally granted Pequeno's motion to convert to Chapter 13.
         (See Appendix A - hearing transcript of 8/7/2002.)

4

B.  In his Order of April 1, 2004 the Honorable United States District Judge Andrew Hanen stated that Pequeno had originally been granted conversion on 8/7/2002. . (See Appendix B - Judge Andrew Hanen's Order of April 1, 2004, pp. 7, 25-26.)

2.   *Was Bankruptcy Court's Oral ruling of 8/7/2002 valid?*

Pursuant to Federal Rules of Civil Procedures FRCP –Rule 52, Findings by the Court; Judgment on Partial Findings, 1983 Amendment-52(a), a District Judge may make the findings of fact and conclusion of law required in non jury cases 'orally' ... which is widely utilized by district judges.
(See Appendix C - FRCP 52 and Notes to Rule 52).

3.   *Was Bankruptcy Court's Order of 8/7/2002 a final order?*

Since the ruling of 8/7/2002 by the Honorable Judge Richard Schmidt was not appealed, it is now a final non-appealable Order pursuant to Title 11 U.S.C. § 8002.

4.   *When was Bankruptcy Court's Order of 8/7/2002 effective?*

Pursuant to Conversion Bankruptcy Law Title 11 U.S.C. §348 (e), Pequeno's conversion to Chapter 13 was effective on 8/7/2002 when Bankruptcy Court granted Pequeno's conversion. *(See In re Cable v Ivy Tech, 200 F.3d 467 (7th Cir. 1999). See re Pisczek, 269 B.R. 641 (Bkrtcy E.D. Mich. 2001.   See Washington, 235 B.R. 126 (Bkrtcy S.D. Fla. 1998). Also:*

5

"The effect of conversion is clear. At the moment the Bankruptcy Court granted Cable's motion to convert, the Chapter 7 Trustee lost jurisdiction over the case. In effect.....but without standing to act on behalf of the estate, either to challenge the conversion or for any other purpose, including prosecuting or defending tort actions that belonged to the estate. *See In re Wells 87 B.R., 732,736 (Bankr.N.D. Ga. 1988).* See In re Calder,973 F.2d 862 (10th Cir. 1982). See In re Rakosi, 99 B.R. 47 (Bkrtcy. S.D. Cal. 1989)

5. *Is Trustee Schmidt's mediation and settlement of Pequeno's Judgment after Pequeno had converted to Ch13, in violation of Bankruptcy Law pursuant to 11 U.S.C. §348(e)?*

Since Pequeno had converted to Chapter 13 more than a month earlier pursuant to 11 U.S.C. §706(a), by operation of law of Bankruptcy Law Title 11 U.S.C §348 (e), Trustee Schmidt's services as Trustee in this case had been terminated. Therefore Trustee Schmidt's mediation and settlement of Pequeno's Judgment of September 16, 2002, is void by Bankruptcy law.

6. *Is Trustee Schmidt's objection to Pequeno's exemption of Judgment after Pequeno had converted to Ch13, in violation of Bankruptcy law pursuant to 11 U.S.C. §348 (e)?*

Since Pequeno had converted to Chapter 13 more than month a earlier pursuant to 11 U.S.C. §706(a), by operation of law of Bankruptcy Law Title 11 U.S.C §348 (e), Trustee Schmidt's services as Trustee in this case had been terminated. Therefore Trustee Schmidt's objection to Pequeno's exemption of Pequeno's Judgment, is void by Bankruptcy law.

7. *Is Trustee Schmidt's proof of claim for attorney and other services and fees of $40,000 after Pequeno had converted to Ch13, in violation of Bankruptcy law pursuant to 11 U.S.C. §348 (e)?*

Since Pequeno had converted to Chapter 13 more than 2 years earlier pursuant to 11 U.S.C. §706(a), by operation of law of Bankruptcy Law Title 11 U.S.C §348 (e), Trustee Schmidt's services as Trustee in this case had been terminated. Therefore Trustee Schmidt's proof of claim for attorney and other fees of over $40,000 after Pequeno had converted to Ch13 more than 2 years prior, is void by Bankruptcy law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Pequeño prays that this Honorable Court find that Chapter 7 Trustee Michael Schmidt's actions a.) to mediate and settle Pequeno's Judgment, b.) to object to Pequeno's exemption of this same Judgment, and c.) to claim attorney and other fees of over $40,000, are void pursuant to Title 11 U.S.C. §706(a) and Title 11 U.S.C. §348 (e) since Trustee Schmidt's services had been terminated by operation of law of Bankruptcy Law on August 7, 2002. Pequeno also prays for any other relief to which he may be justly entitled.

Signed on July 19, 2005.

Respectfully submitted,

/s/ *signature*

Juan Pequeño
P.O. Box 5692
Brownsville, TX 78523
(956) 504-2709
jpequeno2525@yahoo.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on July 19, 2005 to all counsel of record via U.S. Postal service to the following:

Michael Schmidt
Chapter 7 Trustee
555 N. Caranchua Ste. 1550
Corpus Christi, Tx   78478
361/884-9949

Barbara Jue
Office of U.S. Trustee
606 N. Carancahua, Ste. 1107
Corpus Christi, Tx   78476

Heather Scott
Willette & Guerra L.L.P
1534 E. 6th Street, Ste.#200
Brownsville, Tx   78520
956/541-1846

Cindy Boudlouche.
555 N. Carancahua Ste. 600
Corpus Christi, Texas   78478
361/883-5786
Chapter 13 Trustee

_____
Juan Pequeno, Pro-se
P.O. Box 5692
Brownsville, Texas 78523
956/504-2709

Appendix A

```
                IN THE UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF TEXAS
                         BROWNSVILLE DIVISION
```

United States Bankruptcy Court
Southern District of Texas
FILED
OCT 21 2002
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | * | BANKRUPTCY |
| | * | |
| JUAN PEQUENO, | * | NO. 01-24255 |
| | * | |
| DEBTOR. | * | BROWNSVILLE, TEXAS |
| | * | AUGUST 7, 2002 |
| | * | 9:00 A.M. |

* * * * * * * * * * * * * * * *

TRANSCRIPT OF MOTION TO CONVERT TO CHAPTER 13

BEFORE THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

FOR THE DEBTOR:           MR. JUAN PEQUENO, PRO SE
                          P. O. BOX 5692
                          BROWNSVILLE, TEXAS 78523

FOR AURORA LOAN           MR. IVAN A. ANDARZA
SERVICES:                 ANDARZA, DE COSS & HOFFMAN, P.C.
                          500 WEST 16TH STREET, SUITE 103
                          AUSTIN, TEXAS 78701

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE:
MOLLY CARTER, 2718 WIND ROCK
CORPUS CHRISTI, TEXAS 78410 (361) 241-7850

```
 1          (The proceedings began at 9:00 a.m.)
 2          (Call to Order of the Court.)
 3          THE COURT:  Juan Pequeno.  Are you Mr. Pequeno?  Come
 4   forward.  Who's on the other side?
 5          MR. ANDARZA:  Ivan Andarza for Aurora Loan Services,
 6   Your Honor.
 7          THE COURT:  So what is up today?
 8          MR. ANDARZA:  I believe he's -- the stay was lifted
 9   in this case, and Mr. Pequeno is currently trying to convert
10   the case to a 13, and the stay is --
11          THE COURT:  You filed a motion to convert to 13?
12          MR. PEQUENO:  Yes, Your Honor.
13          THE COURT:  Do you object to him converting to 13?
14          MR. ANDARZA:  Yes, we do, Your Honor.
15          THE COURT:  Why?
16          MR. ANDARZA:  Well, the stay was already lifted, and
17   I believe that's the --
18          THE COURT:  Well, converting to a 13 doesn't give him
19   a new stay.
20          MR. ANDARZA:  No, it doesn't, Your Honor.
21          THE COURT:  And you might get paid if he's in 13.
22          MR. ANDARZA:  Right.  I believe our client really
23   wants to close -- they pulled the foreclosure just for the
24   hearing, but my understanding, this is a house that he didn't
25   live in, and he may have moved back subsequently.  I'm not --
```

1  THE COURT: Well, if he gets the plan confirmed and
2  pays off your house, then you have a new contract.
3  MR. ANDARZA: Right.
4  THE COURT: I mean, but the mere fact that we convert
5  to 13 doesn't give him absolutely that right. I mean, he's
6  going to have to get a good plan. He's going to have to
7  convince me that it's the right thing to do.
8  MR. ANDARZA: Sure.
9  THE COURT: But I don't see any reason why we
10  couldn't convert to 13 if he wants to try to pay his creditors.
11  So the case will be converted to 13.
12  (Proceedings concluded.)
13
14
15
16
17  I, court approved transcriber, certify that the foregoing is a
   correct transcript from the official electronic sound recording
18  of the proceedings in the above-entitled matter.
19
20  *Molly Carter* (signature)          October 18, 2002
    Molly Carter                        Date
21
22
23
24
25

3176

Appendix B.  36

United States District Court
Southern District of Texas
ENTERED

APR 0 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | |
|---|---|
| JUAN PEQUENO,<br>Appellant,<br><br>V.<br><br>MICHAEL B. SCHMIDT, TRUSTEE<br>Appellee. | §<br>§<br>§<br>§   CIVIL NO. B-03-029<br>§<br>§<br>§<br>§ |

## ORDER

This case is an appeal from the Bankruptcy Court's order prohibiting the debtor, Juan Pequeno (hereinafter "Pequeno" or "debtor"), from converting his Chapter 7 bankruptcy case to one under Chapter 13. Pequeno filed a motion to convert pursuant to 11 U.S.C. § 706(a), and it was opposed by Michael B. Schmidt, the Chapter 7 Trustee (hereinafter "Trustee" or "Schmidt"). The Bankruptcy Court found that the debtor had previously acted in bad faith and, therefore, denied the conversion motion. The debtor questions on appeal: 1) whether the Bankruptcy Court had the power to deny his motion to convert; and 2) assuming the Court had such power, whether the debtor's conduct warranted such a holding.[1] This court holds that, pursuant to 11 U.S.C. § 706(a), Pequeno had an absolute right to convert; therefore, the Bankruptcy Court did not possess the power to deny

---

[1] Also raised are two points concerning the right of the Trustee to compromise a lawsuit in which Pequeno had prevailed in the District Court and which is being appealed to the Fifth Circuit Court of Appeals. These issues are totally dependent upon the answers to two of the issues described in the text and, as such, need not be ruled upon in this appeal. This court does, however, find it necessary to rule on the characterization of the property, as it is essential to any final resolution of this case.

P:\Law Clerk 2\pequeno final long opinion.wpd

that he did so in order to save his home from foreclosure.[36] Pequeno asserted that he had originally filed a Chapter 7 petition because he had lost his job and he was facing foreclosure on his home.[37] Pequeno maintained that, after referencing a bankruptcy book, he mistakenly believed that filing Chapter 7 would halt the foreclosure.[38] He claimed that the attorney representing him in the lawsuit against the City advised him that he should not have a Chapter 7 bankruptcy at that time, as any judgment in his favor would become property of the estate.[39] Pequeno maintained that, based on that advice, he moved to dismiss his Chapter 7 case rather than file his schedules.[40] After the Bankruptcy Court denied his motion, Pequeno began planning to convert his case to Chapter 13 in order to save his home and ultimately filed the motion on July 18, 2002.[41]

On August 7, 2002, a hearing concerning reconsideration of the lifting of the stay as to Aurora was held.[42] At the hearing, the Bankruptcy Court was advised that Pequeno had filed a motion to convert, and the court orally granted the motion.[43] The Court, however, never addressed

---

[36] Schmidt's Response Brief, Exhibit P; Docket No. 149 at 19.

[37] Docket No. 149 at 19.

[38] Id. at 30.

[39] Id.

[40] Docket No. 9.

[41] Schmidt's Response Brief, Exhibit P.

[42] Docket No. 106.

[43] Id.

from foreclosure, not to hide the judgment proceeds from creditors, as Schmidt alleged.[110] Further, Pequeno's assets were disclosed prior to his motion to convert,[111] and the motion was filed before his debts were discharged.[112]

What also gives this court cause for concern is the fact that all of Pequeno's behavior that the Bankruptcy Court cited as the reason for denying conversion—the failure to disclose assets, the failure to timely file his schedules, the missed creditor's meetings—had already occurred when the Court originally granted Pequeno's conversion motion at the August 7th hearing.[113] In March, post-petition, Schmidt served Pequeno with a subpoena seeking documents from which to determine Pequeno's assets and debts.[114] In May, upon Pequeno's failure to comply, Schmidt filed a motion to compel Pequeno to file his schedules and Statement of Financial Affairs.[115] Upon the Bankruptcy

---

[110] Docket No. 149 at 19. Pequeno maintained that he filed a Chapter 7 bankruptcy petition because he was unemployed at that time and was thus not eligible for Chapter 13. Id. Consequently, he filed Chapter 7 to stop foreclosure on his home. Id. However, he claimed that, because the lawsuit against the City was pending and he had approximately $30,000 in equity in his home, his attorney representing him in that suit informed him that he should not be in Chapter 7. Id. Consequently, he attempted to dismiss his case on January 16, 2002, before the judgment had been awarded on February 15 and entered on March 26. Id.

[111] Docket No. 58.

[112] See, e.g., Jeffrey, 176 B.R. at 6 (refusing to allow the debtors, having already received a discharge, to avoid their obligation to surrender their assets for the benefit of their creditors); Pakuris, 262 B.R. at 336 (finding that the timing of the conversion motion—subsequent to the court revoking the discharge after the trustee learned that the debtor had failed to list all of her assets in the bankruptcy proceeding—and the sole motivation being to regain control of the debtor's divorce proceeding demonstrated bad faith).

[113] Docket No. 106.

[114] Schmidt's Response Brief, Exhibit I.

[115] Id. at Exhibit J.

Court's Order for Pequeno to comply, he filed his schedules on June 17, 2002.[116] Though Pequeno did attend the first creditors' meeting held on June 14, 2002, he asked for an adjournment, and subsequently did not attend meetings scheduled for June 28th and in September.[117] Thus, the Bankruptcy Court had full knowledge of Pequeno's actions when he submitted his motion to convert on July 18, 2002. Faced with this conduct, the Bankruptcy Court nonetheless orally stated at the hearing held on August 7, 2002, that it would convert Pequeno's case to one under Chapter 13.[118]

Subsequent to the Bankruptcy Court's oral ruling, Schmidt filed an objection to Pequeno's motion to convert, and the Court set a hearing for October 9.[119] Schmidt then filed an emergency motion for authority to mediate and settle the judgment on September 6, 2001.[120] The Court granted the motion on September 10th.[121] Schmidt settled the judgment for $140,000, and the Bankruptcy Court approved it on September 25th.[122] When the Court held a hearing on October 9th to address Schmidt's objection to conversion, among other things, Schmidt presented as evidence of bad faith the same behavior discussed above and of which the Court was already aware when it originally permitted conversion.[123] The Court then reversed its prior oral pronouncement and denied

---

[116] Id. at Exhibit L.

[117] Docket No. 149 at 21.

[118] Docket No. 106.

[119] Docket No. 51.

[120] Schmidt's Response Brief, Exhibit R at 7.

[121] Docket No. 68.

[122] Docket No. 75.

[123] Docket No. 149.