*Exhibit II*

1

1    IN THE UNITED STATES BANKRUPTCY COURT
     SOUTHERN DISTRICT OF TEXAS
2        BROWNSVILLE DIVISION

3                                        FEB - 3 2005

     IN RE:                    *    BANKRUPTCY
4                              *
     JUAN PEQUENO,             *    NO. 01-24255
5                              *
         DEBTOR.               *    CORPUS CHRISTI, TEXAS
6                              *    JULY 7, 2004
                               *    10:15 A.M.
7    * * * * * * * * * * * * * * *

8

              TRANSCRIPT OF MOTION HEARING
9
       BEFORE THE HONORABLE RICHARD S. SCHMIDT
10         UNITED STATES BANKRUPTCY JUDGE

11
     APPEARANCES:
12

13   FOR THE DEBTOR:          MR. JUAN PEQUENO, PRO SE
                              P. O. BOX 5692
14                            BROWNSVILLE, TEXAS 78523

15   FOR CHAPTER 7 TRUSTEE:   MR. MICHAEL B. SCHMIDT
                              MR. JOHN VARDEMAN
16                            LAW OFFICES OF MICHAEL B. SCHMIDT
                              712 AMERICAN BANK PLAZA
17                            CORPUS CHRISTI, TEXAS 78475

18   FOR CHAPTER 13 TRUSTEE:  MARY V. HOWER
                              ATTORNEY AT LAW
19                            15514 GYPSY ST
                              CORPUS CHRISTI, TEXAS 78418-6453
20

21   COURT RECORDER:          MS. FRANCES RODRIGUEZ

22

23       PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
          TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE:
24            MOLLY CARTER, 2718 WIND ROCK
          CORPUS CHRISTI, TEXAS 78410 (361) 241-7850
25

1          (The proceedings began at 10:15 a.m.)

2          (Call to Order of the Court.)

3               THE COURT:  Juan Pequeno.

4               MR. VARDEMAN:  John Vardeman for Michael Schmidt,

5     former Chapter 7 Trustee, Your Honor.

6               THE COURT:  All right.  Now, this case has been going

7     on since 2001.  Isn't that correct?

8               MR. VARDEMAN:  That is correct, Your Honor.

9               THE COURT:  Okay.  And it was converted to 13?

10              MR. VARDEMAN:  Your Honor, the Debtor filed a motion

11    to convert back in 2002.  The Court made an oral ruling on

12    August the 7th of 2002 at a hearing on a motion to lift stay.

13    The Trustee then filed an objection, or had previously filed --

14              THE COURT:  I made an oral ruling on what?

15              MR. VARDEMAN:  That the Debtor could convert to

16    Chapter 13.

17              THE COURT:  Could convert.

18              MR. VARDEMAN:  But it was not at a motion to convert

19    hearing.  It was at a motion to lift stay hearing.  The Trustee

20    had previously filed a response in objection to that

21    conversion.  Later, the Court held an evidentiary hearing on

22    the motion to convert and some other matters, and this Court

23    denied the Debtor's motion to convert.  The Debtor then took

24    that ruling up on appeal, along with a ruling denying the

25    Debtor's exemption of a $400,000 lawsuit.  That went up to

```
 1   Judge Hanen, the District Judge here.  Judge Hanen has ruled
 2   that this Court did not possess the power to deny the Debtor's
 3   absolute right to convert, and in fact, he has been converted.
 4   That ruling was issued on April the 1st of this year.
 5            THE COURT:  What was he in before that?
 6            MR. VARDEMAN:  He was in Chapter 7.  Mr. Schmidt was
 7   the Trustee.
 8            THE COURT:  Okay.
 9            MR. PEQUENO:  Your Honor --
10            THE COURT:  And Judge Hanen said there's an absolute
11   right to convert to Chapter 13?
12            MR. VARDEMAN:  That's what he said, Your Honor.
13            THE COURT:  Okay.
14            MR. PEQUENO:  Your Honor --
15            MR. VARDEMAN:  And, Your Honor, Judge Hanen also
16   denied the Debtor's exemption of the lawsuit.
17            THE COURT:  Okay.
18            MR. VARDEMAN:  Now, that was April 1st of this year,
19   Your Honor.
20            THE COURT:  Okay.  And now you want to reconvert
21   to 7?
22            MR. VARDEMAN:  Yes, Your Honor.  In Judge Hanen's
23   opinion, if you look at it on Page 30, he remands it to this
24   Court.  And Your Honor, that opinion is exhibit --
25            THE COURT:  Where is that?
```

1          MR. VARDEMAN:  Exhibit F.

2          THE COURT:  Okay.  Remanded to this Court on what

3    page?

4          MR. VARDEMAN:  Page 29 starts the discussion.

5    Page 29 through 31.  And the Judge --

6          THE COURT:  Page 29.  Whoa, we've got a 31-page

7    Chapter 13 opinion.  That's --

8          MR. PEQUENO:  Yes.

9          MR. VARDEMAN:  Yes, Your Honor.  And basically what

10   the Judge said --

11         THE COURT:  29 through 31?

12         MR. VARDEMAN:  Yes, Your Honor.

13         THE COURT:  Effect of the discharge?

14         MR. VARDEMAN:  It talks about that, as well as the

15   exemptions, and as well as the remedies that creditors and the

16   Trustee might have.

17         MR. PEQUENO:  Your Honor, he remanded it for a proper

18   proceeding to Chapter 13, and we're here for a Chapter 13, to

19   motion, because Trustee Schmidt is not honoring the Judge

20   Hanen's order.  He objected again to me converting to a

21   Chapter 13, because Your Honor, bankruptcy court has not signed

22   the order so I can properly proceed with Chapter 13.  At the

23   Fifth Circuit, Trustee Schmidt filed papers that I am not in a

24   Chapter 13.  And the reason I have not been able to get

25   converted to a Chapter 13, because Trustee Schmidt keeps

```
1   objecting over and over again.  And this must be the seventh

2   time that he's objected here in court and on paper.  And I have

3   documents --

4           THE COURT:  Okay.  What's up today?  Now, a motion to

5   reconvert to 7?

6           MR. PEQUENO:  No.  No, Your Honor.  It's motion to

7   convert to a 13, because --

8           THE COURT:  I thought you already are a 13.  I

9   thought Judge Hanen said you were in 13.

10          MR. PEQUENO:  They are objecting.  They submitted

11  papers objecting to it.  What I --

12          THE COURT:  Okay.  Well, this really -- you're in 13.

13  Okay.  Now there's a motion to reconvert him back to 7?

14          MR. VARDEMAN:  That's correct, Your Honor.  That is

15  on file, and that is before the Court today.

16          MR. PEQUENO:  I called the Chapter 13 Trustee, and

17  they said they needed an order from Your Honor.

18          THE COURT:  Okay.  Well, I will issue an order saying

19  that the case is now -- I think this is an order saying you're

20  in 13.

21          MR. PEQUENO:  And I --

22          THE COURT:  But I'm not sure why they didn't go by

23  Judge Hanen's order.  But, Ms. Hower, did you decide that the

24  District Judge order wasn't good enough?

25          MS. HOWER:  Your Honor, the Trustee was not made
```

```
 1  aware of the order until just recently.  It certainly -- nobody
 2  gave us a copy of the order.  And it's my understanding that
 3  some schedules were filed back in -- early, early on in the
 4  case when the Debtor tried to convert previously, but not
 5  having ever an order to convert, didn't have the case open.
 6            MR. PEQUENO:  I need to properly submit a Chapter 13
 7  to Your Honor, because they -- I submitted one, but the order
 8  was never signed.
 9            THE COURT:  Okay.  Have you submitted a plan
10  under 13?
11            MR. PEQUENO:  I submitted one back in September
12  the 3rd, prior to --
13            MR. VARDEMAN:  2002, Your Honor.
14            THE COURT:  What?
15            MR. VARDEMAN:  September 3rd, 2002, he filed it.
16            THE COURT:  Okay.  Well --
17            MR. PEQUENO:  But the Court asked that I amend it
18  because of the judgment that's pending in the Fifth Circuit.
19  Because I am now a party of interest, and that's what we're
20  battling over there.  And the Trustee is saying over there to
21  the Court that I'm not in the 13, that it has to be over here,
22  that has to be decided over here.  Over here, he's telling you
23  that I am in a 13 already.
24            THE COURT:  Okay.  Well, you're in 13.  So --
25            MR. PEQUENO:  Well, that's -- exactly, Your Honor.
```

1    But --

2            THE COURT:  So if you want an order from me saying

3    you're in 13, pursuant to this order, I'm orally ruling you're

4    in 13.  Now, I'll submit a written order to that effect, or if

5    you have one, submit it.

6            MR. PEQUENO:  I have --

7            THE COURT:  So forget about arguing about that.

8    Let's move on.

9            MR. PEQUENO:  I filed -- excuse me, Your Honor -- I

10   filed two orders.  I have two orders.  And I have one right

11   here so you could sign it.  It's in the docket.

12           THE COURT:  Well, if you have one, hand it to me now.

13           MR. PEQUENO:  Sure.  Both motions are there.

14           THE COURT:  Okay.  It's a handwritten order?

15           MR. PEQUENO:  It's with the motion that's in the

16   back.

17           THE COURT:  Is it handwritten?

18           MR. PEQUENO:  No.

19           THE COURT:  Is it typed?

20           MR. PEQUENO:  It's typed.  It's just the front one.

21   I'll submit a --

22           THE COURT:  Okay.  Have you seen these?

23           MR. VARDEMAN:  I have a copy of it right here, Your

24   Honor.

25           THE COURT:  Do you have any objection to any of this?

```
1              MR. VARDEMAN:  Is this it?  Is this what you
2    submitted to him?
3              MR. PEQUENO:  Yes.
4              MR. VARDEMAN:  And the exhibit list?
5              MR. PEQUENO:  Yes, what I gave you right now.
6              MR. VARDEMAN:  No, Your Honor, I don't have any
7    objections to his exhibits.
8              THE COURT:  Where is the order that you were trying
9    to submit?
10             MR. PEQUENO:  Let me --
11             THE COURT:  Order granting motion to convert to 13.
12             MR. PEQUENO:  It's Exhibit H, Your Honor.
13             THE COURT:  Okay.  Here's one right here.
14             MR. PEQUENO:  Either Exhibit H or Exhibit G.  On
15   his --
16             THE COURT:  Well, I'm going to just prepare an order
17   that says, "Pursuant to Judge Hanen's order dated such-and-
18   such, the case is converted to 13."  All right.  Now --
19             MR. PEQUENO:  And on this other, what they're
20   submitting to reconvert, Your Honor, I object to all of it,
21   because --
22             MR. VARDEMAN:  You object to all of it?
23             MR. PEQUENO:  Yes.
24             THE COURT:  You object to every -- well --
25             MR. PEQUENO:  Yes, because it has the --
```

```
 1                    THE COURT:  Okay.  Well, you -- first of all, that
 2    doesn't make any sense.
 3                    MR. PEQUENO:  Well --
 4                    THE COURT:  Exhibit F is in your exhibits, so how
 5    could you object to it?
 6                    MR. PEQUENO:  You're right, Your Honor.  I'm sorry.
 7                    THE COURT:  So don't tell me things like that.  Tell
 8    me specific objections.
 9                    MR. PEQUENO:  Well, it's the title that -- okay.  On
10    the --
11                    THE COURT:  Do you object to your 13 plan, Exhibit A?
12                    MR. PEQUENO:  No, no, no.
13                    THE COURT:  All right.  It's admitted.  Do you object
14    to Exhibit B?
15                    MR. PEQUENO:  Okay.
16                    THE COURT:  Exhibit B is not existent.
17                    MR. VARDEMAN:  That's correct, Your Honor.
18                    THE COURT:  So there's no objection.  Is that
19    correct?
20                    MR. PEQUENO:  No, what I meant was in title, Your
21    Honor, that says Motion to Convert to Chapter 7.  And I believe
22    that we were here for the 13, but I know you already ruled on
23    that, but if we want to go specifically on this, you know, I
24    can.  And --
25                    THE COURT:  Do any of these exhibits, do you object
```

Case 1:00-cv-00180    Document 124-17    Filed in TXSD on 01/09/2006    Page 10 of 15

1    to any of these exhibits?

2          MR. PEQUENO:  C.  I never received any copy of that

3    with the, where Ms. Hower --

4          MR. VARDEMAN:  Your Honor --

5          THE COURT:  Okay.  Well, it's a custom in this court

6    to allow direct testimony by proffer.  Ms. Hower is available,

7    and you can cross-examine her if you wish.  This is what her

8    direct testimony would be.

9          MR. PEQUENO:  Okay.  I had never -- I hadn't seen it,

10   and I have to have proper input.  Once you give me the, sign

11   the order for the 13, then I have so many days to file a plan.

12   The issue that I have here also is the adversary, that I filed

13   an adversary to get my house back, back into the 13.  And

14   before I can really do a plan like what I'm going to pay the

15   Trustee, first of all, I don't even know who the Trustee is,

16   because I believe that the Court was going to assign a Trustee.

17   I thought it was Cindy something.

18         THE COURT:  Cindy Boudloche is the Trustee.

19         MR. PEQUENO:  Right.  But I haven't seen any court --

20   I haven't received any papers, and I thought she had gotten the

21   order from Judge Hanen, and --

22         THE COURT:  Okay.  Ms. Hower is her lawyer.

23         MR. PEQUENO:  Okay.

24         THE COURT:  Ms. Hower, up until now, you didn't even

25   realize this case was converted to 13.  Is that correct?

1    MS. HOWER:  Correct, Your Honor.

2    THE COURT:  And so anything that you would say about

3  this case is based upon what?

4    MS. HOWER:  Just my examination of the records that

5  were filed in PACER and of the order that I viewed.

6    THE COURT:  Okay.  Where are you from, Mr. Pequeno?

7    MR. PEQUENO:  Here from Brownsville.

8    THE COURT:  All right.  Well, today is the 7th.  I

9  think that it would be -- I mean, if he's been laboring and the

10  Trustee has been laboring under the misconception that the case

11  wasn't really a 13 yet, it was still a 7 until I ordered it, it

12  seems to me it would be manifestly unjust for me to hear the

13  motion to convert to a 7 until after he's been given a

14  reasonable opportunity to propose a plan and we look at that.

15  I mean, so if you want to stay in 13, which I'm now telling you

16  you are in, I'll give you ten days to file a plan.  Then we'll

17  look at that plan and see where we are with respect to whether

18  or not that plan is sufficient to allow you to stay in 13.

19    MR. PEQUENO:  Your Honor, I do have a situation with

20  my house that is an adversary lawsuit.

21    THE COURT:  Well, the adversary is still pending.

22  You'll have to get a hearing if you need -- the adversary is

23  not here today, and I suspect that there's a creditor it's

24  against?

25    MR. VARDEMAN:  Your Honor, he also sued Mike Schmidt,

```
1   the Trustee, for the wrongful foreclosure on his house.  That
2   adversary is pending before Judge Isgur, and we do have a
3   hearing on July the 20th on the Trustee's motion to dismiss
4   that adversary.
5           THE COURT:  Well, they can --
6           MR. PEQUENO:  I filed a response on that also, Your
7   Honor, and --
8           THE COURT:  Well, that adversary continues, whether
9   you're in 7 or 13.
10          MR. PEQUENO:  What I was saying is that what amount
11  do I put on the -- since the house is in foreclosure and it's
12  like up in the air, like what amount do you put on the
13  Chapter 13 plan?
14          THE COURT:  I can't give you legal advice.  You need
15  to get a lawyer probably and find out about that.  I mean,
16  there are ways under our Chapter 13 program that your plan can
17  provide for, "In the event that the house is foreclosed, this
18  is what my plan says; in the event that the house is not
19  foreclosed, this is what my plan says."
20          MR. PEQUENO:  Okay.  All right.
21          THE COURT:  So you're just going to have to find out
22  how to do that.
23          MR. PEQUENO:  All right.
24          THE COURT:  Your hearing with Judge Isgur is on the
25  20th?
```

1          MR. PEQUENO:  Yes, Your Honor.

2          THE COURT:  All right.  I think then, since this is a

3    Brownsville case, I will reset this for the 4th in Brownsville

4    of August.  I'll give you until the 23rd to file the plan.

5    That gives you three days after Judge Isgur's hearing.  I don't

6    know whether he's going to rule.  I don't know what's going to

7    happen.  But just to give you a little more time, I'm going to

8    give you till the 23rd.  So that's an additional six days to

9    get your plan on file so that then the Trustee can tell me

10   about it on the 6th, and the Chapter 7 Trustee, if they want to

11   tell me about it, they can, and we'll rehear the matter of the

12   conversion from 13 to 7 on the 4th in Brownsville.

13         MR. PEQUENO:  All right, Your Honor.

14         THE COURT:  All right.  Now, you know what you've got

15   to do.  You've got a lot of work to do.  You've got to get this

16   thing all cleaned up.  You've got to come back and prove to me

17   that you can confirm a Chapter 13 plan that will be reasonable

18   for you and for all your creditors.  And you need to do that

19   by -- you need to file it by the 23rd, and we need to have the

20   hearing on the 4th.  All right?

21         MR. PEQUENO:  All right.  As far as the exhibits on

22   here, do I list -- do I give you the other ones that I objected

23   or --

24         THE COURT:  You can bring any exhibit you want to.

25   I --

1          MR. PEQUENO:  Or do we --

2          THE COURT:  I don't really need to see these

3    exhibits, because we're not going to hear this today.

4          Mr. Schmidt, did you want to say something?

5          MR. SCHMIDT:  Yes, Your Honor.  My understanding of

6    Judge Hanen's order, the 13 had -- the case has been remanded

7    to you to determine if he is eligible to be a 13 debtor.

8          THE COURT:  I understand that.

9          MR. SCHMIDT:  And will the Court be hearing that on

10   August the 4th?

11         THE COURT:  I'll hear all of that.  I'm going to

12   review Judge Hanen's order, so somebody give me a copy of Judge

13   Hanen's order.  I guess it's probably in the file, but --

14         MR. PEQUENO:  There's --

15         THE COURT:  I'll keep this one.

16         MR. PEQUENO:  There's one there that I --

17         THE COURT:  I'm going to hand you yours back.

18         MR. PEQUENO:  Oh.

19         THE COURT:  The Trustee has copies of his.  I'm going

20   to keep the Trustee's copy so I can review Judge Hanen's order.

21   All right?  Thank you.

22       (Proceedings concluded at 10:28 a.m.)

23

24

25

1  I, court approved transcriber, certify that the foregoing is a
correct transcript from the official electronic sound recording
2  of the proceedings in the above-entitled matter.

3

4  _____          _____
   Molly Carter                         Date

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25