Exhibit 15

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JUAN PEQUENO | § | CASE NO. 01-24255-B-13 |
| | § | |
| DEBTOR | § | |

## ORDER GRANTING MOTION TO CONVERT CASE TO CHAPTER 7

On this day came on for consideration the Motion to Convert Case to Chapter 7 filed by Michael B. Schmidt, former Chapter 7 Trustee and now an administrative creditor of the estate ("Schmidt"). The Court, having heard the arguments of counsel and of the debtor, pro se, finds that the Motion to Convert should be granted.

Juan Pequeno ("Debtor") filed his Chapter 7 bankruptcy petition on December 31, 2001, and Schmidt was appointed Chapter 7 Trustee. Debtor was the successful plaintiff in a lawsuit which was filed prior to his bankruptcy. A judgment in Debtor's favor in the amount of $400,359.00, plus attorneys fees, was entered on March 26, 2002. The losing Defendants appealed and Schmidt and another attorney pursued the appeal on Debtor's behalf. Realizing that the judgment was part of his non-exempt assets and therefore part of his bankruptcy estate, Debtor then filed a motion to convert to Chapter 13. This Court denied the motion to convert, but following Debtor's appeal of that denial, the United States District Court entered an order on April 1, 2004, reversing this court's refusal to convert.

In conformance with the order of the District Court, this court converted the case to Chapter 13 on July 20, 2004. Schmidt filed a motion to re-convert to chapter 7 which this court denied by order entered September 13, 2004. In the September order, the Debtor was given until

October 7, 2004, to confirm a chapter 13 plan. Debtor failed to confirm a plan and Schmidt filed his Motion to Convert to Chapter 7 which is now before the Court.

The Court finds that the case should be converted to Chapter 7 because the Debtor failed to file a feasible plan of reorganization. The plan as proposed does not provide for payment of administrative expenses and does not meet the liquidation test because it does not provide for dedication of Debtor's non-exempt portion of the judgment to his plan. The Debtor was given ample opportunity to get a chapter 13 plan confirmed, but has wholly failed to achieve any success. As of the date this order is entered, no chapter 13 plan has been confirmed. The Debtor also failed to make any interim plan payments to the Chapter 13 Trustee. A chapter 13 debtor must comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules to enjoy the protection of the bankruptcy system. Debtor failed to do so and should not be rewarded by continuing to remain in chapter 13.

It is therefore ORDERED that the Motion to Convert Case to Chapter 7 is hereby GRANTED, and Case No. 01-24255-B-7 is hereby CONVERTED to Chapter 7.

At Corpus Christi, Texas, this 27th day of December, 2004.

RICHARD S. SCHMIDT
United States Bankruptcy Judge