```
 1              IN THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF TEXAS
 2                    BROWNSVILLE DIVISION

 3    _____
                                 )
      JUAN PEQUENO                )
 4                                )
                                  ) CIVIL ACTION NO.
 5    VS.                         ) B-05-070
                                  )
 6    MICHAEL B. SCHMIDT          )
                                  )
 7    _____)

 8    _____
                                 )
      JUAN PEQUENO                )
 9                                )
                                  ) CIVIL ACTION NO.
10    VS.                         ) B-05-071
                                  )
11    MICHAEL B. SCHMIDT          )
                                  )
12    _____)

13    _____
                                 )
      JUAN PEQUENO                )
14                                )
                                  ) CIVIL ACTION NO.
15    VS.                         ) B-05-104
                                  )
16    MICHAEL B. SCHMIDT          )
                                  )
17    _____)

18    _____
                                 )
      JUAN PEQUENO                )
19                                )
                                  ) CIVIL ACTION NO.
20    VS.                         ) B-05-135
                                  )
21    AURORA LOAN SERVICES, INC., JOE )
      DE LA FUENTE, MELISSA AVALOS,   )
22    ENRIQUE PEREZ                )
                                  )
23    _____)

24                    MOTION HEARINGS
            BEFORE THE HONORABLE ANDREW S. HANEN
25                   OCTOBER 17, 2005
```

```
 1    APPEARANCES:

 2    For the Plaintiff:              MR. JUAN PEQUENO
                                      P.O. Box 5692
 3                                    Brownsville, Texas

 4    For Deft. Schmidt:             MR. MICHAEL B. SCHMIDT
                                      555 N. Carancahua, Ste. 1550
 5                                    Corpus Christi, Texas

 6    For Deft. Aurora:              MR. ROBERT L. NEGRIN
                                      650 N. Sam Houston Pkwy E
 7                                    Houston, Texas

 8    For the other Defts:           MR. DALE ROBERTSON
                                      623 E. St. Charles
 9                                    Brownsville, Texas

10

11    Transcribed by:                BARBARA BARNARD
                                      Official Court Reporter
12                                    600 E. Harrison, Box 301
                                      Brownsville, Texas  78520
13                                    (956)548-2591

14

15

16

17

18

19

20

21                          CERTIFIED

22                             COPY

23

24

25
```

3

```
1          THE COURT:  All right.  Be seated, please.
2      Okay.  We're here in 05-104, 05-71, 05-70, and 05-135, which
3   are -- first three are styled Pequeno versus Schmidt, et al, and
4   the last one is styled Pequeno versus Aurora Loan Services.  And
5   if you'd make your appearances, please, for the record.
6          MR. SCHMIDT:  Mike Schmidt, Your Honor, the bankruptcy
7   trustee for Juan Pequeno.
8          MR. NEGRIN:  Good afternoon, Judge.  Rob Negrin,
9   N-E-G-R-I-N, on behalf of Aurora.
10         THE COURT:  All right.
11         MR. ROBERTSON:  Dale Robertson for Joe De La Fuente.
12         MR. PEQUENO:  Juan Pequeno, Your Honor.  Good afternoon.
13         THE COURT:  All right.  Let me start, or let me get you,
14  Mr. Schmidt.  Why don't you give me a thumbnail about where we
15  are and what's happened in the bankruptcy court to get us here.
16         MR. SCHMIDT:  Well, Your Honor, Mike Schmidt, trustee.
17  This case started back in December of '03 with Mr. Pequeno
18  filing bankruptcy.  And thereafter, he and I had a tussle and a
19  wrestle over a judgment that he obtained post-petition against
20  the City of Brownsville.  And during the administration of the
21  bankruptcy case, the bankruptcy court denied his motion to
22  convert to Chapter 13 and also denied his claimed exemption with
23  regard to the judgment against the City of Brownsville.
24      Mr. Pequeno appealed that decision to Your Honor, and Your
25  Honor ruled that he had an absolute right to convert to Chapter
```

1  13 and so reversed the bankruptcy court order, but you also

2  affirmed the bankruptcy court order that denied the exemption of

3  the judgment.

4          THE COURT:  Right.

5          MR. SCHMIDT:  Mr. Pequeno appealed that pro se to the

6  5th Circuit and I cross-appealed, and the 5th Circuit affirmed

7  Your Honor's ruling.  It's been quite some time.  I can't

8  remember the exact date of it.  Mr. Pequeno has appealed in

9  total about 11 matters in this bankruptcy case.

10         THE COURT:  Well, that's one of the reasons I'm trying

11 to figure out what I actually have in front of me right now.

12         MR. SCHMIDT:  Your Honor, I'm not sure.  Frankly, I

13 didn't know Aurora was up -- there was an appeal of an Aurora

14 order from Judge Isgur until you announced it this morning.

15 Well, they showed up first and told me, so I wasn't even aware

16 of that.

17    But basically the status, as I understand it, of the appeals

18 that have to --

19         THE COURT:  Walk me through what happened then.  It goes

20 to the 5th Circuit, gets affirmed, goes back down to Judge

21 Schmidt.

22         MR. SCHMIDT:  Goes back down.

23         THE COURT:  Walk me through that now.

24         MR. SCHMIDT:  Yes, Your Honor.  Goes back down to Judge

25 Schmidt.  I filed a motion to convert Mr. Pequeno back to

1    Chapter 13.  The judge, the bankruptcy judge puts that off and

2    allows Mr. Pequeno some time to get his Chapter 13 plan together

3    and his plan payments together, and he does neither.  And we

4    come back and have a hearing on that, and Judge Schmidt converts

5    him back to Chapter 7.  The U.S.C. appoints me Chapter 7 again.

6        And those have been appealed to this court, and they were

7    dismissed by Your Honor without prejudice because Mr. Pequeno

8    claimed he did not have to file -- I mean pay the filing fee and

9    did not pay the filing fee and -- and he -- one of the orders, I

10   think it's 169, which is the -- his appeal of the order of

11   conversion back to Chapter 7, he appealed from Your Honor to the

12   5th Circuit, and it was dismissed because he didn't pay a filing

13   fee up there.

14       And as I understand it on all the other appeals, he has not

15   paid a filing fee or paid it after the -- if he has paid it,

16   after the deadline.  So my understanding is that all of those

17   appeals that involve me that -- that aren't yet up here, because

18   there's four other appeals on their way up here to -- I don't

19   know if they'll come to Your Honor or to Judge Tagle.  But all

20   of those that are up here, I understand, are all dismissed.  And

21   he is in Chapter 7.

22       THE COURT:  All right.  What -- let me get straight the

23   appeals that I have.  Do you know -- can you divide these up?

24   Can you tell me what 70 is versus 71 versus 104 versus 135?

25       MR. PEQUENO:  Your Honor, I can tell you.

1       THE COURT:  Okay.  Well, Mr. Pequeno, go ahead.

2       MR. SCHMIDT:  Certainly, Your Honor.

3       MR. PEQUENO:  Your Honor, do you want to know a little

4  bit about each case or --

5       THE COURT:  Yes, please.

6       MR. PEQUENO:  I did this -- can I present this to you?

7  This is a listing of what's today, but just so you see this

8  first.

9       THE COURT:  Just hand it to Cristi.  Okay.

10       MR. PEQUENO:  This is a listing of all the -- the

11  different appeals right now before your court.  It's one through

12  five.  And the other -- there's two other ones coming, but they

13  haven't been docketed yet.  And I also -- and basically based on

14  your order, Your Honor, you mentioned that today was to

15  basically rule on the pending motions.

16       THE COURT:  Well, or at least enable me to rule on it.

17  But let's -- walk me through --

18       MR. PEQUENO:  Okay.  And --

19       THE COURT:  -- the first couple.  Talk to me first --

20  let's take your list there.  Do you have a copy of your own

21  list?

22       MR. PEQUENO:  Yes, Your Honor.

23       THE COURT:  Tell me what 70 is about.

24       MR. PEQUENO:  I do have another list, if the court may

25  permit, in where I list a little bit summary on each appeal.

1    Let me give you that one.  I just wanted to show you both of

2    them.

3             THE COURT:  All right.

4             MR. PEQUENO:  Starting with No. 5, Roman Numeral No. 5,

5    Your Honor, it says appeal 70.  And basically that's -- that's

6    where bankruptcy denied to vacate Trustee Schmidt's exhibit.

7    There was an exhibit that we -- Your Honor granted me to

8    convert, that I had a right to convert to a Chapter 13 --

9             THE COURT:  Right.

10            MR. PEQUENO:  -- and we -- trustee was still contesting

11   that, even though you had given me a right to do that.  I had to

12   go into bankruptcy and file -- basically fight for the same

13   thing again because he was trying to reconvert me when I was

14   already converted.  And he has these exhibits showing, and I

15   objected to those exhibits, and he -- trustee still admitted

16   them a week later as shown in the bankruptcy exhibits.

17            THE COURT:  And what do these exhibits show?

18            MR. PEQUENO:  One of them contained that I had not paid

19   anything into the bankruptcy -- into a Chapter 13.  He was

20   alluding that I had been in a Chapter 13 from the very

21   beginning, when all the time he has objected for me being in a

22   Chapter 13.  He has kept me from being rightfully there.  And

23   even though I -- on July 22nd, I motioned the court to convert

24   me, and they went ahead and ruled on August the 7th to go ahead

25   and convert me, and you went ahead.  And in your order, you said

1  he has a right to convert, which I thought all along I did, and

2  that's why I -- I only wanted to keep my house, Your Honor.

3  That's why I went into this situation.

4          THE COURT:  No, I understand that.

5          MR. PEQUENO:  And this --

6          THE COURT:  Let me stop you right there.

7          MR. PEQUENO:  Yes, Your Honor.

8          THE COURT:  All y'all need to realize that we don't have

9  the bankruptcy files in Brownsville; so, I mean, we're playing

10  with -- you know, my hands are tied behind my back here kind of.

11  I mean, so a lot of times you'll make an allusion to something,

12  and you think we know all about it.  Well, we don't.

13      All right.  Were you -- you were eventually allowed, though,

14  to convert, were you not?

15          MR. PEQUENO:  Eventually, Your Honor, by your order on

16  July 20th of last year, I was.

17          THE COURT:  Okay.

18          MR. PEQUENO:  And your --

19          THE COURT:  And then I -- wait a minute.

20          MR. PEQUENO:  Yes, sir.

21          THE COURT:  Help me here.  And then I understand

22  Mr. Schmidt, based on either his perception of whatever you

23  filed or the fact you didn't file something, made a motion to

24  convert it -- reconvert it back to a seven?

25          MR. PEQUENO:  That's true, Your Honor, but there --

1          THE COURT:  Wait, wait, wait.

2          MR. PEQUENO:  Okay.

3          THE COURT:  And that motion was granted.

4          MR. PEQUENO:  The first one, Your Honor, if I may step

5     back.

6          THE COURT:  Okay.

7          MR. PEQUENO:  He filed twice to reconvert me.  On

8     July 20th -- on August the 4th of last year, he contested, and

9     bankruptcy judge told him you have to give him a chance to -- to

10    comply, to get his Chapter 13 going.  And I went ahead and paid,

11    Your Honor, and we did get a plan.  But all along, it wasn't the

12    Chapter 13 trustee that objected.  It was Chapter 7.  But he

13    wasn't as a trustee.  Now he was a creditor that he was

14    objecting all during that time, Your Honor.

15         And he presented to the court that I didn't -- I hadn't -- I

16    didn't pay to the court when I did, Your Honor.  It's just

17    facts.  It's just unbelievable what they've done.  And that's

18    why you see these appeals come before you.

19         THE COURT:  All right.  Didn't pay?  Didn't pay what,

20    though?

21         MR. PEQUENO:  He states that I didn't pay money to the

22    Chapter 13 trustee so they could start, you know, paying the

23    creditors, building the -- in the process -- you know how you

24    pay ahead of time so they start building?  Because they still

25    hadn't confirmed.  It was still in the process, Your Honor.  He

1    claims to the court that I never paid anything, which is just a

2    lie.  That's all you could call it.

3        Also he said that I didn't commit the judgment, which was

4    for $400,000.  I didn't commit it into the plan, which is just a

5    lie.  I submitted the plan by the deadline, but he interfered

6    with me staying in Chapter 13, Your Honor, and that is basically

7    the -- he's been objecting ever since he knew about the

8    judgment.  He's been interfering with me staying in a 13, Your

9    Honor.

10        THE COURT:  Well, he's -- you know, whether he is making

11    a claim as a creditor or making a claim, you know, as a trustee,

12    it seems to me he has a right to argue his position.  And you

13    don't have to agree with it.  I mean, but that's what the judge

14    is there to decide for.  He's there to decide who's right.

15        So the exhibits that we're talking about --

16        MR. PEQUENO:  On that one --

17        THE COURT:  -- in 05 -- wait, wait, wait.

18        MR. PEQUENO:  Yes.

19        THE COURT:  In 05-70 are exhibits that Judge Schmidt let

20    into evidence that have to do with whether or not you paid money

21    for your Chapter 13?

22        MR. PEQUENO:  Yes, Your Honor.  That was one.  Another

23    one that he entered was he -- he talked to Chapter 13 -- I

24    believe it was their lawyer that represents the Chapter 13, and

25    they wrote a proffer that they knew nothing about my case; that

1  as far as they knew, I shouldn't -- I don't belong in a 13, even

2  though they had no facts about my situation, Your Honor, about

3  my home.

4      THE COURT:  But again, that's just the position

5  Mr. Schmidt took in the lawsuit, right?

6      MR. PEQUENO:  That's why I objected, Your Honor, because

7  he's trying to use this information to say that I'm fraud before

8  the court.  He's been using it all along, Your Honor.  He's been

9  using, "Mr. Pequeno is not complying, and he's using bad faith."

10  And this is what he's been trying to do, Your Honor.

11      THE COURT:  All right.

12      MR. PEQUENO:  And so --

13      THE COURT:  So the issue -- I'm trying to boil down the

14  issues here, Mr. Pequeno.  The issue in 70 is the admission of

15  those documents --

16      MR. PEQUENO:  Yes, Your Honor.

17      THE COURT:  -- into evidence?

18    All right.  Let's go to 71.

19      MR. PEQUENO:  I do want to add before that briefs have

20  been filed in that one, Your Honor.

21      THE COURT:  No, I understand.

22      MR. PEQUENO:  On 71, Your Honor, this is -- I filed a

23  motion in bankruptcy to deny administrative fees for the trustee

24  because he has a personal conflict of interest with the estate.

25  And what proves it, Your Honor, is his own proof of claim that

1    he submitted to the court last -- sometime last year.  When I

2    switched over -- when I was converted to a 13 by this court, he

3    filed a proof of claim for something like 65,000.

4        *(Microphone interference noises)*

5        THE COURT:  There's nothing you're doing to cause that.

6    It just happens.  We can't fix it.

7        MR. PEQUENO:  Okay.  He filed a proof of claim, Your

8    Honor, of $65,000.  But one of the main things, Your Honor, that

9    he -- he itemized all his expenses and all his meetings and

10   conferences.  And in the meetings and conferences, he knew -- he

11   was negotiating -- he allowed -- in other words, he allowed the

12   creditors to get discharged without letting them know that he

13   was negotiating for the funds.  There was this settlement, and

14   the creditors were told do not file proof of claim because this

15   is a no asset case, when all along it was the opposite.

16       I asked trustee that, and trustee said, "That's not my

17   responsibility.  That's the court's responsibility."

18       I don't believe so, Your Honor.  I know the trustee is

19   supposed -- he has fiduciary duties to the creditors, and that

20   includes all his firm because he hired -- he hired his -- not

21   only did he hire himself.  Well, you know, he's a trustee.  He

22   hired his own firm in this case, and he hired a third party

23   attorney that used to represent me, but decided to go with them.

24   And, Your Honor --

25       THE COURT:  Who used to represent who?

1    MR. PEQUENO:  There's an attorney, Frank -- Law Firm of

2    Frank Costilla.  He used to represent me in --

3        THE COURT:  In the case against the City of Brownsville?

4        MR. PEQUENO:  In the case against the city, Your Honor,

5    yes.  But on the bankruptcy, I asked them if they could help me,

6    and they said they didn't know anything about it.  All they

7    said -- but then a couple months later --

8        THE COURT:  Well, I don't think Mr. Costilla's firm does

9    bankruptcy.  I'd be surprised if they did.

10       MR. PEQUENO:  I've been to bankruptcy court.  One of

11   their attorneys that represents them is doing that now.

12       THE COURT:  Okay.

13       MR. PEQUENO:  But to make this short, basically trustee

14   violated his trusts, his duties as a trustee to the creditors as

15   proven by his own record.  And that's what I --

16       THE COURT:  And the relief you want is for me to deny

17   him his administration fees?

18       MR. PEQUENO:  Yes, Your Honor.

19       THE COURT:  All right.  Let's go to the next one.  Let's

20   go to 104.

21       MR. PEQUENO:  Okay.  104, there was a meet -- on this

22   one, I entered some exhibits before a bankrupt hearing, and

23   these were exhibits basically showing the proof of claim and

24   telling the court that the trustee had a personal conflict of

25   interest.  And I admitted them.

1       A month later, a-month-and-a-half later, the court -- the

2    clerk, I received that these exhibits were not admitted.  So I

3    called the clerk, and I asked why weren't these admitted.  It

4    was before the court.  And she said, well, you need to file a

5    motion to get them back admitted.

6       I went ahead and did that.  Trustee opposed that.  And then

7    in bankruptcy court, the judge said, "I did -- whatever I did, I

8    did."  And so that's why I'm filing that.  That under the law, I

9    did submit the exhibits before the court, and they should have

10   been included.

11          THE COURT:  Okay.  And what would those exhibits have

12   shown?

13          MR. PEQUENO:  The main thing that I remember, Your

14   Honor, is that I was stating to the court that the trustee had a

15   personal conflict of interest, and it was his proof of claim

16   that I admitted in the --

17          THE COURT:  Okay.  Is there -- so the exhibits that he

18   denied were the trustee's proof of claim?

19          MR. PEQUENO:  I believe that and some other exhibits,

20   Your Honor.

21          THE COURT:  Okay.  But the court would have already had

22   his proof of claim, wouldn't it?

23          MR. PEQUENO:  I believe they do, Your Honor.

24          THE COURT:  Okay.

25          MR. PEQUENO:  It was more of a principle that, you know,

```
1    I don't know why they were objecting to them.

2         THE COURT:  In your appeal to me or whatever brief you

3    filed, whatever pleadings you filed, do I have copies of these

4    exhibits that you're complaining?

5         MR. PEQUENO:  Yes, Your Honor.  Yes, Your Honor.

6         THE COURT:  All right.  But really this goes back or it

7    ties into the prior issue about the proof of claim or the

8    administration fee sought by the trustee?

9         MR. PEQUENO:  I believe so, Your Honor.

10        THE COURT:  All right.  Then let's go to 135.

11        MR. PEQUENO:  Okay.  On 135, this is the issue about my

12   house that was foreclosed while there was -- there wasn't --

13   there was a stay in effect, but it was -- and it was a stay that

14   was in effect that was reinstated by the judge on June

15   the 5th of 2002.  But this is an issue that when I was

16   reconverted back by Your Honor to go to a 13, all along that's

17   what I wanted to do, put the house in a 13 so I could make

18   payments.

19      And Aurora did not allow that to happen, and Aurora went

20   ahead -- one of the main things they said, that I didn't have

21   any equity in the home, when I had $30,000 in there, Your Honor.

22   And the court, when they found out at the hearing that they

23   lacked cause, they motioned to -- the judge said we're going to

24   rehear this.

25      And so my position here is that they illegally or in
```

1  violation of stays sold my home.  And -- because I had been

2  converted, and Aurora knew about it, but chose to ignore the

3  court's ruling.  That's what that's about, Your Honor.

4  THE COURT:  All right.  Now, did Judge Schmidt, not

5  Trustee Schmidt, but did Judge Schmidt or Judge Isgur, have they

6  ruled on any kind of motion concerning this issue?

7  MR. PEQUENO:  Yes, Your Honor, Judge Isgur.  This was an

8  adversary -- I brought it before Judge Schmidt, and he told me,

9  "You have to file an adversary for that."

10  THE COURT:  Okay.  And that puts it in front of Judge

11  Isgur?

12  MR. PEQUENO:  So I went before Judge Isgur, yes, Your

13  Honor, and he made a ruling.

14  THE COURT:  And how did he rule?

15  MR. PEQUENO:  He ruled that it was an issue between

16  oral -- an oral ruling versus a written ruling, and that

17  basically there wasn't a written document, and that the written

18  document superseded the court's ruling, something -- something

19  to that effect.

20  The other thing was -- and he said that I did not have a

21  claim of relief against Aurora because of that.  I stand to

22  differ, Your Honor.  I believe the court is clear that when the

23  court rules and on certain issues like conversion from one

24  chapter to another, it's effective pretty much immediately.

25  Some of their facts is saying that it isn't.  Case law in

1    bankruptcy says it is.

2        And I'm sure Aurora will tell you something else, you know,

3    contrary.  But basically they knew about it, and the main issue

4    is that they lack cause.  And I have -- I filed the motions and

5    the papers and the brief.

6        THE COURT:  Lacked cause to do what?

7        MR. PEQUENO:  They lack cause to lift the stay.  They

8    said, Your Honor, we're here to lift the stay because

9    Mr. Pequeno has no equity in his home, which was a lie, Your

10   Honor.

11       THE COURT:  All right.  And then let's go to 169 then.

12       MR. PEQUENO:  169, this is -- this is -- this is what

13   happened in December of last year right around Christmas --

14   after Christmas Day.  The judge bankruptcy ruled -- said --

15   bankruptcy judge ruled to reconvert me back to a 13.  He did not

16   allow me to stay in a Chapter 13 even though --

17       THE COURT:  He ruled that you should be converted back

18   to a seven?

19       MR. PEQUENO:  To a seven.

20       THE COURT:  Right.

21       MR. PEQUENO:  Even though, Your Honor, I had paid and I

22   was in the process of getting confirmed.  But the trustee's

23   second motion to reconvert me was unfounded with

24   misrepresentation of facts, total lies.  And so that's the

25   appeal before you.

1          THE COURT:  Okay.  It's on -- it's on the merits of

2     whether you should have been reconverted?

3          MR. PEQUENO:  Yes, Your Honor.

4          THE COURT:  All right.

5          MR. PEQUENO:  There's a law that the trustee used called

6     1307, and he said that I -- I misused this, this and this, which

7     was not true, Your Honor.  It's just -- it's unbelievable

8     because I told bankruptcy and we had a hearing, and bankruptcy

9     judge said, "I'll take this under advisement."  And then he

10    rules on Christmas Day to reconvert me based on unbelievable

11    information.

12        And I do want to add, Your Honor --

13         THE COURT:  Judge Schmidt must be pretty industrious if

14    he's ruling on Christmas Day.

15         MR. PEQUENO:  It was, Your Honor.  And it's in

16    bankruptcy court, and you can see it.  And it's just

17    unbelievable.

18         THE COURT:  Let me ask you this.  I ruled dismissing all

19    five of these cases because you hadn't paid a fee because -- and

20    we went and looked at the rules and determined that you had to

21    pay a filing fee.  Have you paid that filing fee in 70, 71, 104

22    and 135?

23         MR. PEQUENO:  Yes, Your Honor.

24         THE COURT:  Okay.

25         MR. PEQUENO:  And they were paid by the date that you

1    specified, Your Honor.

2        THE COURT:  All right.  Now, 169, however, you appealed

3    from my court, and so I couldn't give you time to pay the filing

4    fee because I no longer had the case.  That's gone to the 5th

5    Circuit.  And as I understand it, the 5th Circuit has ruled and

6    dismissed your appeal.

7        MR. PEQUENO:  That is not -- that is not fully correct,

8    Your Honor.

9        THE COURT:  Okay.  Well, tell me what's not correct,

10   because that's what I think --

11       MR. PEQUENO:  Okay.

12       THE COURT:  -- has happened.

13       MR. PEQUENO:  Can I -- okay.  Well, on 169, Your Honor,

14   the -- the appeal that -- okay.  Let me just get -- the first --

15   the first appeal, when you order the issue to dismiss, I went

16   ahead and appealed it, and I also wrote a motion to amend the

17   order within ten days.  And under federal rules of appellate, if

18   you file within ten days a motion in district court, you can

19   toll the appeal from your order, from your order of that motion.

20       So I went ahead and withdrew --

21       THE COURT:  Until?  Toll it for how long?  Until what?

22       MR. PEQUENO:  30 days, Your Honor, from when you make

23   the decision on that motion.  And so I went ahead -- I went

24   ahead and dismissed the first appeal.  I went ahead and

25   dismissed the first appeal.  And 5th Circuit withdrew it on June

1    the 23rd.  They withdrew it.

2        THE COURT:  Withdrew what?

3        MR. PEQUENO:  The first appeal for 169.

4        THE COURT:  Okay.

5        MR. PEQUENO:  And then Your Honor, you made a ruling on

6    July 15th of this year, July 15.  You said, "I don't have

7    jurisdiction.  It's dismissed."  And I went ahead and filed

8    another motion within ten days, but I found out that that

9    doesn't toll the appeal.  I mean, like a second -- a second

10   motion to another motion, so I had -- I went ahead and appealed

11   on August 15.  I appealed the second -- the second appeal for

12   the same matter --

13       THE COURT:  Okay.

14       MR. PEQUENO:  -- within the 30 days, Your Honor.  You're

15   with me?

16       THE COURT:  Yeah.

17       MR. PEQUENO:  Okay.  And then, sir, Your Honor, what

18   happened is the clerks here, the clerks here, instead of sending

19   the August 15th appeal, sent the first one.  They filed -- they

20   sent the first appeal paper work to the 5th Circuit.

21       So when the 5th Circuit got it, they basically didn't know

22   what to do, and they went ahead and dismissed that, and they

23   said for failure to pay fees and for want of prosecution on

24   August the 19.  And -- and that one was for the first appeal.

25   That was for the first appeal.

1      And I have -- I can show you the dockets right now from the

2   5th Circuit that I had to call both clerks.  And the clerks

3   here, Your Honor, stated to me and said, "Mr. Pequeno, you have

4   to file motions before the court because we can't do anything.

5   You have to file them with Mr. Hanen -- Judge Hanen and let him

6   rule on that."

7      And -- but I talked to the 5th Circuit, and the lady -- the

8   clerks from the 5th Circuit said they received a duplicate copy

9   of the first appeal.  They said the August 19 ruling had to do

10   with the first appeal.

11      And they said the August 15 appeal, we got it too late

12   before the hurricanes hit.  And then from there, we're basically

13   out of commission over there.  So they have just reactivated --

14   they have just reactivated.

15          THE COURT:  So is your second appeal alive?

16          MR. PEQUENO:  Yes, Your Honor.  And I can show you the

17   dockets if you want to see them right now.

18          THE COURT:  I have no reason to doubt you, Mr. Pequeno.

19   I just didn't know that.  I mean, because, see, all I have is

20   this August 19th order for dismissing for failure -- for want of

21   prosecution.

22          MR. PEQUENO:  I can show you.

23          THE COURT:  It's actually file stamped -- well, it's

24   August 19th in the 5th Circuit file stamped, and file stamped

25   here the 26th.  So is there -- it's your thought that -- Cristi,

```
 1    hand that to Mr. Pequeno.
 2         Okay.  Take a look at that, Mr. Pequeno.  Is that -- is it
 3    your thought that that order pertains to the first appeal?
 4              MR. PEQUENO:  It does, Your Honor.
 5              THE COURT:  Okay.
 6              MR. PEQUENO:  Yes, Your Honor.
 7              THE COURT:  So 169 is still on appeal?
 8              MR. PEQUENO:  Yes, Your Honor.
 9              THE COURT:  All right.  Well, either way, I don't have
10    jurisdiction over 169.  I mean, either it was appealed the first
11    time and now dismissed --
12              MR. PEQUENO:  Right.
13              THE COURT:  -- or --
14              MR. PEQUENO:  My position, Your Honor, if I may?
15              THE COURT:  -- or it's currently on appeal.
16              MR. PEQUENO:  It is currently on appeal, Your Honor.
17              THE COURT:  All right.
18              MR. PEQUENO:  And you're right, Your Honor, that you
19    probably don't have jurisdiction now.  But all along, Your
20    Honor, I believe you did.  And I don't know if the court wishes
21    to rule on this.
22              THE COURT:  Well, I don't think I can.  See,
23    Mr. Pequeno, I can't rule on something I don't have jurisdiction
24    over.
25              MR. PEQUENO:  Okay.
```

```
 1              THE COURT:  All right.  So let's back up.  Let me

 2   concen -- now, Mr. Schmidt indicated that there were perhaps

 3   some more appeals coming.  Am I going to get more appeals out of

 4   this bankruptcy?

 5              MR. PEQUENO:  Unless you would like for them to go to

 6   judge -- the answer is yes, Your Honor.

 7              THE COURT:  I was going to say, I don't think Judge

 8   Tagle would reach down and grab this case away from me.

 9              MR. PEQUENO:  The other appeals, Your Honor, have to do

10   with similar issue.  One is to object to his proof of claim,

11   because we had to file a separate order at the bankruptcy, and

12   the judge affirmed it again, bankruptcy, so I appealed it.

13      And the other one has to do that because of trustee's

14   actions against Pequeno's estate, I filed a motion to remove --

15              THE COURT:  Hold on just a second.

16              MR. PEQUENO:  Yes, Your Honor.

17              THE COURT:  Okay.  Sorry, go ahead.

18              MR. PEQUENO:  The two remaining -- there's actually

19   three remaining appeals.  But the one -- one of them has to do

20   with affirming his proof of claim, which I'm against, and also

21   having him as trustee to begin with.  He's been elected trustee

22   to this same case twice.

23              THE COURT:  Okay.  Now, how -- has Judge Schmidt ruled

24   on all these?

25              MR. PEQUENO:  Yes, Your Honor.  They're not coming
```

 1    before you unless they've been ruled.

 2        THE COURT:  All right.

 3        MR. PEQUENO:  The very last one was an interesting one

 4    that goes against your order that you ruled on April 1st of

 5    last -- of 2004.  You said that the settlement was contingent if

 6    I was in a seven or a 13.  And then, you know -- in other words,

 7    who had authority to decide, well, keep the judgment.

 8        THE COURT:  Right.

 9        MR. PEQUENO:  And basically bankruptcy wrote an order

10    contrary to that saying that I had not appealed it and that --

11    basically that you hadn't made a ruling on that.  And I told

12    them in court, I said -- I said, "Judge Hanen already made that

13    ruling, and here it is."  And so the trust -- they still signed

14    it.  And that's the thing is they're signing these orders, Your

15    Honor; and if I don't appeal them according to bankruptcy code

16    within ten days, they become final.

17        THE COURT:  Let me ask you this.  What's left in Judge

18    Schmidt's court?  I mean, has he resolved everything?

19        MR. PEQUENO:  I believe pretty much most.  But what

20    trustee just filed last week or ten days ago was to basically

21    cash out the judgment.  They put in final fees and first --

22    their first fees, something for $140,000.

23        THE COURT:  All right.  Was the case actually ever

24    settled?

25        MR. PEQUENO:  No, Your Honor, has not -- well, it was