Exhibit 21

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JAN 04 2006
Michael N. Milby

| | |
|---|---|
| IN RE: ) | CASE NO: 01-24255-B-7 |
| ) | |
| JUAN PEQUENO, ) | Brownsville, Texas |
| ) | |
| ) | Wednesday, July 6, 2005 |
| Debtor. ) | (9:16 a.m. to 9:31 a.m.) |

BROWNSVILLE DOCKET CALL

BEFORE THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE

Appearances:    (See next page)

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

**APPEARANCES FOR:**

| | |
|---|---|
| Debtor: | JUAN PEQUENO, PRO SE |
| U.S. Trustee: | JOHN VARDEMAN, ESQ<br>Law Offices of Michael B. Schmidt<br>555 N. Carancahua, Suite 1550<br>Corpus Christi, Texas 78478 |
| Court Recorder: | Dana Rodriguez |
| Transcribed By: | Exceptional Reporting Services, Inc.<br>15213 Cartagena Ct.<br>Corpus Christi, Texas 78418<br>361 949-2988 |

1    **Brownsville, Texas; Wednesday, July 6, 2005; 9:16 a.m.**

2                           **(Call to Order)**

3        **THE COURT:** All right. Juan Pequeno. Everyone else

4   is free to go if they'd like or free to listen. Yes, sir?

5    **(Off record; Court addresses another matter momentarily)**

6        All right. So Mr. Vardeman, you want to argue for a

7   continuance; what are we arguing about? What is this?

8        **MR. VARDEMAN:** Your Honor, the debtor has filed a

9   motion to void a settlement between the trustee and the City of

10  Brownsville. That settlement occurred when this case was

11  previously for the first time in Chapter 7 back in September

12  2002. As the Court will recall this case was filed in 2001 and

13  in July of 2002 the debtor filed a Motion to Convert this case

14  to Chapter 13.

15       In August of 2002 at a Lift-Stay hearing at which

16  time the trustee was not present, the debtor told the Court

17  about the motion to lift-stay and the Court orally said the

18  case is converted; however, there was no written order.

19       In September the settlement between the trustee and

20  the City of Brownsville occurred at a Fifth Circuit mediation

21  and then later in 2002 the debtor's motion to convert was

22  denied. The debtor appealed that to District Judge Hanen. And

23  I believe that it was in April of 2004 that Judge Hanen ruled

24  that the debtor's case was converted. Since then the case has

25  been reconverted back to Chapter 7 and Mr. Schmidt has been

1  again appointed the Chapter 7 trustee.

2  The debtor wishes to void the September 2002

3  settlement stating that he should have been converted to 13 at

4  the time the settlement occurred. However, the trustee

5  believed that no conversion occurred until Judge Hanen's

6  appellate opinion. However, the trustee is simply asking for a

7  continuance of this matter because he is trying to re-settle

8  the matter with the City of Brownsville so that we don't have

9  this issue and we don't have yet another appeal.

10  Your Honor, Mr. Pequeno has several -- numerous

11  appeals on file in this case and we believe that if we could

12  re-settle this case and get it settled while the case is in

13  Chapter 7 now as opposed to arguing about whether it should

14  have been settled back then in 2002 we could avoid all of these

15  arguments. And we do have an offer to the City of Brownsville

16  right now.

17  What we'd like to do is go ahead and continue this

18  matter for 30 days and hopefully at that time bring the new

19  settlement to the Court's attention at that hearing.

20  **THE COURT:** The only issue today is whether there's a

21  matter of law the settlement at the time when this was in

22  Chapter 7 but later converted back to 13 because the district

23  court ruled that it was inappropriately converted to 7?

24  **MR. VARDEMAN:** That's correct, your Honor.

25  **MR. PEQUENO:** Your Honor --

1    **THE COURT:** Actually, ruled that he had a right to
2 convert to 13 and it was settled at a time when he had
3 exercised that right but that I had denied him that right.
4    **MR. VARDEMAN:** You had not issued a written order
5 yet. As a matter of fact, you had not even had hearing on the
6 motion to convert. That occurred after the settlement, your
7 Honor.
8    **MR. PEQUENO:** That is not correct, your Honor.
9    **THE COURT:** Settlement to what? To convert to what?
10    **MR. VARDEMAN:** Well you denied his conversion to 13
11 after you approved the settlement between the City of
12 Brownsville and the trustee.
13    **MR. PEQUENO:** Your Honor, I have some documents that
14 can maybe clarify.
15    **THE COURT:** Okay. Go ahead, Mr. Pequeno.
16    **MR. PEQUENO:** Just to back -- back up a little bit,
17 your Honor. Good morning. There's two issues here. That this
18 is a continuance from back -- this was originally scheduled
19 back in June the 15th. And there's two motions: A Motion for
20 Ruling on Trustee Schmidt's Proof of Claim. And there's a
21 Debtor's Motion to Void the Settlement of September 16th, 2002.
22 And I got some documents that -- basically they are court
23 documents that I would like to file. And the reason that I
24 don't want it to be continued is because trustee -- this is the
25 second time he delays it -- but now what he wants to -- the

1  first time he said because of family matters, that's why he was
2  delayed last time, last month.  And then now he's saying that
3  now because of -- because of some settlement that he's working
4  on.  Right now the order when I was re-converted is not a final
5  order and it's been -- it's on appeal right now before Hanen's
6  court.
7          And the other thing is I have here -- when I was
8  originally -- back in August the 7th of 2002 -- this court
9  orally converted me over to Chapter 13.  And pursuant to
10 that -- that order became final on August the 19th; it became a
11 final order.  And the trustee ignored that order and continued
12 litigation.  He continued to file objections to exemption.  He
13 continued -- he went on to do settlement even though by court
14 order I had been converted and a -- to a 13.  The trustee -- my
15 contention is under the bankruptcy law the trustee at that
16 point had no standing.  He had no authority to be filing the
17 settlements.  Pursuant to bankruptcy law, I have been converted
18 by this court.  And according to Rule 8,002, you have ten days
19 to appeal; the trustee did not do that.  He didn't even show up
20 for the hearing and -- when this court converted me, and so
21 that's why I'm submitting that -- that that settlement is
22 not -- is not true.  And that was also actually one of the
23 things --
24          **THE COURT:**  What -- when -- when do you believe you
25 were converted to -- to 13?

1      MR. PEQUENO: On August the 7th, your Honor, 2002.

2      THE COURT: August 7th, 2002?

3      MR. PEQUENO: Yes, sir, by this court.

4      THE COURT: You think you were converted?

5      MR. PEQUENO: It's --

6      THE COURT: Mr. Vardeman, when do you think he was

7 converted to Chapter 13?

8      MR. VARDEMAN: Your Honor, I believe he was converted

9 when Judge Hanen ruled that your denial of his motion to

10 convert was --

11     THE COURT: And what date was that?

12     MR. VARDEMAN: That was in April of 2004, I believe,

13 your Honor.

14     THE COURT: April 2004 was the Judge Hanen -- do you

15 agree that that was when Judge Hanen ruled?

16     MR. PEQUENO: Judge Hanen did a reversal because this

17 court --

18     THE COURT: I'm just asking the date.

19     MR. PEQUENO: Oh.

20     THE COURT: Do you agree that it was in April of

21 2004?

22     MR. PEQUENO: That -- that what?

23     THE COURT: Judge Hanen ruled that you should be in

24 13?

25     MR. PEQUENO: He reversed, yes, your Honor.

1    THE COURT: Okay. Was August 7th the date you
2 expressed an interest in writing to convert to 13?
3    MR. PEQUENO: I actually -- I filed the motion on
4 July -- July 18th, 2002, your Honor.
5    THE COURT: July 18th --
6    MR. PEQUENO: I filed the --
7    THE COURT: 2000 and what; two?
8    MR. PEQUENO: Two. I filed a --
9    THE COURT: -- you filed a motion to convert to 13?
10   MR. PEQUENO: Yes, your Honor.
11   THE COURT: Now why do you say that -- why do you say
12 that the 7th was the day that you -- the date you should've
13 been converted?
14   MR. PEQUENO: Because it's -- it's a -- the
15 documents -- I had hearing here and you converted me to a 13,
16 your Honor, and then I filed --
17   THE COURT: On August 7th?
18   MR. PEQUENO: On August 7th, your Honor.
19   THE COURT: And what -- then was there a
20 reconsideration of that or what?
21   MR. PEQUENO: No, your Honor.
22   THE COURT: Your Honor, that was not a hearing on a
23 motion to convert. That was a motion to lift-stay hearing with
24 Aurora to which the trustee was not a party. At that time,
25 Mr. Pequeno stated to the court that he had a motion to convert

```
1    on file and at that motion to lift-stay hearing this Court
2    stated, well, then it's converted.
3            MR. PEQUENO:  The Court --
4            MR. VARDEMAN:  The trustee was not present at that.
5    He did have an objection to the motion to convert on file and
6    then we proceeded along later with the hearing on the motion to
7    convert.
8            MR. PEQUENO:  The opposing side for the house --
9    because I had a -- my home -- I was converting to a 13 to put
10   my house on the Chapter 13, your Honor.  The opposing side was
11   here except trustee was not here, but the Court decided to hear
12   the motion then.
13           THE COURT:  Okay.  And when was -- when was the
14   settlement made?
15           MR. VARDEMAN:  It was in September of 2002, your
16   Honor.
17           THE COURT:  September of 2002 was the settlement?
18           MR. VARDEMAN:  That's correct.
19           MR. PEQUENO:  September 16th, your Honor.
20           THE COURT:  Okay.  And was there -- there was an oral
21   ruling that was converted on the 7th but then there was a --
22   another hearing at which I said, well, I've reconsidered the
23   oral hearing and listened to your objection; is that correct?
24           MR. PEQUENO:  No, your Honor.
25           MR. VARDEMAN:  I don't know if you stated you
```

1  reconsidered the oral ruling but you held a hearing on the
2  motion to convert and I believe that was in October of 2002 at
3  which time you denied the conversion.
4  　　　　　THE COURT:  In October of 2002 I denied the
5  conversion to 13?
6  　　　　　MR. VARDEMAN:  I believe that's a correct, your
7  Honor.
8  　　　　　MR. PEQUENO:  On what day was that, your Honor?
9  　　　　　THE COURT:  October of 2002.
10 　　　　　MR. PEQUENO:  It was not until November, your Honor,
11 that you denied it.
12 　　　　　THE COURT:  I think it might have been November.
13 　　　　　MR. PEQUENO:  November 7th.
14 　　　　　THE COURT:  It was in November or October.  Okay.
15 　　　　　MR. PEQUENO:  But nevertheless, your Honor, the
16 oral -- the ruling became final within ten days.
17 　　　　　THE COURT:  Which ruling?
18 　　　　　MR. PEQUENO:  Converting to a 13.
19 　　　　　THE COURT:  The oral ruling in August of 2002?
20 　　　　　MR. PEQUENO:  Yes.
21 　　　　　THE COURT:  Okay.
22 　　　　　MR. PEQUENO:  My contention is that the trustee
23 continued to litigate and had no standing even though I had
24 converted to a 13 by -- by bankruptcy law.
25 　　　　　THE COURT:  Okay.  And do you have any -- any case

1  law to support the position about an oral ruling becomes final
2  ten days after it's orally made?
3       MR. PEQUENO: Under Bankruptcy Rule -- well, it's
4  considered under rules -- I don't know exactly. I think it's
5  Code 7052 that says, whether it's oral or written if it's in
6  the docket it's considered -- it's considered a ruling by the
7  court and the -- that it's carried out that the other side has
8  ten days to appeal or reconsider, if not, it's considered a
9  final order, your Honor.
10      THE COURT: Mr. Vardeman, any response to that?
11      MR. VARDEMAN: Your Honor, I believe the order has to
12 be in writing before it can be a final order (indiscernible)
13 reconsider or to appeal at that point. We believe that the
14 only final order on conversion occurred, I guess now in
15 November of 2002 where the court denied conversion. And I
16 don't believe the case was converted until Judge Hanen
17 overruled that order.
18      THE COURT: Mr. Pequeno, when you went ahead and
19 appealed the conversion, did you argue to Judge Hanen that the
20 order granting you conversion had become final and was not
21 appealed, and so therefore, all of the appeal and all of his
22 action was really moot because this really is already a 13?
23      MR. PEQUENO: Yes, your Honor.
24      THE COURT: Did he rule on that issue?
25      MR. PEQUENO: He ruled that I had converted. The

1  first conversion was on August the 7th, so when he reversed it
2  I was converting as of that date, your Honor.
3       THE COURT: Mr. Vardeman?
4       MR. VARDEMAN: Your Honor, Judge Hanen's opinion does
5  not state with any specificity as to what date the case was
6  converted. He simply states that the case is converted and the
7  matter was remanded to the bankruptcy court because Mr. Pequeno
8  had already received his Chapter 7 discharge and Judge Hanen
9  left open the issue as to whether Mr. Pequeno was eligible in
10 Chapter 13 because he had already received Chapter 7 discharge.
11      MR. PEQUENO: Your Honor, I have the transcript for
12 Hanen -- for Judge Hanen.
13      THE COURT: Okay. I'll review the transcripts and
14 the dockets. I'll take this matter under advisement.
15      MR. PEQUENO: I would like to file this, your Honor.
16      THE COURT: I think there are -- there is an -- it's
17 an interesting issue. It may become moot if it's -- if the
18 trustee settles the case again, all of this may become moot.
19 And it may well help you to know that this matter is under
20 advisement and whether the -- whether that helps Brownsville
21 decide whether they want to settle or not, I don't know, but
22 I'm going to take this matter under advisement. If anyone
23 wants to brief the issue any further -- there's really no
24 factual dispute. Everything is a matter of record. The oral
25 ruling is a matter of record. All of the positions that

1  everyone has taken on appeal are a matter of record.  The
2  conversions are -- orders are a matter of record.  The dates of
3  the settlements all are a matter of record.  So all those are
4  not in dispute.  The only real issue is -- is whether or not
5  the -- first of all the oral ruling became final, and
6  therefore, it was converted to 13 effectively as of the date I
7  orally ruled it.
8            And the second issue, if that is not correct, does
9  Judge Hanen's ruling saying that my conversion or my denial of
10 conversion to -- to 13 voids because his ruling that I had done
11 that improperly -- does that void all of the actions that the
12 trustee has done during that period.  That's another
13 interesting issue neither of which have I ever ruled on.  So if
14 anybody wants to brief those, they're welcome to do that.  I'm
15 not going to -- it's going to take me a while to get to this.
16 I'm going to be out of town next week.  I think if someone
17 settles this issue; I want to know about it, of course.
18            But in the meantime, if a brief was filed within two
19 weeks I would -- I would look at it.
20            **MR. PEQUENO:**  Your Honor, can I -- can I file a
21 brief?
22            **THE COURT:**  Do you have a have one?  Go ahead.
23            **MR. PEQUENO:**  Well not with me.
24            **THE COURT:**  No, you can file one.  Sure.  That's what
25 I said, within two weeks.

```
1            MR. PEQUENO:  All right.
2            THE COURT:  All right.  Mr. Vardeman, thank you.
3            MR. VARDEMAN:  Thank you, your Honor.  May I be
4   excused?
5            THE COURT:  You may be excused.
6            MR. PEQUENO:  Your Honor, one other thing.  I do
7   have --
8            THE COURT:  Well, wait a minute, Mr. Vardeman.
9            MR. PEQUENO:  I do have some exhibits that I want to
10  enter.
11           THE COURT:  Okay.  Are they -- what are they?  Do you
12  want me to take judicial notice of all of these dates in all of
13  these rulings?
14           MR. PEQUENO:  Yes, your Honor.
15           THE COURT:  Okay.  I will do that.  Now do have
16  copies of them there?
17           MR. PEQUENO:  Yes, your Honor.  And I'll be sending
18  one to -- to the other side.
19           THE COURT:  Okay.  Thank you.  They're admitted.
20  Thank you.
21           MR. VARDEMAN:  Thank you, your Honor.
22           THE COURT:  You all are excused.
23           MR. PEQUENO:  Thank you, your Honor.
24           THE COURT:  I think that concludes today's --
25       (This proceeding was adjourned at 9:31 a.m.)
```

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                     December 26, 2005
         Signed                                              Dated


*TONI HUDSON*

**FEDERALLY-CERTIFIED TRANSCRIBER**

EXCEPTIONAL REPORTING SERVICES, INC