Exhibit 22

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 4 2006

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO: 01-24255-B-7 |
| JUAN PEQUENO, | ) | Brownsville, Texas |
| | ) | |
| | ) | Wednesday, August 3, 2005 |
| Debtor. | ) | (9:29 a.m. to 9:36 a.m.) |

BROWNSVILLE DOCKET CALL

BEFORE THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE

Appearances:    (See next page)

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

| | |
|---|---|
| Debtor: | JUAN PEQUENO, PRO SE |
| U.S. Trustee: | JOHN VARDEMAN, ESQ<br>Law Offices of Michael B. Schmidt<br>555 N. Carancahua, Suite 1550<br>Corpus Christi, Texas 78478 |
| Court Recorder: | Lori Cayce |
| Transcribed By: | Exceptional Reporting Services, Inc.<br>15213 Cartagena Ct.<br>Corpus Christi, Texas 78418<br>361 949-2988 |

```
 1        Brownsville, Texas; Wednesday, August 3, 2005; 9:29 a.m.
 2                           (Call to Order)
 3           THE COURT:  Juan Pequeno.
 4           MR. VARDEMAN:  John Vardeman for the trustee, your
 5   Honor.
 6           THE COURT:  All right.  What's up today, Mr. Pequeno?
 7           MR. PEQUENO:  Your Honor, I got some exhibits; it has
 8   to do with the -- I filed an appeal to Hanen's court and a
 9   ruling in bankruptcy.  And I got some documents that can
10   probably -- it has to do regarding the appeals' fee and the
11   rule -- it has to do "Bankruptcy Court Miscellaneous Fees" that
12   what I wanted -- what I ask the Court to do or the clerks to do
13   to defer the payments since I'm -- I'm contesting the
14   conversion to a Chapter -- I'm in a 13 and the other side a
15   Motion to Reconvert, but that's on appeal right now.  And
16   there's some other -- other litigations also that are in appeal
17   but the issue is that in Bankruptcy Court there is a Bankruptcy
18   Court Miscellaneous Fees Schedule -- and I'll present it to the
19   Court -- and it says that if the appellant is also the debtor,
20   the debtor in possession, he can defer payment until -- until a
21   later time.  And the other side, the trustee, is opposing that.
22   But I wanted to enter this in court so you could see it.
23           THE COURT:  Okay.  Is this your, what, you brief?
24           MR. PEQUENO:  It's not the brief, your Honor; it's
25   the documents that are -- that are -- that involve the --
```

1       **THE COURT:**  Are the response to the trustee's letter
2  as well as the -- okay.
3       **MR. PEQUENO:**  In it it includes the -- the fee
4  schedules by the Bankruptcy Court and the particular one is
5  Number 15.  And it specifically says if the trustee or debtor
6  in possession is appellant the fee should be payable only from
7  the estate and to the extent there is an estate realized.
8       **THE COURT:**  Okay.  Well hasn't Judge Hanen already
9  ruled on this issue? Didn't he say you were supposed to pay the
10 fee?
11      **MR. PEQUENO:**  It's --
12      **MR. VARDEMAN:**  Yes, your Honor.  He ruled on at least
13 four different appeal that Mr. Pequeno filed.
14      **THE COURT:**  Okay.  Well I'm asking --
15      **MR. VARDEMAN:**  I have the opinions in my hand.
16      **THE COURT:**  I know you want to jump in but --
17      **MR. PEQUENO:**  Your Honor, I filed a --
18      **THE COURT:**  -- when I pitching softballs to you, but
19 I'm actually pitching it to him not to you.  I realize --
20 hasn't he already said that you're not -- a Chapter 13 debtor
21 doesn't get the relief you're requesting?  Chapter 11 debtor
22 does.
23      **MR. PEQUENO:**  He said that there's a distinction that
24 it's really just a debtor in possession is only under 11, but I
25 -- I filed a reconsideration to him within ten days and so it's

1  still contending in Hanen's court.
2         THE COURT: Okay. I don't think I have any -- I mean
3  to the extent that he has already -- he said what he said which
4  I think agrees with the position that I would agree with the
5  position, but even though I didn't agree with it, I think I'm
6  bound by what Judge Hanen says until that's overturned.  I'm
7  not his appellate authority.  And of course, I have the utmost
8  respect for all of our district judges.  But I think the law
9  requires that I follow whatever he says and so -- I mean to the
10 extent you need me to deny this in order for you to go forward
11 -- I mean I'm denying the request but I think -- I think that
12 if he has ruled I mean your only relief is the Fifth Circuit,
13 so --
14         MR. PEQUENO: Well the reason this was brought up
15 before your Honor also, that's why.
16         THE COURT: Okay. Well I --
17         MR. PEQUENO: And also that --
18         THE COURT: I cannot -- I mean I can't reconsider
19 once he's ruled.  I don't have any -- I have no -- I have no --
20 in this particular case the law of the case is what Judge Hanen
21 says.
22         MR. PEQUENO: All right.
23         THE COURT: And so that's the rule that we have to
24 follow.
25         MR. PEQUENO: All right, your Honor.

1        **THE COURT:** All right. Now there is also pending
2   before me the issue of whether I should reconsider or look
3   again at the -- at the settlement that was made in this case
4   and so there needs to be a ruling on that.
5        I have reviewed all of that. We've had a situation
6   where there was a Chapter 11 converted by me to Chapter 7 -- an
7   agreement between the county or the city or whatever it was and
8   the trustee and approval of a settlement -- and I converted him
9   back to Chapter 7 -- an announcement that it was going to be
10  converted back to 13 -- and we converted him back to 13 and it
11  came by the ruling of Judge Hanen.
12       I did convert it. There was an order converting the
13  case and -- but prior to the order converting the case there
14  was an order approving the settlement, then the case was
15  converted back to 13. We proceeded on in 13 and for whatever
16  reason -- well the Court then later converted the case back to
17  7 pursuant to a ruling that I made earlier -- and in any event
18  now the county or city -- I can't remember which it was -- is
19  still in favor of the settlement. So to the extent that there
20  is some argument that -- that the conversion back to 13
21  originally voided that settlement -- first of all I don't think
22  it does. I think that you have to -- I think the law -- the
23  state of the law is that when you appeal an order you either
24  have to get a -- you have to get a stay of the order or you
25  have to appeal all of the orders that you are opposed to during

1   the -- during -- while it's pending.

2   But in any event, in this particular case there was
3   no stay of my word converting it to -- converting it to 7.  And
4   in any event, it's been converted back to 7 and all the parties
5   are in agreement, so I'm not reconsidering --

6   **MR. PEQUENO:**  Your Honor --

7   **THE COURT:**  -- on the --

8   **MR. PEQUENO:**  I just want to add that the Honorable
9   Judge Hanen reversed it and when he reversed it he reversed it
10  back to August the 7th, your Honor.

11  **THE COURT:**  I understand that.

12  **MR. PEQUENO:**  And because of that, your Honor, I was
13  in a 13 from the beginning.  And my position is that trustee
14  was not supposed to be opposing according to bankruptcy case
15  law that I submitted that's in before the Court.  And this
16  particular case on the re-conversion, it's also on appeal.  And
17  I believe it was wrongfully done.  But the main -- the main
18  thing is that trustee has been going beyond his boundaries.

19  **THE COURT:**  Okay.  I understand your argument.  And I
20  have reviewed in detail your statement.  And I just
21  respectfully disagree with you, so that will be my ruling.  And
22  so now you can, if you want to, appeal that.  You're welcome to
23  do that also.

24  (This proceeding was adjourned at 9:36 a.m.)

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                           December 26, 2005
              Signed                                              Dated


*TONI HUDSON*

**FEDERALLY-CERTIFIED TRANSCRIBER**

EXCEPTIONAL REPORTING SERVICES, INC