*Exhibit 23*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

~~United States District Co..~~
~~~uthern District of Tex..~~
~~FILED~~

**JAN 0 4 2006**

~~Michael N. Milby, Clerk~~

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO:  01-24255-B-7 |
| | ) | |
| JUAN PEQUENO, | ) | Brownsville, Texas |
| | ) | |
| | ) | Wednesday, October 5, 2005 |
| Debtor. | ) | (9:49 a.m. to 10:13 a.m.) |
| | ) | |

BROWNSVILLE DOCKET CALL AND HEARING MINUTES


BEFORE THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE



Appearances:    (See next page)















Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

2

**APPEARANCES FOR:**


Debtor:                        JUAN PEQUENO, PRO SE

U.S. Trustee:                  JOHN VARDEMAN, ESQ
                               Law Offices of Michael B. Schmidt
                               555 N. Carancahua, Suite 1550
                               Corpus Christi, Texas 78478


Court Recorder:                Lori Cayce

Transcribed By:                Exceptional Reporting Services, Inc.
                               15213 Cartagena Ct.
                               Corpus Christi, Texas 78418
                               361 949-2988

3

1     **Brownsville, Texas; Wednesday, October 5, 2005; 9:49 a.m.**

2                          **(Call to Order)**

3          THE COURT:   *Pequeno.*

4          MR. VARDEMAN:   John Vardeman for Mike Schmidt,

5     Trustee, your Honor.

6          THE COURT:   All right.   Mr. Pequeno, what's the issue

7     on the docket today?

8          MR. PEQUENO:   Good morning, your Honor.   It's a --

9     it's a couple of motions that were filed a couple of months

10    ago.   It's docket 352 and 353.   One of them had to do with

11    where I -- basically it was for clarification on a previous

12    ruling.   It was a -- it was a motion for clarification for the

13    Court to decide and another one -- and the other one is the

14    other side's.   I believe it's 360.   It's what you all have in

15    the docket this morning.

16         THE COURT:   Okay.   Mr. Vardeman?

17         MR. VARDEMAN:   Your Honor, John Vardeman.   Item

18    Number 360 is moot.   The City of Brownsville has complied with

19    our request.

20         MR. PEQUENO:   I --

21         THE COURT:   Okay. So what was 360?

22         MR. PEQUENO:   360 --

23         MR. VARDEMAN:   Your Honor, that was -- that was a

24    Motion to Compel the City of Brownsville to turn over the

25    settlement funds.

4

1       **THE COURT:**  And have they given them?  They've now

2  given -- turned them over?

3       **MR. VARDEMAN:**  Yes, your Honor.

4       **THE COURT:**  Well that matter is moot.  Anything else

5  you want to say about that 360, Mr. Pequeno?

6       **MR. PEQUENO:**  That it's totally in error, your Honor,

7  and that I -- I filed an abatement.  I appealed that order

8  before.  And I also filed an abatement in court before they

9  decided.  And it's in the docket and you can see it.

10  But the -- one of the things that's totally in error is that

11  the order that was signed, your Honor.  And I have the -- I

12  have exhibits to enter.

13       **THE COURT:**  Okay.  So let me see your exhibits.  Hand

14  them in.

15       **MR. PEQUENO:**  I also communicated with the City of

16  Brownsville and I told them about the issues.  I told them

17  about the abatement.  I told them that the error was -- was an

18  error and that this particular issue is -- is on appeal -- is

19  on the Fifth Circuit.

20       **MR. VARDEMAN:**  Your Honor, it's my understanding that

21  that abatement was not set for hearing today and I'm not

22  prepared to argue about it.

23       **THE COURT:**  Okay.  Well --

24       **MR. PEQUENO:**  But --

25       **THE COURT:**  -- there's a request to abate?  You filed

1  a motion requesting abatement?

2        **MR. PEQUENO:** Yes, your Honor, because you signed an

3  order that was basically granting them the settlement.

4        **THE COURT:** Right.

5        **MR. PEQUENO:** And I -- that same day I appealed it to

6  court and it's paid at bankruptcy. And also I filed an

7  abatement to stay the appeal. Also, your Honor, I filed this

8  same issue. The simple issue is that they're not a party of

9  interest. They don't have authority, the trustee, to settle.

10 And this issue is still being contested on the appeals and will

11 be reversed.

12       **THE COURT:** Okay. Well the --

13       **MR. PEQUENO:** If the city --

14       **THE COURT:** -- the 360 itself is a motion to force

15 the City of Brownsville to pay the money. That's now moot

16 because the City of Brownsville has paid the money.

17       **MR. PEQUENO:** Well --

18       **THE COURT:** Now if the City of Brownsville paid the

19 money inappropriately, that's another issue, but -- but all I

20 have before me on that motion is a motion to force Brownsville

21 to pay the money. I'm not going to enter an order on that

22 because they've already paid the money and nobody -- I mean --

23 I mean --

24       **MR. PEQUENO:** Well, the problem is, your Honor, I am

25 the party of interest, that we're contesting that. If they

6

```
 1    got -- if they gave them the money and saying they're the party

 2    when clearly in court is saying that they're not.

 3            THE COURT:  Well if they gave it up improperly --

 4            MR. PEQUENO:  It's being contested.

 5            THE COURT:  -- because you win some sort of appeal

 6    and you have some sort of right to receive other money from the

 7    City of Brownsville then they'll have to pay again, I guess, or

 8    perhaps, the trustee will have to pay back, but that issue

 9    isn't before me.

10            And what's the -- what is 36 -- 353, Mr. Vardeman?

11            MR. VARDEMAN:  Your Honor, 352 and 353 are both

12    motions to amend the court's findings from the hearing that

13    this court conducted on August the 3rd.  That hearing related

14    back to Docket Number 332 which was Mr. Pequeno's request to

15    waive filing fees in appeals cases which had already been

16    dismissed by the District Court because he failed to pay his

17    filing fee.

18            MR. PEQUENO:  That's not true, your Honor.  Because

19    if you look at the docket, Mr. Vardeman, Judge Hanen ruled that

20    if I paid the appeals within a certain date, they'd reinstate

21    it.  All of them are reinstated.  In fact, disqualification of

22    trustee for his wrongdoings in this particular case is still

23    pending, your Honor.  Trying to moot the appeals by -- by

24    settling illegally and against violation of law, this is what's

25    happening right now by -- by --
```

1          **THE COURT:**  These are highly technical issues --

2          **MR. PEQUENO:**  -- by them accepting it.

3          **THE COURT:**  -- but I can't decide anything that has

4    to do with something that's on appeal to Judge Hanen.  I mean

5    he's the judge and he's my appellate authority.  He's the

6    bigger judge than I am --

7          **MR. PEQUENO:**  That's exactly what I'm saying, your

8    Honor.

9          **THE COURT:**  -- in both stature as well as position

10   and -- and in any event, I can't -- once something has been

11   appealed, I have no jurisdiction over that issue.

12         **MR. PEQUENO:**  I agree, your Honor.  Judge Hanen in

13   this particular case ruled that they did not have authority.

14   We went on earlier appeal and I won conversion to a 13.

15         **THE COURT:**  Correct.

16         **MR. PEQUENO:**  They do not have the --

17         **THE COURT:**  And we converted you to 13.

18         **MR. PEQUENO:**  They have no -- yes, your Honor.  And

19   at the same time he said the judgment that who had the validity

20   of the authority, who had -- who could settle the judgment

21   depending on what chapter you were in and since it was in a

22   13 --

23         **THE COURT:**  Right.  Prior to the conversion back to

24   13 they settled the case, but then the case got converted back

25   to 7 and so all that was mooted out because now they're back in

1    at 7 and so they have --

2           **MR. PEQUENO:**  Your Honor, that's being contested

3    though, your Honor.

4           **THE COURT:**  -- the authority to -- to settle.

5           **MR. PEQUENO:**  But that --

6           **THE COURT:**  It got -- nothing got paid or settled

7    until after you were converted back to 7.  It was settled

8    before and it was settled after.

9           **MR. PEQUENO:**  It was reconverted, your Honor, in

10   violation of 1307 because they -- they told you lies.  They

11   said that I hadn't paid Chapter 13 trustee.  Chapter 7 was the

12   one that was keeping out -- out of a Chapter 7 -- I mean, you

13   know, Chapter 13.  It wasn't even Chapter 13.  Chapter 13 did

14   not object; it was Chapter 7.  And he stated lies to you.  He

15   said I hadn't paid.  I have a check that I paid them.  That was

16   one thing.

17          Another thing he said I didn't file 100-percent

18   feasible plan.  He said that I didn't put in the judgment and I

19   did, your Honor.

20          **THE COURT:**  Okay.

21          **MR. PEQUENO:**  You know all I want to say --

22          **THE COURT:**  The order converting you back to 7 was

23   issued some time ago in this file; now is that under appeal?

24          **MR. PEQUENO:**  It's not final, your Honor.

25          **THE COURT:**  Was it under -- was it appealed?

1          MR. PEQUENO:  It's appealed.  And it's in the Fifth

2    Circuit, your Honor.  It's Cause Number 05-41309.

3          THE COURT:  Okay.  Is that correct, Mr. Vardeman?

4          MR. VARDEMAN:  Your Honor, there have been so many

5    appeals in this case; I don't even know which one he's talking

6    about.

7          MR. PEQUENO:  I have it right --

8          MR. VARDEMAN:  Which one is he talking about?

9          MR. PEQUENO:  I have it right here.

10          THE COURT:  Okay.  Well let's go back to the specific

11   matter before the court.  The motion to abstain is -- or

12   abate -- is not before the Court today; is that correct,

13   Mr. Vardeman?

14          MR. VARDEMAN:  That is correct, your Honor.

15          THE COURT:  What is 352?  What specifically is Docket

16   352?  What does it ask?

17          MR. PEQUENO:  It's amending -- having to do with a

18   null and void settlement, your Honor.  That trustee does not --

19   simply does not have authority to settle.  He's --

20          THE COURT:  Is there a copy of this motion in this?

21          MR. PEQUENO:  I don't believe so, your Honor.

22          THE COURT:  Okay.  Do you have a copy of it,

23   Mr. Vardeman?

24          MR. VARDEMAN:  Yes, your Honor, I have it in front of

25   me.

1    **THE COURT:** Okay. What does it -- what does it ask?

2    **MR. VARDEMAN:** All right. It says that he is trying

3    to amend the findings for the hearing on August the 3$^{rd}$ of 2005

4    and that the Court's findings at the hearing of August 3$^{rd}$ are

5    contrary to the record docket evidence of the case which shows

6    that the Chapter 7 trustee, Michael Schmidt, violated

7    bankruptcy conversion law after the debtor was converted to

8    Chapter 13 on August the 7$^{th}$, 2002.

9    **THE COURT:** So it's in essence --

10   **MR. VARDEMAN:** And it also says that the bankruptcy

11   case law supports the case and that the debtor was converted in

12   accordance with bankruptcy --

13   **THE COURT:** Stop talking --

14   **MR. VARDEMAN:** -- law on August the 7$^{th}$.

15   **THE COURT:** All right.

16   **MR. VARDEMAN:** And then he prays that the Court amend

17   it's findings on August 3$^{rd}$, 2005 which are contrary to the

18   record docket evidence.

19   **THE COURT:** He missed the picture; they told him but

20   he -- okay -- I told you to stop talking.

21   **MR. VARDEMAN:** Your Honor --

22   **THE COURT:** Stop talking. All right. Now the

23   question is is that motion then essentially a request for me to

24   reconsider?

25   **MR. VARDEMAN:** Your Honor, that's not the way I took

1  it.

2        **THE COURT:**  What else could it be?

3        **MR. VARDEMAN:**  I mean the hearing on August the 3rd

4  related to Docket Number 332 which was the debtor's request to

5  waive filing fees in appellate cases.

6        **MR. PEQUENO:**  That's a separate issue.

7        **MR. VARDEMAN:**  That's what the docket will reflect.

8        **MR. PEQUENO:**  That's a separate issue, though.  The

9  appeal fees that's -- that has been decided pay.

10        **THE COURT:**  Okay.  What -- what specifically is he

11  asking me to do in 352?

12        **MR. PEQUENO:**  Your Honor, what I was asking was to

13  write it -- put it on -- because you had just orally ruled --

14        **THE COURT:**  No, no.  In one sentence, what are you

15  asking me to do; amend a finding; which finding?  What --

16  what -- do you want me to amend some findings in an order?

17        **MR. PEQUENO:**  Your Honor, when you earlier ruled on

18  August the 3rd you just --

19        **THE COURT:**  Okay.  Is it August 3rd order?  There's

20  an August 3rd order that you think has some findings that are

21  wrong?

22        **MR. PEQUENO:**  No, you just took -- you ruled only

23  that there was not -- there was not an abatement.  You said you

24  do not have a stay pending proceedings.  That's basically what

25  you ruled.  And I filed that motion so you could give me more

1    explanation what exactly did you mean by that and that's why --

2            THE COURT:  Okay.  Is there any order or is there an

3    oral ruling?  Or is it an oral ruling you want me to change or

4    is it a writing finding that you want me to change?

5            MR. PEQUENO:  What I want you to change, your Honor,

6    is that --

7            THE COURT:  Is it oral or written?

8            MR. PEQUENO:  Okay.  It's --

9            THE COURT:  I want to hear either the word "oral" or

10   "written."

11           MR. PEQUENO:  I believe it -- it was oral.  It was

12   oral originally.

13           THE COURT:  Okay.  It was an oral --

14           MR. PEQUENO:  But I filed --

15           THE COURT:  -- finding on what day?

16           MR. PEQUENO:  August the 3$^{rd}$ and --

17           THE COURT:  Okay.  So do we have the docket entry for

18   August the 3$^{rd}$?

19   Is there a docket entry, Frenchie?

20           THE CLERK:  Yes, there is, your Honor.

21           THE COURT:  And what does it say?

22           THE CLERK:  It says the Court denies Mr. Pequeno's

23   request to waive filing fees and then he submitted some

24   exhibits and they were admitted.

25           MR. PEQUENO:  There is another called "addendum" or

1  something.

2         THE CLERK:  That's a copy of exhibits.

3         MR. PEQUENO:  And the addendum you added something --

4         THE COURT:  "Addendum to" -- read it.

5         THE CLERK:  It says, "Mr. Pequeno offered exhibits;

6  no objections.  Exhibits admitted."

7  That's all it says.

8         MR. PEQUENO:  In that hearing, your Honor, you

9  mentioned something about a stay, that there was no -- no

10 abatement to the -- to the proceedings.  And that wasn't clear,

11 you know, so I filed this motion for amend the findings.

12        You entered an order last week, September 26$^{th}$,

13 saying that the -- that the decision of August 7$^{th}$, 2002 was

14 just -- was an oral ruling.  That you granted me conversion to

15 13, but that it wasn't effective.  But the case law says, your

16 Honor, that it is effective and I converted on August the 7$^{th}$.

17 That is my position, that I converted on August the 7$^{th}$ and

18 trustee decided the settlement, the settlement he's talking

19 about, the 140,000 was decided on September 16$^{th}$, that was five

20 weeks later.  He did not have authority.  And when Hanen ruled

21 to convert me to a 13, it reversed me, your Honor.  He --

22 because Hanen, right in the order, he said in the first sheet

23 he said, "This compromise" --

24        THE COURT:  Okay.  Let's get the timing right.  There

25 was an oral -- there was Judge Hanen said you should be

14

1  converted to --

2          MR. PEQUENO:  A 13.

3          THE COURT:  Thirteen.  On what day?

4          MR. PEQUENO:  On -- I can tell you, your Honor.  It

5  was on April the 1$^{st}$ of 2004.  April 1$^{st}$ --

6          THE COURT:  2004 with Judge Hanen?

7          MR. PEQUENO:  Yes, your Honor.

8          THE COURT:  All right.  Then it came here and I said

9  you should be converted to 13; what day?

10          MR. PEQUENO:  You told -- yeah.

11          THE COURT:  What day?

12          MR. PEQUENO:  That was July 20$^{th}$ of last year, 2004.

13          THE COURT:  2004.  And what day did he settle -- what

14  day did he --

15          MR. PEQUENO:  August --

16          THE COURT:  -- Schmidt settle with the city?

17          MR. PEQUENO:  September 16$^{th}$, 2002.

18          THE COURT:  September 16$^{th}$ what?  2000 what?

19          MR. PEQUENO:  2002.

20          THE COURT:  Schmidt settled on September 16$^{th}$, 2002?

21          MR. PEQUENO:  That's when he -- that's when he went

22  to the Fifth Circuit and did a settlement, your Honor, you

23  know, two years previous.

24          THE COURT:  Okay.

25          MR. PEQUENO:  In two years previous.

**EXCEPTIONAL REPORTING SERVICES, INC**

1    **THE COURT:**  So what did he do after July 20th, 2004?

2    **MR. PEQUENO:**  He -- he lied to the court to reconvert

3    me back to 7 so he could have ownership.

4    **THE COURT:**  Okay.  So what date was the order entered

5    converting you to -- to Chapter 13?

6    **MR. PEQUENO:**  It was on December 27th --

7    **THE COURT:**  Of 2004?

8    **MR. PEQUENO:**  Which was timely appealed, which is now

9    before the Fifth Circuit because Hanen --

10    **THE COURT:**  What day were you converted to 13?  What

11    day did the order enter converting you to 13?

12    **MR. PEQUENO:**  July 20th, 2004, your Honor.

13    **THE COURT:**  There was -- oh, I thought you said that

14    was when I orally said you should be converted?

15    **MR. PEQUENO:**  You wrote it, sir.  The first

16    conversion --

17    **THE COURT:**  Okay.  I thought there was two different

18    dates.

19    **MR. PEQUENO:**  Okay.

20    **THE COURT:**  An oral date and --

21    **MR. PEQUENO:**  You're correct.

22    **THE COURT:**  Okay.  Let's start with Mr. Vardeman.

23    **MR. PEQUENO:**  You're correct, August 7th.

24    **THE COURT:**  Mr. Vardeman?

25    **MR. VARDEMAN:**  Yes, your Honor?

1    THE COURT:  What day -- is it correct that April 1st

2  of 2004 Judge Hanen issued his ruling saying that he should be

3  converted to 13?

4    MR. VARDEMAN:  I believe that's correct, your Honor.

5    THE COURT:  What date did I then orally say he should

6  be converted to 13?

7    MR. VARDEMAN:  I'd have to refer back to the docket.

8    MR. PEQUENO:  August 7th, 2002, your Honor.  It's in

9  one of the exhibits that I just gave you.

10    THE COURT:  Okay.  Wait a minute; Judge Hanen didn't

11  rule until April 1st, 2004 you said.

12    MR. PEQUENO:  But you ruled originally to convert me,

13  your Honor.  This court on August 7th after I filed the motion

14  to convert because I was in a 7; I filed a motion.  You told

15  me, "File a motion, Mr. Pequeno."  Which I did.  And then on

16  August the 7th you ruled to convert me.  You said, "This case

17  will be converted."

18    THE COURT:  Well if I ruled that you should be

19  converted to 13 why did it get appealed to Judge Hanen and then

20  he ruled that you should be converted?

21    MR. PEQUENO:  Because trustee contested it.  He said

22  don't -- "Don't give him the Chapter 13 because of this fraud."

23  Because of all of these unfounded lies, your Honor.  And then

24  he said there's this $400,000 --

25    THE COURT:  I think you're making a mistake.  I think

1   I originally ruled that it would be inappropriate to convert

2   you to Chapter 13 and that was appealed by you to Judge Hanen

3   and Judge Hanen overturned me finding that there was a strict

4   rule that authorizes you to be converted.

5           Am I wrong, Mr. Vardeman?

6           **MR. VARDEMAN:**  No, that's correct, your Honor.

7           **MR. PEQUENO:**  But your Honor, you ruled orally -- you

8   granted me on the 7th.

9           **THE COURT:**  Now I agree that after Judge Hanen ruled

10  it came over here because the trustee wanted you to stay in

11  Chapter 7 and I said, nope, you get a chance to a 13.  That's

12  what Judge Hanen said and that's what you get.  You get a

13  chance to do a 13.

14          **MR. PEQUENO:**  And I complied.

15          **THE COURT:**  And I said that orally.  And then there

16  was a time period, a lag, before an order was submitted for

17  some reason and then you were converted to Chapter -- the order

18  was entered converting you to Chapter 13.

19          **MR. PEQUENO:**  On July 20th of last year you converted

20  me, your Honor, this court, a written order.

21          **THE COURT:**  It's a written order.  When was the oral

22  ruling?

23          **MR. PEQUENO:**  August 7th, 2002, your Honor.  And the

24  trustee did not object within the ten days, so it became a

25  final order actually your Honor also.

**EXCEPTIONAL REPORTING SERVICES, INC**

1    **MR. VARDEMAN:**  Your Honor, may I respond to that?

2    **THE COURT:**  Yes, but you have to turn around.  You

3    have to turn around to look at us.

4    **MR. VARDEMAN:**  Yes.  The monitor (indiscernible)

5    that's why I was doing that, so I could see the screen when you

6    raise the stop sign.

7    Your Honor, there was a hearing on a motion to lift

8    stay on August the 7$^{th}$, 2002.  At that point, Mr. Pequeno

9    orally raised the issue that he had previously filed a motion

10   to convert.  The trustee was not a party to the motion to lift

11   stay and was not present at that hearing because he had no

12   interest in it.

13   **MR. PEQUENO:**  Your Honor --

14   **MR. VARDEMAN:**  However, timely, the trustee had filed

15   an objection to Mr. Pequeno's original motion to convert to

16   Chapter 13.  At the August 7$^{th}$, 2002 hearing on the lift-stay

17   Mr. Pequeno raised the issue of conversion and the Court orally

18   said the case is converted.  However, after seeing the

19   trustee's objection, the matter was set for a hearing; the

20   Court heard the matter and denied debtor's motion to convert to

21   Chapter 13.

22   **MR. PEQUENO:**  But your Honor this --

23   **MR. VARDEMAN:**  The debtor then appealed that to Judge

24   Hanen -- and I believe the Court's ruling was in November of

25   2002, your Honor, the bankruptcy court, and Judge Hanen then

1  ruled in April 2004 that the debtor had an absolute right to

2  convert.  Then sometime after that this court I believe on July

3  20th, 2004 actually entered an order converting the debtor to

4  Chapter 13.

5          Later, Mr. Schmidt filed a motion to convert him back

6  to Chapter 7.  That was granted on December 27th of 2004, if

7  I'm not mistaken.  And I believe the debtor did appeal that.

8          **MR. PEQUENO:**  Your Honor, I do want to -- I want to

9  add though on the -- on the hearing of June the 5th two years

10  ago when this first started I was trying to save my house from

11  foreclosure on June the 5th and that's when I told the court on

12  June the 5th 2002 that --

13          **THE COURT:**  Okay.  When was the debt -- that was June

14  5th, 2002 is when I orally said, well, then you can be

15  converted to 13, and then -- then we found that there was an

16  objection and you --

17          **MR. PEQUENO:**  But your Honor --

18          **THE COURT:**  When was the written order denying the

19  conversion?

20          **MR. VARDEMAN:**  Your Honor, I believe it was November

21  the 12th, 2002.

22          **THE COURT:**  Okay.

23          **MR. PEQUENO:**  The reason -- the Court decided to have

24  a re-hearing, your Honor, but they had already -- he had

25  already made a ruling and it was already effective because you

1  made it first on August the 7<sup>th</sup> and with it -- they had ten

2  days to contest it and they chose not to.  They chose to do it

3  after ten days.  The court rules say after ten days, your

4  Honor.

5          THE COURT:  Okay.  Well -- well whenever all that

6  happened back then the issue has been on appeal and it's been

7  converted.  Now let's get back to -- we now know -- let's get

8  back to 352.

9          What does he, specifically, request in 352 that I do?

10         MR. PEQUENO:  Your Honor, that you clarify what your

11 August the 3<sup>rd</sup> ruling was.

12         THE COURT:  August the 3<sup>rd</sup> of what year?

13         MR. PEQUENO:  Of this year.

14         THE COURT:  Okay.  Remind me again what that 2000 --

15 August the 3<sup>rd</sup> 2005 ruling was --

16         MR. PEQUENO:  You just --

17         THE COURT:  -- that you're confused about.

18         MR. PEQUENO:  You just put an addendum; it's not

19 recorded.  You just stated in court orally saying that there

20 was no -- there was no abatement.  There was no stay in

21 bankruptcy.  That's all you said.  So that's why I filed the

22 motion to, you know, to -- for clarification.

23         THE COURT:  Okay.

24         MR. PEQUENO:  But your Honor --

25         THE COURT:  And then what does 353 request?

1          **MR. PEQUENO:**  Appeal fees, your Honor, to waive --

2          **THE COURT:**  What?

3          **MR. PEQUENO:**  To waive appeal fees.  In other words,

4    to defer them to --

5          **THE COURT:**  So 353 is requesting that I waive the fee

6    on appeal?

7          **MR. PEQUENO:**  Yes, but that's already been decided,

8    your Honor.

9          **THE COURT:**  By whom?

10         **MR. PEQUENO:**  Basically, right now, Hanen has said

11   that as the issue stands you cannot defer it to the bankruptcy

12   estate, the appeal fees.

13         **THE COURT:**  Right.  Because I can't -- I can't -- if

14   the matter is up on appeal I can't decide for him that they

15   waive the fee; I think he has to decide that.

16         **MR. PEQUENO:**  But one major thing, your Honor, also

17   is that you signed an order last Monday stating that I had not

18   appealed the agreement order that -- that you're settling now,

19   that Trustee Schmidt is telling us right now that he settled.

20   In there you stated that I had not appealed and that that order

21   was final.  Well, your Honor, that is just simply not true.  I

22   don't know where if -- you probably got the information from

23   the trustee, but the thing is that --

24         **THE COURT:**  Okay.  Well what did I say, Mr. Vardeman?

25         **MR. VARDEMAN:**  Your Honor, you entered an order on

1   the debtor's motion to null and void the Chapter 7 trustee's

2   settlement.  It's Docket Number 365.  I believe what the debtor

3   is referring to is the -- it looks like the fourth paragraph

4   down where it says the court also entered orders on November

5   12th, 2002 denying the debtor's motion to vacate the trustee's

6   agreed order approving settlement, Docket Number 119; and

7   denying the debtor's motion to vacate order authorizing trustee

8   to mediate and settle, Docket Number 120.  Debtor did not

9   appeal either of the orders and they are now final.

10            THE COURT:  Are those appealed?  Have they been

11   appealed?

12            MR. VARDEMAN:  Your Honor, they were appealed.

13            THE COURT:  They were?

14            MR. PEQUENO:  They were, your Honor.

15            THE COURT:  They were appealed?

16            MR. VARDEMAN:  They were.  Judge Hanen made some

17   mention of them in his ruling of April 1st, 2004 basically

18   saying that he didn't have to rule on them because the validity

19   of the settlement depended on whether the case was in 13 or 7.

20            MR. PEQUENO:  He said that they were -- yeah.  The

21   authority of who could settle the settlement.

22            THE COURT:  Okay.

23            MR. PEQUENO:  And your Honor, it's Exhibit Number 4

24   right before you.

25            THE COURT:  Okay.  Well then I think I'm bound by

1   Judge Hanen's ruling that apparently the order was incorrect.

2   That they were -- they were, in fact, appealed; however, those

3   matters are not right for decision at the present time because

4   until the case is converted to 13 or some ruling that it was

5   not in 7 at the time it was settled then those orders are, you

6   know, don't have -- I mean I think I'm bound by what Judge

7   Hanen said.

8           **MR. PEQUENO:**  Hanen decided --

9           **THE COURT:**  So I agree with you that I was incorrect

10  about the statement in there that they were not under appeal

11  but it doesn't change my ruling.

12          With respect to the other, I'm going to just leave it

13  the way it was; I'm not going to add anymore clarification.  So

14  the saga will continue but this is as far as this particular

15  chapter it's -- it's -- I'm not going to take any further

16  action.

17          All right.  Edwards.  Thank you.

18      **(This proceeding was adjourned at 10:13 a.m.)**

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    December 26, 2005

          Signed                                                    Dated

*TONI HUDSON*

**FEDERALLY-CERTIFIED TRANSCRIBER**