IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Juan Pequeno, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-180 |
| | § | |
| City of Brownsville, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

BE IT REMEMBERED, that on February 6, 2006, the Court **DENIED** Plaintiff's Motion to Reconsider the Order Denying Plaintiff's Motion to Amend Pursuant to Federal Rule of Civil Procedures 60(b) [Dkt. No. 124].

Pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, the moving party must show that the adverse party engaged in fraud and prevented the moving party from fully and fairly presenting his case. *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 642 (5th Cir. 2005). *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). The moving party has the burden of proving the fraud by clear and convincing evidence. *Id.*

Plaintiff presents no evidence of fraud as required under Rule 60(b)(3). Plaintiff's motion includes conclusory allegations without support in the exhibits. As exhibits, Plaintiff submits copies of his own motions in the bankruptcy action and transcripts of hearings before the bankruptcy court in an effort to establish fraud based on his own previous accusations. Clearly, such exhibits are inadequate to support a finding of misconduct.

Additionally, Plaintiff alleges fraud by the bankruptcy trustee, Michael Schmidt, not by an adverse party in this action. The Bankruptcy Court sanctioned the Plaintiff for similar groundless allegations of fraud concerning the trustee in its order of December 20, 2005 [Bankr. Case No. 01-24255, Dkt. No. 441]. These facts further support the denial of Plaintiff's motion.

Finally, Plaintiff moves this Court to reconsider its order of December 15, 2005 [Dkt. No. 123]. The Court's order denied Plaintiff's Motion to Amend [Dkt. No. 117] as part of

a motion to reconsider under Rule 59 of the Federal Rules of Civil Procedure [Dkt. No. 118]. Therefore, Plaintiff's Motion to Reconsider considered here is requesting a second review of issues this Court has examined twice in the past. Absent a showing of fraud by clear and convincing evidence, the Court will not reconsider a previous motion under Rule 60(b)(3). Plaintiff will be sanctioned by this Court if he persists in filing motions for relief already considered.

Therefore, the Court **DENIES** Plaintiff's Motion to Reconsider the Order Denying Plaintiff's Motion to Amend Pursuant to Federal Rules of Civil Procedure 60(b) [Dkt. No. 124].

DONE at Brownsville, Texas, this 6 day of February 2006.

Hilda G. Tagle
United States District Judges